**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff,*

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants.*

Civil Action No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

[redacted]

**PUBLIC VERSION**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**<u>MOTION TO AMEND DOCKET CONTROL ORDER</u>**

**Table of Contents**

I. INTRODUCTION ..... 1
II. FACTUAL BACKGROUND ..... 2
III. LEGAL STANDARD ..... 4
IV. EMPIRE'S MOTION SHOULD BE DENIED ..... 4
1. Empire Has Been Far From Diligent ..... 5
2. Empire Overstates the Importance of the Additional Discovery ..... 7
3. Samsung Will Be Significantly Prejudiced by Empire's Proposed Extension ..... 7
4. It Is too Late to Amend the Schedule ..... 10
V. CONCLUSION ..... 10

**Cases**

*Allergan, Inc. v. Teva Pharm. USA, Inc.*,
No. 2:15-cv-1455, 2017 WL 1512334 (E.D. Tex. Apr. 27, 2017) ............................................ 4
*Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*,
No. 2:21-CV-00438-JRG, 2024 WL 1744063 (E.D. Tex. Apr. 22, 2024) ............................... 10
*Fractus, S.A. v. AT&T Mobility LLC*,
No. 2:18-CV-00135-JRG, 2019 WL 5373197 (E.D. Tex. Aug. 20, 2019)................................. 6
*OnPoint Sys., LLC v. Protect Animals With Satellites, LLC*,
No. 4:20-CV-657, 2021 WL 3140562 (E.D. Tex. July 26, 2021) .............................................. 7
*Salazar v. HTC Corp.*,
No. 2:16-cv-01096-JRG-RSP, Dkt. 141 (E.D. Tex. Jan. 29, 2018)........................................ 5, 9
*Semcon IP Inc. v. MediaTek Inc.*,
No. 2:16-cv-437, 2018 WL 4501871 (E.D. Tex. Feb. 28, 2018)................................................ 6
*Sw. Bell Tel. Co. v. City of El Paso*,
346 F.3d 541 (5th Cir. 2003) ........................................................................................................ 4
*United Servs. Automobile Assoc. v. Wells Fargo Bank, N.A.*,
No. 2:18-CV-00366-JRG-RSP, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019)................... 8, 10

## I. INTRODUCTION

Empire's Motion to Amend should be denied because Empire fails to meet its burden of demonstrating good cause for the requested relief. Empire asserts two patents in this litigation, accusing functionality in Samsung phones that is proprietary to and provided by non-party Qualcomm. Now, on the cusp of expert discovery, Empire seeks an extension to amend its infringement contentions and other deadlines based on source code that it neglected to diligently obtain and review from Qualcomm. Worse yet, Empire seeks to punish Samsung for Empire's lack of diligence by depriving Samsung of rights provided to Samsung under the Discovery Order and the general approach to contentions, as reflected in the Docket Control Order.

Empire's Motion fails to satisfy any of the four factors courts consider to determine good cause for amending a schedule. *First*, Empire has not demonstrated diligence in its efforts to obtain discovery from Qualcomm, to review that discovery once obtained, or in seeking its present requested extension. Despite knowing from the very beginning of discovery, if not the beginning of the case, that technical information Empire claimed was necessary to provide proper infringement contentions was proprietary to and held by Qualcomm, Empire delayed serving a subpoena on Qualcomm for more than four months after discovery began. Empire's justification for its request—alleged delay in obtaining discovery from Qualcomm— is woefully inadequate and a problem entirely of its own making. Moreover, even after being granted access to the source code by Qualcomm on January 6, 2025, Empire admits its lack of diligence in reviewing that code, with Empire's expert spending ***only one of the four weeks*** that followed inspecting the code. And Empire then delayed even further in filing the present motion.

*Second*, Empire undermines the asserted importance of Qualcomm's source code by claiming it merely clarifies theories already disclosed in its current Infringement Contentions.

*Third*, granting Empire's requested schedule modification would significantly prejudice Samsung. Empire's proposal would require Samsung to serve its invalidity ***expert report*** on the same day it receives Empire's final infringement ***contentions***. This wholly ignores the Discovery Order, which provides an accused infringer thirty days to amend invalidity contentions in response to supplemented infringement contentions, as well as the intent of the Court's schedule, which contemplates contentions being finalized before the parties are required to submit expert reports.

*Lastly*, Empire's proposed schedule is unworkable without causing substantial prejudice to Samsung or affecting the trial schedule, an additional reason to deny Empire's Motion.

## II. FACTUAL BACKGROUND

Empire has known since the very beginning of this case that the functionality it accuses of infringement was developed by and proprietary to Qualcomm, with Qualcomm being the sole possessor of critical technical information. Indeed, Empire's original infringement contentions for both asserted patents served on January 4, 2024 (more than ***13 months ago***) focus on Qualcomm technology within Qualcomm chipsets. The contentions rely heavily on Qualcomm documents, including technical documents, Qualcomm patents, Qualcomm publications/interviews with the SmartTransmit Inventor and a Qualcomm executive, and Qualcomm YouTube videos of Qualcomm technology summits. (Ex.[1] 1 at Ex. A at 10-12, 14-19, 30-39; *Id.* at Ex. B at 1-8, 10-15, 17, 32, 34-35, 40, 42-47, 49, 64-66.)

Samsung's early discovery responses confirmed the fact that Qualcomm possessed the information Empire would need in connection with its infringement allegations. In Samsung's

[1] Numbered Ex.___ refers to exhibits to the Declaration of Sorin G. Zaharia in Support of Samsung's Opposition to Empire's Motion to Amend Docket Control Order, filed concurrently herewith.

initial disclosures, served on February 8, 2024 (***a full year ago***), Samsung identified Qualcomm as the entity knowledgeable about the technical aspects and operation of the accused functionality provided by Qualcomm components in the accused Samsung devices. (Ex. 2 at 7.) And Samsung's answers to Empire's first set of interrogatories also explained that information about the development and technical details of the accused technology was with third parties, not with Samsung. (Ex. 3, 03/27/2024 Samsung Resp. to Interrog. Nos. 4-6, at 14-18.)

To further make the significance of discovery from Qualcomm clear, Samsung also consistently directed Empire to Qualcomm for the necessary technical information in extensive correspondence between the parties. In February 2024, Samsung informed Empire that Qualcomm held key technical information while highlighting deficiencies in Empire's infringement contentions. (Ex. 4, 2024/02/29 Pensabene letter to Browand, at 1-2.) On April 24, 2024, Samsung reiterated that Empire's contentions identified only Qualcomm technology on Qualcomm chipsets and pointed Empire to Qualcomm for information about Qualcomm's confidential and proprietary technology. (Ex. 5, 2024/04/24 Pensabene letter to Browand, at 1-2.) On May 7, 2024, Samsung noted Empire's apparent concession that Empire needed discovery from Qualcomm and pointed out that Empire's steadfast refusal to seek that discovery and provide proper infringement contentions hindered Samsung's ability to prepare its defense. (Ex. 6, 2024/05/07 Pensabene letter to Browand, at 1-2.) In a May 13, 2024 meet and confer and May 24, 2024 letter, Samsung again highlighted Empire's deficient contentions and explained that the technical information Empire claimed to need was proprietary to Qualcomm and should be sought from Qualcomm. (Ex. 7, 2024/05/24 Westin letter to Browand, at 1-2.) Finally, on June 5, 2024, Samsung reiterated that Empire's infringement contentions exclusively accuse Qualcomm technology implemented by Qualcomm chipsets and again pointed Empire to

Qualcomm for that discovery. (Ex. 8, 2024/06/05 Pensabene letter to Browand, at 1.) Finally, on June 11, 2024, frustrated by Empire's refusal to provide proper infringement contentions and Empire's refusal to seek from Qualcomm the discovery it claimed to need, Samsung advised Empire that it intended to move to compel proper contentions. (Ex. 9, 2024/06/11 Westin letter to Browand, at 1-2.)

Despite these repeated notices (at least ***six*** letters and a meet and confer), Empire delayed and only served a subpoena on Qualcomm on June 24, 2024, over four months after discovery commenced, and only after Samsung advised Empire it intended to move to compel proper contentions. And after Empire was given access to Qualcomm's source code on January 6, 2025, its reviewer did not examine the code for three out of four weeks that followed, nor did Empire seek to amend the schedule until a month had passed.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) allows for the modification of a scheduling order only upon a showing of good cause. The Fifth Circuit has identified four factors that courts consider when determining whether good cause exists: (1) the explanation for the failure to meet the deadline; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003). The burden to show good cause is on the movant. *Allergan, Inc. v. Teva Pharm. USA, Inc.*, No. 2:15-cv-1455, 2017 WL 1512334, at *2 (E.D. Tex. Apr. 27, 2017).

## IV. EMPIRE'S MOTION SHOULD BE DENIED

The analysis of the four factors courts consider when deciding whether to grant a schedule modification demonstrates that Empire has not met its burden to show good cause.

### 1. Empire Has Been Far From Diligent

Empire claims it has been diligent in obtaining the necessary source code from Qualcomm, but the evidence shows otherwise. Mot. at 5. Empire has not been diligent in pursuing discovery from Qualcomm, reviewing that discovery once provided, or seeking an amendment at an earlier stage.

Despite understanding the critical importance of the Qualcomm source code for its infringement case, Empire delayed until June 24, 2024—***four months*** after discovery began—to serve a subpoena on Qualcomm. This delay is unjustifiable, given that Empire's infringement contentions rely heavily on Qualcomm documents and information about Qualcomm modems, Empire was informed through Samsung's initial disclosures and discovery responses that Qualcomm held key technical information, Samsung repeatedly (at least ***seven times***) over the course of four months pointed to Qualcomm as the source for information Empire claimed to need, and Empire had more than ample opportunity to seek this discovery earlier, all to no avail.

Timely action by Empire in serving the subpoena would have allowed it to obtain the discovery from Qualcomm months ago. This Court has previously found such lack of diligence to weigh against granting an amendment. *See Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, Dkt. 141 (E.D. Tex. Jan. 29, 2018) (denying motion to amend the schedule after finding that "the record suggests [the plaintiff] has not been sufficiently diligent in prosecuting his case so that he can raise such discovery-related issues before the expert-disclosure deadline."); *see also Semcon IP Inc. v. MediaTek Inc.*, No. 2:16-cv-437, 2018 WL 4501871, at *2 (E.D. Tex. Feb. 28, 2018) (Plaintiff "should not have waited . . . to subpoena relevant third parties, particularly when multiple defendants told [Plaintiff] throughout discovery that complete records

were not kept of all products that ended up in the United States through third parties.").[2]

Empire's assertion that "[t]he delay in receiving and reviewing this [Qualcomm] critical material is due in no part to the ***actions*** of Plaintiff" is wrong on its face, given Empire's ***inaction*** for ***four months*** before issuing a subpoena to Qualcomm and the fact that its expert spent ***only one of four weeks*** following Qualcomm's production reviewing the code. Mot. at 5. And the case law Empire cites is inapposite. In *Fractus*, the plaintiff, unlike Empire, "diligently sought third-party discovery from Amphenol Corp., the manufacturer of the Amphenol antennas, including via litigation in several other district courts." *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 5373197, at *1 (E.D. Tex. Aug. 20, 2019). Empire, by contrast, exercised no such diligence, waiting four months to serve a subpoena on Qualcomm.

Empire's attempt to blame its extraordinary delay in serving a Qualcomm subpoena on Samsung's alleged failure to timely produce "source code and other technical documentation" only supports Samsung's argument. As Samsung repeatedly advised Empire from the day discovery opened, Qualcomm has the sought after code and documentation, as evidenced by Empire's current reliance on the delay in obtaining Qualcomm source code as the basis for its present motion. That Samsung did not produce such source code and documentation is thus wholly consistent with what Samsung has been telling Empire from day one of discovery.

Empire's further claim that "Plaintiff has not delayed in submitting this request" for an extension is equally unfounded. Mot. at 6. Unlike the plaintiff in *On Point Systems*, who sought to amend the complaint "nine days after receiving the voluminous and complex source code," Empire waited a full month after Qualcomm's source code became available for inspection and

---

[2] In *Semcon*, the court ultimately permitted supplementation only because the pretrial conference and trial had already been postponed by four months. *See* 2018 WL 4501871, at *2.

well after it was admittedly aware that its expert had an unspecified conflict. *See OnPoint Sys., LLC v. Protect Animals With Satellites, LLC*, No. 4:20-CV-657, 2021 WL 3140562, at *2 (E.D. Tex. July 26, 2021); Mot. at 4-6. Empire offers no justification for this delay and, to the extent its expert has a conflict, Empire has no one but itself to blame for not seeking the discovery earlier or requesting an amendment sooner.

**2. Empire Overstates the Importance of the Additional Discovery**

Empire's lack of diligence in obtaining the source code seriously weakens its argument about the code's importance. Empire claims that Qualcomm's source code is "important" to its infringement case, asserting that "the source code is the best evidence of how Qualcomm's technology works." Mot. at 6. But this claim is contradicted by Empire's own statement that the source code evidence and citations are merely "a clarification of theories already disclosed in its current Infringement Contentions." Mot. at 7, citing *United Servs. Automobile Assoc. v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366-JRG-RSP, 2019 WL 6878880, at *2 (E.D. Tex. Dec. 17, 2019). In *USAA*, this Court specifically held that further clarification and explanation of theories already disclosed are not considered highly important under this factor." *Id.*[3]

**3. Samsung Will Be Significantly Prejudiced by Empire's Proposed Extension**

Empire's lack of diligence has already prejudiced Samsung, and its current proposal would greatly exacerbate this prejudice. From the outset, Samsung has expressed concerns about the lack of clear infringement contentions from Empire, which has hindered Samsung's ability to understand Empire's theories and address crucial issues such as invalidity. Empire's proposed

[3] In *USAA*, the Court chose not to strike the additional opinions based on the source code largely because there the defendant itself produced the source code in question "only days before the close of fact discovery," which diminished the defendant's claim of prejudice. *Id.* In contrast, here the source code is produced by a non-party, Qualcomm. Samsung cannot be responsible for the actions or timing of a non-party like Qualcomm or for Empire's lack of diligence.

schedule would only compound this prejudice by requiring Samsung to submit its invalidity ***expert report*** on the same day that Empire serves its amended infringement ***contentions***.

Samsung has structured its defense around the existing schedule and the theories of infringement currently presented in the infringement contentions. Any disruption would seriously undermine this preparation. As this Court observed in denying a plaintiff's emergency motion to extend an expert disclosure deadline, granting such a request "would promote gamesmanship . . . as any time a party runs up against that deadline without being adequately prepared, filing a[n] . . . emergency motion to extend the disclosure deadline would save the day." *Salazar v. HTC*, No. 2:16-cv-01096-JRG-RSP, Dkt. 141 at 2.

Empire's assertion that Samsung cannot demonstrate prejudice is unfounded. Mot. at 6. Empire's claim that "the source code production has no bearing on patent invalidity" is similarly flawed. It is Empire's amended contentions, which serve as notice to Samsung regarding Empire's infringement theories, that impact invalidity. Recognizing the relationship between infringement theories expressed in infringement contentions and the invalidity contentions, the Discovery Order expressly grants a 30-day period to Samsung to amend its invalidity contentions based on Empire's supplementation of its infringement contentions in view of source code production. Dkt. 26 at 3. Moreover, the Docket Control Order requires that infringement contentions be provided ***thirteen months before*** invalidity expert reports. Empire's request seeks to wholly eliminate the 30-day period provided for in the Discovery Order and ignores the spirit if not the letter of the Docket Control Order, requiring infringement contentions be provided at the beginning of the case and months before expert reports are due.

Although Empire cites the Discovery Order (Mot. at 7), it fails to mitigate the prejudice to Samsung resulting from its requested extension. Under Empire's proposed timeline, Empire

would serve amended infringement contentions and its infringement expert report on February 24, 2025. Samsung would be wholly deprived of the opportunity to adjust its invalidity contentions as provided by the Discovery Order, and Samsung's invalidity expert would have no time to analyze the amended infringement contentions to evaluate their impact on the expert's invalidity theories. Empire's assertion that there is no prejudice to Samsung in allowing amended infringement contentions to be served on the same day as Samsung's invalidity exert report is thus fundamentally wrong. Mot. at 6. Under the current schedule, Empire's infringement contentions would have been due before the expert reports.[4]

Finally, Empire's cited case law is inapposite. In *Apex Beam*, the litigation was at an earlier stage, with fact discovery concluding five months after the plaintiff's motion to amend was decided. *See Apex Beam Techs. LLC v. TCT Mobile Int'l Ltd.*, No. 2:21-CV-00438-JRG, 2024 WL 1744063, at *3 (E.D. Tex. Apr. 22, 2024). Unlike here, that case did not involve last-minute amended infringement contentions that prevented the defendant from responding as specifically allowed under the Discovery Order.

Empire claims it offered Samsung a "two-week extension to serve Defendants' invalidity expert report," and that "Defendants failed to explain why that accommodation is not sufficient." Mot. at 6. On the contrary, Samsung noted to Empire that under the Discovery Order it is entitled to a 30-day period to amend its invalidity contentions. It is Empire who has failed to justify why Samsung should suffer prejudice due to delay of Empire's own making. The Discovery Order, which Empire cites but fail to meaningfully address, further supports denying Empire's motion to prevent unfair prejudice to Samsung.

---

[4] Empire mistakenly asserts that, under the current schedule, its revised infringement contentions are not due until February 12, 2025 (Mot. at 6). Pursuant to the Discovery Order, they in fact were due on February 5 (30 days after Qualcomm's January 6 source code production).

### 4. It Is too Late to Amend the Schedule

Empire's proposed extension would disrupt the current schedule and could potentially delay the trial. Indeed, Empire's proposal includes moving three "*" dates, which the Docket Control Order expressly states "cannot be changed without an acceptable showing of good cause." Dkt. 69 at 4. And as explained above, Empire falls far short of making such a showing.

Further, Empire sets forth its amendments to only part of the schedule, without at all considering the impact on the rest of the schedule. The pretrial conference and trial dates are set, and any changes to deadlines would compress the time available for dispositive motions and expert depositions, resulting in a rushed and unfair process. Empire's assertion that "[t]he parties will still have a full and fair opportunity to depose experts" fails to address the prejudice Samsung would face by not having adequate time to evaluate Empire's amended contentions and a reasonable opportunity to amend its invalidity contentions and invalidity expert report.

Empire's reliance on *USAA* to support its position for this factor is also misplaced. That case did not establish a general rule that "a continuance is not necessary where expert depositions have not yet occurred." Mot. at 7. Rather, in *USAA*, the defendant itself acknowledged "in its own motion to serve an appendix to one of its expert's reports" that a continuance was not necessary. 2019 WL 6878880, at *2. The situation here is markedly different. Samsung has shown that, without a continuance, it would face severe prejudice, and Empire cannot justify why Samsung should suffer prejudice due to Empire's lack of diligence.

## V. <u>CONCLUSION</u>

For the reasons outlined above, Samsung respectfully requests that the Court deny Empire's motion to amend the Docket Control Order.

Dated: February 6, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 6, 2025.

*/s/ Melissa R. Smith*
Melissa R. Smith

[redacted]

[redacted]

[redacted]
[redacted]