[redacted]

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S *DAUBERT* MOTION AND MOTION TO STRIKE THE OPINIONS OF SUNDEEP RANGAN ABOUT ALLEGED NON-INFRINGING ALTERNATIVES**

[redacted]

[redacted]

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........ 1

BACKGROUND ........ 1

A. General Alleged Non-Infringing Alternative Opinions in the Opening Report ........ 1

B. Alleged Non-Infringing Alternative Opinions in the Opening Report with Respect to the ’120 Patent ........ 2

C. Alleged Non-Infringing Alternative Opinions in the Opening Report with Respect to the ’331 Patent ........ 2

D. General Alleged Non-Infringing Alternative Opinions in the Rebuttal Report ........ 3

E. Alleged Non-Infringing Alternative Opinions in the Rebuttal Report with Respect to the ’120 Patent ........ 4

F. Alleged Non-Infringing Alternative Opinions in the Rebuttal Report with Respect to the ’331 Patent ........ 4

LEGAL STANDARD ........ 7

ARGUMENT – DR. RANGAN’S OPINIONS ON ALLEGED NON-INFRINGING ALTERNATIVES ARE UNRELIABLE AND SHOULD BE EXCLUDED ........ 8

CONCLUSION ........ 10

[redacted]

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993)....................1, 7, 10

*Gen. Elec. Co. v. Joiner*,
522 U.S. 136 (1997)....................8

*Kumho Tire Co. v. Carmichael*,
526 U.S. 137 (1999)....................8

*Lionra Tech. Ltd. v. Fortinet, Inc.*,
No. 2:22-cv-00322-JRG-RSP, 2024 WL 2214691 (E.D. Tex. May 16, 2024) ....................9

*Longhorn HD LLC v. NetScout Sys., Inc.*,
No. 2:20-cv-00349-JRG-RSP, 2022 WL 991696 (E.D. Tex. Mar. 31, 2022)....................8, 9

*Paz v. Brush Engineered Materials, Inc.*,
555 F.3d 383 (5th Cir. 2009)....................8

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015)....................8

**Statutes**

Fed. R. Evid 702 ....................1, 7, 9, 10

[redacted]

## INTRODUCTION

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Plaintiff Empire Technology Development LLC ("Empire") respectfully moves to prohibit Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") expert, Dr. Sundeep Rangan, from offering any opinions or testimony regarding alleged non-infringing alternatives, including in the opinions stated in paragraphs 567-576 of his opening report and 231-238 of his rebuttal report, and to strike those paragraphs. As explained below, Dr. Rangan identifies four categories of potential non-infringing alternatives. But he does not identify any products in three of the four categories—and therefore does not consider whether implementing those purported alternatives is commercially viable from either a benefits perspective or a costs perspective. With respect to the other category, Dr. Rangan identifies only products sold outside of the United States, and he admitted at his deposition that those products could not be sold in the United States as is—and that he had not analyzed the costs of making them viable for sale in the United States.

Counsel for the Empire and Samsung have met and conferred regarding the relief requested in this motion (the "Motion") and were unable to reach agreement. This Motion is opposed.

## BACKGROUND

### A. General Alleged Non-Infringing Alternative Opinions in the Opening Report

On February 10, 2024, Samsung served the *Expert Report of Sundeep Rangan, Ph.D., Regarding Invalidity of U.S. Patent Nos. 8,798,120 and 8,565,331* ("Opening Report"). Dr. Rangan's opening opinions concerning alleged non-infringing alternatives are as follows:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. 1[1], ¶¶ 567-571 (emphasis added).

**B. Alleged Non-Infringing Alternative Opinions in the Opening Report with Respect to the '120 Patent**

[redacted]

*Id.*, ¶ 572.

**C. Alleged Non-Infringing Alternative Opinions in the Opening Report with Respect to the '331 Patent**

[1] "Ex. __" refers to an exhibit to the Declaration of Nathaniel Browand, submitted herewith.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

*Id.*, ¶¶ 573-576.

**D. General Alleged Non-Infringing Alternative Opinions in the Rebuttal Report**

On March 3, 2025, Samsung served the *Rebuttal Expert Report of Sundeep Rangan, Ph.D., Regarding Damages and Non-Infringement of U.S. Patent Nos. 8,798,120 and 8,565,331* ("Rebuttal Report"). In that second report, Dr. Rangan offered additional non-infringing-alternatives opinions, as follows:

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

Ex. 2, ¶¶ 231-234 (emphasis added).

**E. Alleged Non-Infringing Alternative Opinions in the Rebuttal Report with Respect to the ’120 Patent**

[redacted]

*Id.*, ¶ 235.

**F. Alleged Non-Infringing Alternative Opinions in the Rebuttal Report with Respect to the ’331 Patent**

[redacted]

[redacted]

[redacted]

[redacted]

*Id.*, ¶¶ 236-238 (emphasis added).

During his deposition on March 14, 2025, Dr. Rangan was not able to testify that Samsung's products containing Exynos or Mediatek products are ***commercially viable***:

[redacted]

Ex. 3, 154:17 – 155:12 (emphasis added).

[redacted]

And as a technical matter, he also confirmed that, as far as he knows, the allegedly non-infringing alternative phones would need modification by Samsung engineers or other personnel to work in U.S. cellular networks:

[redacted].

[redacted]

*Id.*, 152:18 – 154:16 (emphasis added)

[redacted]

*Id.*, 152:1 – 152:17 (emphasis added); *see also id.* 155:16 – 156:3 [redacted]

**LEGAL STANDARD**

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." FED. R. EVID. 702; *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 592–93 (1993). The courts act as a "gatekeeper" to ensure that all expert testimony is relevant,

[redacted]

reliable, and helpful to the jury. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–48 (1999). The party offering the expert testimony bears the burden of proving its admissibility. *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 388 (5th Cir. 2009).

A district court "may exclude evidence that is based upon unreliable principles or methods, legally insufficient facts and data, or where the reasoning or methodology is not sufficiently tied to the facts of the case." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015). "[N]othing in either *Daubert* or the [FRE] requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).

## ARGUMENT – DR. RANGAN'S OPINIONS ON ALLEGED NON-INFRINGING ALTERNATIVES ARE UNRELIABLE AND SHOULD BE EXCLUDED

"A reliable opinion on whether a product is or is not a non-infringing alternative is incomplete without opining whether the product is both 'available' and 'acceptable' (or whether there are not any 'available' or 'acceptable' alternatives)." *Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-cv-00349-JRG-RSP, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022).

Dr. Rangan mentions four categories of alleged non-infringing alternatives, none of which are both available and acceptable: (i) Samsung products that [redacted] ("Category 1 Items"), (ii) [redacted] ("Category 2 Items"), (iii) [redacted] ("Category 3 Items"), and (iv) [redacted] ("Category 4 Items").

[redacted] Ex. 3, 152:1 – 152:17, 155:16 – 156:3. And neither of

[redacted]

his two reports – nor his deposition testimony – gives any particular reason for his perfunctory conclusion that the Category 1 Items were acceptable. For example, it is well known that Samsung's smartphones in the U.S. market must compete with at least those of Apple. Dr. Rangan says nothing to suggest that the Category 1 Items would be acceptable products on either a technological or economic level for competition in the U.S. market.

[redacted]. This is insufficient to meet the *Daubert* standards. Dr. Rangan's opinion regarding these products should be stricken as unreliable. *See Longhorn HD*, 2022 WL 991696, at *4 ("The fact that a product may be unaccused, by itself, is inadequate to provide sufficient evidence to a draw a conclusion that a particular product is non-infringing."); *see also Lionra Tech. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-00322-JRG-RSP, 2024 WL 2214691 at *2 (E.D. Tex. May 16, 2024) (excluding opinion where expert "provides no basis for his assertion that the [non-accused] products are not infringing").

With regard to the Category 2 Items, Category 3 Items, and Category 4 Items, Dr. Rangan does not identify any ***product*** that falls into any of the three categories. These three categories thus are not "available" substitutes. They also cannot be deemed "acceptable" substitutes since Dr. Rangan has not provided any rationale for what such a product might be, against which other products in the U.S. market it might compete, or indeed anything about why a consumer would find the unspecified configuration attractive.

An expert's opinion must be based on "sufficient facts or data" and must be "the product of reliable principles and methods." FED. R. EVID. 702(b)–(c). The expert must also have

[redacted]

"reliabl[y] appli[ed] . . . the principles and methods to the facts of the case." FED. R. EVID. 702(d). Testimony is only reliable if it is based on "scientific . . . knowledge," grounded in scientific methods, and not mere speculation. *Daubert*, 509 U.S. at 590.

For each of Dr. Rangan's four categories, he merely speculates that someone (largely unidentified) could have made something might not infringe if it lacked one of the claim elements or did not have certain accused functionality. Such opinions are insufficient. Samsung cannot carry its burden to show that Dr. Rangan's testimony on this topic is based on sufficient facts or data, is the product of reliable principles and methods, and reliably applies the principles that a non-infringing alternative must be available and acceptable.

## CONCLUSION

For the foregoing reasons, Empire respectfully asks the Court to prohibit Dr. Rangan from offering any opinions or testimony concerning alleged non-infringing alternatives, including the opinions stated in paragraphs 567-76 of Dr. Rangan's Opening Report and paragraphs 231-38 of his Rebuttal Report, and to strike those paragraphs.

[redacted]

Dated: March 17, 2025 Respectfully submitted,

*/s/Nathaniel Browand*

Nathaniel Browand (admitted *pro hac vice*)
New York Bar No. 4349981
Christopher Gaspar (admitted *pro hac vice*)
New York Bar No. 2932762
Rachel Wolf (admitted *pro hac vice*)
New York Bar No. 5857438
Leslie Irwin (admitted *pro hac vice*)
New York Bar No. 6060545
Nicholas Fallah (admitted *pro hac vice*)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Empire Technology Development LLC*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

*/s/Nathaniel Browand*
Nathaniel Browand

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On March 16, 2025, Nicholas Whilt and Sorin Zaharia, counsel for Samsung, and Nathaniel Browand, Elizabeth DeRieux, and Andrew Lichtenberg, counsel for Empire, met and conferred regarding the relief sought by Empire's motion. Empire's motion is opposed by Samsung.

*/s/ Nathaniel Browand*
Nathaniel Browand

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

*/s/ Nathaniel Browand*
Nathaniel Browand