[redacted]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC,<br>*Plaintiff*,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br>*Defendants*. | Case No. 2:23-cv-00427-JRG-RSP<br>JURY TRIAL DEMANDED<br>[redacted]<br>**PUBLIC VERSION** |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT OR POST-SUIT WILLFUL INFRINGEMENT**

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. STATEMENT OF ISSUES TO BE DECIDED .......... 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS .......... 2

IV. LEGAL STANDARD .......... 4

A. Summary Judgment Standard .......... 4

B. Willful Infringement .......... 5

V. ARGUMENT .......... 5

A. Empire's Cited Evidence Is Insufficient to Show That Samsung Had Pre-suit Knowledge of Infringement, Let Alone Intent to Infringe .......... 6

1. Citation of the '120 Patent or Its Application by Examiners in Samsung Patents Does Not Show Knowledge of Infringement .......... 6

2. [redacted] Does Not Show Knowledge of Infringement .......... 7

B. Empire Has Provided No Evidence that Samsung Deliberately or Intentionally Infringed the Patents After the Filing of the Complaint .......... 8

VI. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021) ........................................ 5, 8

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ........................................ 5

*Convolve, Inc. v. Dell, Inc.*,
No. 2:08-CV-244-RSP, 2015 WL 574693 (E.D. Tex. Feb. 11, 2015) ........................................ 9

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
No. 2:15-CV-1202-WCB, 2017 WL 2190055 (E.D. Tex. May 18, 2017) ........................................ 5

*Firtiva Corp. v. Funimation Global Grp., LLC*,
No. 2:21-cv-00111-JRG-RSP, *R & R*, No. 163 (E.D. Tex. June 1, 2022) ........................................ 9

*Fractus, S.A. v. TCL Corp.*,
No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) ........................................ 8

*Gustafson, Inc. v. Intersystem Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990) ........................................ 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016) ........................................ 5

*Intell. Ventures I, LLC v. Symantec Corp.*,
234 F. Supp. 3d 601 (D. Del. 2017) ........................................ 6, 7

*Little v. Liquid Air Corp.*,
37 F.3d 1069 (5th Cir. 1994) ........................................ 5

*Mojo Mobility, Inc. v. Samsung Elecs. Co.*,
No. 2:22-CV-00398-JRG-RSP, 2024 WL 3355122 (E.D. Tex. June 4, 2024) ........................................ 9

*Nonend Inventions, N.V. v. Apple. Inc.*,
No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016), *R & R adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) ........................................ 6

*Olaf Soot Design, LLC v. Daktronics, Inc.*,
325 F. Supp. 3d 456 (S.D.N.Y. 2018) ........................................ 6

*Provisur Techs., Inc. v. Weber, Inc.*,
119 F.4th 948 (Fed. Cir. 2024) ........................................ 5, 7, 8

*Radware, Ltd. V. F5 Networks, Inc.*,
No. 5:13-cv-02024, 2016 WL 4427490 (N.D. Cal. Aug. 22, 2016) ........................................ 6

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

*SRI International, Inc. v. Cisco Sys., Inc*,
918 F.3d 1368 (Fed. Cir. 2019) .......... 10

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985) .......... 6

**Rules**

Fed. R. Civ. P. 56(a) .......... 4

[redacted]

## I. INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") move for summary judgment that Samsung is not liable for willful infringement of U.S. Patent Nos. 8,798,120 (the "'120 Patent") and 8,565,331 (the "'331 Patent") (collectively, "Asserted Patents"). Regarding pre-suit willfulness, Plaintiff Empire Technology Development LLC's ("Empire") lacks admissible evidence sufficient to show Samsung's knowledge of the Asserted Patents' alleged infringement or any deliberate or intentional conduct. Empire's evidence only shows that (1) one of the Asserted Patents is cited in three out of the thousands of patents assigned to Samsung; and (2) the two Asserted Patents [redacted]

Summary judgment should also be granted regarding post-suit infringement. Empire failed to disclose any bases for its post-suit infringement claims during discovery. And the record lacks any evidence that would allow Empire to meet its burden of proving that Samsung deliberately or intentionally infringed the Asserted Patents.

For both pre-suit and post-suit infringement, the evidence is insufficient as a matter of law to demonstrate deliberate or intentional infringement. Therefore, summary judgment is warranted.

## II. STATEMENT OF ISSUES TO BE DECIDED

1. Whether summary judgment on Empire's claims of pre-suit willful infringement should be granted because Empire has failed to come forward with any evidence showing that Samsung had knowledge of alleged infringement before the suit.

[redacted]

2. Whether summary judgment on Empire's claim of post-suit infringement should be granted because Empire failed to disclose any bases for its claim of "deliberate or intentional infringement" in its discovery responses.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Empire filed its Complaint on September 18, 2023, asserting, among other things, that Samsung infringes the Asserted Patents and that Samsung's alleged infringement has been willful. Dkt. 1.

2. In its Response to Samsung's Interrogatory No. 12, seeking Empire's complete factual and legal bases for its willful infringement allegations, Empire asserted:

> At least SEC had knowledge of the '120 Patent before developing the '120 Patent Infringing Products. For example, U.S. Patent No. 9,344,175 (the "'175 Patent") was issued to SEC in 2016 and lists the '120 Patent as a cited reference. On or about January 14, 2016, the United States Patent and Trademark Office's examiner brought the '120 Patent to SEC's attention. The '175 Patent is entitled, "Method and Apparatus for Determining Number of Antennas in Multiple Input Multiple Output (MIMO) Communications System," and had been filed on June 14, 2013 (more than two years after the United States Patent and Trademark Office published US 2010/0284449 A1). Each of the '120 Patent Infringing Products includes a MIMO communications system.

Ex. 1[1] (Empire's February 10, 2025 Suppl. Response to Interrog. No. 12) at 49.

3. In the same Response, Empire also asserted that the '120 Patent and its application at the USPTO, U.S. 2010/0284449 (the "'120 Patent Application"), were cited in two other Samsung patents, U.S. Patent Nos. 11,343,771 (the "'771 Patent") and 10,506,514 (the "'514 Patent"). *Id.* at 49-50. This assertion is partly incorrect—as can be seen on the faces of

[1] All references to numbered "Ex. ___" refer to the exhibits to the declaration of Sorin G. Zaharia in Support of Defendants' Motion for Partial Summary Judgment of No Pre-Suit or Post-Suit Willful Infringement, filed concurrently herewith.

[redacted]

the ’771 and ’514 Patents, those patents cite only the ’120 Patent Application, not the ’120 Patent. Ex. 2 (’771 Patent) at 2; Ex. 3 (’514 Patent) at 2.

4. In all three Samsung patents listed in Empire’s Response, the ’120 Patent or its application are listed as being cited by the examiner. Ex. 4 (’175 Patent) at Page 2; Ex. 3 (’514 Patent) at Page 2; Ex. 2 (’771 Patent) at Page 2.

5. In the same Response to Samsung’s Interrogatory No. 12, Empire further asserted:

[redacted]

Ex. 1 at 50.

6. Empire also cited in its Response to Samsung’s Interrogatory No. 12 several documents produced in this litigation. *Id.* at 50-51.

7. Empire’s cited documents all relate to the three Samsung patents discussed above [redacted]

8. [redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

11. There is also no evidence that Empire or anyone else accused Samsung or any Samsung product of infringing the Asserted Patents before this case was filed on September 18, 2023. In its response to Samsung's Interrogatory No. 11, seeking bases for Empire's contention that Samsung had notice of infringement, Empire identifies the date of the Complaint as the date Samsung received actual notice of infringement. Ex. 1 at 47.

12. Empire's Response to Interrogatory No. 12 does not disclose any basis for finding post-suit willful infringement, except for stating that Samsung did not "license[] or otherwise obtain[] rights to the patent[redacted] Ex. 1 at 50.

## IV. <u>LEGAL STANDARD</u>

### A. Summary Judgment Standard

[redacted]

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986). Summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Neither conclusory allegations nor unsubstantiated assertions are sufficient to defeat a summary judgment motion. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

### B. Willful Infringement

To prevail on a willfulness claim, a plaintiff must carry the burden of proving infringement that was "intentional or knowing." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016); see *also Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("[W]illfulness requires deliberate or intentional infringement."). As the Federal Circuit has repeatedly held, mere "knowledge of the asserted patent and evidence of infringement is necessary, ***but not sufficient***, for a finding of willfulness." *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 956 (Fed. Cir. 2024) (quoting *Bayer*, 989 F.3d at 988) (emphasis added). "To establish willfulness, the patentee must show the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Bayer*, 989 F.3d at 987-88; *see also Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2017 WL 2190055, at *3 (E.D. Tex. May 18, 2017) ("a finding of willfulness is not required simply because the infringer knew about the patent at issue.").

## V. ARGUMENT

Summary judgment is warranted on Empire's pre- and post-suit willful infringement claims. Empire cannot prove that Samsung's alleged infringement was willful, as Empire has

[redacted]

failed to identify any evidence showing that Samsung knew it was infringing the Asserted Patents before the lawsuit. Nor has Empire has identified any evidence indicating that Samsung's alleged post-suit infringement was deliberate or intentional.

### A. Empire's Cited Evidence Is Insufficient to Show That Samsung Had Pre-suit Knowledge of Infringement, Let Alone Intent to Infringe

Empire's pre-suit willfulness claim rests solely on the citation of the '120 Patent or its application by the examiners in three patents assigned to Samsung, and [redacted] This evidence is insufficient as a matter of law to establish Samsung's knowledge of infringement, much less intent to infringe.

#### 1. Citation of the '120 Patent or Its Application by Examiners in Samsung Patents Does Not Show Knowledge of Infringement

Mere citation of the asserted patent within a patent owned by a defendant is insufficient to defeat summary judgment. *See Intell. Ventures I, LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611 (D. Del. 2017) (ruling at summary judgment that citation alone, without more, is insufficient as a matter of law to establish a defendant's knowledge of a patent for proving willfulness); *Olaf Soot Design, LLC v. Daktronics, Inc.*, 325 F. Supp. 3d 456, 464 (S.D.N.Y. 2018) ("[C]ourts have held that . . . citations to patents-in-suit are insufficient to prove knowledge for purposes of willful infringement."); *Radware, Ltd. V. F5 Networks, Inc.*, No. 5:13-cv-02024, 2016 WL 4427490, at *4 (N.D. Cal. Aug. 22, 2016) ("[D]istrict courts have ruled that mere citation to a patent number in correspondence from the Patent Office is legally insufficient to support a finding of willfulness.") (collecting cases). Further, "the Federal Circuit held that knowledge of a patent application alone cannot support a finding of willful infringement." *Nonend Inventions, N.V. v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL

[redacted]

1253740, at *7 (E.D. Tex. Mar. 11, 2016), *R & R adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)).

Here as well, that the examiners cited the '120 Patent or its application during the prosecution of three Samsung patents fails to provide sufficient evidence to prove willfulness. *See* Exs. 2-4; *Intell. Ventures I*, 234 F. Supp. 3d at 611.

Moreover, even if the citation of the '120 Patent by the examiner could establish knowledge of the patent, "knowledge of the asserted patent and evidence of infringement is ***necessary, but not sufficient***, for a finding of willfulness." *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 956 (Fed. Cir. 2024) (emphasis added). In *Provisur*, the Federal Circuit recently reversed a district court's denial of an accused infringer's willfulness JMOL where the patentee presented evidence that the accused infringer used a "patent matrix that tracked patents" in related technologies—"including the asserted patents"—and rated the patents "for further evaluation." *Id.* The Federal Circuit found this evidence was sufficient to establish knowledge of the asserted patents, but "insufficient as a matter of law" to "establish deliberate or intentional infringement"—i.e., the high standard set for willful conduct. *Id.* In fact, unlike the plaintiff in *Provisur*, Empire lacks evidence that Samsung tracked, monitored, or evaluated Empire's patents. *See id.* Under these facts, Empire cannot establish the requisite knowledge of infringement, making a finding of willfulness even less appropriate than in *Provisur*. *See id.*

**2. [redacted] Does Not Show Knowledge of Infringement**

Empire's reliance on [redacted] they fail to support knowledge ***of infringement***, and thus are "not sufficient [] for a

[redacted]

finding of willfulness." *Provisur*, 119 F.4th at 956. [redacted]

This Court has previously dismissed allegations more substantial than Empire's, and at an even earlier stage. In *Fractus, S.A. v. TCL Corp.*, Fractus alleged that it sent letters that "informed TCL that Fractus believed that TCL was infringing its patents" and "provided a full list of Fractus's patent portfolio, and specifically identified certain TCL products and Fractus patents that those products were infringing as examples, including several of the Patents-in-Suit." No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021). The Court concluded that Fractus "does not allege any culpable conduct or any set of facts supporting an inference of culpable conduct," and granted TCL's motion to dismiss the willful infringement claim. *Id*. Empire's pleading is even weaker than that of Fractus because [redacted] And Empire has not disclosed any additional facts in discovery to support its pre-suit willful infringement claim.

Empire's scant evidence, at best, supports knowledge of the Asserted Patents but not knowledge of infringement. Thus, Samsung is entitled to judgment of no pre-suit infringement as a matter of law. *See Provisur*, 119 F.4th at 956.

### B. Empire Has Provided No Evidence that Samsung Deliberately or Intentionally Infringed the Patents After the Filing of the Complaint

[redacted]

To establish post-suit willfulness, Empire must demonstrate that Samsung "had a specific intent to infringe" the Asserted Patents following the filing of the Complaint. *Bayer*, 989 F.3d at 987. But Empire has neither articulated a basis nor identified any evidence of intentional post-suit infringement. This lack of evidence fails to raise a genuine issue of material fact regarding Samsung's post-suit conduct, and summary judgment in Samsung's favor is warranted.

Empire's first and only Response to Interrogatory No. 12 fails to provide any basis or evidence for post-suit willfulness, lacking any allegation or fact to support a claim that Samsung has "deliberately or intentionally infringed" the Asserted Patents after Empire's September 2023 Complaint. *See* Ex. 1 (Response to Interrog. No. 12) at 49-51. Empire should not be allowed to present proof beyond the scope of its interrogatory response. *See Convolve, Inc. v. Dell, Inc.*, No. 2:08-CV-244-RSP, 2015 WL 574693, at *2 (E.D. Tex. Feb. 11, 2015) (noting that because the Court does not permit "trial by surprise," a party cannot rely on information at trial that was omitted from its interrogatory responses).

To the extent Empire relies, for both pre- and post-suit willfulness, on its response that Samsung did not license [redacted] such reliance is insufficient as a matter of law. This Court has held that "a lack of remedial actions alone is insufficient to demonstrate post-suit willfulness." *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00398-JRG-RSP, 2024 WL 3355122, at *3 (E.D. Tex. June 4, 2024); *see also Gustafson, Inc. v. Intersystem Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) ("Nor is there a universal rule that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit."); *Firtiva Corp. v. Funimation Global Grp., LLC*, No. 2:21-cv-00111-JRG-RSP, at Dkt. 163, *R & R* at 3 (E.D. Tex. June 1, 2022) ("Here, Firtiva fails

[redacted]

to provide evidence of any deliberate or intentional action and simply argues that [sic] jury could infer willfulness based on Funimation continuing to offer the accused product. Based on *Bayer*, this is necessary but not sufficient for a finding of willfulness.") (citations omitted).

The Federal Circuit has found a lack of willfulness even in cases with more substantial evidence than what Empire presents here. In *SRI International, Inc. v. Cisco Sys., Inc*, the Federal Circuit reversed the district court's court denial of JMOL of no willful infringement. 918 F.3d 1368, 1381 (Fed. Cir. 2019). In so doing, the court held that evidence showing the accused infringer "designed the [accused] products and services in an infringing manner and that [it] instructed its customers to use the products and services in an infringing manner" was insufficient for willfulness, because it was "nothing more than proof that [it] directly infringed and induced others to infringe the patents-in-suit." *Id*. Here, Empire's evidence of post-complaint willfulness consists only of the unremarkable fact that Samsung did not take a license after being accused of infringement. This falls far short of the deliberate conduct necessary to support a willfulness claim, and no reasonable juror could find otherwise.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the Court should enter summary judgment of no pre-suit or post-suit willful infringement.

[redacted]

Dated: March 17, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

[redacted]

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 17, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]