███████████████

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

          *Plaintiff*,

    v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

        *Defendants*.

Case No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

████████████████

**PUBLIC VERSION**

# DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PORTIONS OF THE EXPERT REPORTS OF PLAINTIFF'S EXPERT DR. ROBERT AKL

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................................ 1

II.   FACTUAL BACKGROUND ...................................................................................... 2

    A.   Dr. Akl Relies on a Blog Post, Not Disclosed in Discovery, for His Opinions Regarding Non-Infringing Alternatives ............................................................................................. 2

    B.   The Bases for Dr. Akl's Opinions Regarding Qualcomm Source Code Were Not Disclosed in Empire's Infringement Contentions ............................................................. 5

III.  LEGAL STANDARD ................................................................................................ 6

    A.   Motions to Strike ..................................................................................................... 6

    B.   Motions to Exclude Under *Daubert* and FRE 702-703 ........................................ 8

IV.   ARGUMENT ............................................................................................................. 8

    A.   Dr. Akl's Opinions Regarding the Acceptability of Non-Infringing Alternatives Should Be Struck and Excluded. .............................................................................................. 8

        1.   Dr. Akl's NIA Opinions Should Be Struck Because They Rely on Information Not Disclosed in Empire's Discovery Responses ............................................................ 9

        2.   Dr. Akl's NIA Opinions Should Also Be Excluded Under *Daubert* Because They Are Based on Unreliable Hearsay and Are Not Backed by Any Reliable Methodology. ........... 11

    B.   Dr. Akl's Opinions Relying on Qualcomm Source Code Exceed the Scope of Empire's Infringement Contentions and Should Be Struck. ............................................................ 13

I.    CONCLUSION ......................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Anascape, Ltd. v. Microsoft Corp.*,
No. 6-158, 2008 WL 7180756 (E.D. Tex. May 1, 2008) ..................................... 7, 13

*BMC Software, Inc. v. ServiceNow, Inc.*,
No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ............................ 8, 12, 13

*Comput. Acceleration Corp. v. Microsoft Corp.*,
503 F. Supp. 2d 819 (E.D. Tex. 2007)................................................................. 13

*CQ, Inc. v. TXU Mining Co., L.P.*,
565 F.3d 268 (5th Cir. 2009) .................................................................... 8, 9, 13

*E.E.O.C. v. Gen. Dynamics Corp.*,
999 F.2d 113 (5th Cir. 1993) ......................................................................... 10

*General Elec. Co. v. Joiner*,
522 U.S. 136 (1997)..................................................................................... 8

*GREE, Inc. v. Supercell Oy*,
No. 2-19-CV-00070-JRG-RSP, 2020 WL 4288356 (E.D. Tex. July 27, 2020)................... 7, 9

*Hewlett-Packard Co. v. Quanta Storage, Inc.*,
961 F.3d 731 (5th Cir. 2020) ....................................................................... 1, 8

*Knight v. Kirby Inland Marine Inc.*,
482 F.3d 347 (5th Cir. 2007) ...................................................................... 8, 11

*Michael S Sutton v. Nokia Corp.*,
No. 6:07-CV-203, 2009 WL 9051240 (E.D. Tex. Feb. 13, 2009)............................... 14

*Monsanto Co. v. David*,
516 F.3d 1009 (Fed. Cir. 2008) ................................................................... 8, 12

*Promethean Insulation Tech. LLC v. Sealed Air Corp.*,
No. 2:13-CV-1113-JRG-RSP, 2015 WL 11027038 (E.D. Tex. Oct. 13, 2015) ........... 10, 11, 14

*Realtime Data, LLC v. Packeteer, Inc.*,
No. 8-144, 2009 WL 2590101 (E.D. Tex. Aug. 18, 2009)....................................... 7

*Sobrino-Barrera v. Anderson Shipping Co.*,
495 F. App'x 430 (5th Cir. 2012) ................................................................... 8

*Tantivy Commc'ns, Inc. v. Lucent Techs. Inc.*,
No. 4-79, 2005 WL 2860976 (E.D. Tex. Nov. 1, 2005).......................................... 6

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*,
    No. 9:06-CV-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009) ............................................ 6

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
    No. 2:17-CV-00651-JRG, 2019 WL 2267212.......................................................................... 10

*United Servs. Auto. Assoc. v. Wells Fargo Bank, N.A.*,
    No. 2:18-CV-00366-JRG-RSP, 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019) ..................... 14

*Varta Microbattery GmbH v. Audio P'ship LLC*,
    No. 2-21-CV-00400-JRG-RSP, 2023 WL 5434853 (E.D. Tex. Aug. 23, 2023)................. 8, 10

**Rules**

Fed. R. Civ. P. 26(e)(1)(A) .................................................................................................... 9

Fed. R. Civ. P. 37(c) .............................................................................................................. 6

Fed. R. Evid. 703 ................................................................................................................ 1, 8

## I.    INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") move to strike portions of the expert reports of Plaintiff's technical expert Dr. Robert Akl and exclude any related testimony because (1) they exceed the scope of Empire's previous, mandatory disclosures and (2) they fail the *Daubert* standard as they are not based on sufficient facts or data and do not employ reliable principles and methods.

First, Samsung moves to strike Dr. Akl's opinions attempting to rebut Samsung's non-infringing alternative because Empire failed to disclose the supposedly relevant underlying facts in response to a specific interrogatory.  Samsung disclosed a non-infringing alternative of using commercially available modems from third-party vendors that do not incorporate the Qualcomm technology Empire accuses of infringement.  Empire did not substantively respond to Samsung's interrogatory asking why Empire contends that such products would not be acceptable non-infringing alternatives.  Yet in his expert reports Dr. Akl opines, without analysis and relying solely on an anonymous blog post that Empire failed to identify in its interrogatory response, that such products would suffer from poor performance and lack commercial viability.  His opinions should be struck, because they introduce a new theory and rely on factual bases that Empire failed to disclose in discovery.  Dr. Akl's opinions should also be excluded under *Daubert* and FRE 702 and 703 because his conclusory statements are mere *ipse dixit* and the "data" he relies on—an anonymous blog post—is not "th[e] kind[] of facts or data that experts in the particular field would reasonably rely on . . . in forming an opinion on the subject."  *Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 739 (5th Cir. 2020) (citing Fed. R. Evid. 703).

Dr. Akl's opening report also contains citations to Qualcomm source code that should be struck and excluded as untimely and beyond the scope of Empire's infringement contentions.

These citations mirror those found in Empire's Second Amended Infringement Contentions, which Samsung has moved to—and the Court should—strike as untimely and deficient under the Patent Rules and the Discovery Order. *See* Dkt. 92. Once Empire's amended contentions are struck, Dr. Akl's opinions regarding Qualcomm source code would exceed the scope of Empire's infringement contentions and should likewise be struck.

Dr. Akl's opinions with respect to each ground above are contained in the paragraphs of his opening and rebuttal expert reports identified below. All of these sections should be struck and all opinions and testimony based on them should be excluded.

| | Report Sections to Exclude |
|---|---|
| **Criticism of non-infringing alternatives** | • February 10, 2025 Akl Opening Expert Report ¶ 452<br>• March 3, 2025 Akl Rebuttal Expert Report ¶ 260 |
| **Opinions based on Qualcomm source code** | • February 10, 2025 Akl Opening Expert Report ¶¶ 21, 195, 279, 293, 326, 332, 363, 371, 379, 413, 421, 426, Appendix C. |

## II.    FACTUAL BACKGROUND

Empire filed this lawsuit on September 18, 2023, alleging that Samsung infringes U.S. Patent Nos. 8,798,120 ("the '120 Patent") and 8,565,331 ("the '331 Patent") (collectively, the "Asserted Patents"). Dkt. 1. Empire's infringement theories focus, for both Asserted Patents, on proprietary technology of third-party Qualcomm Inc. within Qualcomm chipsets installed in the accused Samsung devices. *See* Dkt. 87-2.

### A.    Dr. Akl Relies on a Blog Post, Not Disclosed in Discovery, for His Opinions Regarding Non-Infringing Alternatives

Non-infringing alternatives were the specific subject of written discovery requests. Empire's Interrogatory No. 21 requested information on non-infringing alternatives. In its Second Supplemental Response to that interrogatory, Samsung highlighted that the accused

technology is proprietary to, and developed by, Qualcomm.  Ex. 1[1] (Samsung's Resp. to Interrog. No. 21) at 27-28.  Samsung further responded: "To the extent modems were commercially available that did not include the accused proprietary Qualcomm technology, such modems would be acceptable non-infringing alternatives or potential design arounds to the Asserted Patents."  *Id*. at 27.

Samsung also propounded discovery seeking Empire's position on Samsung's non-infringing alternatives.  Samsung's corresponding Interrogatory No. 15 requested Empire's positions on the non-infringing alternatives identified by Samsung.  In its final response to that interrogatory, Empire failed to provide any facts or theories on why non-Qualcomm modems would not be acceptable noninfringing alternatives.  *See* Ex. 2 (Empire's February 10, 2025 Response to Interrog. No. 15) at 6-10.

Although Empire remained silent on the issue of non-infringing alternatives during fact discovery, Empire's technical expert, Dr. Robert Akl's opening expert report offers the following opinion on Samsung's identified non-infringing alternatives:

> To the extent Samsung is suggesting that it could have used other commercially available processors and modems, such Samsung Exynos or MediaTek, instead of Qualcomm processors and modems in the Accused Products, it is my opinion such products would not have been and are not acceptable or commercially viable alternatives. Although Samsung has used the Exynos chipset for its Galaxy phones in Europe, while using the Qualcomm Snapdragon chipset for its Galaxy phones in the U.S. and other countries, the performance differences between the Qualcomm Snapdragon chipset and the Samsung Exynos chipset are well documented and there is no evidence that the U.S. consumer would find the Exynos chipset or another unidentified processor and modem to be acceptable or commercially viable.

---

[1] All references to numbered "Ex. ___" refer to the exhibits to the declaration of Sorin G. Zaharia in Support of Defendants' Motion to Strike and Exclude Portions of the Expert Reports of Plaintiff's Expert Dr. Robert Akl, filed concurrently herewith.

Ex. 3 (Akl Opening Rpt.) ¶ 452. Dr. Akl cites to a December 2021 blog post and user responses on a website titled "Why do Europeans get the short end of the stick" as the only support for his opinion that the "performance differences between the Qualcomm Snapdragon chipset and the Samsung Exynos chipset are well documented." *Id.* at 217 n.3. Empire did not cite to or in any way refer to this information during fact discovery as a basis for criticizing Samsung's non-infringing alternative. *See* Ex. Ex. 2 (Empire's February 10, 2025 Response to Interrog. No. 15) at 6-9.

The blog post Dr. Akl cites in support of his opinion was authored by an anonymous user identified only by the user handle—"Tiase"—and who listed themselves as being a "Student" living in Europe. Ex. 4 (Blog Post) at 1. In the post, the user Tiase claims, without offering any support or analysis, that the Exynos chip on Samsung devices sold in Europe is "inferior" to the Snapdragon [Qualcomm] chip that equips Samsung devices sold in the U.S. *Id.* Tiase then rhetorically asks whether that is "fair" and threatens to boycott Samsung. *See id.*

Dr. Akl repeated his opinion regarding Samsung's identified NIAs in his rebuttal report, stating:

> Dr. Rangan [Samsung's technical expert] suggests that use of the Exynos or MediaTek modems would be a "noninfringing alternative to the Qualcomm modems included in the Samsung products that Empire accuses of infringement." Rangan Report ¶ 567. I disagree. As stated in my report on infringement, the performance differences between the Qualcomm Snapdragon chipset and the Exynos or MediaTek chipsets are well documented and there is no evidence that the U.S. consumer would find the Exynos or MediaTek chipsets to be acceptable or commercially viable.

Ex. 5 (Akl Rebuttal Rpt.) ¶ 260. Dr. Akl does not cite any evidence in support of his statement that "the performance differences between the Qualcomm Snapdragon chipset and the Exynos or

MediaTek chipsets are well documented." *See id.* In particular, he cites no evidence whatsoever regarding MediaTek modems or their performance.

### B. The Bases for Dr. Akl's Opinions Regarding Qualcomm Source Code Were Not Disclosed in Empire's Infringement Contentions

Empire eventually disclosed Qualcomm source code as a basis for its infringement contentions, but that disclosure was untimely and failed to comply with this Court's relevant Orders. As outlined in Samsung's Motion to Strike Empire's Second Amended Infringement Contentions ("SAICs") (Dkt. 92), Empire served its Amended Infringement Contentions ("AICs") on September 27, 2024. Dkt. 92-3. In the AICs, Empire alleged infringement of four claims of the Asserted Patents: claims 25 and 29 of the '120 Patent and claims 1 and 5 of the '331 Patent. *Id.* at 1. Empire also identified nearly every asserted claim element as a "software limitation," thereby deferring compliance with P.R. 3-1 until 30 days after the production of source code for each Accused Instrumentality. Dkt. 26 § 3(a)(i); Dkts. 92-1 ¶ 3, 92-4, 92-5.

As further detailed in Samsung's Motion to Strike Empire's SAICs, Empire served its SAICs on February 10, 2025. These were beyond the 30-day deadline and are thus untimely. Dkt. 92 at 4; Dkts. 92-6 – 92-19. The SAICs reference "Appendix C" for the alleged software limitations, which Empire contends are satisfied by Qualcomm's source code. Dkt. 92-19. In addition to being untimely, Empire's SAICs, served after the close of fact discovery, also fail to comply with the Patent Rules and the Discovery Order, as demonstrated in Samsung's previous motion. *See* Dkt. 92 at 1-4.

Also on February 10, 2025, alongside its deficient SAICs, Empire served the Opening Report of its expert Dr. Akl. Ex. 3. In his report, Dr. Akl opines that the Qualcomm source code demonstrates infringement, citing the same Appendix C referenced in Empire's deficient SAICs to support his conclusions. *See id.* ¶ 21 ("My current analysis with respect to the Qualcomm

source code produced in this case appears in Appendix C and is based on Robert Tidwell's review of the Qualcomm source code made available for inspection as well as my discussions with him about the functionality in this Qualcomm source code.").  Similar to Empire's SAICs, Dr. Akl's reliance on the source code primarily involves incorporating Appendix C by reference in discussing nearly all claim limitations.  *See id*. ¶¶ 195, 279, 293, 326, 332, 363, 371, 379, 413, 421, 426.

## III.    LEGAL STANDARD

### A.    Motions to Strike

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c).  "The burden is on the party who allegedly failed to disclose the information to prove that such failure is harmless."  *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, No. 9:06-CV-151, 2009 WL 5842062, at *2 (E.D. Tex. Mar. 30, 2009).  Consistent with the Federal Rules, opinions in expert reports also cannot be based on evidence not timely disclosed during fact discovery.  As this Court stated in *Tantivy Comms., Inc. v. Lucent Techs. Inc.*, "[t]his Court will simply not allow lawyers or their clients to lay behind the log and disregard their discovery obligations."  No. 4-79, 2005 WL 2860976, at *4 (E.D. Tex. Nov. 1, 2005).  Following this rule, this Court more recently in *GREE, Inc. v. Supercell Oy* struck expert opinions based on information not disclosed during fact discovery.  No. 2-19-CV-00070-JRG-RSP, 2020 WL 4288356, at *2 (E.D. Tex. July 27, 2020).

Just as they can't rely on information not disclosed during discovery, expert opinions can't rely on information not disclosed under the Patent Rules, which were established in this

District to prevent a "hide the ball" approach where a patent plaintiff avoids disclosing its infringement theories until the end of the case.  As this Court recognized in *Realtime Data, LLC v. Packeteer, Inc.*, "the Patent Rules require early disclosure of infringement contentions in order to allow defendants to discover the plaintiff's theories of infringement early in the case because, in practice, it has been difficult to attain such information through traditional discovery."  No. 8-144, 2009 WL 2590101, at *5 (E.D. Tex. Aug. 18, 2009).

Infringement contentions are intended to place defendants on notice of a patentee's theories early in litigation, thereby focusing the issues in dispute and streamlining discovery.  Indeed, Local Patent Rule 3-1 requires a patentee to "formulate, test, and crystallize" its infringement theories early in litigation.  *See id*. at *2.  Consistent with this goal, the Discovery Order requires the party claiming patent infringement to "identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements."  Dkt. 26 at 3.  It follows that expert reports may not introduce theories or source code not previously set forth in infringement contentions.  This Court in *Anascape, Ltd. v. Microsoft Corp.* followed this rule in striking portions of expert report that exceeded scope of contentions.  No. 6-158, 2008 WL 7180756, at *4 (E.D. Tex. May 1, 2008).

When deciding whether to exclude evidence not timely disclosed, courts consider the following good-cause factors: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance."  *CQ, Inc. v. TXU Mining Co.*, L.P., 565 F.3d 268, 280 (5th Cir. 2009).  "A party's failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and

may even be sufficient standing alone to support exclusion." *Varta Microbattery GmbH v. Audio P'ship LLC*, No. 2-21-CV-00400-JRG-RSP, 2023 WL 5434853, at *3 (E.D. Tex. Aug. 23, 2023) (citing *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012)) (emphasis in original).

### B.    Motions to Exclude Under *Daubert* and FRE 702-703

Under *Daubert*, an expert's testimony "must be reliable at each and every step or else it is inadmissible," including "the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion ...." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at *2 (E.D. Tex. Feb. 1, 2016) (quoting *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)). Further, under Rule 703, expert opinions based on hearsay are admissible only if the evidence is "of a type reasonably relied upon by experts in the particular field in forming opinions." *Monsanto Co. v. David*, 516 F.3d 1009, 1016 (Fed. Cir. 2008) (citing Fed. R. Evid. 703); *see also Hewlett-Packard*, 961 F.3d at 739.

## IV.    ARGUMENT

### A.    Dr. Akl's Opinions Regarding the Acceptability of Non-Infringing Alternatives Should Be Struck and Excluded.

Dr. Akl's opinions on non-infringing alternatives should be struck and excluded as they are based on unreliable hearsay that was not disclosed in discovery and lack any reliable methodology under *Daubert*.

████████████████████████

**1.      Dr. Akl's NIA Opinions Should Be Struck Because They Rely on Information Not Disclosed in Empire's Discovery Responses**

Expert opinions based on facts and theories not disclosed during fact discovery should be struck.  *See GREE*, 2020 WL 4288356, at *2 ("[E]xperts cannot rely on information . . . not disclosed during fact discovery.")  During fact discovery, Empire failed to disclose any factual basis in its response to Samsung's interrogatory seeking its position on why non-Qualcomm modems would not be acceptable non-infringing alternatives.  *See* Ex. 2 at 6-10.  Nevertheless, in his reports, Empire's expert Dr. Akl introduced new facts to support his opinion that such modems perform poorly compared to Qualcomm modems and would not be commercially acceptable to consumers.  Ex. 3 (Akl Op. Rpt.) ¶ 452; Ex. 5 (Akl Rebut. Rpt.) ¶ 260.  Because the facts underlying Dr. Akl's opinion were not disclosed in discovery, the relevant portions of his reports should be struck, and his testimony on the topic excluded from trial.  *See GREE*, 2020 WL 4288356, at *2.

The four good cause factors that courts evaluate when considering the exclusion of evidence justify exclusion in this case.  *See CQ v. TXU*, 565 F.3d at 280.  ***First***, Empire cannot justify its failure to disclose the underlying facts—which are not new evidence[2]—during fact discovery.  Empire was required to disclose the facts it relied on in responding to Samsung's identified NIAs, by supplementing its responses during fact discovery.  *See* Fed. R. Civ. P. 26(e)(1)(A).  Empire's "failure to provide *any* justification for its untimely disclosure weighs heavily in favor of striking the disclosure, and may even be sufficient standing alone to support exclusion."  *Varta*, 2023 WL 5434853, at *3.

---

[2] Dr. Akl cites to a blog post dated December 12, 2021 in support of his opinions.  Ex. 3 (Akl Op. Rpt.) at 217 n.3.

███████████████████████

**Second**, the importance of the evidence at issue here does not prevent its exclusion. The less important the evidence, the more this factor permits exclusion. Indeed, courts have wide discretion to exclude even evidence that is "clearly important" to a plaintiff's case, as long as the "court's exclusion of evidence [i]s not tantamount to a complete 'dismissal of the plaintiff's claims.'" *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*, No. 2:17-CV-00651-JRG, 2019 WL 2267212, at *7 (citing *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 117 (5th Cir. 1993)).

Although Dr. Akl's opinions regarding the non-Qualcomm modems may be "of a least some importance," they are not of "significant importance to [Empire's] case." The evidence can still properly be excluded, as this Court did in *Promethean Insulation Tech. LLC v. Sealed Air Corp.*, after finding that a document supporting a non-infringing alternative was not "of significant importance," where the expert also relied on other sources. No. 2:13-CV-1113-JRG-RSP, 2015 WL 11027038, at *1 (E.D. Tex. Oct. 13, 2015). Because Dr. Akl can still address other aspects of Samsung's non-infringing alternatives, this factor is not dispositive. In *Varta*, for example, this Court excluded an expert opinion based on undisclosed information, even though the second factor "weigh[ed] slightly against exclusion." 2023 WL 5434853, at *4. And in *Uniloc*, this Court found the second factor neutral but still excluded the evidence, even though it was "clearly important" to plaintiff. 2019 WL 2267212, at *8. Exclusion is still appropriate here because "even a complete exclusion of [Dr. Akl's non-infringing alternatives] opinion would not operate as a complete 'dismissal of the plaintiff's claims.'" *Id.*

**Third**, permitting Empire's expert to provide opinions on non-infringing alternatives based on alleged performance differences not disclosed during fact discovery would prejudice Samsung, which would be "deprived of the opportunity to meaningfully seek discovery from

[Empire] about the subject matter . . . ." *Promethean*, 2015 WL 11027038, at *2 (striking expert opinions based on information not produced during fact discovery).

**Finally**, there is no available remedy to mitigate this prejudice before trial. To cure the prejudice would necessitate revising the docket control order and reopening fact discovery, at a significant cost of time and resources to Samsung. *See id.* at *2 ("[G]ranting a continuance to cure the prejudice [] would significantly delay resolution of the case and impose substantial costs; it is therefore unwarranted.").

Applying the relevant four- factor analysis confirms that Dr. Akl's opinions regarding the acceptability of non-Qualcomm modems as non-infringing alternatives—which rely on facts not disclosed in discovery—should be struck.

> **2.      Dr. Akl's NIA Opinions Should Also Be Excluded Under *Daubert* Because They Are Based on Unreliable Hearsay and Are Not Backed by Any Reliable Methodology.**

Dr. Akl's opinions regarding the non-infringing alternatives identified by Samsung also independently fail under *Daubert* because "the methodology" and "the facts underlying the expert's opinion" are unreliable and warrant exclusion. *Knight v. Kirby*, 482 F.3d at 355. Dr. Akl states that in his "opinion such [NIA] products would not have been and are not acceptable or commercially viable alternatives," because "the performance differences between the Qualcomm Snapdragon chipset and the Exynos or MediaTek chipsets are well documented and there is no evidence that the U.S. consumer would find the Exynos or MediaTek chipsets to be acceptable or commercially viable." Ex. 3 (Akl Opening Rpt.) ¶ 452, Ex. 5 (Akl Rebut. Rpt.) ¶ 260. These conclusory statements fall far short of the *Daubert* standard.

The only "data" Dr. Akl cites to support his statement that the performance differences between the Snapdragon and Exynos chipsets "are well documented" is a blog post from an

anonymous user, who claimed to be a "student" and expressed their displeasure and subjective belief —not backed by any evidence—that the Exynos chipsets on Samsung devices sold in Europe are purportedly "inferior" to Qualcomm chipsets.  Ex. 4 (Blog Post) at 1.  Such unreliable hearsay is hardly "of a type reasonably relied upon by experts in [the] particular field." *Monsanto*, 516 F.3d at 1016.  Further, while Dr. Akl cites the speculative blog post regarding Exynos modems, he cites *no* evidence to support his similar opinions regarding the performance differences between Snapdragon and MediaTek chipsets.  *See* Ex. 3 ¶ 452, Ex. 5 ¶ 260.

This Court has excluded under *Daubert* opinions that had far more factual basis.  For example, in *BMC*, this Court excluded under *Daubert* an expert's opinions on customer purchasing preferences in IT Service Management (ITSM), where the expert "performed an analysis using a methodology created from his 'direct experience throughout his career of reviewing hundreds of RFPs in connection with various customer purchase decisions for IT products.'"  2016 WL 379620, at *2.  In its ruling, the Court held that the expert's "opinions are not the product of reliable and articulated principles and methods as much as they are his own subjective evaluation" and therefore "are nothing more than *ipse dixit* statements."  *Id*.

Dr. Akl's opinions here fail the *Daubert* standard even more than the expert's in *BMC* because Dr. Akl has *no* data and employed *no* methodology to arrive at those opinions.  *See* 2016 WL 379620, at *2.  The only "data" on which Dr. Akl relies for his Exynos chipset "analysis" is the subjective, unsubstantiated opinion of an anonymous student blog poster; moreover, Dr. Akl cites *no* data whatsoever regarding MediaTek chipsets.  *See* Ex. 3 ¶ 452, Ex. 5 ¶ 260.  To an even greater extent than in *BMC*, Dr. Akl's opinions on consumer acceptability and commercial viability of non-Qualcomm modems are "nothing more than *ipse dixit* statements" that should be excluded.  2016 WL 379620, at *2.

**B.    Dr. Akl's Opinions Relying on Qualcomm Source Code Exceed the Scope of Empire's Infringement Contentions and Should Be Struck.**

Expert opinions on patent infringement based on theories not disclosed in infringement contentions should be struck. *Anascape*, 2008 WL 7180756, at *4. As Samsung noted in its Motion to Strike Empire's Second Amended Infringement Contentions, those contentions should be struck as untimely and deficient under the Patent Rules and the Discovery Order. *See generally* Dkt. 92. Once those supplemental contentions are struck, Empire's remaining infringement contentions fail to provide any basis for infringement in the Qualcomm source code. *See* Dkts. 92-3 – 92-5. Accordingly, the Court should also strike the source code analysis present in Dr. Akl's report—which relies on the same Appendix C cited in Empire's SAIC—and exclude any testimony based on the cited code.

The good-cause factors all support striking Dr. Akl's opinions, for the same reasons Samsung identified in its Motion to Strike Empire's SAICs. *See CQ v. TXU*, 565 F.3d at 280; Dkt. 92 at 10-12 (citing *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007)). ***First***, as this Court found when denying Empire's motion to amend the docket control order, Empire has not been diligent either in seeking the Qualcomm source code or in reviewing it. Dkt. 89 at 1; Dkt. 92 at 10.

***Second***, Empire conceded that the source code evidence is not crucial for its case. In its denied motion to amend the docket control order, Empire stated "that the source code evidence and citations are merely 'a clarification of theories already disclosed in its current Infringement Contentions.'" Dkt. 84 at 7. In *USAA*, which Empire cited in its previous motion, this Court held that "'further clarification and explanation' of theories already disclosed are not [considered highly] important under this factor." *United Servs. Auto. Assoc. v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366-JRG-RSP, 2019 WL 6878880, at *2 (E.D. Tex. Dec. 17, 2019).

13

**Third**, Empire's late and deficient infringement contentions have already prejudiced Samsung, and permitting Dr. Akl's opinions based on them would exacerbate the prejudice to Samsung, which will be "left guessing" as to what theories may be hidden in Empire's non-specific source code citations.  *Michael S Sutton v. Nokia Corp.*, No. 6:07-CV-203, 2009 WL 9051240, at *1–2 (E.D. Tex. Feb. 13, 2009).

**Finally**, a continuance is neither feasible nor proper at this advanced stage of the case, given that fact and expert discovery have concluded.  As this Court recognized in *Promethean*, "granting a continuance to cure the prejudice [] would significantly delay resolution of the case and impose substantial costs; it is therefore unwarranted."  2015 WL 11027038, at *2.

Because the good-cause factors all support striking Dr. Akl's opinions, the sections of Dr. Akl's opening expert report pertaining to the Qualcomm source code should be struck, and all related opinions excluded, as they depend on untimely source code citations that the Court should strike as detailed in Defendant's Motion to Strike (Dkt. 92).

## I.     <u>CONCLUSION</u>

For the foregoing reasons, the Court should strike and exclude the following portions of the expert reports of Dr. Robert Akl and exclude testimony on the following topics: (1) discussion of Samsung's non-infringing alternatives related to non-Qualcomm modems; and (2) opinions based on Qualcomm source code.

Dated: March 17, 2025

Respectfully submitted,

_/s/ Marc J. Pensabene_

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 17, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Samsung and Empire complied with the meet and confer requirement specified in E.D. Tex. Local Rule CV-7(h) via conference call on March 16, 2025. The participants in the conference call were Nathaniel Browand, Andrew Lichtenberg, and Elizabeth DeRieux on behalf of Empire and Nicholas Whilt and Sorin Zaharia on behalf of Samsung.  No agreement was reached because Empire refused to agree to remove opinions in its expert reports.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.  This motion is opposed.

*/s/ Sorin G. Zaharia*
Sorin G. Zaharia