[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

[redacted]

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

**AND**

**PLAINTIFF'S CROSS-MOTION FOR LEAVE**
**<u>TO SERVE SECOND AMENDED INFRINGEMENT CONTENTIONS</u>**

[redacted]

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..... 2

BACKGROUND ..... 3

LEGAL STANDARDS ..... 7

ARGUMENT ..... 7

I. Plaintiff's Contentions Were Timely Served Under the Discovery Order ..... 7

II. Plaintiff Had Good Cause to Serve Its Contentions on February 10, 2025 ..... 9

III. The Contentions Provide Sufficient Notice of Plaintiff's Infringement Theories ..... 11

a. The Source Code Citations Provide Sufficient Notice for Each Claim Element Pursuant to P.R. 3-1(g) ..... 12

b. The Contentions Satisfy the Notice Function of Infringement Contentions ..... 13

CONCLUSION ..... 15

[redacted]

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Cellular Commc'ns Equip., LLC v. Apple Inc.*,
No. 6:14-CV-251, 2016 WL 4211707 (E.D. Tex. Aug. 10, 2016) ........ 9

*Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*,
No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302 (E.D. Tex. Mar. 21, 2016) ........ 14

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-CV-00140 (RWS-RSP), 2018 WL 574871 (E.D. Tex. Jan. 26, 2018) ........ 10

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
No. 2:15-CV-00037 (RWS-RSP), 2017 WL 2651618 (E.D. Tex. June 20, 2017) ........ 7, 15

*GREE, Inc. v. Supercell Oy*,
No. 2:19-cv-00200-JRG-RSP, 2020 WL 6324902 (E.D. Tex. Mar. 26, 2020) ........ 10

*Harris Corp. v. Huawei Device USA, Inc.*,
No. 2:18-CV-00439 (JRG), 2019 WL 4247067 (E.D. Tex. Sept. 6, 2019) ........ 2

*Motion Games, LLC v. Nintendo Co.*,
No. 6:12-cv-878 (E.D. Tex. Apr. 16, 2015) ........ 14

*Realtime Data LLC v. NetApp, Inc.*,
No. 6:16-CV-00961 (RWS), 2017 WL 4844254 (E.D. Tex. Oct. 26, 2017) ........ 11

*Thomas Swan & Co. v. Finisar Corp.*,
No. 2:13-CV-178 (JRG), 2014 WL 12599221 (E.D. Tex. Apr. 16, 2014) ........ *passim*

*Trs. of Purdue Univ. v. STMicroelectronics, Inc.*,
No. W-21-CV-00727 (ADA), 2023 WL 4923972 (W.D. Tex. Aug. 1, 2023) ........ 10

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
No. 2:18-CV-00366 (JRG-RSP), 2019 WL 6878880 (E.D. Tex. Dec. 17, 2019) ........ 3, 9, 10, 15

[redacted]

Defendants' motion should be denied because Plaintiff's Second Amended Infringement Contentions ("Contentions"), which add as evidence non-party Qualcomm Inc.'s production of source code, comply with the Discovery Order and this District's Patent Rules.

*First*, the Contentions were timely served. They were served within "30 days post-production of source code for each Accused Instrumentality"—the undisputed measure of timeliness.[1] Source code for each accused instrumentality was not made available to Plaintiff until at least January 17, 2025, when Qualcomm informed Plaintiff: "[a]ll software has been loaded." Ex. 1.[2] Thus, Plaintiff's Contentions citing the Qualcomm source code were timely served on February 10 (24 days after January 17).

Defendants argue otherwise by focusing on the date of Qualcomm's January 6 email to Plaintiff, which stated, incorrectly, "source code has completed loading." As Plaintiff explained to Defendants before they filed their motion, that January 6 message from Qualcomm did not start the 30-day period because "source code for each Accused Instrumentality" was not made available on that date. On January 9, Qualcomm sent an email explaining that several software builds were "still in progress" and stating "[w]e will let you know when these software builds have been loaded"—retracting the January 6 statement that software had completed loading. Ex. 2. Qualcomm's January 17 email then confirmed that it had remediated the issue, and source code

[1] *See* Defendants' Motion to Strike Plaintiff's Second Amended Infringement Contentions (Dkt. 92) ("Motion") at 3 (citing Discovery Order (Dkt. 26) § 3(a)(i) ("If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party.")).

[2] "Ex. __" refers to exhibits attached to the Declaration of Nathaniel Browand ("Decl.") filed herewith.

[redacted]

for each accused instrumentality was available. Ex. 1. These facts are evidenced by contemporaneous emails between Plaintiff and Qualcomm, filed herewith.[3]

*Second*, Plaintiff's Contentions comply with the Patent Rules of this District. The Contentions identify on an element-by-element basis the source code that further proves the software limitations of the asserted claim elements. In light of the Supplemental Protective Order providing heightened protections for Qualcomm's source code (Dkt. 39), Plaintiff included all substantive discussion of Qualcomm's source code in an appendix to the Contentions to make the cited source code easily segregable from the rest of the Contentions. Defendants try to read that appendix in isolation from the rest of the Contentions, but the Contentions must be read as a whole. The body of the Contentions incorporates the source code in the appendix by reference on an element-by-element basis where appropriate, and explains the functionality for which the source code is cited. It should not be surprising, nor is it a basis to complain, that certain source code identified relates to more than one claim element. *See Thomas Swan & Co. v. Finisar Corp.*, No. 2:13-CV-178 (JRG), 2014 WL 12599221, at *2 (E.D. Tex. Apr. 16, 2014) (denying motion to strike where amended contentions "identif[ied] similar or identical code as meeting multiple elements of the software limitations").

Defendants also complain that the Contentions "do[] not address how the cited code allegedly satisfies the claims," but Plaintiff is not required or expected to prove its claims in its infringement contentions. *See Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-00439 (JRG), 2019 WL 4247067, at *3 (E.D. Tex. Sept. 6, 2019) ("The infringement contentions due under this Court's local rules are intended to provide reasonable notice of asserted theories of

[3] Meanwhile, on January 13, Plaintiff began reviewing the incomplete production of source code at ProSearch, Qualcomm's vendor for hosting the review of Qualcomm source code. Even if January 13 were considered the trigger date, the Contentions were timely served 28 days later.

[redacted]

infringement. They do not require the parties to litigate the case in the contentions.") (internal citations omitted).

Defendants do not identify any facts indicating that the Contentions fail to fulfill the notice function of infringement contentions. Nor can they, because Plaintiff's source code citations provide further support for the infringement theories set forth in the body of the Contentions and are no more than "a clarification of theories already disclosed in its [prior] Infringement Contentions." *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366 (JRG-RSP), 2019 WL 6878880, at *2 (E.D. Tex. Dec. 17, 2019) ("*USAA*").

Defendants' motion is part of an attempt to exclude all Qualcomm source code from the case, apparently because Defendants would rather create procedural obstacles than address it on the merits. Indeed, even though Defendants' non-infringement expert considered the source code [redacted], Defendants have now filed a *Daubert* motion seeking to exclude Plaintiff's expert's citations to all Qualcomm source code—which they assume will be improper if "the Court grants Samsung's motion to strike." Ex. 3.

To the extent necessary, and for the reasons stated herein, Plaintiff cross-moves for leave to serve the Contentions because good cause exists to allow the supplementation by February 10, 2025, the date they were served during fact discovery.

**BACKGROUND**

On September 27, 2024, Plaintiff Empire Technology Development LLC ("Empire" or "Plaintiff") served Amended Infringement Contentions pursuant to a Court order granting Empire's unopposed motion for leave to serve Amended Infringement Contentions. Dkt. 43. At the time, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung" or "Defendants") recognized that [redacted]

[redacted]

[redacted] upon the production of Qualcomm source code. Ex. 4.

On January 6, 2025, Qualcomm sent Plaintiff an email stating that its "source code ha[d] completed loading and [wa]s available for inspection at ProSearch," Qualcomm's vendor for hosting the review of source code requested from Qualcomm in litigations. Ex. 5. The email attached instructions about making reservations at ProSearch to review the source code. The instructions stated, among other things, that "[r]eservations are subject to availability" and "[r]eview sessions must be reserved with ProSearch at least **TWO (2)** business days in advance." *Id.* (emphasis in original). On January 6, Plaintiff's expert, Robert Tidwell, requested a reservation at ProSearch. Decl. ¶ 21.[4]

On January 9, Qualcomm sent a follow-up email stating that several "Software Builds are still in progress" and "[w]e will let you know when these software builds have been loaded" (Ex. 2)—retracting the January 6 statement that "source code ha[d] completed loading." Ex. 5.

On January 13, Mr. Tidwell began reviewing Qualcomm's incomplete source code production. Decl. ¶ 22. On January 17, Qualcomm informed Plaintiff that "[a]ll software has been loaded" and "[s]ource code printouts are also available for production." Ex. 1. Mr. Tidwell then completed his review of the source code.

On February 4, Plaintiff moved to amend the Docket Control Order and requested "an extension of the Discovery Order deadline to serve amended infringement contentions incorporating the source code *until February 24, 2025*." Dkt. 84 at 7 (emphasis added). In the motion, Plaintiff stated that "under the current schedule Plaintiff's revised infringement

[4] Defendants' suggestion that Plaintiff timed its subpoena to Qualcomm so it would not receive the source code until January 2025 (Dkt. 92 at 7) is not supported by the record. Plaintiff served that subpoena in June 2024—more than *six months* before Qualcomm produced the source code—and Plaintiff followed up repeatedly.

[redacted]

contentions would be due on or about February 12, 2025" (*id.* at 6), conservatively using Mr. Tidwell's first-access date as the trigger date. Plaintiff had no reason to explain its position on the deadline to serve amended infringement contentions incorporating the source code in its prior motion because Plaintiff was seeking a short extension until February 24, 2025, regardless of whether Plaintiff's 30-day period to serve amended contentions expired "on or about February 12" or 30 days after January 17. On February 7, the Court denied Plaintiff's motion. Dkt. 89.

On February 10, Plaintiff served its Contentions on Defendants. To facilitate all parties' compliance with the Supplemental Protective Order providing heightened protections for Qualcomm's source code (Dkt. 39), Plaintiff included all substantive discussion of Qualcomm's source code in a five-page appendix to the Contentions ("Appendix C").[5] Plaintiff identified on an element-by-element basis in the Contentions where it was incorporating the source code discussed in Appendix C to support its previously disclosed infringement theories, and, in Appendix C itself, Plaintiff discussed the source code with particularity and in a manner that can readily be connected to the accused functionality discussed in the body of the Contentions and identified therein as satisfying the asserted claim elements.

For U.S. Patent No. 8,798,120 ("'120 Patent"), Plaintiff disclosed source code evidence [redacted] and relied on this same evidence for the [redacted] as noted in the body of the Contentions.[6] For those claim

[5] The Supplemental Protective Order sets forth requirements for the citation of Qualcomm's source code in any work product in this case, including "a confidential pleading, infringement contention, or expert report." Dkt. 39 ¶ 30(g). The parties are required to "limit the amount of such Source Code to what is reasonably necessary for the party to make its point," and must limit excerpts of programming language text without Qualcomm's consent. *Id.* ¶¶ 30(g)-(h).

[6] Claim 29 is identical to Claim 25 except as to the last claim element. Instead of the limitation "wherein the control signal is based, at least in part, on an idle power consumption of the mobile station," Claim 29 includes the limitation "wherein the control signal is based, at least in part, on a number of users of the communications system." For simplicity, this section recites claim

[redacted]

elements, Plaintiff's claim charts include—on an element-by-element basis—non-source code evidence supporting its infringement contentions and cross-references to Appendix C for "further evidence supporting Plaintiff's infringement contentions for this claim element." *See, e.g.*, Ex. 9. Appendix C, in turn, identifies and describes the source code files that provide additional support for Plaintiff's infringement theories with respect to the accused [redacted] technology. For all three relevant claim elements, Plaintiff cited and discussed source code files [redacted].

For U.S. Patent No. 8,565,331 ("'331 Patent"), Plaintiff cited source code [redacted], and relies on this same evidence for [redacted] For each of the claim elements, Plaintiff's Contentions include non-source-code evidence supporting its infringement contentions and cross-references to Appendix C for "further evidence" on matters that are identified on an element-by-element basis. *See, e.g.*, Ex. 15 at 8, 9, 11, 27, 40, 41. Appendix C, in turn, describes Qualcomm source code relating to [redacted] which are discussed in detail in the body of the Contentions. More particularly, each of Plaintiff's claim charts for the '331 Patent states that a [redacted]

---

elements 25[c], 25[d], and 25[e].

[redacted]

[redacted] as is readily apparent from the body of the Contentions.

## LEGAL STANDARDS

"With respect to software claim limitations, this Court requires plaintiffs to 'identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.'" *Thomas Swan & Co.*, 2014 WL 12599221, at *1 (quoting Discovery Order). "After production of the source code, the party claiming infringement must update its infringement contentions by identifying the portions of the code that satisfy relevant claim elements within 30 days." *Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, No. 2:15-CV-00037 (RWS-RSP), 2017 WL 2651618, at *9 (E.D. Tex. June 20, 2017). "Notice is the core function of P.R. 3-1 contentions—including contentions made under P.R. 3.1(g)—and although such contentions must be reasonably precise and detailed, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Thomas Swan & Co.*, 2014 WL 12599221, at *1 (cleaned up).

## ARGUMENT

### I. Plaintiff's Contentions Were Timely Served Under the Discovery Order

Defendants do not dispute that, under the Discovery Order, Plaintiff's Contentions were due "30 days post-production of source code for each Accused Instrumentality." Dkt. 92 at 3 (citing Discovery Order (Dkt. 26) § 3(a)(i)). The only timeliness dispute is *when* that 30-day period began. Defendants cannot dispute that the first date Qualcomm source code for each Accused Instrumentality was available for review was January 17. Qualcomm's initial notification on January 6 that "source code has completed loading and is available for inspection" did not start the clock under the Discovery Order because Qualcomm informed Plaintiff on January 9 that

[redacted]

"Software Builds are still in progress," confirming that "source code for each Accused Instrumentality" had not yet been produced.

When Defendants threatened the present motion, Plaintiff provided a complete summary of the relevant facts:

Marc,

We would like to make sure you aware of facts relevant to Empire's Second Amended Infringement Contentions before you seek Court intervention.

It appears Samsung believes the Discovery Order deadline is based on January 6, 2025, because "source code for each Accused Instrumentality [was] produced" then (cf. Dkt. 26 at 3). January 6 is not the operative date here.

Empire served its post-code-review contentions on **February 10, 2025**, after Samsung opposed any extension of the discovery deadlines and any extension of the post-code-review period for amending contentions.

On **January 17, 2025**, which of course is fewer than 30 days before February 10, Qualcomm's counsel informed us that all source code builds had been loaded and were available for inspection.

On January 6, 2025, Qualcomm's counsel informed us that *some* (unidentified) source code would be available for future inspection at ProSearch and review sessions must be reserved on a daily basis with ProSearch at least two (2) business days in advance and in accordance with ProSearch's facility availability. On January 9, 2025, Qualcomm's counsel informed us that certain source code builds were still in progress, and they would let us know when those builds would be available. Nevertheless, on January 13, 2025, Empire's expert began reviewing the then-available Qualcomm source code at ProSearch, the earliest possible availability.

Ex. 6. Nevertheless, Defendants disregarded Plaintiff's efforts to clarify the issue and filed the Motion anyway, incorrectly arguing that "Qualcomm[] completed source code production on January 6." Dkt. 92 at 3.

Defendants' argument that Plaintiff is engaging in "self-help after its [extension] request was denied" (Dkt. 92 at 1) is baseless. As explained above, the undisputed facts show that Plaintiff's service of the Contentions was timely under the Discovery Order. Indeed, when Plaintiff made its extension request, it observed that "under the current schedule Plaintiff's revised

[redacted]

infringement contentions would be due on or about February 12, 2025" (conservatively using the January 13 first-access date as the trigger date). Dkt. 84 at 6.

For the foregoing reasons, Plaintiff's service of the Contentions was timely under the Discovery Order, and therefore the Court need not evaluate each of the P.R. 3-6(b) "good cause" factors.

**II. Plaintiff Had Good Cause to Serve Its Contentions on February 10, 2025**

To the extent necessary, Plaintiff seeks leave for service of its Contentions on February 10, 2025, because good cause exists to allow the amendment. *See USAA*, 2019 WL 6878880, at *1 ("In determining whether 'good cause' exists, the Court considers the following four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.") (citation and internal quotation marks omitted).

The first factor is the most important here, given the above-recited facts regarding communications from Qualcomm. The first factor weighs heavily in favor of Plaintiff, which "had a good faith, reasonable belief that its amendment was timely" under the Discovery Order for the reasons set forth above. *Id.* at *2. Plaintiff "has a reasonable basis for its position that its amendment is appropriate under 3(a)(i) of the Discovery Order because it was served within 30 days of [Qualcomm] serving its corrected source code." *Id.*

The second factor—the importance of the amendment—is neutral because Plaintiff added the source code citations to provide Defendants additional detail regarding the infringement theories already articulated in Plaintiff's earlier contentions. While Plaintiff believes the additional detail is useful for all parties and the Court[7], Plaintiff acknowledges that "further clarification and

[7] *See Cellular Commc'ns Equip., LLC v. Apple Inc.*, No. 6:14-CV-251, 2016 WL 4211707, at *3 (E.D. Tex. Aug. 10, 2016) ("The Court agrees that citations to source code provide additional

[redacted]

explanation of theories already disclosed are not overly important under this factor." *USAA*, 2019 WL 6878880, at *2 (internal quotation marks omitted).

The third factor—"potential prejudice"—favors Plaintiff. *See CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140 (RWS-RSP), 2018 WL 574871, at *2 (E.D. Tex. Jan. 26, 2018) (finding "little, if any, prejudice to Samsung in granting leave" where plaintiff was "not changing its infringement theory"); *see also* Dkt. 92 at 10-11 (accepting that amendments are clarifications).

Defendants cite no facts to back up their allegation of prejudice. "Defendants' inability to identify potential prejudice with specificity reinforces the determination that no new infringement theories were added to the case." *Trs. of Purdue Univ. v. STMicroelectronics, Inc.*, No. W-21-CV-00727 (ADA), 2023 WL 4923972, at *3 (W.D. Tex. Aug. 1, 2023). Defendants argue: "Empire's delay deprived Samsung of the opportunity to consult with its experts and adjust its invalidity contentions and report." Dkt. 92 at 11. But Plaintiff's source code citations as further support of its existing infringement theories do not impact Defendants' invalidity case at all. In fact, Defendants are not relying on Qualcomm source code for alleged invalidity and have not identified a single thing they would have done differently if they had three additional business days with the Contentions. *See GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00200-JRG-RSP, 2020 WL 6324902, at *2 (E.D. Tex. Mar. 26, 2020) (finding that the sooner the amendment is sent to the other side, the more it "mitigates potential prejudice"). Defendants have not sought to amend their invalidity report to respond to the Qualcomm source code in the Contentions—even though they have informed Plaintiff they intend to ask the Court for leave to amend their invalidity report to include information *they* have received from Qualcomm. Ex. 7.

---

support for [plaintiff's] theories and are important. Therefore, this factor weighs in favor of allowing supplementation as to the citations of source code.").

[redacted]

Defendants cannot identify prejudice because the source code citations are relevant only to infringement, not validity, and Defendants do not even argue that their ability to prepare their non-infringement case has been prejudiced by the three-business-day delay. [redacted]

Defendants' motion to strike and claim of prejudice is simply an effort to remove Qualcomm's source code from the case. That goal is punctuated by Defendants' *Daubert* motion seeking to exclude the opinions of Plaintiff's technical expert on the basis that he cited source code referenced in the Contentions. Defendants' motion is premised on the ***assumption*** that the Court will exclude the Contentions. *See* Ex. 3.[8]

The fourth factor is not relevant here because Defendants have not identified any prejudice as set forth above, and neither side is arguing that a continuance is necessary or appropriate.

For the foregoing reasons, to the extent the Court considers the "good cause" factors, they are met, and the Contentions should be permitted.

## III. The Contentions Provide Sufficient Notice of Plaintiff's Infringement Theories

Defendants' criticisms of the substance of the Contentions also fail. P.R. 3-1 requires that infringement contentions identify "particular theories of infringement with sufficient specificity

[8] As will be explained in Plaintiff's forthcoming *Daubert* opposition, Defendants' argument fails in any event because "the scope of infringement contentions and the expert report are not coextensive. The infringement contentions need not disclose specific evidence nor do they require a plaintiff to prove its infringement case." *Realtime Data LLC v. NetApp, Inc.*, No. 6:16-CV-00961 (RWS), 2017 WL 4844254, at *1 (E.D. Tex. Oct. 26, 2017) (citations and internal quotation marks omitted).

[redacted]

to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent[s] themselves," and P.R. 3-1(g) requires them to "identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements." *Id.*; *see also* Dkt. 26. As the Court has explained, "[n]otice is the core function of P.R. 3-1 contentions—including contentions made under P.R. 3.1(g)—and although such contentions must be reasonably precise and detailed, they need not meet the level of detail required, for example, on a motion for summary judgment on the issue of infringement." *Thomas Swan & Co.*, 2014 WL 12599221, at *1 (cleaned up). Plaintiff has complied with the Patent Rules, including P.R. 3-1, and has provided ample notice of its infringement theories.

#### *a. The Source Code Citations Provide Sufficient Notice for Each Claim Element Pursuant to P.R. 3-1(g)*

Throughout the Contentions, Plaintiff cross-references Appendix C when source code is relevant for a particular claim element. For example, for the '120 Patent, Plaintiff's claim chart disclosing infringement theories against the Samsung Galaxy S20 Series incorporates Appendix C by reference [redacted]. *See* Ex. 9. Similarly, for the '331 Patent, Plaintiff's claim chart disclosing infringement theories against the same instrumentality incorporates Appendix C by reference [redacted]. Ex. 15. By incorporating Appendix C by reference in this manner, Plaintiff "identif[ied], on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality" satisfies the software limitations of the asserted claims. *See* Dkt. 26.

Defendants complain that Appendix C identifies similar or identical code with respect to multiple claim elements, and that, in the case of the '331 Patent, Appendix C is not organized by

[redacted]

claim element. But Defendants are wrong to read Appendix C as if the rest of the Contentions do not exist. The Contentions are the starting point and explain Plaintiff's infringement theories on an element-by-element basis, pointing to Appendix C when appropriate to provide citation to, and explanation of, source code that implements functionality described in the body of the Contentions. As Appendix C reflects, where it was appropriate to provide additional source code citations for a particular claim element, Plaintiff did so. Ex. 21.

Defendants cannot properly complain about Plaintiff citing multiple lines of code for a software limitation, or identifying similar or identical code as meeting multiple elements of software limitations, since Defendants have notice of Plaintiff's contentions. *Thomas Swan & Co.*, 2014 WL 12599221, at *2 ("[T]he Court is not compelled to strike or force an amendment to [plaintiff's] amended contentions simply because they identify similar or identical code as meeting multiple elements of the software limitations.").

Plaintiff organized the portion of Appendix C dedicated to the '331 Patent by describing and citing source code relevant to [redacted] whose relevance to the claim elements is detailed in the body of the Contentions. Defendants' complaint appears to be one of form over substance, ignoring the body of the Contentions.

*b. The Contentions Satisfy the Notice Function of Infringement Contentions*

Defendants' motion should be denied for the related but separate reason that the Contentions satisfy the notice function of infringement contentions. This case is not unlike *Thomas Swan*, in which defendants moved to strike amended infringement contentions on the ground that plaintiff had cited to multiple lines of source code per claim element and cited "identical or nearly identical code" for different elements. 2014 WL 12599221, at *2. Defendants argued that citing source code in this manner was insufficient to give notice of plaintiff's

[redacted]

infringement theories. This Court disagreed, finding that the infringement contentions provided the requisite notice when "[c]onsidering the entirety of the circumstances presented," including the "relative specificity of the cited code" and the "non-source code citations" contained in the contentions. *Id.* As discussed above, Plaintiff's Contentions contain detailed summaries of its infringement contentions as to each claim element of the asserted patents, analyzing how the accused instrumentalities practice each claim limitation and identifying specific evidence in support. Considering the entirety of the circumstances presented here, including the non-source code citations in the Contentions and the specificity of the cited code, Plaintiff's Contentions provide sufficient notice of its infringement theories. *Id.*

Defendants' complaint that the source code citations and related discussion do not "explain how the cited code functions relate" to the claim limitations (Dkt. 92 at 9) is unavailing. "'Infringement contentions are not intended to act as a forum for argument about the substantive issues but rather serve the purpose of providing notice to the Defendants of infringement theories beyond the mere language of the patent claim.'" *Core Wireless Licensing, S.A.R.L. v. LG Elecs., Inc.*, No. 2:14-cv-911-JRG-RSP, 2016 WL 3655302, at *1 (E.D. Tex. Mar. 21, 2016) (quoting *Motion Games, LLC v. Nintendo Co.*, Case No. 6:12-cv-878, Dkt. 303 at 4 (E.D. Tex. Apr. 16, 2015)). Plaintiff's infringement theories are set forth in the body of the Contentions, and the Contentions do not change the infringement theories set forth in Plaintiff's prior infringement contentions, which Defendants did not challenge. Substantive complaints about the Contentions should not be dealt with through this Motion, and Defendants' complaint that, with the addition of source code evidence, they are "left guessing" as to Plaintiff's infringement theories (Dkt. 92 at 10-11) is undermined by Defendants' failure to cite *any* facts suggesting that the Contentions have introduced a new infringement theory. Instead, the source code simply provides additional

[redacted]

evidence in support of theories that Plaintiff has already advanced. Such "clarification of theories already disclosed" does not introduce a new theory of infringement for the purpose of the notice function. *USAA*, 2019 WL 6878880, at *2 (cleaned up) (finding amended contentions "merely a clarification" of previously disclosed theories). Defendants were on notice of Plaintiff's infringement theories *before* the Contentions were served, which defeats their motion to strike. *See Elbit Sys. Land*, 2017 WL 2651618, at *9 ("If a party discloses how a 'software limitation' is met without reference to source code, and the party's disclosure otherwise meets Local Patent Rule 3-1's requirements, there may be no need to later update infringement contentions with references to source code.").

**CONCLUSION**

Defendants Motion should be denied and, to the extent necessary, Plaintiff's cross motion for leave to serve its Contentions should be granted.

[redacted]

Dated: March 18, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*

Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California, 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Empire Technology Development LLC*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2025, all counsel of record are being served with a copy of the foregoing document via electronic email.

/s/ *Nathaniel Browand*
Nathaniel Browand

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On March 16, 2025, Nicholas Whilt and Sorin Zaharia, counsel for Samsung, and Nathaniel Browand, Elizabeth DeRieux, and Andrew Lichtenberg, counsel for Empire, met and conferred regarding the relief sought by Empire's cross-motion. Empire's cross-motion is opposed by Samsung.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted].

[redacted]