[redacted]

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Case No. 2:23-cv-00427-JRG-RSP |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND EXCLUDE THE OPINIONS OF PLAINTIFF'S EXPERT DAWN RICE HALL**

[redacted]

## TABLE OF CONTENTS

INTRODUCTION ..... 1

BACKGROUND ..... 1

LEGAL STANDARD ..... 6

ARGUMENT ..... 7

I. Ms. Hall's Incremental [redacted] Is Reliable and Sufficiently Tied to the Facts of the Case. ..... 7

II. Samsung Does Not Offer an Alternative Profit Split Analysis. ..... 11

CONCLUSION ..... 12

[redacted]

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Apple Inc. v. Motorola, Inc.*,
757 F.3d 1286 (Fed. Cir. 2014), *overruled on different grounds*, *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) ....................................7, 11

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579, 597 (1993)....................................................................................6, 7, 8

*Fogg Filler Co. v. Closure Sys. Int'l Inc.*,
No. 1:15-CV-724, 2020 WL 13337805 (W.D. Mich. May 1, 2020)........................................8

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) ..................................................7, 12

*Longhorn HD LLC v. NetScout Sys., Inc.*,
No. 2:20-CV-00349-JRG-RSP, 2022 WL 903934 (E.D. Tex. Mar. 27, 2022) .............8, 10, 12

*Realtime Data LLC v. EchoStar Corp.*,
No. 6:17-CV-00084-JDL, 2018 WL 6266301 (E.D. Tex. Nov. 15, 2018)..........................8, 10

*Salazar v. HTC Corp.*,
No. 2:16-CV-01096-JRG-RSP, 2018 WL 1783157 (E.D. Tex. Apr. 13, 2018)................10, 11

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015)...................................................................7, 10, 11, 12

*VirnetX, Inc. v. Cisco Sys., Inc.*,
767 F.3d 1308 (Fed. Cir. 2014).........................................................................8, 9, 11

**Rules**

Fed. R. Evid. 702 ...........................................................................................................11

[redacted]

## INTRODUCTION

Plaintiff Empire Technology Development LLC ("Empire") opposes Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung") motion to strike and exclude the opinions of Plaintiff's expert Ms. Dawn Hall relating to damages. Dkt. 103. Samsung's motion challenges only Ms. Hall's profit split analysis and asks this Court to strike the entirety of her opinions on that basis alone. But contrary to Samsung's assertion, Ms. Hall did not begin by assuming that each party would [redacted], but rather performed a detailed analysis of various factors that led her to conclude the parties would [redacted] based on reliable methods that are sufficiently tied to the facts of this case. Samsung's critique is more properly the subject of a rigorous cross examination and not an appropriate basis to exclude Ms. Hall's entire testimony.

## BACKGROUND

On February 10, 2025, Ms. Hall served her report (the "Report"), opining on the apportioned reasonable royalty damages that Empire is entitled to due to Samsung's infringement of U.S. Patent Nos. 8,798,120 (the "'120 patent") and 8,565,331 (the "'331 patent," and collectively, the "Patents-in-Suit"). Ex. 1,[1] Report ¶ 4.

Ms. Hall determined that [redacted] *Id.* at ¶ 96. Ms. Hall analyzed [redacted] *id.* at ¶ 97, and began her analysis for calculating a reasonable royalty rate [redacted]

[1] "Ex. __" refers to an exhibit to the Declaration of Nathaniel Browand, submitted herewith.

[redacted]

[redacted] *Id.* at ¶¶ 106, 113-157. Recognizing that there may also be factors outside of those delineated in *Georgia-Pacific* that may be relevant, Ms. Hall also [redacted]. *Id.* at ¶¶ 107, 112.

Ms. Hall first opined that [redacted]. *Id.* at ¶¶ 113-114. In analyzing the hypothetical license for the Patents-in-Suit, Ms. Hall [redacted] *Id.* at ¶¶ 115-118; 156(h)-(j).

Ms. Hall, in reliance on Empire's technical expert, Dr. Robert Akl, [redacted] *Id.* at ¶¶ 119-125. In particular, [redacted] *Id.* at ¶¶ 119-120. [redacted] *Id.* at ¶ 123.

Ms. Hall next analyzed whether [redacted] *Id.*

[redacted]

at ¶ 127. Relying on the technical opinions of Dr. Akl, Ms. Hall concluded that [redacted]. at ¶¶ 130; 156(k).

Ms. Hall also sought to [redacted] *Id*. at ¶ 137. Relying on Dr. Akl's opinions, Ms. Hall [redacted] *Id*. at ¶¶ 142-146. Dr. Akl [redacted] *Id*. at ¶ 146. Dr. Akl [redacted] *Id*. at ¶ 147.

Ms. Hall adopted Dr. Akl's technical opinion that [redacted] *Id*. Dr. Akl further determined that [redacted] *Id*. Based on this analysis, Dr. Akl concluded that [redacted] *Id*. at ¶ 148.

[redacted]

Ms. Hall opined that [redacted] *Id*. at ¶ 149. Ms. Hall analyzed [redacted]. at ¶ 150. [redacted] Ms. Hall found that [redacted]. at ¶¶ 152, 156(l). Relying on Dr. Akl's determination that [redacted], Ms. Hall determined that [redacted] *Id*. at ¶¶ 154-155, 156(m).

Ms. Hall performed an analysis of the various factors impacting the positions of the parties to the hypothetical negotiation, and in reliance on [redacted] *Id*. at ¶ 156(n). Specifically, analysis of the *Georgia-Pacific* (and other) factors led Ms. Hall to [redacted] *Id*. at ¶ 156. Consideration of those factors informed Ms. Hall's opinion that [redacted]

[redacted] *Id*. at ¶ 156(n).

For instance, [redacted]. *Id*. at ¶¶ 115, 156(h). [redacted] were of similarly limited value to the hypothetical negotiation. *Id*. at ¶¶ 116-117, 156(i). Accordingly, Ms. Hall found that [redacted] *Id*. at ¶ 156(j).

Ms. Hall also considered several factors regarding the parties' respective size and relationship that would contribute to the parties' bargaining position. [redacted] *Id*. at ¶ 156(d), (e). Furthermore, [redacted] *Id*. at ¶ 156(f); Ex. 2, Hall Tr. at 153:25-156:25 [redacted] Ex. 1, Report ¶ 156(f). Similarly, Ms. Hall took into consideration that [redacted] *Id*. at ¶ 156(f).

[redacted]

While the parties would [redacted] *Id*. at ¶ 156(g). [redacted] *Id*. at ¶ 156(a). Additionally, Ms. Hall considered that (i) [redacted] (ii) [redacted] and (iii) [redacted] *Id*. at ¶¶ 132-154, 156(b)-(d).

As explained in more detail above, Ms. Hall, drawing on the expert technical opinions of Dr. Akl, also analyzed both the benefits of the Patents-in-Suit, *id.* at ¶¶ 119-122 (benefits of the '120 Patent), 123-125 (benefits of the '331 Patent), and the alleged non-infringing alternatives identified by Samsung, *id*. at ¶¶ 127-130, 156(k), and determined that [redacted] Ex. 2, Hall Tr. at 156:3-156:25

Accordingly, Ms. Hall determined that [redacted] Ex. 1, Report ¶ 157.

**LEGAL STANDARD**

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, a district court acts as the gatekeeper of expert testimony. 509 U.S. 579, 597 (1993). But a court "must be cautious not to overstep its gatekeeping role and weigh facts, evaluate the correctness of conclusions, impose its own preferred

[redacted]

methodology, or judge credibility, including the credibility of one expert over another. These tasks are solely reserved for the fact finder." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), *overruled on different grounds*, *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011). The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Daubert*, 509 U.S. at 595. "[T]he question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). "When the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd.*, 598 F.3d at 852.

## ARGUMENT

### I. Ms. Hall's Incremental [redacted] Is Reliable and Sufficiently Tied to the Facts of the Case.

Ms. Hall's decision to [redacted] Ex. 1, Report ¶ 156(n), is the result of reliable principles and damages calculation methodology, with reliable application to the facts of this case, and thus, should not be excluded. *See Daubert*, 509 U.S. at 592-93.

In seeking to exclude Ms. Hall's opinion that the parties would [redacted] of Samsung's benefit from the Patents-in-Suit to Empire, Samsung ignores Ms. Hall's clear statement in her report that this determination was based on all the factors identified and analyzed in her report. Ex. 1, Report ¶ 156(n). Samsung does not complain about or challenge the other aspects of Ms. Hall's

[redacted]

methodology (or her qualifications) and simply ignores the fact that Ms. Hall's decision to [redacted] to Empire is based in Ms. Hall's analysis of relevant factors, including, but not limited to, [redacted] *Id.* ¶ 156(a)-(n).

Contrary to Samsung's suggestions, the Federal Circuit has *never* suggested that [redacted] is *per se* unreasonable, nor could they. Rather, the concern as stated in *VirnetX* occurs when the damages expert "beg[ins] with the assumption that each party would take 50% of the incremental profits" and then adjusts up or down based on the bargaining power of the two entities. *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1331 (Fed. Cir. 2014). Moreover, courts applying *VirnetX* have made clear that "a damages model envisioning a hypothetical negotiation in which the parties bargain for respective shares of the economic benefit of a negotiation is not *per se* inadmissible merely because it invokes a percentage split—so long as the analysis is grounded in the specific facts of the case at hand." *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266301, at *10-11 (E.D. Tex. Nov. 15, 2018) (denying defendant's *Daubert* motion challenging plaintiff's expert for use of a "50/50 split" in his analysis); *see also Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG-RSP, 2022 WL 903934, at *3 (E.D. Tex. Mar. 27, 2022) (denying defendant's *Daubert* motion challenging plaintiff's expert based on profit split where the expert considered the impact of the *Georgia-Pacific* factors on the profit split); *Fogg Filler Co. v. Closure Sys. Int'l Inc.*, No. 1:15-CV-724, 2020 WL 13337805, at *4 (W.D. Mich. May 1, 2020) (denying defendant's *Daubert* motion and distinguishing plaintiff's expert's

[redacted]

approximately equal profit split from *VirnetX* because "he did not use a 25/75 or 50/50 rule as a starting point for his analysis before considering the facts of the case").

Here, Ms. Hall did not begin with an "assumption that each party would take 50% of the incremental profits," *VirnetX*, 767 F.3d at 1331, but rather conducted a detailed analysis of the bargaining positions of the parties at the hypothetical negotiation grounded in the facts of this case, to [redacted] based on these numerous facts considered. *See* Ex. 1, Report ¶ 156(n); Ex. 2, Hall Tr. at 153:25-155:20, 157:1-13. Not only did Ms. Hall extensively analyze the *Georgia-Pacific* factors, which Samsung acknowledged in its motion, *see* Dkt. 103 at 6, but she also addressed a number of factors impacting the relative bargaining positions before ultimately concluding that the facts [redacted] Ex. 1, Report ¶ 156(n). These considerations include [redacted] *id.* at ¶ 156(a)-(b); [redacted] *id.* at ¶ 156(c); and [redacted] *id.* at ¶ 156(d).

In addition, Ms. Hall found that Empire, while a non-practicing entity, [redacted] *Id.* ¶ 156(f); Ex. 2, Hall Tr. at 153:25-154:12, 155:14-16, 156:19-22. Conversely, Samsung, [redacted]

[redacted] Ex. 1, Report ¶ 156(f). All these factors suggest that Empire, while a smaller entity and not a direct competitor of Samsung, would have significant bargaining power.

Ms. Hall also analyzed the benefits of the Patents-in-Suit and the existence of non-infringing alternatives. [redacted] *Id.* at ¶ 156(k). Additionally, [redacted] *Id.* at ¶ 156(h)-(j). Consequently, Ms. Hall asserted that the hypothetical negotiators would seek to [redacted]. *Id.* at ¶ 156(l)-(n).

Samsung's complaint that [redacted] is simply not true, *cf.* Dkt. 103 at 5, nor is Ms. Hall's analysis [redacted], *Realtime Data*, 2018 WL 6266301, at *11; rather, it is the result of a reliable methodology that "is sufficiently tied to the facts of the case." *Summit 6*, 802 F.3d at 1296. Further, as this Court held in *Longhorn*, criticism of the profit split ultimately "go[es] to the weight and credibility" of the opinions, "not their admissibility." 2022 WL 903934, at *3.

This Court's decision in *Salazar v. HTC Corp.* is instructive. In *Salazar*, the Court denied defendants' motion to exclude plaintiff's damages expert's opinions and testimony, including the expert's opinions regarding a "50-50 profit split." *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP, 2018 WL 1783157, at *2 (E.D. Tex. Apr. 13, 2018). The Court, in reviewing the expert's analysis, determined that the methodologies that resulted in the 50/50 profit split were

[redacted]

more akin to *Summit 6* than *VirnetX* because the "analysis is sufficiently tied to the facts of the case." *Id*. In particular, the Court noted several factors the damages expert considered in determining the proffered profit split, including (i) the availability of acceptable, non-infringing alternatives; (ii) the competitiveness of the industry; (iii) relative bargaining power of the parties; and (iv) the value of the accused products attributable to the asserted patent. *Id*. As a result, the Court found that, unlike in *VirnetX*, the expert "did *not* start with an arbitrary split and then adjust (or not adjust) that split based on his analysis," but rather, arrived at a 50/50 profit split after analyzing the facts of the case. *Id*. The same is true here. Ms. Hall performed a detailed analysis of all the facts of the case and the various factors influencing the parties at the hypothetical negotiation, including the *Georgia-Pacific* factors, and, based on that analysis, determined that [redacted].

Accordingly, Ms. Hall's analysis is reliable and admissible under Fed. R. Evid. 702 and the Court should, therefore, deny Samsung's motion to exclude her opinions.[2]

## II. Samsung Does Not Offer an Alternative Profit Split Analysis.

Samsung asks this Court to [redacted]

---

[2] Samsung, relying only on its critique of Ms. Hall's [redacted] asks this Court to [redacted] Dkt. 103 at 8. Even if Samsung could show that Ms. Hall's profit split was arbitrary and not sufficiently based on the facts of the case—which it cannot—Samsung has not challenged a single other aspect of Ms. Hall's methodology. In seeking to exclude the entirety of Ms. Hall's opinions, Samsung is effectively asking the Court to "overstep its gatekeeping role and . . . evaluate the correctness of conclusions," which is a task "solely reserved for the fact finder." *Apple Inc.*, 757 F.3d at 1314. This Court should not permit such overreach and should reject Samsung's attempt to exclude the entirety of Ms. Hall's opinions and testimony.

[redacted]

[redacted] Rather, Samsung's damages expert, Ms. Ambreen Salters, offers only [redacted] Ex. 3, Salters Report ¶ 127. Ms. Salters does not [redacted] *Id*. Nor does Ms. Salters (or Samsung) identify [redacted] Such superficial critiques have no merit and are not a basis to exclude Ms. Hall's opinions or her profit split methodology when her analysis and conclusion are sufficiently tied to the facts of the case. *Summit 6*, 802 F.3d at 1296.

Moreover, Samsung's argument that Ms. Hall [redacted], *see* Dkt. 103 at 8, is an issue most suitable for cross-examination and not a basis to exclude all of Ms. Hall's opinions on damages. The Federal Circuit has made clear that "[w]hen the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd.*, 598 F.3d at 852; *see also Longhorn*, 2022 WL 903934, at *3 (holding that criticism of the profit split ultimately "go[es] to the weight and credibility" of the opinions, "not their admissibility"). As discussed above, Ms. Hall's profit split methodology (as well as her broader reasonable royalty methodology) is scientifically and economically sound and sufficiently tied to the facts of this case. Accordingly, if Samsung would like to challenge Ms. Hall's profit split analysis, it can do so through cross examination at trial.

## CONCLUSION

For the foregoing reasons, the Court should deny Samsung's motion to strike and exclude the damages opinions of Ms. Hall.

[redacted]

Dated: March 31, 2025

Respectfully submitted,

/s/ Nathaniel Browand
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (admitted pro hac vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Empire Technology Development LLC*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have compiled with the meet and confer requirements of Local Rule CV-7(h). On March 16, 2025, Nicholas Whilt and Sorin Zaharia, counsel for Samsung, and Nathaniel Browand, Elizabeth DeRieux, and Andrew Lichtenberg, counsel for Empire, met and conferred regarding the relief sought by Samsung's motion. Samsung's motion is opposed by Empire.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]