[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.

Defendants.

Case No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO PRE-SUIT OR POST-SUIT WILLFUL INFRINGEMENT**

[redacted]

**TABLE OF CONTENTS**


INTRODUCTION ........................................................................................................ 1

RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ...................... 2

RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS .................................. 2

I. January – May 2016: The Examiner of Samsung's U.S. Patent No. 9,344,175 Brought the '120 Patent to Samsung's Attention ................................. 3

II. April 2019: Samsung's Infringement Begins ........................................................ 3

III. April – December 2019: The Examiner of Samsung's U.S. Patent No. 10,506,514 Rejected Claims Over the '120 Patent Application, and in Response, Samsung Amended the Claims and Analyzed the '120 Patent Application ................................................................................ 3

IV. June – August 2019: [redacted] ............................... 5

V. August 2019 – March 2021: Samsung Continues to Release Infringing Products .............................................................................................. 6

VI. June 2021 – May 2022: The Examiner of Samsung's U.S. Patent No. 11,343,771 Twice Rejected Claims Over the '120 Patent Application, and Samsung Evaluated the '120 Patent Application in Amending the Claims ............ 7

VII. July 2021 – July 2023: Samsung Continues to Release Infringing Products ......... 8

VIII. September 2023: Empire Filed Its Complaint ....................................................... 8

IX. December 2023 – Present: Samsung Continues to Release Infringing Products .............................................................................................. 9

LEGAL STANDARDS ................................................................................................ 9

ARGUMENT ............................................................................................................ 10

I. Empire Has Established Evidence on Which a Reasonable Jury Could Find Samsung's Pre-Suit Willful Infringement by Intentionally or Deliberately Infringing the Asserted Patents .......................................................11

II. Empire's Evidence Is Also Sufficient for a Reasonable Jury to Find Samsung's Post-Suit Willful Infringement ........................................................ 14

CONCLUSION ......................................................................................................... 15

[redacted]

## TABLE OF AUTHORITIES


**Cases** **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)....10, 11, 13, 14

*Arigna Tech. Ltd. v. Nissan Motor Co.*,
No. 2:22-cv-00126-JRG-RSP, 2022 WL 17978913 (E.D. Tex. Oct. 5, 2022)..9, 10, 13, 14, 15

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)....13, 14

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)....9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)....1, 2, 10, 11

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
203 F. Supp. 3d 755 (2016), *amended in part*, 2017 WL 1716589
(E.D. Tex. Apr. 27, 2017)....13

*Ironburg Inventions Ltd. v. Valve Corp.*,
64 F.4th 1274 (Fed. Cir. 2023)....9

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)....9

*Mojo Mobility, Inc. v. Samsung Elecs. Co.*,
No. 2:22-cv-00398-JRG-RSP, 2024 WL 3355122 (E.D. Tex. June 4, 2024),
*report and recommendation adopted*, No. 2:22-cv-00398-JRG-RSP, 2024 WL
3350852 (E.D. Tex. July 9, 2024)....10, 13, 14

*Provisur Techs., Inc. v. Weber, Inc.*,
119 F.4th 948 (Fed. Cir. 2024)....13

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
14 F.4th 1323 (Fed. Cir. 2021)....9

*SRI Int'l, Inc. v. Cisco Sys., Inc*,
918 F.3d 1368 (Fed. Cir. 2021)....15

*WBIP, LLC v. Kohler Co.*,
829 F.3d 1317 (Fed. Cir. 2016)....9

[redacted]

*WCM Indus., Inc. v. IPS Corp.*,
721 F. App'x 959 (Fed. Cir. 2018) ....................11

**Rules**

Fed. R. Civ. P. 56(a) ....................9

[redacted]

## INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") fail to establish the lack of a genuine dispute of material fact regarding Samsung's willful infringement of U.S. Patent Nos. 8,798,120 (the "'120 Patent") and 8,565,331 (the "'331 Patent") (collectively, the "Asserted Patents"), not least because Samsung misconstrues the applicable legal standard for willful infringement. Samsung argues that Plaintiff Empire Technology Development LLC's ("Empire") has not disclosed evidence that Samsung deliberately or intentionally infringed the Asserted Patents during pre-suit and post-suit periods. But under Supreme Court precedent willful infringement simply requires evidence that the defendant acted despite a risk of infringement that was either known or so obvious that it should have been known to the defendant. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 101, 105 (2016).

The totality of the evidence adduced by Empire is sufficient to establish (or at least raise a genuine dispute as to whether it establishes) Samsung's subjective willfulness. Samsung overlooks the significance of the Examiner's identification of, and Samsung's efforts to distinguish, the '120 Patent or its application during the prosecution of three of Samsung's patents. In fact, the Examiner provided detailed discussions of the '120 Patent Application, and in response, Samsung amended the claims of those applications and substantively analyzed the teachings of the '120 Patent, including that it "describes selecting between a MIMO mode and a SIMO mode based on the energy consumption." Ex. 1,[1] '771 Patent Prosecution History at Empire_0101042.

[redacted]

[1] Exhibits are attached to the Declaration of Nathaniel Browand filed concurrently herewith.

[redacted] In response, Samsung disregarded it and did nothing. After Empire filed suit, Samsung continued to take no action to avoid infringement.

The foregoing evidence is sufficient to raise a genuine dispute of material fact as to whether Samsung acted despite a risk of infringement that was either known or so obvious that it should have been known to Samsung. *See Halo Elecs.*, 579 U.S. at 101, 105. Accordingly, Samsung's motion for summary judgment of no willful infringement should be denied.

## RESPONSE TO STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Empire disagrees with Samsung's statement of the issues. The proper statement of the issue is: Whether there is a genuine dispute of material fact that Samsung willfully infringed the Asserted Patents when Samsung knew of the Asserted Patents and took no action to investigate infringement after (i) an Examiner identified the '120 Patent or its application during the prosecution of three of Samsung's patents, (ii) Samsung discussed in detail the '120 Patent Application in its responses to Office Actions for two of those patents, and (iii) [redacted].

## RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

Samsung offers cherry-picked "undisputed facts" based on a limited reading of Empire's response to Samsung's Interrogatory No. 12. For example, Samsung mischaracterizes the documents Empire cited in response by omitting Empire's citations to Empire's Rule 30(b)(6) deposition of Samsung, Samsung's Rule 30(b)(6) deposition of Empire, the '120 Patent and its application, and the '331 Patent and its prosecution history. *See* Defs.' Mot. at ¶ 7, ECF No. 100[2];

---

[2] Citations to numbered paragraphs in Samsung's motion are to the Statement of Undisputed Material Facts.

[redacted]

Ex. 3, Pl.'s Second Supp. Resps. & Objs. Def.'s First Set of Interrog. at 50-51. Further, Samsung omits numerous facts relevant to its knowledge of the Asserted Patents and intent to infringe.

## I. January – May 2016: The Examiner of Samsung's U.S. Patent No. 9,344,175 Brought the '120 Patent to Samsung's Attention

On January 14, 2016, the Examiner of Samsung's U.S. Patent No. 9,344,175 (the "'175 Patent") brought the '120 Patent to Samsung's attention in a Notice of Allowability. Ex. 4, '175 Patent Prosecution History at Empire_0102311-13. Samsung's '175 Patent issued on May 17, 2016 and lists the '120 Patent as a reference cited. Ex. 5, '175 Patent at Empire_0102732-33. [redacted]

## II. April 2019: Samsung's Infringement Begins

Samsung's first infringing Accused Product, the Samsung Galaxy S10 5G series, was first sold on or about April 2019. [redacted]

## III. April – December 2019: The Examiner of Samsung's U.S. Patent No. 10,506,514 Rejected Claims Over the '120 Patent Application, and in Response, Samsung Amended the Claims and Analyzed the '120 Patent Application

On April 5, 2019, the Examiner discussed the '120 Patent Application during prosecution of Samsung's U.S. Patent Application 15/703,301 (the "'514 Patent Application"), which later issued as U.S. Patent No. 10,506,514 (the "'514 Patent"). Ex. 8, '514 Patent Prosecution History at Empire_0100597-611, Empire_0100615. The Examiner rejected numerous claims of the '514 Patent Application over the '120 Patent Application[3] and another reference and discussed the '120

[3] The claims of the '120 Patent Application are substantially similar to the claims in the issued '120 Patent. *Compare* Ex. 9, '120 Patent at Empire_0000507, *with* Ex. 10, '120 Patent Application at Empire_0099004.

[redacted]

Patent Application in detail for fifteen pages. *Id.* at Empire_0100597-611. Specifically, the Examiner identified to Samsung key embodiments of currently asserted claims 25 and 29 in which a controller selects transmission in MIMO or SIMO mode based, at least in part, on power consumption of the circuity. *Id.* at Empire_0100605-06.

On June 28, 2019, Samsung amended the claims of the '514 Patent Application, distinguished the disclosures in the '120 Patent Application, and explained why the amended claims were patentable. *Id.* at Empire_0100587-88. Specifically, Samsung stated:

> The Examiner asserts that [de] Veciana [*i.e.*, the '120 Patent Application] describes estimating data transmission rates of the data signals and power consumptions (FIG. 1; 105-115; estimating first transmission rate for a MIMO mode and a second transmission rate for a SIMO mode; selecting transmission mode based on the estimated energy consumption of the first and second transmission rates) to process the data signals under reception conditions of the wireless communication apparatus based on combinations in a first quantity of transmission ranks from the base station and a second quantity of antennas; calculating energy efficiencies by using the power consumptions and the data transmission rates; and performing a link adaptation based on the energy efficiencies (FIG. 1, 115-120; Par. 0024-0025; link adaptation performed based on the energy efficiencies determined based on the respective transmission rates and energy consumption of each transmission rate), and determining a number of antennas to receive the data signals (FIG. 1, Par. 0016-0017, 0019, 0022, 0024-0025; MIMO mode or SIMO mode selected based on which mode provides a lower energy per bit for transmission in the communications system; a crossover point for when SIMO consumes less power than MIMO, or vice versa, may be considered a function of variables including the power consumed by circuitry processing signals for the receive antennas, a number of receive antennas, and channel correlations). (See Office Action, at pages 4-5).
>
> …
>
> [de] Veciana describes calculating a first transmission rate for data in a MIMO mode and a second transmission rate for the data in a SIMO mode. A mode is selected based on an energy consumption of the first and second transmission rates. Data may be transmitted using the selected mode. (Abstract). A crossover point for when SIMO consumes less power than MIMO, or vice versa, is a function including power consumed by circuitry processing signals for the receive antennas, a number of receive antennas, and channel correlations. (Paragraph 25).
>
> Thus, [de] Veciana describes selecting between a MIMO mode and a SIMO mode.

*Id.* at Empire_0100587-88.

[redacted]

The ’514 Patent issued on December 10, 2019 and identifies the ’120 Patent Application as a reference cited. Ex. 11, ’514 Patent at Empire_0100763-64; [redacted]. Samsung mischaracterizes Empire’s discussion of Samsung’s ’514 Patent in Empire’s interrogatory response 12. *Cf.* Mot. ¶ 3. Empire did not miscite the ’120 Patent as a reference cited in the ’514 Patent because Empire identifies only the ’120 Patent Application as a cited reference in the ’514 Patent and its prosecution history. Ex. 3 at 49-50; Ex. 11 at Empire_0100764; Ex. 8 at Empire_0100615.

## IV. June – August 2019: [redacted]

Samsung omits key details regarding [redacted] to Samsung. *Cf.* Mot. ¶¶ 8-9. [redacted]

[redacted] Samsung omits this key statement from its selective quoting of [redacted]. *Cf.* Mot. ¶ 8.

[redacted]

[redacted]

[redacted] Again, Samsung fails to mention these key details. *Cf.* Mot. ¶ 9. [redacted]

[redacted]

**V. August 2019 – March 2021: Samsung Continues to Release Infringing Products**

Samsung continued releasing Accused Products, namely the Galaxy Note 10+ 5G in August 2019; the Galaxy S20 5G, in January 2020; Galaxy A71 5G, in April 2020; the Galaxy Z Flip 5G, the Galaxy A51 5G, and the Note 20, in July 2020; the Z Fold2 in August 2020; the Galaxy S21 5G in December 2020; and the Galaxy A42 and A52 5G in March 2021. [redacted]

[redacted]

## VI. June 2021 – May 2022: The Examiner of Samsung's U.S. Patent No. 11,343,771 Twice Rejected Claims Over the '120 Patent Application, and Samsung Evaluated the '120 Patent Application in Amending the Claims

Samsung prosecuted another patent, U.S. Patent No. 11,343,771 (the "'771 Patent"), during which the Examiner rejected claims over the '120 Patent Application. On June 8, 2021, the Examiner explained to Samsung that the '120 Patent Application disclosed selecting SIMO or MIMO based on the power consumed by the circuitry. Ex. 1 at Empire_0101198-208. On September 8, 2021, Samsung submitted an amendment that discussed the '120 Patent Application, noting that it "describes selecting between a MIMO mode and a SIMO mode based on the energy consumption." *Id.* at Empire_0101042. Specifically, Samsung stated:

> The Examiner asserts that [de] Veciana shows determining the number of receiving antennas for receiving the data signal based on the channel state information (FIG. 1; Paragraphs 16-17, 19, 22, 24-25; a crossover point for when SIMO consumes less power than MIMO, or vice versa, is considered a function of the power consumed by circuitry processing signals for the receive antennas, a number of receive antennas, and channel correlations. The power consumed by circuitry and number of receive antennas effect the power consumed during transmission and affect the crossover point. Correlations in the communications channel of the communications system may further affect the crossover point by reducing an available capacity of the MIMO mode, making a SIMO mode more energy efficient). (See Office Action, bridging paragraph at pages 7-8).
>
> [de] Veciana describes calculating a first transmission rate for data in a multiple-input multiple-output (MIMO) mode and a second transmission rate for the data in a single-input multiple-output (SIMO) mode. A mode is selected based on an energy consumption of the first and second transmission rates. (Abstract). A crossover point for when SIMO consumes less power than MIMO, or vice versa, is a function including power consumed by circuitry processing signals for the receive antennas, a number of receive antennas, and channel correlations. (Paragraph 25).
>
> Thus, [de] Veciana describes selecting between a MIMO mode and a SIMO mode based on the energy consumption.

*Id.*

On October 7, 2021, the Examiner again rejected claims of Samsung's application over the '120 Patent Application and discussed its teachings in detail. *Id.* at Empire_0100989-1013. On December 7, 2021, Samsung submitted an amendment that explained why the amended claims

[redacted]

should be allowed over, in part, the '120 Patent Application. *Id.* at Empire_0100984-85. The '771 Patent issued to Samsung on May 24, 2022 and identifies the '120 Patent Application as a reference cited.[4] Ex. 15 at Empire_0101411-12; [redacted].

## VII. July 2021 – July 2023: Samsung Continues to Release Infringing Products

Samsung released the Galaxy Z Flip3 5G and Z Fold3 series in July 2021; the Galaxy S22 series in January 2022; the Galaxy Z Flip4 in June 2022; the Galaxy A23 5G series and the Z Fold4 series, in July 2022; the Galaxy S23 series in January 2023; the Galaxy Z Flip5 series in June 2023; and the Galaxy Z Fold5 series in July 2023. [redacted].

## VIII. September 2023: Empire Filed Its Complaint

Empire agrees that it filed its Complaint on September 18, 2023 and asserted, among other things, that Samsung infringes the Asserted Patents through at least its Samsung Galaxy S series phones and that Samsung's infringement has been willful. *E.g.*, ECF No. 1 at 7-9; Mot. ¶ 1.

Empire agrees that neither Empire nor any other entity has accused Samsung of infringing the Asserted Patents before this case was filed on September 18, 2023. Mot. ¶ 11. In its response to Samsung's Interrogatory No. 11, seeking bases for Empire's contention that Samsung had notice of infringement, Empire states that Samsung "received actual notice of infringement of the '120 and '331 Patents no later than the date that the Complaint in this action was filed, September 18, 2023." Ex. 3 at 47. Empire disagrees with Samsung's conclusory assertion in paragraph 12. *Cf.* Mot. ¶ 12. To the contrary, Empire's response to Samsung's Interrogatory No. 12 discloses bases for finding pre-suit and post-suit willful infringement by Samsung for the reasons explained below.

[4] Empire agrees that the '771 Patent lists the '120 Patent Application as a cited reference, instead of the '120 Patent as stated in Empire's response to Interrogatory No. 12. *Cf.* Ex. 3 at 50; Mot. ¶ 3; Ex. 15 at Empire_0101412; Ex. 1 at Empire_0101214.

[redacted]

## IX. December 2023 – Present: Samsung Continues to Release Infringing Products

Samsung released the Galaxy S24 series in December 2023, [redacted], and the Galaxy S25 series Accused Products in early 2025.

## LEGAL STANDARDS

Summary judgment is appropriate only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it will affect the outcome of a lawsuit, and a dispute over a material fact is "genuine" if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of proving the absence of a genuinely disputed material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Only after that standard is satisfied does the burden shift to the non-movant to show a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Whether a defendant has willfully infringed a patent is a question of fact to be decided by the jury. *E.g.*, *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1340 (Fed. Cir. 2016).

"Willful infringement is a question of fact merely requiring a finding of deliberate or intentional infringement." *Arigna Tech. Ltd. v. Nissan Motor Co.*, No. 2:22-cv-00126-JRG-RSP, 2022 WL 17978913, at *1 (E.D. Tex. Oct. 5, 2022). A plaintiff need only establish by a preponderance of the evidence that the defendant knew of the patent and then engaged in deliberate or intentional infringement. *Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1296 (Fed. Cir. 2023) (citing *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021)); *see also Arigna*, 2022 WL 17978913, at *1 ("Willful infringement impliedly requires knowledge of the patent in suit."). In determining willful infringement, courts evaluate whether the defendant acted despite a "risk of infringement [that] was either known or so obvious that it should have been

[redacted]

known" to the defendant. *Halo Elecs.*, 579 U.S. at 101, 105 ("The subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."); *see also Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (upholding a jury instruction requiring plaintiff to prove that defendant "actually knew *or should have known* that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent") (emphasis in original).

"[E]vidence of knowledge of the patents in suit and intent sufficient to establish deliberate or intentional conduct may be inferred from circumstantial evidence." *Arigna*, 2022 WL 17978913, at *1. Further, courts consider the totality of the circumstances when evaluating if there is a genuine dispute of material fact as to willful infringement. *See Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-cv-00398-JRG-RSP, 2024 WL 3355122, at *2-3 (E.D. Tex. June 4, 2024), *report and recommendation adopted*, No. 2:22-cv-00398-JRG-RSP, 2024 WL 3350852 (E.D. Tex. July 9, 2024). At summary judgment, a dispute among the parties as to whether the circumstantial evidence presented is sufficient to establish willfulness presents a genuine dispute of material fact. *Arigna*, 2022 WL 17978913, at *2 ("Because the defendants argue that this circumstantial evidence is insufficient to establish willfulness, there exists a genuine dispute of material fact as to the willfulness of all defendants.").

## ARGUMENT

Samsung attempts to diminish its infringement by parsing Empire's evidence of willfulness. But when the totality of the circumstances is considered, as is required, Empire's evidence is sufficient to establish a genuine dispute of material fact regarding the two elements of Samsung's pre-suit and post-suit willful infringement. First, Empire has disclosed sufficient evidence to show that Samsung knew of the '120 Patent by at least January 2016, and knew of the

[redacted]

’331 Patent by at least June 2019, and yet continued to release products for the past six years. Second, Samsung’s inaction in the face of repeated identification of the Asserted Patents, ***including Samsung’s own analysis of the ’120 Patent Application during prosecution of two of Samsung’s patents***, is sufficient to establish that Samsung “knew *or should have known* that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.” *See Arctic Cat*, 876 F.3d at 1371. Accordingly, Samsung’s motion should be denied.

**I. Empire Has Established Evidence on Which a Reasonable Jury Could Find Samsung’s Pre-Suit Willful Infringement by Intentionally or Deliberately Infringing the Asserted Patents**

Samsung’s pre-suit actions raise a fact issue as to whether Samsung intentionally infringed the Asserted Patents. As courts have repeatedly recognized, a defendant acts with the requisite intent for willfulness when it acts despite a “risk of infringement [that] was either known or so obvious that it should have been known.” *Arctic Cat*, 876 F.3d at 1371; *Halo Elecs.*, 579 U.S. at 101, 105; *WCM Indus., Inc. v. IPS Corp.*, 721 F. App’x 959, 970 (Fed. Cir. 2018) (“[U]nder the new *Halo* standard, we must determine whether the evidence. . . was sufficient to prove by a preponderance of the evidence that [the defendant] acted despite a risk of infringement that was either known or so obvious that it should have been known to [the defendant]”). Samsung fails to address this theory of willful infringement in its motion.

A reasonable jury could find that Samsung “knew *or should have known* that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent.” *See Arctic Cat*, 876 F.3d at 1371. Samsung does not dispute that it knew of the Asserted Patents before, or at least shortly after, Samsung’s infringement began.

During this time, Samsung knew or should have known that there was a risk it was infringing the Asserted Patents. Samsung knew there was a general risk of infringement because the ’120 Patent or its application was identified to Samsung on multiple occasions during the

[redacted]

prosecutions of Samsung's patents over more than six years. Moreover, Samsung took a specific interest in the invention of the '120 Patent by analyzing the teachings of the '120 Patent Application to distinguish the invention claimed therein from Samsung's own inventions. Ex. 8 at Empire_0100587-88; Ex. 1 at Empire_0101042. This shows that the '120 Patent is close to Samsung's technology and that Samsung's counsel closely reviewed the teachings of the '120 Patent Application. Indeed, Samsung has continuously pursued patents in the same field as the '120 Patent—presumably because it develops and sells products embodying this technology—yet it has not investigated its infringement, despite evaluating the disclosures of the '120 Patent.

[redacted] As such, Samsung is incorrect to assert that "Empire has not disclosed any additional facts in discovery to support its pre-suit willful infringement claim." *Cf.* Mot. at 8.

Despite being confronted with the risk of infringement on multiple occasions through multiple channels, Samsung failed to investigate the risk that it was infringing the Asserted Patents. [redacted]. A reasonable jury could find that this complete failure to investigate, especially when considered in conjunction with the other circumstances surrounding Samsung's actions, is evidence of intent to infringe the Asserted Patents, or at least disregard of the obvious

[redacted]

risk of infringement. *See Mojo Mobility*, 2024 WL 3355122, at *2 (finding "that a genuine dispute of material fact remains as to the question of intent," in part, because plaintiff alleged that "a failure to investigate or a disregard of an obvious risk of infringement could lead a jury to find intent"); *see also Arctic Cat*, 876 F.3d at 1371 (affirming a finding of willfulness where the infringer "conducted only a cursory analysis of the patents" and "waited years before seeking advice of qualified counsel"); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, 203 F. Supp. 3d 755, 764 (E.D. Tex. 2016) (awarding enhanced damages when the infringer "never undertook any serious investigation to form a good-faith belief as to non-infringement or invalidity"), *amended in part*, 2017 WL 1716589 (E.D. Tex. Apr. 27, 2017).

Samsung's reliance on *Provisur Techs., Inc. v. Weber, Inc.*,119 F.4th 948 (Fed. Cir. 2024) and *Bayer Healthcare LLC v. Baxalta, Inc.*, 989 F.3d 964 (Fed. Cir. 2021) is unavailing. In *Provisur*, the court found that there was nothing to suggest Weber knew of its alleged infringement because there was no "specificity as to the relevance of the tracked patents for any of Weber's products," 119 F.4th at 956. In other words, there was no evidence that Weber should have known of the infringement. *Bayer* is the same because there the "evidence adduced at trial merely demonstrate[d] Baxalta's knowledge of the '520 patent and Baxalta's direct infringement of the asserted claims." 989 F.3d at 988. By contrast, here, a reasonable jury could find that the above-described evidence concerning Samsung's counsel's close review of the teachings of the '120 Patent Application and Samsung's failure to investigate [redacted] establishes that Samsung knew or at least should have known of the risk it was infringing the Asserted Patents. Finally, this Court has found *Bayer* not to be dispositive when denying a motion for summary judgment as to willfulness. *Arigna*, 2022 WL 17978913 at *2 ("The Court is not persuaded that *Bayer* . . ., which affirmed the district court's grant of a motion

[redacted]

for judgment as a matter of law of no willful infringement, is dispositive. . . . Willfulness is a question of fact, and Arigna raises circumstantial evidence specific to this case otherwise absent from *Bayer*. . ."); *Mojo Mobility*, 2024 WL 3355122, at *3 ("The Court is not persuaded by Samsung's argument that the record demonstrates a lack of evidence of intent similar to the Bayer decision.").

Accordingly, the foregoing evidence is sufficient to raise a genuine dispute of material fact as to Samsung's pre-suit willful infringement. *See Mojo Mobility*, 2024 WL 3355122, at *2-3.

## II. Empire's Evidence Is Also Sufficient for a Reasonable Jury to Find Samsung's Post-Suit Willful Infringement

Samsung received actual notice of infringement no later than September 18, 2023, when Empire's Complaint in this action was filed. Despite the foregoing evidence and actual notice of infringement, Samsung released the Galaxy S24 and S25 series phones after Empire's Complaint was filed. This is further evidence on which a jury could find Samsung's post-suit willful infringement. *See Arctic Cat*, 876 F.3d at 1371; *see also Mojo Mobility*, 2024 WL 3355122, at *3 (finding "a genuine dispute of material fact persists for post-suit willfulness as to the question of intentional actions . . . based on the totality of the circumstantial evidence").

Despite Samsung's assertions to the contrary, Empire relies on far more than a lack of remedial action to demonstrate willfulness. *Cf.* Mot. at 9. As explained herein, Samsung failed to investigate whether it was infringing the Asserted Patents despite numerous reasons to do so. The '120 Patent or its application were identified during the prosecution of three Samsung patents and, on three separate occasions, contributed to the rejection of numerous claims of two of those patents. In addition, Samsung repeatedly described the '120 Patent Application in detail and analyzed its claims during the prosecution of Samsung's own patents, going so far as to explain why the '514 and '771 Patents were patentable despite the '120 Patent Application. And finally,

[redacted]

[redacted] The foregoing evidence of a risk of infringement applies for purposes of both pre-suit and post-suit willfulness.

This Court has denied summary judgment as to willfulness in the face of less persuasive evidence. *See Arigna*, 2022 WL 17978913, at *2 (denying summary judgment on post-suit infringement where plaintiff offered "circumstantial evidence including a failure to take remedial action, reliance on prior art twice rejected by the United States Patent Office, and conduct through litigation" as evidence of defendants' willful infringement). Further, this Court has recognized that a dispute between the parties as to the sufficiency of evidence offered by the plaintiff constitutes a genuine dispute of material fact that defeats a motion for summary judgment on this point. *Id.* ("Because the defendants argue that this circumstantial evidence is insufficient to establish willfulness, there exists a genuine dispute of material fact as to the willfulness of all defendants."). Finally, Samsung's reliance on *SRI International, Inc. v. Cisco Sys., Inc*, 918 F.3d 1368, 1381 (Fed. Cir. 2021) is misplaced because, unlike the present situation at summary judgment, it concerned a district court's denial of motion for judgment as a matter of law of no willful infringement after all evidence has been presented. *See Arigna*, 2022 WL 17978913, at *2 (indicating that *SRI International* is not persuasive when denying summary judgment as to willfulness).

## CONCLUSION

For the foregoing reasons, Empire respectfully requests that the Court deny Samsung's motion for partial summary judgment of no pre-suit or post-suit willful infringement.

[redacted]

Dated: March 31, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (admitted pro hac vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

*Attorneys for Plaintiff*
*Empire Technology Development LLC*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]