[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND EXCLUDE PORTIONS OF THE EXPERT REPORTS OF PLAINTIFF'S EXPERT DR. ROBERT AKL**

[redacted]

**TABLE OF CONTENTS**


INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 3

I. The Parties' Interrogatory Responses on NIAs ........ 3

II. Dr. Akl's Opinions on NIAs ........ 4

III. Samsung's Expert's Opinions on NIAs ........ 6

IV. Dr. Akl's Citations to Qualcomm Source Code ........ 7

LEGAL STANDARDS ........ 7

I. Motions to Strike ........ 7

II. *Daubert* Motions ........ 8

ARGUMENT ........ 9

I. Dr. Akl's NIA Opinions Should Not Be Stricken or Excluded ........ 9

A. Dr. Akl's Consideration of the Samsung Community Comments Is Proper ........ 9

B. Dr. Akl's NIA Opinions Are Not Excludable Under *Daubert* ........ 11

II. Dr. Akl's Source Code Citations Are Permissible Regardless of the Outcome of the Pending Motion to Strike Empire's Contentions ........ 12

CONCLUSION ........ 14

[redacted]

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anascape Ltd. v. Microsoft Corp.*,
No. 9:60-cv-0158, 2008 WL 7180756 (E.D. Tex. May 1, 2008) ....14

*Apple Inc. v. Motorola, Inc.*,
757 F.3d 1286 (Fed. Cir. 2014), *overruled on other grounds*, *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) ....8

*Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*,
684 F. Supp. 3d 570 (E.D. Tex. 2023) ....12

*Comput. Acceleration Corp. v. Microsoft Corp.*,
503 F. Supp. 2d 819 (E.D. Tex. 2007) ....14

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
No. 2:22-cv-00343-JRG-RSP, 2024 WL 1289821 (E.D. Tex. Mar. 26, 2024) ....1, 9, 10

*CQ, Inc. v. TXU Mining Co.*,
565 F.3d 268 (5th Cir. 2009) ....14

*Daubert v. Merrell Dow Pharms., Inc.*,
509 U.S. 579 (1993) ....8

*Equal Emp. Opportunity Comm'n v. Modern Grp., Ltd.*,
725 F. Supp. 3d 644 (E.D. Tex. 2024) ....7, 11, 122

*GREE, Inc. v. Supercell Oy*,
No. 2-19-CV-00070-JRG-RSP, 2020 WL 4288356 (E.D. Tex. July 26, 2020) ....10, 11

*Huawei Techs. Co. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 9988630 (E.D. Tex. Aug. 25, 2017) ....7

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011) ....8, 9

*Lyondell Chem. Co. v. Albemarle Corp.*,
1:01-cv-00890, 2007 WL 5517453 (E.D. Tex. Feb. 28, 2007) ....7

*Mobile Equity Corp. v. Walmart Inc.*,
No. 2:21-cv-00126-JRG-RSP, 2022 WL 19917853 (E.D. Tex. Sept. 23, 2022) ....7, 13, 14

*Monsanto Co. v. David*,
516 F.3d 1009 (Fed. Cir. 2008) ....11, 12

[redacted]

*Pisony v. Commando Constrs., Inc.*,
No. 6:17-cv-00055-ADA, 2020 WL 4934463 (W.D. Tex. Aug. 24, 2020) ..............................8

*ROY-G-BIV Corp. v. ABB, Ltd.*,
63 F. Supp. 3d 690 (E.D. Tex. 2014)........................................................................7, 8

*Sol IP, LLC v. AT&T Mobility LLC*,
No. 2:18-CV-00526-RWS-RSP, 2020 WL 10045985 (E.D. Tex. Apr. 23, 2020) ......................................................................................................8, 13

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015)..........................................................................................8

**Rules**

Fed. R. Civ. P. 26(a)(2)(B)(ii)...........................................................................................7

Fed. R. Evid. 702 ............................................................................................................11

[redacted]

## INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (together, "Samsung" or "Defendants") offer no legitimate grounds to strike or exclude any opinions of Plaintiff Empire Technology Development LLC's ("Empire" or "Plaintiff") technical expert, Dr. Robert Akl.

Samsung's attacks that Dr. Akl's non-infringing alternative ("NIA") opinions "exceed the scope of Empire's previous, mandatory disclosures" and "fail the *Daubert* standard" misstate the facts and the law. *Cf.* Dkt. 102 at 1. Samsung contends that Empire did not produce in fact discovery a series of posts from *Samsung's own website* demonstrating that Samsung's Exynos chips are not viable NIAs (the "Samsung Community Comments"). Samsung's argument fails for several reasons. *First*, Empire's disclosure of the Samsung Community Comments was timely and within the fact discovery period because the comments were disclosed in Dr. Akl's affirmative expert report and incorporated by reference into Empire's responses to Samsung's interrogatories before fact discovery closed. Thus, Dr. Akl's testimony does not exceed the scope of Empire's fact disclosures because they are co-extensive. *Second*, proving the existence of "non-infringing alternatives [is] the burden of defendants." *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-00343-JRG-RSP, 2024 WL 1289821, at *4 n.1 (E.D. Tex. Mar. 26, 2024). But Samsung failed to identify ***any*** NIA products during fact discovery—not even the Exynos chips ***it*** manufactures that are the subject of the Samsung Community Comments. Thus, if anything, Samsung's own discovery failings are the reason for its complaints. *Third*, by addressing NIAs in Dr. Akl's affirmative report, even though Samsung has the burden of proof, Empire provided Samsung ample opportunity to respond, and Samsung's expert did respond in his rebuttal report. *Fourth*, the Samsung Community Comments *on Samsung's website* were readily accessible to

[redacted]

Samsung throughout the litigation, and experts may consider such publicly accessible materials regardless of whether such materials are produced in fact discovery.

Samsung's *Daubert* arguments regarding Dr. Akl's citation of the Samsung Community Comments also fail. Samsung's suggestion that the NIA opinions it seeks to strike were based exclusively on the Samsung Community Comments is incorrect because Dr. Akl was also relying on his thirty years of experience in the field of communications systems and knowledge of Samsung phones and the components used in Samsung's phones. Dr. Akl cited the Samsung Community Comments as evidence corroborating his expert opinion and demonstrating that the performance differences between the accused products and Samsung's potential NIAs are highly material to consumers. Dr. Akl also explained that [redacted] Ex. 1 at ¶ 260.[1] Samsung should not be permitted to prevent Dr. Akl from explaining that Samsung has failed to cite evidence supporting its position on NIAs.

Samsung's attacks on Dr. Akl's source code citations fail for two reasons. *First*, Samsung's argument is contingent on the Court granting its motion to strike Plaintiff's Second Amended Infringement Contentions ("Contentions"), which should be denied. As set forth in Empire's papers responding to that motion—and in Empire's cross motion—Empire timely served the Contentions (and, if the Court reaches the issue, Empire served them with good cause), and the Contentions comply with the Discovery Order and the Patent Rules. *Second*, Dr. Akl's source code citations should not be stricken even if the Court strikes the Contentions (which it should not),

---

[1] "Ex. __" refers to an exhibit to the Declaration of Nathaniel Browand submitted herewith.

[redacted]

because they are not introducing a new infringement theory but rather are "evidence to support the infringement theories disclosed" by Empire—which is clearly permissibly under this Court's precedents. *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 WL 19917853, at *2 (E.D. Tex. Sept. 23, 2022).

## FACTUAL BACKGROUND

### I. The Parties' Interrogatory Responses on NIAs

On September 18, 2024, Empire served Samsung with an interrogatory asking it to [redacted]

Ex. 2 at 6-7. Samsung responded [redacted] Ex. 3 at 18. [redacted] Instead, as relevant here, Samsung made the circular assertion that [redacted] Ex. 4 at 27 (emphasis added).

[redacted]

[redacted]

[redacted]

Ex. 5 at 11. [redacted]

[redacted] Ex. 6 at 7-8.

[redacted]

Ex. 7 at 10 [redacted]

## II. Dr. Akl's Opinions on NIAs

Samsung does not dispute that Dr. Akl is an expert in the field of communications systems and has studied, taught, practiced and researched in this field for over 30 years. Ex. 8 at ¶ 5. Dr. Akl is a tenured Professor in the Department of Computer Science and Engineering at the University of North Texas ("UNT"), the Associate Chair of Graduate Studies in that Department, and the Director of the Wireless Sensor Lab at UNT. *Id.* ¶¶ 10-11. He has authored papers and designed and taught courses regarding wireless communications systems and served as an expert in litigations about wireless communications systems. *Id.* ¶¶ 16-18.

Although Samsung bears the burden of proof on NIAs, Dr. Akl addressed NIAs in his opening expert report. *Id.* ¶¶ 448-53. He cited Samsung's vague interrogatory responses and stated:

[redacted]

[redacted]

*Id.* ¶ 452. Samsung does not seek to strike these opinions. Dr. Akl went on to [redacted]

[redacted]

*Id.* (emphases added). Dr. Akl's opinion that [redacted] Dr. Akl was also relying on (1) the absence of evidence from Samsung (the party with the burden of proof), and (2) his decades of experience, which has given him in-depth knowledge of Samsung's phones and the chips used in them. During his deposition, Dr. Akl explained that [redacted] Ex. 9 at 252:25-253:12.

The Samsung Community Comments corroborate Dr. Akl's opinions by demonstrating that Samsung's current, former, and potential customers also believe Qualcomm's chips are superior to Samsung's own Exynos chips—and that such a difference is material to their purchasing decisions, *e.g.*:

1. "I have often leaned towards Samsung when it came to buying a new smartphone. I even recommended the S21 to my dad and my little brother. I myself have the S20. But later

[redacted]

on I learn that ***they use two different chips, their inferior exynos chips for those of us in Europe, and their superior chips for those in the U.S.*** . . . I feel like that's *so* disrespectful and I'm now at the point that if this is how Samsung is going to treat me as a customer, simply because I live in the EU, then ***I'll stop buying their products and I'll stop recommending their products to other people too***. ***I'll switch over to Apple, Sony, Motorola or something else***, not sure what, but certainly not Samsung anymore."

2. "Snapdragon is a far more superior CPU compared to the Exynos"

3. "I also imported the Samsung Note 20 Ultra from Samsung Hong-Kong as I wanted the Snapdragon version."

4. "I agree.. .It isn't fair to us in Europe to be paying the same price for a supposedly identical phone when that simply isn't the case as the Snapdragon chipset still outperforms Exynos."

5. "Why not offer us a discount on the lower performing CPU, or better yet offer the Snapdragon version."

6. "Samsung are facing the largest exodus of euro customers because we're getting shafted with sh**e chips"

7. "I was just about to buy S24, I'm glad I remembered about this thread. Guys, ***vote with your wallets***."

8. "I am so annoyed with Samsung, I thought I was getting a flagship phone by purchasing the s24 plus, just to find out that it runs with the slower Exynos 2400. . . . Samsung, you really f ed it up this time, big time, i hate you"

9. "Exact reason I no longer buy Samsung and havnt since s10"

Ex. 10 (emphases added). According to Samsung's website, the Samsung Community Comments have been viewed ***33,418*** times. *Id.*

### III. Samsung's Expert's Opinions on NIAs

The affirmative report of Samsung's technical expert, Dr. Rangan—served on the same day as Dr. Akl's affirmative report, described above—[redacted] Ex. 11 at ¶ 567. In his rebuttal report, [redacted] Ex. 12 at ¶¶ 231-38.

[redacted]

### IV. Dr. Akl's Citations to Qualcomm Source Code

Dr. Akl cited Qualcomm source code in his opening report as further support for his infringement opinions. Ex. 8, Appendix C. [redacted] which Empire timely served, as set forth in Empire's briefing in opposition to Samsung's motion to strike those Contentions. *See, e.g.,* Dkt. 104 at 5-7.

## LEGAL STANDARDS

### I. Motions to Strike

Federal Rule of Civil Procedure 26(a)(2)(B) sets forth the requirements for the contents of expert reports, including "the facts or data considered by the witness in forming [their opinions]." Fed. R. Civ. P. 26(a)(2)(B)(ii). Neither the Rule nor the case law prohibit an expert from considering "facts or data" outside the discovery record in the case. *See, e.g., Lyondell Chem. Co. v. Albemarle Corp.*, 1:01-cv-00890, 2007 WL 5517453, at *3 (E.D. Tex. Feb. 28, 2007) ("It would be unfair to penalize [a party] for failing to anticipate the entire universe of data that its expert might deem relevant in rendering his expert opinion."). Experts are permitted to rely on their knowledge and experience; Federal Rule of Evidence 702 "does not require an expert to rely only on sources in a written, journal format." *Equal Emp. Opportunity Comm'n v. Modern Grp., Ltd.*, 725 F. Supp. 3d 644, 670 (E.D. Tex. 2024) (denying a motion to exclude an expert's testimony for relying on publicly available sources). Further, "a party is not entitled to early disclosure of expert opinions through interrogatory." *Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 9988630, at *1 (E.D. Tex. Aug. 25, 2017).

"The scope of infringement contentions and expert reports are not . . . coextensive." *Mobile Equity*, 2022 WL 19917853, at *1. Infringement contentions do not require a plaintiff to disclose specific evidence, "whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered

[redacted]

when forming them." *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 699 (E.D. Tex. 2014). Striking infringement expert opinions on the grounds that they were not disclosed in infringement contentions is appropriate only where the expert opinions go to "a new theory" as opposed to "the identification of additional evidentiary proof" supporting a previously disclosed theory. *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-CV-00526-RWS-RSP, 2020 WL 10045985, at *1 (E.D. Tex. Apr. 23, 2020) (citation and internal quotation marks omitted); *see also Pisony v. Commando Constrs., Inc.*, No. 6:17-cv-00055-ADA, 2020 WL 4934463, at *1 (W.D. Tex. Aug. 24, 2020) ("[T]he critical question in deciding whether to strike portions of an expert report . . . is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether.") (citation and internal quotation marks omitted).

## II. *Daubert* Motions

Under *Daubert v. Merrell Dow Pharms., Inc.*, a district court acts as the gatekeeper of expert testimony. 509 U.S. 579, 597 (1993). But a court "must be cautious not to overstep its gatekeeping role and weigh facts, evaluate the correctness of conclusions, impose its own preferred methodology, or judge credibility, including the credibility of one expert over another. These tasks are solely reserved for the fact finder." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1314 (Fed. Cir. 2014), *overruled on other grounds*, *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015); *see also i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011). "[T]he question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). "When the methodology is sound, and the evidence relied upon sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above

[redacted]

this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd.*, 598 F.3d at 852.

## ARGUMENT

### I. Dr. Akl's NIA Opinions Should Not Be Stricken or Excluded

#### A. Dr. Akl's Consideration of the Samsung Community Comments Is Proper

Empire timely disclosed the Samsung Community Comments and Dr. Akl is entitled to rely on such facts. As explained above, Empire disclosed the Samsung Community Comments in fact discovery by incorporating Dr. Akl's opening report into its interrogatory response within the fact discovery period. That alone should defeat Samsung's argument. But there are many more reasons Samsung's argument fails.

Samsung bears the burden of proof on NIAs. *See Correct Transmission*, 2024 WL 1289821, at *4 n.1. As reflected in the chronology above, however, Samsung failed to identify any products that embodied NIAs during fact discovery, let alone to explain why any such products would be acceptable to consumers. *See supra* Factual Background, Section I. In the absence of such disclosures from Samsung, Empire could not have been required to identify all evidence its expert might cite to respond to Samsung's as-yet-undisclosed NIA theories.

If anything, Empire's and Dr. Akl's disclosures were early. Even though Samsung failed to identify its own Exynos chips as potential NIAs in fact discovery, Empire and Dr. Akl surmised that Samsung might ultimately point to its Exynos chips and disclosed the Samsung Community Comments during fact discovery and in Dr. Akl's affirmative expert report to anticipate Samsung's potential argument. Empire's proactive approach gave Samsung's expert, Dr. Rangan, an opportunity to respond to Dr. Akl's NIA opinions—which he did in his rebuttal report. Ex. 12 at ¶¶ 231-38. That is not an opportunity Dr. Rangan had as a matter of right given that Empire could

[redacted]

have simply responded to what Dr. Rangan "presented in an opening technical report." *Correct Transmission*, 2024 WL 1289821, at *4.

Finally, Samsung's suggestion that *GREE, Inc. v. Supercell Oy,* No. 2-19-CV-00070-JRG-RSP, 2020 WL 4288356, at *2 (E.D. Tex. July 26, 2020), stands for the general proposition that "experts cannot rely on information . . . not disclosed during fact discovery" is erroneous. *Cf.* Dkt. 102 at 9. That is not the law—as Rule 26 makes clear—and it is not what *GREE* held. Samsung misstates *GREE* by removing an entire clause thereby changing the meaning of the sentence. The entire quoted sentence states as follows: "However, Supercell's experts cannot rely on information regarding implementation and costs associated with NIAs provided by non-disclosed fact witnesses, Jere Sanisalo and Hanna-Mari Kanervo, or NIAs that were not disclosed during fact discovery." *GREE*, 2020 WL 4288356, at *2. In addition, *GREE* is unavailing because it concerned a *defendant's* failure to disclose NIAs in fact discovery in response to the plaintiff's interrogatory—just like Samsung did here. *Id.* at *2-3. The Court also prevented the defendant's experts from relying on conversations with relevant employees of the defendant, whose existence the defendant never disclosed in fact discovery. *Id.* Here, by contrast, Dr. Akl cited publicly available material from Samsung's own website that Empire disclosed during fact discovery.

Samsung's erroneous proposition that an expert can never rely on documents not disclosed in fact discovery is belied by [redacted] *See* Ex. 12 at ¶ 232-33 nn.19-21 [redacted]

For all of these reasons, the Court need not address the four "good cause" factors as Samsung urges. But if it does, they are clearly met. *First*, Empire's disclosure of the Samsung

[redacted]

Community Comments in Dr. Akl's opening report and its interrogatory response was timely and justified—particularly given Samsung's failure to identify any NIA products during fact discovery. *Second*, Samsung concedes that Dr. Akl's opinions are "of a[t] least some importance." Mot. at 10. *Third*, there is no prejudice to Samsung. If anything, Samsung benefited from Empire's proactive disclosures. Samsung's suggestion that it was deprived of the opportunity to seek discovery about the Samsung Community Comments on its own website makes no sense. *Finally*, no continuance or other remedy is necessary or appropriate.

### B. Dr. Akl's NIA Opinions Are Not Excludable Under *Daubert*

Samsung misconstrues Dr. Akl's challenged opinions as relying exclusively on the Samsung Community Comments and seeks to exclude them on that basis. Samsung's argument fails for at least three reasons.

*First*, Samsung ignores Dr. Akl's decades of experience in the field of communications systems and his knowledge of Samsung phones and the components used in its phones. Ex. 8, Appendix A at 7-8, 10, 13-15, 18, 21-25, 33, 35 (reflecting expert work in many matters involving cellular communications, including matters involving Samsung phones). Dr. Akl is permitted to testify based on his extensive knowledge and experience. Fed. R. Evid. 702. Samsung is wrong to suggest that all of his opinions must be based on documents. *See, e.g., Modern Grp.*, 725 F. Supp. 3d at 669 ("Rule 702 plainly contemplates that an expert may properly rely upon his knowledge, including generally accepted knowledge in his field.").

*Second*, Samsung's argument that an expert like Dr. Akl should not rely on the Samsung Community Comments because it is "unreliable hearsay" and not "of a type reasonably relied upon experts" misses the mark. "Rule 703 expressly authorizes the admission of expert opinion that is based on 'facts or data' that themselves are inadmissible, as long as the evidence relied upon is 'of

[redacted]

a type reasonably relied upon by experts in the particular field in forming opinions.'" *Monsanto Co. v. David*, 516 F.3d 1009, 1016 (Fed. Cir. 2008). Although Dr. Akl has his own technical understanding of the performance characteristics of the alleged NIAs, it is reasonable for Dr. Akl to rely on this type of information for purposes of customer perceptions. Samsung cites no case holding that an expert analyzing whether customers would accept an alternative is prohibited from considering their feedback on that very question (feedback that has been viewed on Samsung's website over thirty thousand times). Samsung's arguments about the import of the Samsung Community Comments can be addressed on cross-examination. *Modern Grp.*, 725 F. Supp. 3d at 670 ("[W]hile [a party] may cross-examine [expert] about his sources, [the party's] criticisms of the same do not warrant the exclusion of his testimony."); *Atlas Glob. Techs. LLC v. TP-Link Techs. Co.*, 684 F. Supp. 3d 570, 577 (E.D. Tex. 2023).

*Third*, Dr. Akl's opinions also directly address Samsung's failure as proponents of these NIAs to come forward with any evidence that they are acceptable to consumers. Dr. Akl should be permitted to explain to the jury both that, based on his knowledge and experience, Exynos and Mediatek chips are not comparable to Qualcomm chips, and that Samsung and Dr. Akl have not come forward with evidence demonstrating otherwise.

## II. Dr. Akl's Source Code Citations Are Permissible Regardless of the Outcome of the Pending Motion to Strike Empire's Contentions

As an initial matter, Samsung acknowledges that its request to strike Dr. Akl's source code citations is contingent on the Court granting Samsung's motion to strike Empire's Contentions. If that does not occur, Samsung's motion to strike Dr. Akl's source code citations is moot.

But even if the Court grants Samsung's motion to strike Empire's Contentions, it should deny Samsung's motion to strike Dr. Akl's source code citations. Dr. Akl's source code citations do not introduce any new infringement theory. *Compare* Ex. 8, Appendix C *with* ¶¶ 193-219, 265-

[redacted]

79, 280-93, 329-32, 359-63, 372-80 [redacted] Rather, Samsung tries to [redacted] Mot. at 13; *see also* Dkt. 92 at 10-11; 113 at 4-5. But the absence of a new infringement theory requires denial of Samsung's motion here.

As this Court has explained in multiple cases, source code citations are permitted in a plaintiff's expert's report as long as they are not introducing a new infringement theory—regardless of whether they were included in infringement contentions. For example, in *Sol IP*, defendants sought to strike the portions of plaintiff's expert's report that relied on source code "where none of [plaintiff's] infringement contentions identified the source code." 2020 WL 10045985, at *2 (internal quotation marks omitted). The Court held it would be "illogical to force a plaintiff to only be able to use evidence in its expert reports that was originally in its infringement contentions" and that "[w]hile [plaintiff] needed to disclose the source code it relie[d] on to prove its theories in its expert reports, no such requirement existed for its infringement contentions." *Id.* As here, defendants' argument failed because they had not "proven that [plaintiff's] use of source code means that [plaintiff] has a new infringement theory." *Id.*

This Court reaffirmed this approach in *Mobile Equity*, finding "no violation of the Discovery Order or the Local Patent Rules" and declining to strike source code–related opinions where the plaintiff's expert cited source code to provide "specific evidence to support the [plaintiff's] previously disclosed theories." 2022 WL 19917853, at *2.

[redacted]

The same facts are present here. Thus, under the Court's guidance in *Sol IP* and *Mobile Equity*, among other decisions, Samsung's argument for striking Dr. Akl's opinions relying on Qualcomm source code citations fails.[2]

**CONCLUSION**

For the foregoing reasons, Samsung's motion should be denied in its entirety.

[2] Samsung's reliance on *Anascape Ltd. v. Microsoft Corp.* is misplaced. No. 9:60-cv-0158, 2008 WL 7180756, at *4 (E.D. Tex. May 1, 2008). As the Court has explained, that case stands for the undisputed proposition that "[e]xpert infringement reports may not introduce theories not previously set forth in infringement contentions." *Mobile Equity*, 2022 WL 19917853, at *1. Samsung's analysis of the good cause factors is irrelevant because they are not applicable to expert testimony. *See CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 280 (5th Cir. 2009) (only applying good cause factors to non-expert evidence); *Comput. Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) (applying good cause factors to "whether infringement contentions should be struck").

[redacted]

Dated: March 31, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]