[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

[redacted]

**PUBLIC VERSION**

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S *DAUBERT* MOTION AND MOTION TO STRIKE THE OPINIONS OF SUNDEEP RANGAN ABOUT ALLEGED NON-INFRINGING ALTERNATIVES (DKT. 97)**

[redacted]

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. LEGAL STANDARD........................................................................................................ 1

III. ARGUMENT: EMPIRE'S MOTION SHOULD BE DENIED ............................................ 2

A. Dr. Rangan's Opinions Regarding Non-Infringing Alternatives Based on Non-Qualcomm Chipsets Are Reliable ........................................................................................................ 2

1. Dr. Rangan reliably opines that mobile devices powered by non-Qualcomm chipsets are available non-infringing alternatives. ........................................................................ 3

2. Dr. Rangan properly opines that the non-Qualcomm chipset non-infringing alternatives are "acceptable." ........................................................................................................ 6

B. Dr. Rangan's Opinions Regarding Prior Art Non-Infringing Alternatives Are Well-based and Reliable ........................................................................................................ 8

IV. CONCLUSION........................................................................................................ 9

[redacted]

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993) ... 2

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
No. 6:11-CV-00201-JRG, 2017 WL 1079441 (E.D. Tex. Mar. 22, 2017) ... 1, 6

*Grain Processing Corp. v. Am. Maize–Prods. Co.*,
185 F.3d 1341 (Fed. Cir. 1999) ... 2, 6

*LaserDynamics, Inc. v. Quanta Comput.*,
2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ... 2

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
No. 2:22-CV-00322-JRG-RSP, 2024 WL 2214691 (E.D. Tex. May 16, 2024) ... 6

*Longhorn HD LLC v. NetScout Sys., Inc.*
No. 2:20-cv-00349-JRG-RSP, 2022 WL 991696 (E.D. Tex. Mar. 31, 2022) ... 5, 6

*Moore v. Ashland Chemical, Inc.*,
151 F.3d 269 (5th Cir. 1998) ... 1

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
No. 2-15-CV-01366-JRG-RSP, 2021 WL 2697721 (E.D. Tex. Feb. 23, 2021) ... 2, 4, 7, 9

*Salazar v. HTC Corp*.,
No. 2:16-cv-01096-JRG-RSP, 2018 WL 2033709 (E.D. Tex. Mar. 28, 2018) ... 2, 7, 8, 9

*SRI Int'l Inc. v. Internet Sec. Sys., Inc.*,
No. 4-1199-SLR, 2011 WL 5166436 (D. Del. Oct. 31, 2011) ... 2

*Summit 6, LLC v. Samsung Elecs. Co.*,
802 F.3d 1283 (Fed. Cir. 2015) ... 1

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
No. 2:18-CV-00366-JRG-RSP, 2019 WL 6896676 (E.D. Tex. Dec. 18, 2019) ... 4, 7

**Rules**

Fed. R. Evid. 702 ... 1

[redacted]

## I. INTRODUCTION

Empire's *Daubert* Motion and Motion to Strike Dr. Rangan's Non-infringing Alternative Opinions ("Mot.") should be denied. Dr. Rangan's opinions are proper, as he reliably opines that the identified alternatives are both available and acceptable. Dr. Rangan explains that existing Samsung mobile devices with non-Qualcomm chipsets would need minimal modifications to be used in the U.S. and would be accepted by consumers due to their comparable performance to Qualcomm-powered devices. Such devices, not accused by Empire, do not infringe under Empire's own infringement theory, which hinges for both asserted patents on Qualcomm chipset's unique features. Furthermore, Dr. Rangan also properly opines that devices implementing the prior art and distinguished by the patent applicant as admittedly not practicing the claims are both available and acceptable. Empire fails to show that Dr. Rangan's methodology is unreliable or flawed under Rule 702 of the Federal Rules of Evidence or *Daubert*. Because Empire's objections are properly addressed by cross-examination, as opposed to exclusion, its motion should be denied.

## II. LEGAL STANDARD

Under Rule 702, expert testimony is admissible where "the methodology is reasonable and its data or evidence are sufficiently tied to the facts of the case." Fed. R. Evid. 702; *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015). The "question of whether the expert is credible or the opinion is correct is generally a question for the fact finder, not the court." *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 1079441, at *2 (E.D. Tex. Mar. 22, 2017). The proponent of an expert's testimony "need not prove to the judge that the expert's testimony is correct," but instead that "that the testimony is reliable." *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of

[redacted]

proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

"An acceptable non-infringing substitute need not be on the market at the time of infringement; however, it must be either available or on the market at the time of infringement." *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2-15-CV-01366-JRG-RSP, 2021 WL 2697721, at *1 (E.D. Tex. Feb. 23, 2021) (citing *Grain Processing Corp. v. Am. Maize–Prods. Co.*, 185 F.3d 1341, 1349 (Fed. Cir. 1999)). "The court may consider whether '(1) the defendant could readily obtain all of the material needed to implement the non-infringing alternative; (2) the non-infringing alternative was well known in the field at the time of infringement; and (3) the defendant had all of the necessary equipment, know-how, and experience to use the non-infringing alternative.'" *Personalized Media*, 2021 WL 2697721, at *1 (citing *LaserDynamics, Inc. v. Quanta Comput.*, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011)). "[I]n a reasonable-royalty determination . . . courts consider the *next-best* available alternative, which is not necessarily an 'acceptable' alternative." *Salazar v. HTC Corp.*, No. 2:16-cv-01096-JRG-RSP, 2018 WL 2033709, at *3 (E.D. Tex. Mar. 28, 2018).

## III. ARGUMENT: EMPIRE'S MOTION SHOULD BE DENIED

Dr. Rangan's opinions regarding non-Qualcomm chipset and prior art non-infringing alternatives are reliable and should not be excluded.

### A. Dr. Rangan's Opinions Regarding Non-Infringing Alternatives Based on Non-Qualcomm Chipsets Are Reliable

"Generally, noninfringing alternatives include any products found to be noninfringing or products not accused of infringement." *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, No. 4-1199-SLR, 2011 WL 5166436, at *1 (D. Del. Oct. 31, 2011). Contrary to Empire's assertion, Dr. Rangan explained why devices with non-Qualcomm chipsets are both "available and acceptable" non-

[redacted]

infringing alternatives. Mot. at 8. This renders Dr. Rangan's analysis reliable and appropriate under *Daubert*, FRE 702 and this Court's precedents.

1. **Dr. Rangan reliably opines that mobile devices powered by non-Qualcomm chipsets are available non-infringing alternatives.**

Dr. Rangan identifies a first category of non-infringing alternatives, comprising existing devices that do not use Qualcomm chipsets and are already in existence, with some being sold abroad. Dkt. 97-2 (Rangan Op. Rpt.) ¶ 567; Dkt. 97-3 (Rangan Rebuttal Rpt.) ¶¶ 122, 232-234. Empire refers to these as "Category 1 Items." Mot. at 8. Specifically, Dr. Rangan notes in his reports "that Samsung regularly manufactures and sells smartphones and tablets nearly identical to the Accused Products but with Exynos and MediaTek chips." Rangan Rebuttal Rpt. ¶ 233. Because the devices are already in existence, "there would be no additional development time or costs to implement . . . because Samsung already does so." *Id.* ¶ 234.

Empire challenges Dr. Rangan's "availability" opinion on two grounds, both baseless. First, Empire attempts to discount Dr. Rangan's opinion because the non-infringing alternatives "would need modification to be used in the U.S." Mot. at 8. But the evidence cited by Dr. Rangan in his reports—and ignored by Empire—shows that Samsung smartphones are interoperable between regions like the U.S. and the U.K. Rangan Rebuttal Rpt. at 106 n.19.[1] During his deposition, Dr. Rangan further clarified that while the existing devices "might need some configuration . . . it would be relatively small, because they're already working in another country." Dkt. 97-4 (Rangan Dep. Tr.) at 153:7-10.

[1] Anyron Coperman, Verified: The Galaxy S24+ Is Better In The US Than The UK, But Not By Much, Tech Advisor (May 10, 2024 1:12 PM BST), https://www.techadvisor.com/article/2329474/samsung-galaxy-s24-exynos-vs-snapdragontested.html (RANGAN-0000252-54) ("The Snapdragon model is better overall, but not by much. If you're based in the UK or Europe, there's no need to try and import[] one from the US or elsewhere. It's simply not necessary. Even for power users who demand the absolute most from their smartphone, you're unlikely to notice the difference in the real-world.").

[redacted]

Dr. Rangan further clarified that the minimal configuration modifications needed for U.S. use are well within the capabilities of Samsung engineers, testifying that "Samsung should have the capability to do that." Rangan Dep. Tr. at 154:13-14. Dr. Rangan's opinion aligns with that of Apple's expert in *Personalized Media*, who opined that "engineers could have designed a non-infringing alternative using well-known techniques." 2021 WL 2697721 at *2. There, this Court denied a motion to strike Apple's expert's non-infringing alternative opinions, despite plaintiff's argument that the expert "made bare assertions about the availability of non-infringing alternative designs to Apple's allegedly infringing products." *Id.* at *1. In rejecting the motion, the Court noted that Apple "had the know-how and experience to use the non-infringing alternatives" and the expert's opinion that Apple's "engineers could have designed a non-infringing alternative using well-known techniques" was "plausible, especially considering . . . that [Apple's] engineers built the allegedly infringing . . . system in the first place." *Id.* at *2. Similarly here, Samsung has "the know-how and experience to use the non-infringing alternatives" identified by Dr. Rangan, i.e., the non-Qualcomm chipset Samsung devices. *Id.*

Dr. Rangan's opinions are also similar to ones allowed by this Court in another case, *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366-JRG-RSP, 2019 WL 6896676, at *2 (E.D. Tex. Dec. 18, 2019). There, the Court upheld the defendant's expert's opinions that non-infringing alternatives were "available" because the "alternatives would be relatively simple and low-cost to implement." *Id.* As the Court noted, "it is difficult to interpret [the expert]'s opinion that the 'alternatives would be relatively simple and low-cost to implement' as anything other than an opinion that [defendant] 'would be capable of implementing the non-infringing alternatives identified in his report,' and thus that they were 'available'" under *Grain Processing*. Dr. Rangan presents similar technically straightforward-to-

[redacted]

implement alternatives here, noting that any configuration changes to the existing devices "would be relatively small." Rangan Dep. Tr. at 153:7-10.

Empire's second quibble against Dr. Rangan's "availability" opinion claims that Dr. Rangan did not demonstrate that the alternatives are not infringing. Mot. at 9. Contrary to Empire's contention, Dr. Rangan explained that the alternatives do not infringe under Empire's own infringement theories, which rely on unique features of the Qualcomm chipsets in the accused Samsung products. For example, Dr. Rangan explains that "Dr. Akl [Empire's expert]'s infringement theories and purported evidence all depend on Qualcomm technology," and that Dr. Akl's infringement opinions for both patents are "based on Qualcomm mobile device components, Qualcomm's Smart Transmit, . . . Qualcomm manuals, Qualcomm source code, and unrelated Qualcomm patents." Rangan Rebuttal Rpt. ¶ 232. And Dr. Rangan further notes—in a paragraph overlooked by Empire—that "Smart Transmit is Qualcomm proprietary technology, is used only in Qualcomm modems, and has not been implemented in any Exynos or MediaTek modems." *Id.* ¶ 122.

Empire seizes on a stray comment in Dr. Rangan's report to suggest that Dr. Rangan relies only on the fact that the Exynos and MediaTek-powered devices are not accused instrumentalities. Mot. at 1-2. Then, Empire attempts to support its argument by citing one sentence from the *Longhorn* case. *Longhorn HD LLC v. NetScout Sys., Inc*. No. 2:20-cv-00349-JRG-RSP, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022). Empire is wrong on the facts and its application of the *Longhorn* decision. As explained above, Dr. Rangan clearly explains why the alternative Samsung products are non-infringing. *See* Rangan Rebuttal Rpt. ¶¶ 122, 232. In contrast, the expert in *Longhorn* "d[id] not discuss how and why [the unaccused] Product is a non-infringing alternative, other than the fact that it is no longer accused of infringement in this

[redacted]

action." 2022 WL 991696, at *4. It was the lack of ***any*** explanation regarding non-infringement that made the Court in *Longhorn* hold that the expert—unlike Dr. Rangan here—failed to establish that the unaccused product was "available" as a non-infringing alternative. *Id*. This distinction alone makes Dr. Rangan's opinions sufficiently reliable to be heard by a jury, who will be the one to address the "question of whether the expert is credible or the opinion is correct." *Eidos Display*, 2017 WL 1079441, at *2.

Empire also improperly relies on *Lionra Techs. Ltd. v. Fortinet, Inc.*, No. 2:22-CV-00322-JRG-RSP, 2024 WL 2214691 (E.D. Tex. May 16, 2024), a case that also involved different facts. In *Lionra*, the Court excluded expert testimony because the expert "expressly disagree[d] with the portion of [the] response he relies upon" for the proposition that the alternatives were non-infringing. *Id*. at *2. The Court correctly stated that an expert "is not permitted to both disagree with a position and rely upon it." *Id*. No such contradiction exists here. Moreover, as described above, Dr. Rangan clearly explains why the alternatives he identified do not infringe under Empire's theory.

In summary, Dr. Rangan's opinions that the non-Qualcomm chipset non-infringing alternatives are "available" are reliable under FRE 702 and *Daubert*. *See Grain Processing*, 185 F.3d at 1349.

**2. Dr. Rangan properly opines that the non-Qualcomm chipset non-infringing alternatives are "acceptable."**

Dr. Rangan opined that the non-infringing alternative devices that "Samsung regularly manufactures and sells . . . outside of the U.S. [] ***are equally acceptable*** to consumers." Rangan Rebuttal Rpt. ¶ 233 (emphasis added). He noted that the "marginal advantages [in U.S. versions] are not for reasons related to the technology of the '120 or '331 Patents and would not result in differences noticeable to consumers." *Id*. At his deposition, Dr. Rangan further explained that

[redacted]

based on his knowledge, expertise, and experience, he "feel[s] comfortable here, as a technical matter, that it's acceptable and available, because it already operates." Rangan Dep. Tr. at 155:4-8.

Empire's critique of Dr. Rangan's "acceptability" opinion is limited to a single sentence: "For example, it is well known that Samsung's smartphones in the U.S. market must compete with at least those of Apple." Mot. at 9. Empire's attorney argument—even if credited—is not relevant to the reliability of Dr. Rangan's opinion, for several reasons. First, to the extent Empire suggests that Apple competes with Samsung only in the U.S., Empire is mistaken. Apple is a strong Samsung competitor also at least in Europe, and in the Fourth Quarter of 2024 in fact overtook Samsung as the leader in smartphone shipments there. Ex. 1.[2] Second, in a reasonable royalty context, the alleged infringer "is required to present only the 'next-best available alternative, which is not necessarily an "acceptable" alternative.'" *USAA v. Wells Fargo*, 2019 WL 6896676, at *2 n.2 (citing *Salazar*, 2018 WL 2033709, at *3). Lastly, "questions . . . regarding whether the design-arounds would be commercially acceptable is a question for the jury." *Personalized Media*, 2021 WL 2697721, at *2.

Dr. Rangan's "acceptability" opinions more than satisfy the *Daubert* gatekeeper threshold. Dr. Rangan provided ample opinions regarding commercial viability and the basis for those opinions. He discussed in detail in his reports the differences between the Qualcomm-equipped devices and those equipped with Exynos or MediaTek chips, and he cites multiple technical articles showing that those differences are marginal and that users are "unlikely to notice the difference in the real world." Rangan Rebuttal Rpt. at 106 n.19 (citing RANGAN-

[2] Exhibit 1 to the Declaration of Sorin G. Zaharia, filed concurrently herewith ("Apple's IPhone Now Has 31% of Europe's Smartphone Market," available at https://appleworld.today/2025/02/apples-iphone-now-has-31-of-europes-smartphone-market/ (last accessed March 27, 2025)).

[redacted]

0000252-54); *see also id*. (RANGAN-0000249-51) ("Due to the phones' similar CPU and memory capabilities, you're unlikely to notice any performance difference for daily and heavy-duty workloads.").

The evidence shows that the Exynos and MediaTek chip have nearly the same performance as the accused Qualcomm chipset devices, and in some respects they are even better, as "the Exynos version provides a slightly better battery life." *Id*. at 107 n. 21 (citing RANGAN-0000252-53). Moreover, Dr. Rangan is highly qualified to offer those opinions. *See* Rangan Opening Rpt. ¶¶ 8-17 (Qualifications). As Dr. Rangan explained at his deposition, "I feel qualified in as much as the commercial viability is tied to the technical performance and the amount of engineering change that would -- if any, that would be required to conduct -- to release that product." Rangan Dep. Tr. at 156:9-14. Dr. Rangan's opinions are firmly grounded in his expert knowledge, including in reconfiguring products from one market to another. *Id*. at 156:18-25 ("[M]y knowledge is I've worked extensively on engineering products. I know what's involved in reconfiguring -- I -- you know, for example, when I was at Flarion or when I was at Qualcomm itself, we built devices in many different markets. So ***I know what's involved in reconfiguring devices from one market to another market***.") (emphasis added).

Dr. Rangan's opinions adequately established the identified non-Qualcomm chipset alternatives as the "next-best available alternative," which is sufficient to pass the *Daubert* threshold. *Salazar*, 2018 WL 2033709, at *3.

### B. Dr. Rangan's Opinions Regarding Prior Art Non-Infringing Alternatives Are Well-based and Reliable

Empire's entire argument against prior art non-infringing alternatives—which Empire labels the "Category 2-4 Items"—is limited to a mere six lines of its Motion. Mot. at 9. First, Empire erroneously contends that the prior art non-infringing alternatives are not "available"

[redacted]

substitutes because "Dr. Rangan does not identify any product that falls into any of the three categories." *Id.*

"An acceptable non-infringing substitute need not be on the market at the time of infringement; however, it must be either available or on the market at the time of infringement." *Personalized Media*, 2021 WL 2697721, at *1 (emphasis in original). Dr. Rangan properly opines that prior art non-infringing alternatives are "available." For example, he explains that such non-infringing alternatives include "systems using the channel estimation process . . . [that] was previously performed in countless devices without PT-RS." Rangan Rebuttal Rpt. ¶ 236 (emphasis added). Additionally, Dr. Rangan explains that "[t]here are many commercially-acceptable devices . . . that conduct channel estimation without using 'replicated data'—or any data at all—in performing an estimate of the channel matrix and without iteratively updating the estimation of the channel matrix." *Id.* ¶ 237.

Empire further claims that these alternatives are not "acceptable" because Dr. Rangan allegedly "has not provided any rationale for . . . why a consumer would find the unspecified configuration attractive." Mot. at 9. Here Empire again seeks to impose a much higher standard than required; in a reasonable royalty context, the alleged infringer "is required to present only the 'next-best available alternative, which is not necessarily an "acceptable" alternative.'" *Salazar*, 2018 WL 2033709, at *3. Moreover, these types of "questions . . . regarding whether the design-arounds would be commercially acceptable is a question for the jury." *Personalized Media*, 2021 WL 2697721, at *2.

## IV. CONCLUSION

Dr. Rangan has properly supported his non-infringing alternative opinions. Therefore, the Court should deny Empire's request to exclude and strike Dr. Rangan's non-infringing alternative opinions and corresponding paragraphs in his reports.

[redacted]

Dated: March 31, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby that counsel of record are being served with a copy of this document via email on March 31, 2025.

/s/ *Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]

[redacted]
[redacted]