[redacted]

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S REPLY IN SUPPORT OF *DAUBERT* MOTION AND MOTION TO STRIKE THE OPINIONS OF AMBREEN SALTERS (DKT. NO. 98)**

[redacted]

## I. Ms. Salters' Licensing Opinions Are Unreliable and Inadmissible

### A. Ms. Salters Fails to Account for the Technological and Economic Differences in Her Reasonable Royalty Analysis

Samsung's assertions that [redacted] and [redacted] are baseless. *Cf.* Dkt. No. 120 at 8, 10. Ms. Salters, relying only on her unscientific [redacted] approach, altogether fails to properly [redacted] the Samsung [redacted] and the hypothetical license. *Biscotti, Inc. v. Microsoft Corp.*, No. 2:13-cv-01015-JRG-RSP, 2017 WL 2607882, at *3 (E.D. Tex. May 25, 2017) (citing *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010)). This alone warrants exclusion of Ms. Salters' licensing opinions under Rule 702.

Samsung acknowledges that reliance on [redacted] Dkt. No. 120 at 8 (citing *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266301, at *10 (E.D. Tex. Nov. 15, 2018)). Yet, Ms. Salters never established the requisite comparability, nor did she control for the clear economic differences between [redacted] and the hypothetical license. Ms. Salters acknowledges that the [redacted] were entered [redacted] Dkt. No. 98, Ex. 3, Report ¶¶ 49, 53, 62, but Ms. Salters never explains how to weigh [redacted]. When asked about these differences at her deposition, Ms. Salters *admitted* that she did not quantitatively adjust her analysis to account for [redacted] and instead considered [redacted] *Id.*, Ex. 5, Salters Tr. at 82:21-83:19. Ms. Salters simply assumes that aspects of the [redacted] purportedly [redacted] out the impact of [redacted]—without any

[redacted]

explanation—while ignoring the economic differences that would favor a higher royalty. This failure to account for the economic difference, as required by the Federal Circuit, is unscientific and not a reliable methodology capable of repetition.[1] *See Daubert v. Merrell Dow Pharms., Inc*, 509 U.S. 579, 590 (1993).

Samsung's assertion that Ms. Salters accounts for the [redacted] between the Samsung [redacted] and the hypothetical license by observing that the [redacted] is simply a concession that Ms. Salters performed no economic analysis on this issue at all. *See* Dkt. No. 120 at 10. The [redacted] was [redacted] before the hypothetical negotiation date, and the [redacted], respectively, after the hypothetical negotiation. These [redacted] under Ms. Salters' unscientific [redacted] approach. Ms. Salters *admitted* that she made no effort to account for the [redacted]. Dkt. No. 98, Ex. 3 at 75:16-23 ([redacted]). As in *Biscotti*, this is a "substantial economic difference[] between the [comparable] licenses and the hypothetical license in suit, which Ms. Salters failed to address." 2017 WL 2607882, at *4.

[1] Samsung's suggestion that *Laser Dynamics* permits consideration of the Samsung [redacted] because they [redacted] is irrelevant. *Cf.* Dkt. No. 120 at 10 (citing *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 77 (Fed. Cir. 2012)). The Federal Circuit has made clear that while consideration of settlement agreements may be appropriate in "certain limited circumstances" where those are "the most reliable license[s] in [the] record," *id.*, an expert must "account for the technological and economic differences" between the agreements and the hypothetical license. *Wordtech Sys., Inc.*, 609 at 1320 (citation and internal quotation marks omitted). Ms. Salters plainly failed to do that here.

[redacted]

The faults in Ms. Salters analysis do not end there. With respect to the [redacted], Ms. Salters, after addressing differences in term of the Patents-in-Suit compared to the [redacted], simply [redacted] Dkt. No. 98, Ex. 3 at 88:5-90:14. But, as this Court has held, "[i]t would be unscientific to make a conclusory assumption that each patent has equal value." *Personalized Media Commc'ns, LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG-RSP, 2021 WL 662237, at *7 (E.D. Tex. Feb. 19, 2021). Here, Ms. Salters erred when she "simply ma[de the] assumption" that each Patent-in-Suit is of equal value and each has the same value as a single patent covered by the [redacted]. *See id.*; *see also* Dkt. No. 98, Ex. 3 at 88:5-90:14. Thus, Ms. Salters' *only* adjustment for the [redacted] was for the difference in remaining term, even though she acknowledged that the [redacted]. The failure to account for the economic and technical differences is compounded for the [redacted]. *See* Dkt. No. 98 at 11-14.

Samsung, unable to argue that Ms. Salters properly accounted for the economic and technical differences between the hypothetical license and the [redacted], instead contends that [redacted] to be admissible and issues of comparability should go to weight, not admissibility. Dkt. No. 120 at 6 (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014)). But Empire's motion challenges Ms. Salters' unreliable opinions based solely on those [redacted] without consideration of the economic and technical differences between [redacted] and the hypothetical license, not the *admissibility* of the [redacted] themselves. Even the cases Samsung relies on to argue that a license need not be perfectly comparable still make clear that "[t]estimony relying on licenses must account for such distinguishing facts when invoking them to value the patented

[redacted]

invention." *Ericsson,* 773 F.3d at 1227. Ms. Salters has not properly accounted for such distinguishing facts and, thus, her opinions and testimony should be excluded.

### B. Ms. Salters' [redacted] Approach Is Not Reliable or Scientific

Samsung's apparent response to Ms. Salters' admission that she [redacted] Dkt. No. 120 at 12. Courts, however, have rejected the notion that a conservative approach is a replacement for a reliable scientific analysis.

In *Stragent*, the court struck the opinions of an expert whose estimate for the individual contribution of the accused feature was "conservative and, thus justifiable, in light of Intel's documentation." S*tragent, LLC v. Intel Corp.*, No. 6:11-CV-421, 2014 WL 1389304, at *3 (Mar. 6, 2014), *order clarified*, 2014 WL 12611339 (E.D. Tex. Mar. 12, 2014). The court concluded that the expert's methodology "relie[d] on arbitrary assumptions that have no basis in the facts of th[e] case." *Id*. at *4. Just as Samsung does here, the proponent of the expert testimony in *Stragent* tried to justify the opinion on the grounds that it was "quite conservatively low." *Id*. The court rejected that argument, holding that "a 'conservative opinion in that sense *does not equate to a scientific one*.'" *Id*. (quoting *Ayers v. Robinson*, 887 F. Supp. 1049, 1060 (N.D. Ill. 1995) (emphasis added). Here, Samsung attempts to justify various aspects of Ms. Salters' licensing opinions, including her failure to [redacted], by deeming them [redacted] Samsung's justification is fatal because it fails to demonstrate that it is more likely than not that Ms. Salters' opinions are based on "sufficient facts or data" and "the product of reliable principles and methods" that "reflect[] a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d). Without a showing that they are more likely than not reliable, Ms. Salters' opinions are nothing more than the result of a self-serving, conclusory approach that fails to meet the standards of admissibility under Rule 702.

[redacted]

## II. Ms. Salters' Non-Infringing Alternatives Opinions Are Unsupported

Samsung relies on the [redacted] and [redacted] modems as alleged alternatives to the use of Qualcomm chips to rebut Empire's motion. Dkt No. 120 at 14. But Samsung has not established that these modems are [redacted] *Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-cv-00349-JRG-RSP, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022), and Ms. Salters has not shown that they are even available, as the [redacted] chips are currently not being used in the Galaxy S25 at all. Ex. 9. In addition to the [redacted] and [redacted] modems, and despite Ms. Salters' conclusory claim, Dkt. No. 98, Ex. 3, Report ¶¶ 79-82, Samsung has no response to Empire's critique that Ms. Salters has not [redacted]. Likewise, Samsung has no response to Ms. Salters' failure to identify [redacted]—and, to Empire's knowledge, non-existent—[redacted].

Courts are clear that non-infringing alternative opinions are "not relevant" when the experts fail to "provide any financial analysis of the impact of a non-infringing alternative to a reasonable royalty." *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-CV-00343-JRG-RSP, 2024 WL 1289821, at *5 (E.D. Tex. Mar. 26, 2024). Here, not only did Ms. Salters not provide [redacted] Dkt. No. 98, Ex. 3, Report ¶¶ 79-82, but she does not even seem to know what the alleged non-infringing alternatives are. Ms. Salters offers nothing more than what appear to be theoretical alternatives, not actual products. The Court should not accept such testimony that is based only on speculation and undisclosed facts and "connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Daubert*, 509 U.S. at 590.

[redacted]

Dated: April 8, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]