[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S REPLY IN SUPPORT OF *DAUBERT* MOTION AND MOTION TO STRIKE THE OPINIONS OF SUNDEEP RANGAN ABOUT ALLEGED NON-INFRINGING ALTERNATIVES (DKT. NO. 97)**

[redacted]

[redacted]

Samsung's opposition fails to rebut the two reasons why Dr. Rangan's opinions on non-infringing alternatives should be excluded. *First*, Dr. Rangan makes no showing that his proffered alternatives do not infringe the patents-in-suit, relying only on their status as products not accused by Empire in this action. This is insufficient foundation for a proper expert opinion and contrary to the requirements of this Court. *Second*, Dr. Rangan provides no appropriate rationale to explain why any of his identified items are acceptable and available alternatives to the patented technology.

## I. Dr. Rangan Fails to Establish that Samsung Products Sold Outside the United States Are Non-Infringing

As explained in Empire's motion, Dr. Rangan provides no technical analysis to support the conclusion that Samsung devices sold outside the U.S. would be non-infringing if sold within the U.S. Dkt. No. 97 at 9. Samsung attempts to justify this methodological error by pointing out that the chipsets in these products are not made by Qualcomm. Dkt. No. 118 at 5. This argument is insufficient, offering no substantive explanation of how the non-Qualcomm chips fail to satisfy the asserted claim limitations. Dr. Rangan cannot merely state [redacted] chipsets are not Qualcomm chipsets; rather, he must explain that these chipsets lack certain features or employ alternative technology to the Qualcomm chipset such that they do not or cannot satisfy a limitation in each of the asserted claims of the patents-in-suit. Yet, Samsung argues that mere absence from the list of accused products suffices based solely on a single out-of-district, inapplicable case. *See id.* at 2 (quoting *SRI Int'l Inc. v. Internet Sec. Sys., Inc.,* No. 4-1199-SLR, 2011 WL 5166436, at *1 (D. Del. Oct. 31, 2011)). *SRI International* is not controlling and is inconsistent with both the *Daubert* standard and current Rule 702, since amended, which requires that the testimony's proponent demonstrate that proffered testimony is "more likely than not" based on sufficient facts and is reliable. *See* Fed. R. Evid. 702.

[redacted]

Samsung overlooks ample precedent from this Court confirming the insufficiency of simply identifying non-accused products as non-infringing. *See, e.g.*, *Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-cv-00349-JRG-RSP, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022) ("The fact that a product may be unaccused, by itself, is inadequate to provide sufficient evidence to . . . draw a conclusion that a particular product is non-infringing."); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-CV-401-JRG-RSP, 2015 WL 12911770, at *2 (E.D. Tex. Jan. 9, 2015) (concluding that defendant's expert "should be precluded from making the assertion that [the proffered alternatives] are non-infringing alternatives simply because [plaintiff] has not accused them of infringement"); *Finalrod IP, LLC v. Endurance Lift Sols., Inc.*, No. 2:20-cv-00189-JRG-RSP, 2021 WL 4943649, at *2 (E.D. Tex. Oct. 22, 2021) (excluding as "without proper support" non-infringing alternatives opinion based solely on "Plaintiff's decision to not pursue infringement claims against the [unaccused products]"); *Lionra Tech. Ltd. v. Fortinet, Inc.*, No. 2:22-cv-00322-JRG-RSP, 2024 WL 2214691, at * 2 (E.D. Tex. May 15, 2024) (excluding opinion that had "no basis for [the expert's] assertion that the [non-accused] products are non-infringing").[1]

## II. Dr. Rangan Fails to Establish that Any of His Proffered Alternatives Are "Available" or "Acceptable"

As explained in Empire's Motion, Dr. Rangan identifies four categories of alleged non-infringing alternatives: (i) Samsung products used only outside of the U.S. and that would require modification for use here ("Category 1 Items"), (ii) unidentified prior art ("Category 2 Items"), (iii) unspecified items that practice a previous cellular standard ("Category 3 Items"), and (iv) unspecified items that fail to practice one or more elements of the asserted claims of the patents-

[1] Samsung's attempt to distinguish *Lionra* is unavailing. *See* Dkt. 118 at 6. Samsung identifies one of the Court's lines of reasoning but ignores its conclusion excluding a non-infringing alternatives opinion where there is "no basis for [the expert's] assertion" of non-infringement and plaintiff "has not conceded to their status as non-infringing." *Lionra*, 2024 WL 2214691, at *2.

[redacted]

in-suit ("Category 4 Items"). Dkt. No. 97 at 8. Dr. Rangan fails to show that any products in these four categories were acceptable and available as alleged alternatives.

In response to Empire's arguments concerning Category 1 Items, Samsung argues that Samsung must also compete with Apple in Europe, and that Dr. Rangan is qualified to opine on commercial viability. Regardless of whether Dr. Rangan is sufficiently qualified, that is only the first step of a reliable expert opinion; it is still inadmissible absent a reliable methodology or sufficient facts and data, which are lacking here. Fed. R. Evid. 702(b)-(c).

Dr. Rangan's failure to consider any of the time and costs associated with using the Category 1 Items as alternatives shows his analysis is not sufficiently tied to the facts and renders it unreliable. Samsung claims that interoperability between the U.S. and U.K. shows that little modification would be needed to bring the Category 1 Items to the U.S. market. Dkt. 118 at 3. But Dr. Rangan did not offer an interoperability opinion. [redacted] *See AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1335 (Fed. Cir. 2015). Dr. Rangan fails to acknowledge the need for FCC

[2] "Ex. __" refers to an exhibit to the Declaration of Nathaniel Browand, submitted herewith.

[redacted]

approval and makes no effort to estimate the time, costs, or reconfigurations needed to achieve such approval. Thus, Dr. Rangan's conclusory opinion regarding [redacted] chips rests on "legally insufficient facts and data" and employs a methodology "not sufficiently tied to the facts of the case." *Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1295 (Fed. Cir. 2015).

Dr. Rangan compounds his failure to consider the hypothetical costs of selling these alleged alternative products in the United States by also ignoring the issue of whether there would have been adequate supply to do so. This fatally undermines Dr. Rangan's opinions on acceptability and availability. Although Samsung has used "a variant of its own Exynos chip to power the base Galaxy S and Galaxy S+ models" outside the United States, Canada, and China, they "decided to equip all of the phones in the Galaxy S25 line with the Snapdragon 8 Elite for Galaxy" because Samsung did not have enough Exynos chips. Ex. 5, Friedman Article. In fact, "poor yields at the 3nm node prevented Samsung from building enough Exynos 2500 APs." *Id.* A proffered alternative could not have been available if "the input components necessary to develop the replacement [products] were not readily available during the infringement period." *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1382 (Fed. Cir. 2013); *see also LaserDynamics, Inc. v. Quanta Comput., Inc.*, No. 2:06-CV-348, 2011 WL197869, at *3 (E.D. Tex. Jan. 20, 2011) (considering whether "the defendant could readily obtain all of the material needed to implement the non-infringing alternative"). Since Samsung had insufficient Exynos chipsets for the products that traditionally used them, it strains credulity to argue they could have used ***more*** Exynos chips in a new market. Dr. Rangan's opinions do not fit – and, indeed, contradict – the facts of this case.

Samsung's attempts to bolster Dr. Rangan's analysis with respect to the Category 2-4 Items do not apply relevant law concerning "availability." Samsung's cited case actually supports ***Empire's*** argument that these Items are all non-specific and hypothetical because no actual

[redacted]

products were available as alleged alternatives. *Cf.* Dkt. No. 118 at 9; Dkt. No. 97 at 9. In that case, the Court allowed expert testimony that the defendant argued "goes into extensive detail regarding the availability and commercial acceptability of the described non-infringing alternatives." *Personalized Media Commc'ns, LLC v. Apple, Inc.*, 2021 WL 2697721, at *2 (E.D. Tex. Feb. 23, 2021). By contrast, Samsung cannot identify any similar detail in Dr. Rangan's opinion, which only makes vague references to "countless devices" and "many commercially-acceptable devices" without any indication of what these devices may be or if they even exist. *See* Dkt. 118 at 9.

When an alleged alternative is not on the market, the Court may reasonably infer it was not available as a non-infringing alternative. *LaserDynamics*, 2011 WL 197869, at *2 ("The accused infringer, however, can rebut this ***presumption*** by showing that the substitute was in fact 'available' to the infringer.") (emphasis added). To show availability, Dr. Rangan had to address, with regard to the alleged alternative, whether (i) Samsung could have obtained all material needed to implement it, (ii) it was well known in the field at the time of infringement, and (iii) Samsung had ***all*** of the necessary equipment, know-how, and experience to use it. *Id.* at *3. Dr. Rangan offers no such analysis and Samsung points to nothing in his reports suggesting otherwise.

Samsung's only argument that Dr. Rangan's alternatives are "acceptable" is that the infringer need only offer "the next-best available alternative." Dkt. No. 118 at 7. This does not salvage Dr. Rangan's analysis. In both of his reports and in his testimony, he offers no opinion that the proffered alternatives are the "next-best," nor any analysis to support that conclusion. Therefore, Dr. Rangan has not offered any reason to show that the Category 2-4 Items are actually available or acceptable as alternatives. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.").

[redacted]

Dated: April 8, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*____________

Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Andrew Lichtenberg (admitted pro hac vice)
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]