[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

[redacted]

**PUBLIC VERSION**

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(C) FOR LACK OF CONSTITUTIONAL STANDING (DKT. 101)**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT: EMPIRE LACKS STANDING TO SUE ON EITHER PATENT ........ 2

A. Empire Never Had Any Rights to the '120 Patent Because Its Predecessor IDMC Never Acquired Any ........ 2

1. The MLA required IDMC [redacted], which it never did. ........ 2

2. Amendment 2 to the MLA [redacted] or grant IDMC any rights to the '120 Patent. ........ 3

3. IDMC's payments and patent filings [redacted] or confer any rights to the '120 Patent. ........ 4

4. The Parties' conduct and other extrinsic evidence is irrelevant because the contract is not ambiguous, and do not prove that IDMC licensed the '120 Patent. ........ 5

B. Empire [redacted] Before It Filed This Suit ........ 7

1. Empire's claim of a "mistake" is not credible and does not negate the effect of its [redacted] ........ 7

2. Empire's [redacted] substantially complied with the MLA's notice provision and achieved its intended effect. ........ 8

3. Empire cannot selectively invoke the MLA's notice provision only when it is to its advantage. ........ 10

4. Empire's [redacted] negates any standing and requires dismissal. ........ 10

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ballew v. Cont'l Airlines, Inc.*,
668 F.3d 777 (5th Cir. 2012) .......... 2

*Barbier v. Barry*,
345 S.W.2d 557 (Tex. App. 1961) .......... 9

*Bornstein v. Marcus*,
275 So. 3d 636 (Fla. Dist. Ct. App. 2019) .......... 4

*Burlington Res. Oil & Gas Co. LP v. Texas Crude Energy, LLC*,
573 S.W.3d 198 (Tex. 2019) .......... 6

*Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*,
951 F.3d 248 (5th Cir. 2020) .......... 3

*E. Montgomery Cty v. Roman Forest Cosol.*,
620 S.W.2d 110 (Tex. 1981) .......... 6

*Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.*,
86 F.4th 667 (5th Cir. 2023) .......... 9

*In re Dillard Dep't Stores, Inc.*,
186 S.W.3d 514 (Tex. 2006) .......... 4, 7

*Intell. Techs. LLC v. Zebra Techs. Corp.*,
101 F.4th 807 (Fed. Cir. 2024) .......... 10

*James Constr. Grp., LLC v. Westlake Chem. Corp.*,
650 S.W.3d 392 (Tex. 2022) .......... 9

*Mobile Micromedia Sols. LLC v. Nissan N. Am., Inc.*,
2007 WL 9724766 (E.D. Tex. Nov. 14, 2007), *on reconsideration in part*, 2007 WL 9724765 (E.D. Tex. Dec. 27, 2007) .......... 8

*Petry v. Texas Dep't of Crim. Just.*,
2021 WL 9881598 (E.D. Tex. June 29, 2021) .......... 8

*Primrose Operating Co. v. Nat'l Am. Ins. Co.*,
382 F.3d 546 (5th Cir. 2004) .......... 8

*Tekway, Inc. v. Pinnacle Tech. Res., Inc.*,
2024 WL 1826436 (Tex. App. Apr. 26, 2024) .......... 9

*Two Rivers Pipeline v. Cimarex Energy Co.*,
2020 WL 6379242 (W.D. Tex. Sep. 27, 2020) .......... 5

*Williamson v. Tucker*,
645 F.2d 404 (5th Cir. 1981) .......... 2

[redacted]

## I. INTRODUCTION

Empire's Opposition (Dkt. 124, "Opp.") fails to rebut the evidence that, based on the contract's plain language, Empire never acquired any rights to the '120 Patent and [redacted]. Empire's arguments rely on a distorted reading of the Master License Agreement ("MLA") between the University of Texas ("UT") and Empire's predecessor, IDMC, along with a selective and self-serving interpretation of the Parties' conduct.

Empire does not dispute that IDMC [redacted] nor is there any document in the record showing that IDMC and UT executed any other agreement to license the '120 Patent. And although [redacted] it failed to do so. Rather than addressing the contract's plain language, Empire raises irrelevant points, including Samsung's non-participation in the agreements. Empire's claim that Amendment 2 to the MLA created an alternative licensing path contradicts its explicit language [redacted]. The Amendment [redacted] Instead, the Amendment [redacted]

Empire's reliance on other MLA sections also fails, [redacted] Empire's cited course of conduct and extrinsic evidence are irrelevant as the contract is unambiguous, and in any case do not show by a preponderance that IDMC acquired a license to the '120 Patent.

Empire's Opposition similarly falters concerning the '331 Patent. Empire does not dispute that it [redacted]. Under the MLA and Texas law, the notice was effective upon sending, and Empire's [redacted] Empire inadequately

[redacted]

addresses the substantial compliance doctrine under Texas law and numerous court rulings that an email notice suffices for substantial compliance with a written notice provision. And Empire fails to show that the ISA for the '331 Patent was transmitted as required by the MLA's notice provision.

Finally, Empire's claim that [redacted] affects only damages is incorrect. As Empire had [redacted], its suit should be dismissed.

## II. ARGUMENT: EMPIRE LACKS STANDING TO SUE ON EITHER PATENT

Empire fails to meet its burden to "prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Empire also misstates the applicable standard. Opp. at 11-12. For standing, the Court need not "accept[] all well-pleaded facts as true." *Id.* at 12. On a Rule 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations," and "the trial court is free to weigh the evidence." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

### A. Empire Never Had Any Rights to the '120 Patent Because Its Predecessor IDMC Never Acquired Any

Empire's Opposition rests on three flawed premises: (1) the MLA did not require IDMC to [redacted]; (2) Amendment 2 to the MLA [redacted] or otherwise granted IDMC rights to the '120 Patent; and (3) IDMC and Empire's payments, patent filings, and other "course of conduct" [redacted] conferred rights to the '120 Patent.

#### 1. The MLA required IDMC [redacted]

[redacted]

Instead, Empire misinterprets [redacted]

[redacted]

Opp. at 4, 13-18. Not so. The [redacted] Mot. Ex. 3 (MLA) § 1.2, -356 (Ex. A). [redacted] *Id.* § 1.2(b). [redacted] Opp. at 2. [redacted] Mot. at 11-14.

2. **Amendment 2 to the MLA [redacted] or grant IDMC any rights to the '120 Patent.**

Empire asserts that the MLA [redacted] Contract terms must be given "their plain meaning unless the provision is ambiguous." *Certain Underwriters at Lloyd's v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 261 (5th Cir. 2020). [redacted]

[redacted]

---

[1] Emphasis added throughout the brief, unless stated otherwise.

[redacted]

[redacted]

[redacted] Empire's attempt to rely on later conduct, citing a Florida case, *Bornstein v. Marcus*, which did not apply Texas law, fails. 275 So. 3d 636, 640 (Fla. Dist. Ct. App. 2019); Opp. at 14. Under Texas law, "[t]he objective intent as expressed in the agreement controls the construction of an unambiguous contract, not a party's after-the-fact conduct." *In re Dillard Dep't Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006).

Empire's other argument, [redacted]

3. **IDMC's payments and patent filings [redacted] or confer any rights to the '120 Patent.**

Empire argues that even if [redacted] IDMC waived this requirement by making payments and filing a patent application. Opp. at 6-8, 18-20. [redacted] *Id.* This argument is

[redacted]

flawed for several reasons. First, as discussed above, [redacted] *Supra* Section II.A.1. There is [redacted]

Second, Empire misinterprets the MLA provision, [redacted].

[redacted]

4. **The parties' conduct and other extrinsic evidence is irrelevant because the contract is not ambiguous, and do not prove that IDMC licensed the '120 Patent.**

Empire improperly attempts to add extrinsic evidence to counter the contract's plain meaning and prove that IDMC purportedly [redacted] the '120 Patent invention. Opp. at 15-18. This attempt fails as well. "Texas law provides that extrinsic or parol evidence may be considered to determine the meaning of a contract only if the contract is ambiguous." *Two Rivers Pipeline v. Cimarex Energy Co.*, 2020 WL 6379242, at *7 (W.D. Tex. Sep. 27, 2020). Further, "[t]he conduct of the parties is only relevant after the court has determined that the contract is ambiguous." *E.*

[redacted]

*Montgomery Cty v. Roman Forest Cosol.*, 620 S.W.2d 110, 112 (Tex. 1981). And "[w]here contracts are unambiguous, we decline to consider the parties' course of performance to determine [] meaning." *Burlington Res. Oil & Gas Co. LP v. Texas Crude Energy, LLC*, 573 S.W.3d 198, 208 (Tex. 2019). As the contract here is unambiguous, extrinsic evidence is irrelevant.

Even if considered, extrinsic evidence does not prove by a preponderance that the parties intended or understood that IDMC licensed the '120 Patent under the MLA. For example, [redacted] Empire relies on Ms. Rudersdorf's self-serving testimony, more than a decade after the contract's execution, regarding the Amendment's purpose. Opp. at 17-18. But Ms. Rudersdorf also "was not involved with the Amendment or even affiliated with [IDMC] at the relevant time." Opp. at 17 n.9; Rudersdorf Decl. ¶ 3; Rudersdorf Tr. at 20:19-25. And, tellingly, Empire did not submit any declaration from UT with its Opposition.

Empire's citation to an [redacted] does not establish actual licensing. Opp. at 6; *id.* Ex. 4 at -442. That is part of the same [redacted] *Id.* at -437. Whether Empire held itself or erroneously believed it was a licensee is not relevant to whether it indeed was a licensee under the contract. For the same reason, Empire's maintenance payments for and listing the '120 Patent in

[redacted]

Empire or its parent's portfolio also do not prove any rights acquired from UT or IDMC. Opp. at 6. Empire also cites IDMC's hiring of counsel, filing of the non-provisional application, and reimbursement for past expenses as evidence. Opp. at 19-20. [redacted] There is no evidence [redacted] *Id.* at 12-13.

Empire's claim that "[t]he University has never challenged IDMC's right to assign the '120 Patent rights to Empire" is similarly irrelevant and incorrect. Opp. at 21. Texas law mandates that the objective intent expressed in an agreement controls, "not a party's after-the-fact conduct." *In re Dillard*, 186 S.W.3d at 515. Moreover, [redacted] Because IDMC never acquired any rights to the '120 Patent, it never granted Empire any.

**B. Empire [redacted] Before It Filed This Suit**

Empire does not contest that [redacted] Opp. at 21-26. These claims are unconvincing and do not [redacted].

**1. Empire's claim of a "mistake" is not credible and does not [redacted]**

First, Empire cannot use Ms. Rudersdorf's declaration and Exhibit 23 (Empire_0105828). Empire produced Exhibit 23, [redacted] on March 31, 2025, six weeks after fact discovery ended. Zaharia Decl. ¶ 2. Under Rule 37(c)(1), "[i]f a party fails to provide information…as required by Rule 26(a) or (e), the party is not allowed to use that information…to

[redacted]

supply evidence in a motion…unless the failure was substantially justified or harmless." *Petry v. Texas Dep't of Crim. Just.*, 2021 WL 9881598 (E.D. Tex. June 29, 2021). Empire cannot justify the delay, and the failure is not harmless.[2] The evidence is important, Samsung is prejudiced by its absence during discovery, the prejudice cannot be remedied, and Empire offers no explanation for the delay. In *Mobile Micromedia Sols. LLC v. Nissan N. Am., Inc.*, the Court rejected late-produced documents in dispositive motions. 2007 WL 9724766 (E.D. Tex. Nov. 14, 2007), *on reconsideration in part*, 2007 WL 9724765 (E.D. Tex. Dec. 27, 2007). It should do the same here.

Empire's claim that the [redacted] was sent "in error" lacks credibility and does not negate its effect. Opp. at 26. [redacted]

Empire cites the late-produced Exhibit 23, [redacted] Opp. at 25. But this only shows Empire's motivation in defending the patent once it started this suit, which was in Empire's interest, rather than prove the [redacted]. And Empire admits it [redacted]

2. **Empire's [redacted] substantially complied with the**

[2] The four harm-assessing factors are: "(1) the importance of the evidence; (2) the prejudice to the opposing party []; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

[redacted]

[redacted].

Empire argues [redacted] achieved its intended effect. Under Texas law, "[t]he doctrine of substantial compliance excuses deviations from a contractual requirement . . . if those deviations do not severely impair the purpose of the requirement." *Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.*, 86 F.4th 667, 678 (5th Cir. 2023). [redacted]

Empire fails to distinguish Samsung's cited cases, arguing instead that the notice provision requires strict compliance. Opp. at 23-24. [redacted]

Empire's argument that substantial compliance does not apply to [redacted] In *Tekway, Inc. v. Pinnacle Tech. Res., Inc.*, an email notification substantially complied with a stricter written notice requirement to terminate a contract. 2024 WL 1826436 (Tex. App. Apr. 26, 2024). Similarly, the Texas Supreme Court cited with approval a case where email notice terminated contract rights despite a registered mail requirement. *James Constr. Grp., LLC v. Westlake Chem. Corp.*, 650 S.W.3d 392, 406 (Tex. 2022) (citing *Barbier v. Barry*, 345 S.W.2d 557, 562 (Tex. App. 1961)). The court reaffirmed "the doctrine of substantial compliance" as "a general principle of Texas law," applied whenever the deviations "do not severely impair the purpose underlying that condition and cause no prejudice." *Id.* Empire shows no prejudice to itself or UT [redacted] rather than in person or by air courier.

[redacted]

Empire's argument that Samsung, not a contract party, cannot invoke substantial compliance fails. Opp. at 24. This isn't about whether "Samsung is entitled to wipe away its infringement liability," but determining if Empire has rights to sue on the patent, which it has not.

#### 3. Empire cannot selectively invoke the [redacted] only when it is to its advantage.

Empire concedes it lacks evidence that the ISA for the '331 Patent was delivered to UT [redacted] as set forth in the MLA. *See* Mot. Ex. 14; Rudersdorf Tr. at 104:22-105:19. [redacted] but this does not prove [redacted] Opp. at 21 n.12. Thus, if Empire demands strict compliance with the MLA's notice provision, it cannot establish that IDMC obtained any rights to the '331 Patent, so Empire could not have acquired such rights either. *See id.*; Mot. Ex. 2.

Empire's claim that "IDMC's payment for rights to the '331 Patent are 'conclusive evidence' under the MLA [redacted] *See supra* Section II.A.3.

#### 4. Empire's [redacted] negates any standing and requires dismissal.

Empire's argument that [redacted] affects only damages is incorrect. Opp. at 26. "Article III standing is a jurisdictional requirement, which is incurable if absent at the initiation of suit." *Intell. Techs. LLC v. Zebra Techs. Corp.*, 101 F.4th 807, 814 (Fed. Cir. 2024). When Empire [redacted] Empire lacked standing to sue in 2023 and its suit must be dismissed. *See id.*

## III. CONCLUSION

For the reasons above and those in Samsung's Motion, the Court should dismiss Empire's allegations of infringement of the '120 and '331 Patents for lack of constitutional standing.

[redacted]

Dated: April 8, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

[redacted]

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that counsel of record are being served with a copy of this document via email on April 8, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]
[redacted]