[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

[redacted]

**PUBLIC VERSION**

**DEFENDANTS' SUR-REPLY IN OPPOSITION**
**TO PLAINTIFF'S *DAUBERT* MOTION AND MOTION**
**TO STRIKE THE OPINIONS OF AMBREEN SALTERS**

[redacted]

# TABLE OF CONTENTS

I. MS. SALTERS PROPERLY ACCOUNTS FOR TECHNOLOGICAL AND ECONOMIC DIFFERENCES IN HER REASONABLE ROYALTY ANALYSIS .................................... 1

II. MS. SALTERS AND DR. RANGAN RELIABLY OPINE REGARDING AVAILABLE NON-INFRINGING ALTERNATIVES .................................................................... 5

[redacted]

## TABLE OF AUTHORITIES

**Cases**

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
694 F.3d 1312 (Fed. Cir. 2012)........................................................................................ 4

*Biscotti Inc. v. Microsoft Corp.*,
No. 2:13-CV-01015-JRG-RSP, 2017 WL 2607882 (E.D. Tex. May 25, 2017)................. 1, 3, 6

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*,
879 F.3d 1332 (Fed. Cir. 2018)..................................................................................... 3, 4

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
No. 2:150-CV-01366-JRG-RSP, 2021 WL 662237 (E.D. Tex. Feb. 19, 2021)......................... 4

*Petry v. Texas Dep't of Crim. Just.*,
No. 1:18-CV-373, 2021 WL 9881598 (E.D. Tex. June 29, 2021)............................................. 6

*Stragnet, LLC v. Intel Corp.*,
No. 6:11-CV-421, 2014 WL 1389304 (E.D. Tex. Mar. 6, 2014), *order clarified*, No. 6:11-CV-421, 2014 WL 12611339 (E.D. Tex. Mar. 12, 2014) ................................................................ 5

*United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*,
No. 2:18-CV-00366-JRG-RSP, 2019 WL 6896676 (E.D. Tex. Dec. 18, 2019)......................... 7

*Whitserve, LLC v. Comput. Packages, Inc.*,
694 F.3d 10 (Fed. Cir. 2012)............................................................................................ 3

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
609 F.3d 1308 (Fed. Cir. 2010)........................................................................................ 2

[redacted]

## I. MS. SALTERS PROPERLY ACCOUNTS FOR TECHNOLOGICAL AND ECONOMIC DIFFERENCES IN HER REASONABLE ROYALTY ANALYSIS

Ms. Salters's opinions on damages, based on an analysis of the hypothetical negotiation in light of Samsung's comparable license agreements with [redacted], are well reasoned, reliable, and admissible. Empire's objections are baseless or, at most, matters for cross-examination that go to the weight of her testimony and not its admissibility.

Empire continues to stretch case law beyond reason in fabricating issues with Ms. Salters's testimony. For example, Empire's tired reliance on *Biscotti Inc. v. Microsoft Corp.* is fundamentally unsound and unavailing. Notably, *Biscotti* did ***not*** challenge Ms. Salters's use of settlement agreements in forming "her opinion regarding a license range" for the reasonable royalty; these opinions were not even challenged. Instead, *Biscotti* challenged her use of two additional licenses that Ms. Salters offered as a "point of comparison" to confirm the license range. No. 2:13-CV-01015-JRG-RSP, 2017 WL 2607882, at *3 (E.D. Tex. May 25, 2017). These "point of comparison" opinions were excluded by the court because there was "a complete failure to provide any analysis regarding technological comparability," either by Ms. Salters or the technical expert. *Id.* In addition, the Court was "persuaded that the economic differences between the [additional] licenses and the hypothetical license in suit (due to the fact that the [additional] licenses are standard essential) are such that Ms. Salters should have accounted for them." *Id.* It is for these reasons, neither of which applies here, that the damages opinions were excluded in *Biscotti*. And Empire's contention that Ms. Salters failed to account for all "the differences in the cell phone market between 2013 and 2019"—which would require an inordinate undertaking not required by any of the cases Empire cites or any case of which Samsung is aware—is not comparable to the failure to establish the technological comparability and acknowledge the economic impact of standard essential patents in *Biscotti*.

[redacted]

In stark contrast, Ms. Salters's "comparisons of past licenses to the infringement … account for the technological and economic differences between them." *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010). Indeed, Ms. Salters accounted for, *inter alia*, the impact of settlement, difference in time between the license execution and the hypothetical negotiation, and remaining term of the licensed patents for each of the [redacted] license agreements, as explained in both her damages report and her deposition. *See* Dkt. 120, Ex. 1 (Salters Report) ¶¶ 46, 49-50, 53, 57, 59, 62-63; Ex. 9 (Salters Dep. Tr.) at 68:8-75:11, 100:11-20, 75:23-76:4, 107:21-108:14, 85:4-86:21, 108:17-110:9, 110:25-111:7, 124:3-126:1. Despite these acknowledgments, Empire still contends that Ms. Salters has not conducted a proper economic analysis. However, the crux of Empire's argument appears to be the degree to which these factors influence Ms. Salters's analysis, not whether she considered them in arriving at her reasonable royalty rate.

For example, Empire contends that "Ms. Salters never established the requisite comparability." But Ms. Salters properly relies on Samsung's technical expert Dr. Rangan for technological comparability, which is a generally accepted practice even acknowledged in *Biscotti*. *See* 2017 WL 2607882, at *3. And for economic comparability, Ms. Salters properly accounted for the economic differences—including those that would favor a higher royalty rate (e.g., settlement, longer patent term remaining for the '120 and '331 Patents, distinct technologies of the '120 and '331 Patents)—and additional patent rights provided by the comparable licenses. Unlike in *Biscotti*, Empire's gripe is not actually whether Ms. Salters "account[ed] for (or even address[ed])" specific economic differences but how she did so. *Id.* at *4.

Empire's arguments boil down to whether (in Empire's view) Ms. Salters properly weighed these economic factors. However, Empire fails to cite even a single case that requires showing

[redacted]

"how to weigh" economic differences or additional patent rights. Empire seems to require a "quantitative" adjustment for any and all differences but fails to show that such an analysis is required. Indeed, "mathematical precision is not required" and experts are not required to quantify all of the circumstances that may adjust the value of a comparable license. *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prods. Grp., LLC*, 879 F.3d 1332, 1350 (Fed. Cir. 2018) (quoting *Whitserve, LLC v. Comput. Packages, Inc.*, 694 F.3d 10, 26 (Fed. Cir. 2012)). Instead, controlling case law requires only that "some explanation of both why and generally to what extent the particular factor[s] impact[] the royalty calculation is needed." *Id.* That is, courts require that experts' methods and analysis be reliable and that their factual conclusions accounting for differences in the technological and economic circumstances of the contracting parties be challenged through cross examination. *See, e.g.*, *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1333 (Fed. Cir. 2012). Ms. Salters's methods and opinions are reliable and her conclusions, to the extent Empire disagrees, may be challenged through cross examination.

Further, Empire's attorney arguments for what Ms. Salters's analysis should and should not have done are not credible. First, Empire's reliance on *Personalized Media Commc'ns, LLC v. Apple, Inc.* is readily distinguishable. There, the Court held that it was improper for the *damages* expert to "assume that each [of 53] patent[s] has equal value" but acknowledged that "[a]n expert may conclude—by using evidentiary support—that the patents-in-suit holds the same value…." No. 2:150-CV-01366-JRG-RSP, 2021 WL 662237, at *7 (E.D. Tex. Feb. 19, 2021). That is a far cry from what Ms. Salters has done here. Ms. Salters does not simply assume that each of the *two* patents-in-suit are equally valuable. Instead, Ms. Salters relies on both Dr. Rangan's Rebuttal Report and her interviews with him to establish that the *two* patents—which Empire itself acknowledges provide only an incremental improvement—are equally valuable. Salters Report

[redacted]

¶ 51; Salters Dep. Tr. at 88:5-90:14. Second, Empire incorrectly concludes that "Ms. Salters' *only* adjustment for the [redacted] agreement was for the difference in remaining term." Dkt. 142 at 3. But Ms. Salters also applied an upward adjustment to the [redacted] agreement to account for the two distinct technologies of the '120 and '331 Patents. Salters Report ¶¶ 50-51; Salters Dep. Tr. at 88:20-89:20, 85:4-86:21. Ms. Salters also considered all of the relevant factors in analyzing the [redacted] agreement even if she made only these adjustments.

Finally, Empire creates a strawman argument by contending that Ms. Salters substitutes a "'conservative' approach … for a reliable scientific analysis." Dkt. 142 at 4. Not so. Indeed, Empire's reliance on *Stragnet, LLC v. Intel Corp.* is facially unavailing. There, the court held that a damages expert's use of an unreliable "multivariate hedonic regression to 'estimate the value of the accused feature's contribution to the overall prices realized by Intel on the Accused Products," was an improper technical analysis that could not be justified as "conservative." No. 6:11-CV-421, 2014 WL 1389304, at *3-4 (E.D. Tex. Mar. 6, 2014), *order clarified*, No. 6:11-CV-421, 2014 WL 12611339 (E.D. Tex. Mar. 12, 2014). Not only was the expert's methodology unreliable, but the damages expert also conceded that he lacked expertise to conduct such analysis and he made assumptions to assign each feature equal weight—much like Dr. Akl and Ms. Hall's improper approach for Empire's damages analysis. *Id.*; 2014 WL 12611339, at *2. In stark contrast, Ms. Salters has not relied on any unreliable methodology or assumptions and does not contend that her analysis is justified because it is conservative. Rather, Ms. Salters contends that her analysis is conservative because in every instance where information was not available or it would suggest a downward adjustment to the royalty resulting from the hypothetical negotiation, Ms. Salters made an estimate in Empire's favor. *See* Salters Dep. Tr. at 81:7-82:8, 89:5-20, 91:16-22, 103:18-25, 106:6-107:18, 108:17-112:6. In any event, Empire's gripes are a matter of degree that Empire can

[redacted]

ask about at trial. Indeed, even the *Biscotti* decision acknowledges that "the comparability of previous licenses is generally fertile ground for cross-examination." 2017 WL 2607882, at *3.

## II. MS. SALTERS AND DR. RANGAN RELIABLY OPINE REGARDING AVAILABLE NON-INFRINGING ALTERNATIVES

Contrary to Empire's contentions, Dr. Rangan and Ms. Salters explain why the Samsung products with non-Qualcomm chipsets are non-infringing under Empire's own infringement theory—which relies on technical features unique to Qualcomm chipsets not implemented in Exynos or MediaTek modems—and are available, acceptable, and would incur no additional cost to Samsung to implement. Dkt. 107, Ex. 8 (Rangan Rebuttal Report) ¶¶ 122, 232; Salters Report ¶¶ 77-85; Dkt. 118 at 5. Indeed, Empire's speculative argument against availability is based solely on an article,[1] not in evidence and not produced during discovery, discussing Samsung's choice of processor for the Galaxy S25 line, a product not even identified in Empire's infringement contentions. Dkt. 142, Ex. 9; Dkt. 92-3. This argument also ignores the broad range of accused products and the available non-infringing alternative of using MediaTek chips at the time that these products were being developed. *See* Rangan Rebuttal Report ¶¶ 122, 233; Salters Dep. Tr. at 149:4-11; Dkt. 118 at 3, 5, 7-8. Further, Ms. Salters and Dr. Rangan testified sufficiently to the expected time and costs to implement the available non-infringing alternatives, especially given their simple and low-cost implementation. *United Servs. Auto. Ass'n v. Wells Fargo Bank, N.A.*, No. 2:18-CV-00366-JRG-RSP, 2019 WL 6896676, at *2 (E.D. Tex. Dec. 18, 2019); Salters Report ¶¶ 77-78; Rangan Rebuttal Report ¶ 234. For the foregoing reasons and those in Samsung's Opposition, Empire's motion should be denied.

---

[1] The article, first identified by Empire in its reply, should not even be considered, because it was not identified in Empire's interrogatory responses and not produced in discovery. Therefore, Empire "is not allowed to use that information … to supply evidence in a motion." *Petry v. Texas Dep't of Crim. Just.*, No. 1:18-CV-373, 2021 WL 9881598, at *1 (E.D. Tex. June 29, 2021) (citing Rule 37(c)(1)).

[redacted]

Dated: April 16, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

[redacted]

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that counsel of record are being served with a copy of this document via email on April 16, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]