[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S MOTIONS *IN LIMINE***

[redacted]

**TABLE OF CONTENTS**

PLAINTIFF'S MOTIONS *IN LIMINE* ..... 1

I. MOTION *IN LIMINE* NO. 1: Exclude Evidence, Argument, or Mention [redacted] or Any Alleged Lack of Standing to File Suit. ..... 1

II. MOTION *IN LIMINE* NO. 2: Exclude Undue Emphasis on Evidence, Argument, or Suggestion that the Patents-in-Suit Are Not Valuable Based on Empire's Corporate Structure. ..... 2

III. MOTION *IN LIMINE* NO. 3: Exclude Evidence, Testimony, or Argument Regarding the Term "Replicated Data" or Any Other Unconstrued Term Having a Special, Limited Meaning that Departs from the "Plain and Ordinary" Meaning. ..... 4

IV. MOTION *IN LIMINE* NO. 4: Exclude Evidence and Argument Regarding an Expert's Testimony in Previous Cases. ..... 5

CONCLUSION ..... 6

[redacted]

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Hanson v. Alpine Valley Ski Area, Inc.*,
718 F.2d 1075 (Fed. Cir. 1983)....3

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 4070592 (E.D. Tex. Aug. 19, 2017)....5

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)....3

*Metaswitch Networks Ltd. v. Genband US LLC*,
No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831 (E.D. Tex. Mar. 1, 2016)....6

*Nanoco Techs. Ltd. v. Samsung Elecs. Co., Ltd.*,
No. 2:20-cv-00038-JRG, 2022 WL 10986185 (E.D. Tex. Sept. 21, 2022)....6

*ResQNet.com, Inc. v. Lansa, Inc.*,
594 F.3d 860 (Fed. Cir. 2010)....3

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
No. 2:15-cv-394-JRG, 2017 WL 11517123 (E.D. Tex. Mar. 2, 2017)....6

*Smartflash LLC v. Apple, Inc.*,
No. 6:13-CV-447-JRG-KNM, 2015 WL 11072177, at *1 (E.D. Tex. Feb. 3, 2015), *adopted*, No. 6:13CV447-JRG-KNM, 2015 WL 11089751 (E.D. Tex. Feb. 13, 2015)....2

**Statutes**

35 U.S.C. § 284....3

**Rules**

Fed. R. Evid. 401....1, 5, 6

Fed. R. Evid. 403....2, 4, 5, 6

[redacted]

**PLAINTIFF'S MOTIONS *IN LIMINE***

Pursuant to Federal Rules of Evidence 401–403, Plaintiff Empire Technology Development LLC ("Empire") respectfully moves *in limine* to preclude the Parties (including Plaintiff and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. ("Samsung")), counsel, and all witnesses from introducing or eliciting evidence, argument, or testimony at trial concerning the matters set forth below. Counsel for the Parties have met and conferred regarding the relief requested in the motion and were unable to reach agreement.

## I. MOTION *IN LIMINE* NO. 1: Exclude Evidence, Argument, or Mention of [redacted] or Any Alleged Lack of Standing to File Suit.

The Parties, counsel, and all witnesses should be precluded from offering evidence, argument, or testimony regarding [redacted], *see* Ex. 1[1] (UTAUS003346), or Empire's alleged lack of standing to pursue this lawsuit.

On March 17, 2025, Samsung filed an opposed motion to dismiss Empire's complaint, claiming that Empire lacked standing to sue Samsung for its infringement of the '120 and '331 Patents. Dkt. 101. The motion is currently pending before the Court. *See generally* Dkt. 101, 124, 139, 161. With regard to the '331 Patent, Samsung's lack-of-standing argument rests solely on [redacted]. *See* Dkt. 101 at 14-18.

Once this Court determines standing, [redacted] would be of no probative value and Samsung should be excluded from introducing the [redacted] at trial for any purpose. Specifically, [redacted], which [redacted] Ex. 2 (Rudersdorf Tr.) at 74:7-77:2, is irrelevant to the issues of infringement, validity, and damages because it does not make any facts related to those issues more or less probable. *See* Fed. R. Evid. 401. Further, any

[1] "Ex. __" refers to an exhibit to the Declaration of Nathaniel Browand, submitted herewith.

[redacted]

purported probative value of the [redacted] that Samsung may allege would be substantially outweighed by the risk of unfair prejudice and confusing the jury on the issues of infringement, validity, and damages. *See* Fed. R. Evid. 403.

This Court has granted *in limine* relief under similar circumstances before. In *Smartflash LLC v. Apple, Inc.*, plaintiffs filed a motion *in limine* asking the court to preclude argument and evidence that the plaintiffs did not own the patents-in-suit. No. 6:13-CV-447-JRG-KNM, 2015 WL 11072177 (E.D. Tex. Feb. 3, 2015) (granting motion *in limine* concerning standing), *adopted*, No. 6:13CV447-JRG-KNM, 2015 WL 11089751 (E.D. Tex. Feb. 13, 2015). The court, upon defendant's motion, first analyzed the issue of standing, concluding that plaintiffs had met their burden of demonstrating by a preponderance of the evidence they owned the patent rights and thus, had standing to sue defendant for infringement. *Id.* at *5, *7. The court, having adjudicated the issue of standing, rejected defendant's argument that they should be able to raise the issue in front of the jury and granted plaintiffs' motion *in limine* to exclude any argument and evidence on the issue of standing. *Id.* at *8. The Court should reach the same result here.

Accordingly, the Court should exclude any evidence, argument, or testimony regarding [redacted] or Empire's alleged lack of standing to pursue this lawsuit.

## II. MOTION *IN LIMINE* NO. 2: Exclude Undue Emphasis on Evidence, Argument, or Suggestion that the Patents-in-Suit Are Not Valuable Based on Empire's Corporate Structure.

The Parties, counsel, and all witnesses should be precluded from offering evidence, argument, or testimony suggesting that that the patents-in-suit are not valuable based on Empire's corporate structure. Undue emphasis on Empire's corporate structure and status as a non-practicing entity have no bearing on any issue in this case including the value of the asserted patents. Samsung should not be permitted to unduly emphasize such evidence as suggesting that the patents are not valuable, which would be prejudicial to Empire.

[redacted]

It is well settled that damages must be at least "a reasonable royalty for the use *made* of the invention by the infringer." 35 U.S.C. § 284 (emphasis added). In calculating a reasonable royalty, a party "must carefully tie proof of damages to the *claimed invention's footprint* in the market place" and "[a]ny evidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) (emphasis added). A reasonable royalty is to be determined "on the basis of what the parties to the hypothetical license negotiations would have considered at the time of the negotiations." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (citing *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1081 (Fed. Cir. 1983)). Here, it is undisputed that Empire and Samsung would have been the parties to a hypothetical negotiation in this matter. *See* Ex. 3 (Expert Report of Ambreen Salters) at ¶ 28 [redacted] Thus, information about Empire's corporate structure is irrelevant to Samsung's use of the patented technology and therefore has no bearing on a determination of damages.

Empire has reason to believe that Samsung intends to unduly emphasize such evidence. Samsung has designated substantial testimony from the depositions of Thomas Kang and Elizabeth Rudersdorf regarding their backgrounds, Empire's corporate structure, and Empire's role in the sale and development of products, including, but not limited to, the following:

- Ex. 4, Deposition of Thomas Kang, dated January 29, 2025: 48:5 – 48:7; 48:18 – 48:19; 48:22 – 48:25; 49:3 – 49:5; 51:8 – 51:9; 51:12 – 51:13; 53:12 – 53:12; 53:15 – 53:15; 61:2 – 61:12; 61:24 – 62:13; 62:18 – 62:20; 91:9 – 91:10; 91:12 – 91:16; 91:20 – 91:24; 92:8 – 92:9; 92:15 – 92:16; 93:9 – 93:13.

- Ex. 2, Deposition of Elizabeth Rudersdorf, dated January 28, 2025: 21:12 – 21:24; 61:6 – 61:12; 64:13 – 64:22; 153:2 – 153:7; 153:9 – 153:17; 187:21 – 188:1.

The clear intent of Samsung's inquiry, without any genuine attempt by Ms. Salters to link

[redacted]

these facts to the hypothetical negotiation or calculation of damages in this case, is to suggest that the patents-in-suit lack value as a result of Empire's corporate structure. The probative value of such a presentation would be far outweighed by the risk of unfair prejudice and confusing the jury on the issues of this case. *See* Fed. R. Evid. 403.

This Court's motion *in limine* decision in *G+ Communications, LLC v. Samsung Electronics Co., Ltd.* is instructive. Plaintiff, like Empire, was a nonpracticing entity and Samsung intended to raise certain evidence at trial regarding plaintiff's corporate structure, number of employees, and sources of funding in order to suggest that the patents were not valuable. In granting the motion *in limine*, the Court made clear that neither party could "unduly emphasize[]" facts about the corporate structure of the other party or "make [] disparaging comments" intended to suggest to the jury that the patents lack value as a result of certain facts about the corporate structure. *G+ Commc'ns, LLC. v. Samsung Elecs. Co., Ltd.,* 2:22-cv-78-JRG, Dkt. 518 at 165-167. The same result should follow here.

Allowing Samsung to unduly emphasize evidence suggesting that the patents are not valuable because of Empire's corporate structure is contrary to patent damages law and suggesting as much to the jury has a high risk of confusion and prejudice to Empire.

## III. MOTION *IN LIMINE* NO. 3: Exclude Evidence, Testimony, or Argument Regarding the Term "Replicated Data" or Any Other Unconstrued Term Having a Special, Limited Meaning that Departs from the "Plain and Ordinary" Meaning.

The Parties, counsel, and all witnesses should be precluded from offering evidence, argument, or testimony indicating that the term "replicated data" or any other unconstrued term has a special, limited meaning that departs from the "plain and ordinary meaning."[2] Any such

[2] In the claim construction order, the Court noted that the parties agreed that the term referred to "an exact copy of the data" and adopted its plain and ordinary meaning. Dkt. 117 at 15-16. The pending MIL No. 3 does not seek to modify this understanding.

[redacted]

argument would be improper and prejudice Empire's infringement case and validity defense by misleading the jury. *See* Fed R. Evid. 403; *see also Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4070592, at *1 (E.D. Tex. Aug. 19, 2017) (suggesting that it would be improper for jury to hear evidence that claim term "has a unique meaning other than the plain and ordinary meaning").

Samsung intends to introduce evidence and testimony that, *e.g.*, the term "replicated data" has a limited meaning. Samsung has stated that the Court's plain and ordinary meaning "[redacted]'" Dkt. 145 at 1. But the Court stated that whether or not there can be overlap between a pilot symbol and replicated data is an "infringement issue" to be addressed "in due course." Dkt. 117 at 15-16. By seeking to impose a [redacted] construction of "replicated data," Samsung and its expert, Dr. Sundeep Rangan, are trying to turn an infringement dispute into a claim construction argument that the Court already rejected.

As the Court decided to give the term its plain and ordinary meaning, neither Samsung nor its experts should be able to adopt a special meaning at trial.

## IV. MOTION *IN LIMINE* NO. 4: Exclude Evidence and Argument Regarding an Expert's Testimony in Previous Cases.

The Parties, counsel, and all witnesses should be precluded from offering evidence, argument, or testimony regarding an expert's testimony in previous cases. For example, Samsung's questioning of Empire's expert Dr. John Kowalski suggests that it may intend to question him about his [redacted] in unrelated cases. *See* Ex. 5 (Kowalski Tr.) at 58:15-25. But the other times (and number of times) that Dr. Kowalski may have [redacted] are not relevant to any issue in this case. *See* Fed. R. Evid. 401. As another example, Samsung's questioning of Empire's expert Dawn Hall indicates that it may intend to question her

[redacted]

about unrelated prior expert testimony. *See* Ex. 6 (Hall Tr.) at 95:2-96:20. But whether third parties have moved and courts have ruled on the exclusion of expert testimony in unrelated cases is not relevant to any issue in this case. *See* Fed. R. Evid. 401. Any such reference would also prejudice Empire and therefore should be excluded under Rule 403. *See, e.g., Nanoco Techs. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00038-JRG, 2022 WL 10986185 (E.D. Tex. Sept. 21, 2022) (agreeing to prohibit references to "[a]ny argument, evidence, testimony or suggestion by either party regarding court opinions limiting or excluding an expert's testimony or opinions, or the substance of the excluded testimony or opinions"); *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-cv-394-JRG, 2017 WL 11517123, at *2 (E.D. Tex. Mar. 2, 2017) (same); *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 3618831, at *2 (E.D. Tex. Mar. 1, 2016) (same).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully moves the Court *in limine* to preclude the Parties, counsel, and all witnesses from introducing or eliciting evidence, argument, or testimony at trial concerning the aforementioned matters.

[redacted]

Dated: April 28, 2025

Respectfully submitted,

/s/ Nathaniel Browand
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Andrew Lichtenberg
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On April 25, 2025, Marc Pensabene, Sorin Zaharia, and Patric Reinbold, counsel for Samsung, and Nathaniel Browand, Christopher Gaspar, and Elizabeth DeRieux, counsel for Empire, met and conferred regarding the relief sought by Empire's motion. Empire's motion is opposed by Samsung.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]