[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MOTION TO STRIKE AND EXCLUDE PORTIONS OF THE EXPERT REPORT OF PLAINTIFF'S EXPERT DR. ROBERT AKL**

[redacted]

Plaintiff Empire Technology Development LLC ("Empire") opposes Defendants Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s (collectively, "Samsung") motion for leave to file a supplemental motion to strike portions of the Expert Report of Dr. Robert Akl.

The Court's Claim Construction Order ("CCO") does not provide grounds for Samsung to file an untimely motion to strike at least because the Court's CCO gave the term "replicated data" the exact same construction of "plain and ordinary meaning" as the Court did in the preliminary construction back in January. *Compare* Dkt. 117 at 17 *with* Dkt. 145 Ex. 3. In an attempt to draw a distinction where none exists, Samsung now says that the comment "a pilot symbol cannot be replicated data and vice versa" in the Court's CCO, Dkt. 117 at 16, [redacted] the term in such a way that [redacted] to file a timely motion. *Cf.* Dkt 145 at 1. But Samsung is mistaken because, at January's *Markman* hearing, ***the Court provided the exact same guidance***. Dkt. 145 Ex. 2 at 62:8-13 ("I'm not understanding any of the argument to change the fact that a pilot symbol cannot be replicated data and vice versa. MR. PENSABENE: And we agree with that, Your Honor."). Thus, the Court's CCO did not change the scope of the term "replicated data" in any way, Samsung has known (and agreed with) this construction for many months, and the CCO's comment does not provide a basis for filing an untimely motion to strike. Moreover, as summarized below, the proposed motion to strike would be baseless in any event.

"There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). "The good cause standard requires the party seeking

relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003) (citation and internal quotation marks omitted). Here, each of the four factors in determining whether Samsung has established good cause favors Empire.

***First***, Samsung's claim that the [redacted] is a baseless excuse. *Cf.* Dkt. 145 at 2. To show good cause, "the critical issue is whether" the moving party "exercised diligence in discovering" the new information. *Invensys Sys., Inc. v. Emerson Electric Co.*, No. 6:12-CV-799, 2014 WL 12598865, at *3 (E.D. Tex. Dec. 3, 2014) (citation and internal quotation marks omitted); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."); *see also O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) ("'[G]ood cause' requires a showing of diligence."). Here, there is no new information because Samsung plainly had knowledge back in January that "a pilot symbol cannot be replicated data and vice versa" since Samsung's counsel expressly agreed with that statement from the Court at the *Markman* hearing. Dkt. 145 Ex. 2 at 62:8-13. Samsung's apparent position that the comment was not part of the preliminary construction fails to refute Samsung's prior knowledge of the comment. *See id.* Samsung's prior knowledge of the comment shows a lack of diligence and that its explanation for its failure to meet the deadline is insufficient. *See, e.g.*, *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-cv-00390-RWS-RSP, 2020 WL 338124, at *1 (Jan. 20, 2020) (stating "Flywheel has not shown sufficient diligence" where the information was in its possession); *Sol IP, LLC v. AT&T Mobility LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 87134, at *2 (Jan. 7, 2020) ("Here,

the Court cannot conclude that Defendants were diligent because . . . Defendants had knowledge of the reference."); *Ameranth, Inc. v. Menusoft Sys. Corp.*, No. 2:07-CV-271-TJW-CE, 2010 WL 11530914, at *1 (E.D. Tex. Aug. 23, 2010) ("The court fails to see how Ameranth could be caught off guard by the claim construction order.").

***Second***, Samsung argues that the motion is "critical" because "Dr. Akl will provide opinions that directly contradict this Court's CCO." Dkt. 145 at 2. But Samsung's contention is simply not true because Dr. Akl took care to avoid the exact issue that concerns Samsung. During the *Markman* hearing, Samsung's counsel noted that Empire's infringement contentions "identify the same thing, the DMRS signal, the same thing as being both the pilot symbol and the replicated data." Dkt. 145 Ex. 2 at 49:19-22. But in response, the Court recognized that Empire's "infringement contentions may have to give way to the claim construction." *Id.* at 59:4-7. Dr. Akl's report addressed this concern by [redacted]. *Compare* Ex. 1 ¶ 361 [redacted]), *with* ¶ 376 [redacted] Dr. Akl anticipated the exact argument that Samsung is now making in opining that [redacted] *Id.* ¶ 417.

Despite Dr. Akl's strict and clear compliance with the CCO, Samsung nevertheless tries to find fault based on a single, misleading snippet from Dr. Akl's deposition ***that cuts off the rest of his sentence explaining exactly why Samsung's current position is incorrect***. Dkt. 145 at 2 (quoting Ex. 4 at 197:19-23). Regardless of the construction of "pilot symbol," the rest of the quoted sentence disproves Samsung's argument as Dr. Akl testifies that [redacted]

Dkt. No. 145 Ex. 4 at 197:23-25; *see also id.* at 196:12-14 [redacted]). Thus, Dr. Akl plainly distinguishes between what satisfies the claimed "pilot symbol" [redacted] and "replicated data" [redacted] which is more than sufficient to comply with the CCO. The Court already recognized that Samsung's complaint as to whether there "could be 'overlap' between a pilot symbol and replicated data" raises "an infringement issue the Court will consider in due course." Dkt. 117 at 16. Nothing in the CCO prevents Dr. Akl from asserting that [redacted]

***Third***, Samsung claims that Empire "will not be prejudiced" because it will have an opportunity to respond to Samsung's motion. Dkt. 145 at 3. But that argument misses the mark. Allowing Samsung to file its motion will substantially prejudice Empire because it ambushes Empire as the parties prepare for the pre-trial conference on May 16 and trial on June 23, forcing Empire and the Court to address a severely late motion that, due to baselessness, should not have been filed at all and, in any event, could have been filed months ago rather than during final trial preparations. *See* Dkt. 69. Samsung's failure to file a timely motion is a problem of its own making. Not allowing Samsung to file its motion would not prejudice Samsung at least because the Court has already rejected Samsung's argument by noting that the "merits" of Samsung's proposed motion to strike raises "an infringement issue," not a question of contradicting the Court's CCO. Dkt. 117 at 16.

***Fourth***, Samsung contends that "a continuance is neither necessary nor appropriate" because "there is more than ample time." Dkt. 145 at 3. Samsung is incorrect. Briefing on the motion *for leave* is not complete. And even if the Court were to grant the motion for leave, *briefing*

on the underlying motion *to strike* would not be completed until a handful of days before trial, well after the May 16 pre-trial conference. With jury selection scheduled for June 23, Dkt. 69, "a continuance would not cure the potential prejudice at this late stage of the case." *Mojo Mobility, Inc. v. Samsung Elecs. Co.*, No. 2:22-CV-00398-JRG-RSP, 2024 WL 3297145, at *2 (July 3, 2024).

[redacted]

Dated: April 28, 2025

Respectfully submitted,

<u>*/s/ Nathaniel Browand*</u>

Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Andrew Lichtenberg
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

**FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]