[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

[redacted]

**PUBLIC VERSION**

**DEFENDANTS' MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

1. MIL No. 1: Preclude evidence, testimony or argument that patents, patent applications, or articles describe how the accused products work based on the affiliation of the inventor/author.. 1

2. MIL No. 2: Preclude evidence, testimony or argument that legally insufficient evidence or evidence not produced during discovery supports a finding of willfulness.................................. 2

3. MIL No. 3: Preclude evidence, testimony or argument that any non-infringing alternative identified by Samsung was not acceptable or not non-infringing to the extent such was not produced prior to the last day of fact discovery.............................................................................. 5

4. MIL No. 4: Preclude evidence, testimony or argument of total revenue or profits for accused products.......................................................................................................................... 6

5. MIL No. 5: Preclude evidence, testimony or argument that Samsung does not respect the intellectual property of others, as a clarification of the Court MIL No. 9. .................................... 8

# TABLE OF AUTHORITIES

**Cases**

*BMC Software v. ServiceNow, Inc.*,
No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ........................................ 6

*Conopco, Inc. v. May Dep't Stores Co.*,
46 F.3d 1556 (Fed. Cir. 1994) ........................................................................................ 3

*Content Guard Holdings, Inc. v. Amazon.com, Inc.*,
Nos. 2:13-CV-1112-JRG, 2:14-CV-61-JRG, 2015 WL 11089749 (E.D. Tex. Aug. 6, 2015) ... 7

*Corephotonics Ltd. v. Apple, Inc.*,
No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018)..................................... 3

*Cybor Corp. v. FAS Techs., Inc.*,
138 F.3d 1554 (Fed Cir. 1998) ........................................................................................ 1

*Garrity Power Servs. LLC v. Samsung Elecs. Co.*,
No. 2:20-cv-00269-JRG (E.D. Tex. Dec. 10, 2021) ............................................................ 9

*General Access v. Sprint Spectrum LLC*,
No. 2:20-CV-00007-RWS (E.D. Tex. Aug. 3, 2021) ............................................................ 4

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
No. 2:23-CV-00103-JRG-RSP, 2025 WL 1071353 (E.D. Tex. Apr. 9, 2025)........................... 6

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
694 F.3d 51 (Fed. Cir. 2012) ...................................................................................... 6, 7

*Lionra Techs. Ltd. v. Fortinet, Inc.*,
No. 2:22-cv-00322-JRG-RSP (E.D. Tex. May 9, 2024)...................................................... 7, 8

*Mojo Mobility, Inc. v. Samsung Elec. Co., Ltd.*,
No. 2:22-cv-00398-JRG-RSP (E.D. Tex. July 7, 2024) ........................................................ 8

*Nonend Inventions, N.V. v. Apple. Inc.*,
No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016), *R & R adopted*,
2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) .................................................................... 3

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510 (E.D. Tex. Sept. 21, 2016)............................ 9

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985) ...................................................................................... 3

*SynQor, Inc. v. Artesyn Techs., Inc.*,
709 F.3d 1365 (Fed. Cir. 2013) ...................................................................................... 6

*Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*,
No. 2:23-CV-00059-JRG-RSP, 2025 WL 254110 (E.D. Tex. Jan. 21, 2025)........................... 2

*Tyco Healthcare Grp. LP v. Applied Med. Resources Corp.*,
No. 9:06-CV-151, 2009 WL 10676782 (E.D. Tex. Mar. 31, 2009) .......................................... 6

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011) ................................................................................... 6, 7

**TABLE OF CONTENTS**

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,
No. 14-CV-5403 (KBF), 2016 WL 7177844 (S.D.N.Y. Dec. 7, 2016) ..... 3

*Versata Software, Inc. v. SAP Am., Inc.*,
717 F.3d 1255 (Fed. Cir. 2013) ..... 6

*Zimmer Tech., Inc. v. Howmedica Osteonics, Corp.*,
No. 3:02CV425, 2008 WL 11504956 (N.D. Ind. Nov. 25, 2008) ..... 2

**Rules**

Fed. R. Evid. 401 ..... 4

Fed. R. Evid. 402 ..... 4

Fed. R. Evid. 403 ..... 3, 4

[redacted]

1. **MIL No. 1:** **Preclude evidence, testimony or argument that patents, patent applications, or articles describe how the accused products work based on the affiliation of the inventor/author.**

Analyzing patent infringement involves a two-step process: first, the claims of the patent are construed as a matter of law; second, the fact-finder compares the claims as construed to the accused product. *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1554 (Fed Cir. 1998) (en banc). Samsung moves to exclude any evidence, testimony, or argument at trial that contravenes this established precedent. Empire has included on its exhibit list certain patents and patent applications issued to Qualcomm, along with articles and interviews involving Qualcomm inventors. Samsung believes that Empire intends to rely on these documents at trial to argue infringement by comparing the asserted claims to the documents rather than to the accused products. Such use would be both improper and highly prejudicial, warranting exclusion under Federal Rules of Evidence 402 and 403. Although Qualcomm supplies the modem hardware in the accused Samsung products, there is no evidence demonstrating that these articles and patent documents accurately describe the operation of that Qualcomm hardware within the accused products. That Qualcomm filed for and/or obtained certain patents, or described some technology in an article, does not mean it actually implemented the technology described therein in an actual product on the market—let alone in the Qualcomm hardware at issue here. These documents are not shown to be relevant to any issues in dispute and pose an extreme risk of misleading the jury.

This Court and others have consistently excluded evidence and testimony that improperly argue infringement by comparing patent claims, not to the accused products, but to other documents or products. For example, in *Touchstream Technologies v. Charter Communications*, this Court granted a motion *in limine* "foreclosing 'any express argument that compares the claims directly to [] marketing materials instead of comparing the claims to the accused products.'" *Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, No. 2:23-CV-00059-JRG-RSP, 2025 WL

[redacted]

254110, at *2 (E.D. Tex. Jan. 21, 2025). The same result should apply with even greater force here—where the documents sought to be excluded have no proven connection to the accused products. Similarly, the court in *Zimmer Technology v. Howmedica* granted a motion *in limine* precluding the plaintiff "from making any arguments or references at trial (either through statements of counsel or by eliciting testimony from witnesses) that compare any structures other than that used in the [] accused products to the claimed structure of the [asserted] patent." *Zimmer Tech., Inc. v. Howmedica Osteonics, Corp.*, No. 3:02CV425, 2008 WL 11504956, at *3 (N.D. Ind. Nov. 25, 2008).

In line with the above authority and to prevent misleading the jury, the Court should preclude any argument, evidence, or testimony at trial suggesting that any patents, articles, or documents are evidence of infringement merely based on their author's or inventor's affiliation.

**2. <u>MIL No. 2:</u> Preclude evidence, testimony or argument that legally insufficient evidence or evidence not produced during discovery supports a finding of willfulness.**

The Court MIL No. 21 states that "[t]he parties shall be precluded from introducing evidence, testimony, or argument suggesting that the other party had an affirmative duty to seek opinion of counsel, and/or any inference that may be drawn as to what the contents of such an opinion would have been." As a clarification or extension of Court MIL No. 21, Samsung seeks to exclude two related sets of improper evidence and testimony with respect to willfulness.

***First***, Samsung moves to exclude evidence that the ***applications*** for the Asserted Patents were cited during the prosecution of any Samsung patents. Empire has identified two instances in its interrogatory response on willful infringement, listing two Samsung patents and their file

[redacted]

histories that cite the application for the asserted '120 Patent. *See* Dkt. 100-2 at 49-50.[1] But the probative value of this evidence is minimal and is significantly outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. The probative value is low because, as this Court has noted, "the Federal Circuit held that knowledge of a patent application alone cannot support a finding of willful infringement." *Nonend Inventions, N.V. v. Apple. Inc.*, No. 2:15-CV-466-JRG-RSP, 2016 WL 1253740, at *2 (E.D. Tex. Mar. 11, 2016), *R & R adopted*, 2016 WL 1244973 (E.D. Tex. Mar. 30, 2016) (citing *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)); *see also Conopco, Inc. v. May Dep't Stores Co.*, 46 F.3d 1556, 1562 (Fed. Cir. 1994) (same). Other courts are in accord that knowledge of a patent application does not imply awareness of the issued patent and cannot support a claim of willfulness. For instance, the court in *Verint Sys. Inc. v. Red Box Recorders Ltd.* cited *State Industries* and found that knowledge of patent applications did not raise an inference that defendant was aware of the issued patents. No. 14-CV-5403 (KBF), 2016 WL 7177844, at *1-2 (S.D.N.Y. Dec. 7, 2016). Similarly, in *Corephotonics Ltd. v. Apple, Inc.*, the court held that "Apple's citations in various patent prosecutions to Corephotonics' patent applications [] do not support an inference that Apple knew of Corephotonics' issued patents." No. 17-CV-06457-LHK, 2018 WL 4772340, at *8 (N.D. Cal. Oct. 1, 2018).

On the other hand, the risk of unfair prejudice from introducing such evidence is high, as it may lead the jury to mistakenly equate knowledge of a patent application—not relevant to willful infringement—with knowledge of the actual patent. Admitting such evidence would thus unfairly prejudice Samsung and confuse the jury. Consequently, the Court should preclude Empire from

[1] Empire conceded that its interrogatory response was not accurate, in that one of those patents, Samsung's "'771 Patent lists the '120 Patent ***Application*** as a cited reference, instead of the '120 Patent as stated in Empire's response to Interrogatory No. 12. Dkt. 121 at 8 n.4 (emphasis added).

[redacted]

introducing evidence, testimony, or argument that any applications for the Asserted Patents were cited during prosecution of Samsung patents, as not relevant, misleading, and unfairly prejudicial. Fed. R. Evid. 401, 402, 403.

***Second***, Samsung moves to exclude any argument or suggestion that claim charts for the Asserted Patents were provided or were available to Samsung before Empire filed this lawsuit. Empire produced and has added to its exhibit list two unsolicited emails sent by Steven Steger, an attorney for Empire and its parent company, to three Samsung employees in 2019. *See* Dkt. 100-6. In these emails, Mr. Steger [redacted] *Id*. at -114; Dkts. 100-9, 100-10. [redacted] Dkt. 100-6. No such evidence—for *any* patents—was ever sent to Samsung, nor is there any proof that Samsung downloaded or otherwise obtained any such claim charts. Further, neither Empire, Mr. Steger, nor anyone else produced in discovery any claim charts or other purported "evidence of use"—for the Asserted Patents or otherwise—[redacted]

The probative value of any argument or suggestion that claim charts were available to Samsung is zero; had such evidence existed, Empire or Mr. Steger would have produced it in discovery. On the other hand, if no such claim charts for the Asserted Patents existed (as is almost certainly the case), Empire cannot use Mr. Steger's uncorroborated statements to argue that [redacted] is evidence of willful blindness to infringement and/or willfulness. *See General Access v. Sprint Spectrum LLC*, No. 2:20-CV-00007-RWS, Dkt. 367 at 11 (E.D. Tex. Aug. 3, 2021) (finding no willful infringement where "patent-identifying information would not be given to a potential buyer unless it signed an NDA" and plaintiff "has

[redacted]

not produced any evidence that [defendant] either signed an NDA or [its agent] informed [defendant] . . . without such an NDA.").

Since no such evidence has been shown to exist, alluding to it at trial would mislead the jury and pose a high risk of unfair prejudice to Samsung. Therefore, any such argument, suggestion, or testimony should be excluded under Federal Rules of Evidence 402 and 403.

**3. MIL No. 3: Preclude evidence, testimony or argument that any non-infringing alternative identified by Samsung was not acceptable or not non-infringing to the extent such was not produced prior to the last day of fact discovery.**

Empire should be precluded from offering evidence, testimony, or argument that any non-infringing alternative identified by Samsung was not acceptable or not non-infringing to the extent such evidence or argument was not produced prior to the last day of fact discovery.

Samsung served Interrogatory No. 15 on Empire on November 27, 2024, seeking Empire's contentions regarding the acceptability of the non-infringing alternatives identified by Samsung along with the legal and factual bases for Empire's contentions as to each alternative. Empire provided only attorney arguments in its response on December 27, 2024. And, although Samsung supplemented its identification of non-infringing alternatives on January 31, 2025, Empire provided an incomplete supplement on February 10, 2025, ***the very last day of fact discovery***, again providing only attorney argument and failing to address all non-infringing alternatives identified by Samsung. Instead, Empire sought to incorporate by reference arguments made in the Expert Report of Dr. Akl, which were also provided on the same day. Then, in connection with *Daubert* motion briefing, Empire sought to correct its failure to provide complete responses during fact discovery by citing new, unauthenticated and unproduced evidence related to the additional non-infringing alternative that Empire failed to address during discovery. *See* Dkt. 148, Ex. 9; Dkt. 150, Ex. 5.

[redacted]

Empire should be precluded from introducing any evidence not produced before the last day of fact discovery because Samsung has not been afforded an opportunity to take discovery on this evidence. *See, e.g.*, *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2025 WL 1071353, at *4-5 (E.D. Tex. Apr. 9, 2025) ("The fact that [a party's] response technically fell within the deadline for fact discovery does not excuse it from not supplementing its response earlier . . .. The prejudice to [the opposing party] is clear—it did not have the opportunity to test [the] new assertions through the normal course of discovery."); *Tyco Healthcare Grp. LP v. Applied Med. Resources Corp.*, No. 9:06-CV-151, 2009 WL 10676782, at *2-5 (E.D. Tex. Mar. 31, 2009) (excluding documents produced after close of fact discovery because, *inter alia*, "[plaintiff] was unable to take depositions or obtain other discovery relating to these documents").

**4. <u>MIL No. 4:</u> Preclude evidence, testimony or argument of total revenue or profits for accused products.**

Empire should be precluded from offering evidence, testimony, or argument regarding Samsung's total revenues and profits from sales of accused products and/or the entire market value of Samsung's accused sales. The Federal Circuit forbids the disclosure of the entire revenues from sales of accused products as unduly prejudicial absent a showing that the patented features are the drivers of consumer demand. *See, e.g.*, *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1319-20 (Fed. Cir. 2011); *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 67-68 (Fed. Cir. 2012); *Versata Software, Inc. v. SAP Am., Inc.*, 717 F.3d 1255, 1268 (Fed. Cir. 2013) ("A patentee may assess damages based on the entire market value of an accused product only where the patented feature creates the basis for customer demand or substantially creates the value of the component parts." (quoting *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1383 (Fed. Cir. 2013))); *BMC Software v. ServiceNow, Inc.*, No. 2:14-CV-903-JRG, 2016 WL 379620, at *3 (E.D.

[redacted]

Tex. Feb. 1, 2016) (Gilstrap, J.) ("BMC is ORDERED to structure its damages presentation in such a way that the jury will not be able to calculate ServiceNow's total revenues . . . ."); *Content Guard Holdings, Inc. v. Amazon.com, Inc.*, Nos. 2:13-CV-1112-JRG, 2:14-CV-61-JRG, 2015 WL 11089749, at *5 (E.D. Tex. Aug. 6, 2015) (Gilstrap, J.) (precluding testimony about the total revenue or profit earned from sales of defendants' products). Here, Empire has made no showing (or even allegation) that Samsung's alleged use of the Patents-in-Suit resulted in increased sales of the accused products. Empire, therefore, has no legitimate basis for offering any evidence concerning the total revenues and profits earned from any accused or non-accused products. Such evidence is irrelevant and unduly prejudicial and should be precluded under Federal Rules of Evidence 401-403.

[redacted] Empire should be precluded from referencing Samsung's total revenue or profits derived from the products accused of infringing the Patents-in-Suit (e.g., to show that Empire's damages ask is conservative compared to Samsung's total revenues for the accused products). Such evidence is not proper and would unfairly prejudice Samsung by skewing the damages horizon, misleading the jury, and confusing the issues relevant to a damages determination. *See Uniloc*, 632 F.3d at 1319-20; *LaserDynamics*, 694 F.3d at 67-68. For example, Samsung's request is similar to that in *Lionra Techs. Ltd. v. Fortinet, Inc.*, in which the Court granted a motion *in limine* requesting that a patent owner be prohibited from admitting "[s]oftware [r]evenue or [t]otal [a]mount of [r]evenue . . . [g]enerate[d] from the [a]ccused [p]roducts" and accordingly precluded the patent owner from admitting gross revenue numbers and from "introduc[ing] the gross sales numbers" for the accused products. No. 2:22-cv-00322-JRG-RSP,

[redacted]

Dkt. 509, at 3 (E.D. Tex. May 9, 2024). For the same reasons, Empire (including Ms. Hall) should be barred from referencing or relying on Samsung's total revenues for the accused products at trial. *See, e.g.*, *id*.

**5. <u>MIL No. 5:</u> Preclude evidence, testimony or argument that Samsung does not respect the intellectual property of others, as a clarification of the Court MIL No. 9.**

Samsung seeks clarification or extension of MIL No. 9 of the Court's Standing Order on Motions *in Limine* to preclude any assertion or suggestion by Empire that Samsung does not generally respect intellectual property rights. Court MIL No. 9 states that "[t]he parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as 'greedy,' 'corrupt,' 'evil,' or 'dishonest,' or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as 'stealing,' 'copying,' 'misappropriating,' 'pirating,' 'trespassing,' or any similar terms."

If Empire uses words other than those specifically set forth in the Court's MIL No. 9 to generally suggest that Samsung does not respect the intellectual property rights of others, those words fall under the "similar terms" category and are thus prohibited. Indeed, Court MIL No. 9 would be disserved by permitting Empire to make such assertions. And any probative value of such assertions would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, and/or wasting time. Accordingly, Samsung respectfully requests that the Court make the same clarification to Court MIL No. 9 as it did in *Mojo Mobility, Inc. v. Samsung Elec. Co., Ltd.* and preclude Empire from making any references to or introducing any evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony regarding any assertion that Samsung does not generally respect intellectual property. No. 2:22-cv-00398-JRG-RSP, Dkt. 233 at 3 (E.D. Tex. July 7, 2024) (granting MIL that "Court

[redacted]

MIL No. 9 precludes any assertion or suggestion that Samsung does not generally respect intellectual property."); *see also Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-cv-621-JRG-RSP, 2016 WL 7743510, at *3 (E.D. Tex. Sept. 21, 2016) (excluding statements suggesting defendant does not respect intellectual property); *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-cv-00269-JRG, Dkt. 226 at 11 (E.D. Tex. Dec. 10, 2021) (excluding statements suggesting defendants do not care about intellectual property).

[redacted]

Dated: April 28, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

[redacted]

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record are being served with a copy of this document via email on April 28, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Samsung and Empire complied with the meet and confer requirement specified in E.D. Tex. Local Rule CV-7(h) via conference call on April 25, 2025. The participants in the conference call were Nathaniel Browand, Christopher Gaspar, and Elizabeth DeRieux on behalf of Empire and Marc Pensabene, Sorin Zaharia, and Patric Reinbold on behalf of Samsung. Counsel for Empire indicated that Empire is opposed to the relief sought in Samsung's motions *in limine*. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]

[redacted]