[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil No. 2:23-cv-00427-JRG-RSP

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS *IN LIMINE***

[redacted]

**TABLE OF CONTENTS**

I. Samsung's MIL No. 1: Preclude evidence, testimony, or argument that patents, patent applications, or articles describe how the accused products work based on the affiliation of the inventor/author. ..... 1

II. Samsung's MIL No. 2: Preclude evidence, testimony, or argument that legally insufficient evidence or evidence not produced during discovery supports a finding of willfulness. ..... 3

III. Samsung's MIL No. 3: Preclude evidence, testimony, or argument that any non-infringing alternative identified by Samsung was not acceptable or not non-infringing to the extent such was not produced prior to the last day of fact discovery. ..... 7

IV. Samsung's MIL No. 4: Preclude evidence, testimony, or argument of total revenue or profits for accused products. ..... 9

V. Samsung's MIL No. 5: Preclude evidence, testimony, or argument that Samsung does not respect the intellectual property of others, as a clarification of the Court MIL No. 9. ..... 12

CONCLUSION ..... 13

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)....................5

*Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*,
No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016), *R. & R. adopted*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016)....................5

*Clapper v. Am. Realty Invs., Inc.*,
No. 3:14-CV-02970-X, 2021 WL 8999317 (N.D. Tex. Apr. 25, 2021)....................3

*Conopco v. May Dep't Stores Co.*,
46 F.3d 1556 (Fed. Cir. 1994)....................4

*Corephotonics Ltd. v. Apple, Inc.*,
No. 17-CV-06457-LHK, 2018 WL 4772340 (N.D. Cal. Oct. 1, 2018)....................5

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)....................10, 11, 12

*Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*,
879 F.3d 1332 (Fed. Cir. 2018)....................11

*GREE, Inc. v. Supercell Oy*,
2:19-CV-00200-JRG, 2021 WL 514757 (E.D. Tex. Feb. 11, 2021)....................11, 12

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
No. 2:23-CV-00103-JRG-RSP, 2025 WL 1071353 (E.D. Tex. Apr. 9, 2025)....................8

*Mojo Mobility, Inc. v. Samsung Elec. Co., Ltd.*,
No. 2:22-cv-00398-JRG-RSP (E.D. Tex. July 8, 2024)....................12, 13

*Netlist, Inc. v. Smart Storage Sys. Inc.*,
No. 13-cv-05889-YGR (JSC), 2014 WL 1320325 (N.D. Cal. Apr. 1, 2014)....................1

*Nonend Inventions, N.V. v. Apple Inc.*,
No. 2:15-cv-466-JRG-RSP, 2016 WL 1253740 (E.D. Tex. Mar. 11, 2016)....................3, 5

*Touchstream Technologies v. Charter Communications*,
No. 2:23-cv-00059-JRG-RSP, 2025 WL 254110 (E.D. Tex. Jan. 21, 2025)....................2

*Tyco Healthcare Grp. LP v. Applied Med. Resources Corp*,
No. 9:06-CV-151, 2009 WL 10676782 (E.D. Tex. Mar. 31, 2009)....................8

*Uniloc USA, Inc. v. Microsoft Corp.*,
632 F.3d 1292 (Fed. Cir. 2011)....................10

*Verint Sys. Inc. v. Red Box Recorders Ltd.*,
No. 14-cv-5403 (KBF), 2016 WL 7177844 (S.D.N.Y. Dec. 7, 2016)....................5

*Wireless Alliance, LLC v. AT&T Mobility LLC*,
No. 2:23-cv-00095-RWS-RSP (Oct. 24, 2024) ....................10

*Zimmer Tech. v. Howmedica Osteonics*,
No. 3:02cv425, 2008 WL 11504956 (N.D. Ind. Nov. 25, 2008 ....................2

**Other Authorities**

Fed. R. Evid. 401 ....................3, 9, 12

Fed. R. Evid. 403 ....................3, 7, 9, 12

Plaintiff Empire Technology Development LLC ("Empire") opposes Defendants Samsung Electronics Co., Ltd.'s and Samsung Electronics America, Inc.'s (collectively, "Samsung") motions *in limine*. Dkt. 170.

## I. Samsung's MIL No. 1: Preclude evidence, testimony, or argument that patents, patent applications, or articles describe how the accused products work based on the affiliation of the inventor/author.

Samsung seeks to prohibit Empire from relying on certain Qualcomm patents, patent applications, and articles and interviews with Qualcomm employees. Dkt. 170 at 1. Samsung, despite acknowledging that Qualcomm provides Samsung with the modems for the accused products, claims that it would be "improper and highly prejudicial" for Empire to rely on these materials at trial. *Id.*

Citing no authority prohibiting it, Samsung asserts that "Empire intends to rely on these documents at trial to argue infringement by comparing the asserted claims to the documents rather than to the accused products." *Id.* It is undisputed that Qualcomm's Smart Transmit technology – the subject of the challenged evidence – is part of the accused products and this infringement case. Nothing prohibits Empire from using these documents to explain how Qualcomm's Smart Transmit technology in Qualcomm's modems works and, indeed, Samsung admits that Samsung itself does not know how the technology works. Samsung has not identified any caselaw that would support the conclusion that a Qualcomm article or patent describing its own technology is insufficient to explain how that Qualcomm technology works to the jury. *See Netlist, Inc. v. Smart Storage Sys. Inc.*, No. 13-cv-05889-YGR (JSC), 2014 WL 1320325, at *3 (N.D. Cal. Apr. 1, 2014) (permitting plaintiff's reliance, in their infringement contentions, on public statements and photographs concerning the technology, as well as patent applications that plaintiff "alleges relate to the accused product"). Instead, Samsung offers only two distinguishable cases.

First, Samsung's reliance on *Touchstream Technologies v. Charter Communications* is misplaced because, at most, *Touchstream* prohibits an "express argument" by a ***defendant's*** non-infringement expert that compares the asserted claims to the ***plaintiff's marketing materials*** rather than to the accused products. No. 2:23-cv-00059-JRG-RSP, 2025 WL 254110, at *2 (E.D. Tex. Jan. 21, 2025). In *Touchstream*, defendant's expert sought to use plaintiff's marketing materials to "improperly opine on claim construction issues" and the Court reasonably concluded that such opinions would be confusing to the jury. *Id*. By contrast, here Empire does not intend to use its own marketing materials at all and Empire's use of Qualcomm documents to show the operation of Qualcomm's modems is entirely permissible. Samsung should not be permitted to preclude these relevant materials about Samsung's infringement. And if Samsung disputes the accuracy of Qualcomm's statements about its own technology because Samsung believes the implementation of Qualcomm's technology in the accused products is different, Samsung may introduce such evidence at trial.

Samsung's reliance on the out-of-circuit, unreported decision in *Zimmer Tech. v. Howmedica Osteonics* is similarly inapposite. In *Zimmer*, the court determined it would be improper to compare the accused products to other ***non-accused*** products of the accused infringer. No. 3:02cv425, 2008 WL 11504956, at *3 (N.D. Ind. Nov. 25, 2008). Here, unlike in *Zimmer*, the identified Qualcomm documents and articles do not concern entirely separate products, but rather discuss Qualcomm technology that is indisputably *incorporated* into the Samsung accused products. Further, the accused infringer in *Zimmer* demonstrated that the non-accused products were irrelevant since they did not perform the same function that served as "the test of alleged infringement." *Id*. Samsung can make no such showing here because Qualcomm's Smart Transmit technology is incorporated into the accused products. Accordingly, because these Qualcomm

documents are both relevant and their probative value outweighs any risk of prejudice or confusion to the jury, Samsung's MIL No. 1 should be denied. Fed. R. Evid. 401, 403.

## II. Samsung's MIL No. 2: Preclude evidence, testimony, or argument that legally insufficient evidence or evidence not produced during discovery supports a finding of willfulness.

Samsung seeks to exclude Empire from introducing as evidence two categories of documents related to willfulness, claiming that this is a clarification or extension of this Court's standing MIL No. 21. Dkt. 170 at 2. But neither MIL No. 21, nor Samsung's arguments provide a basis to preclude the evidence Empire seeks to introduce, nor has Samsung demonstrated that the probative value of that evidence is outweighed by the risk of prejudice to Samsung or confusing the jury. Accordingly, the Court should deny Samsung's MIL No. 2. Fed. R. Evid. 403.

First, Samsung seeks to exclude evidence that the '120 Patent Application was cited during the prosecution of Samsung's patents. As a preliminary matter, this is nothing more than an attempt by Samsung to relitigate its pending summary judgment motion that the Court should reject. *See Clapper v. Am. Realty Invs., Inc.*, No. 3:14-CV-02970-X, 2021 WL 8999317, at *6 (N.D. Tex. Apr. 25, 2021) (denying a motion *in limine* because "a motion in limine is not the proper place for the defendants to relitigate previously decided matters or raise arguments that should have been raised at the summary judgment phase").

As it did in support of its motion for summary judgment, Samsung relies on *Nonend Inventions, N.V. v. Apple. Inc*. to argue that knowledge of a patent application alone cannot support a finding of willful infringement, and therefore, Empire should be precluded from relying on Samsung's discussion of the '120 Patent Application during its own patent prosecution. *Compare* Dkt. 170 at 3 *with* Dkt. 100 at 6 *and* Dkt. 138 at 3. But Samsung again ignores the inapplicability of *Nonend Inventions*, because that case, unlike the situation here, stands for the proposition that knowledge of a patent application *alone* does not provide notice of a *later-issued* patent. *Nonend*

*Inventions, N.V. v. Apple Inc.*, No. 2:15-cv-466-JRG-RSP, 2016 WL 1253740, at *2 (E.D. Tex. Mar. 11, 2016) (stating that "knowledge of a patent application, even if it later issues as a valid patent, 'is not by itself enough'"). As Empire explained in its opposition briefing, *see* Dkt. 121 at 11-12; Dkt. 155 at 1-2, ***the '120 Patent*** issued years *before* Samsung was analyzing and discussing that patent's published application document with the United States Patent and Trademark Office ("PTO"). *Compare* Ex. 1[1], Empire_0000491 (2014 issuance of the '120 Patent), *with* Ex. 2, Empire_0101038 – Empire_0101044 (2021 analysis – '771 Patent Prosecution History) *and* Ex. 3, Empire_0100593 – Empire_0100615 (2019 analysis – '514 Patent Prosecution History). In providing detailed analyses that examined and distinguished the technology in the '120 Patent Application from that in Samsung's applications in 2019 and 2021, Samsung's counsel undoubtedly learned (or should have learned) that the '120 Patent Application had already issued as the '120 Patent and, in any event, Samsung demonstrated that it understood the technology in the '120 Patent and its application well enough to explain such technology to the PTO. *See* Dkt. 121 at 3-5, 7-8, 11-12. In addition, Samsung does not dispute that [redacted], as discussed further below. *See* Ex. 4, Empire_0001114; Ex. 5, Empire_0001110. Empire should be permitted to introduce the entirety of Samsung's many touches with the '120 Patent (including Samsung's subsequent explanations to the PTO of what the '120 Patent's published application said and did not say).

Samsung's reliance on *Conopco v. May Dep't Stores Co.*, which likewise involved whether knowledge of a patent application was sufficient to support a finding of willful infringement of a *later-issued* patent, is misplaced for the same reasons. 46 F.3d 1556, 1562 (Fed. Cir. 1994). Samsung's two out-of-district cases are no different as they likewise involve later-issued patents

---

[1] "Ex. __" refers to an exhibit to the Declaration of Nathaniel Browand, submitted herewith.

and thus, are not instructive here. *See Verint Sys. Inc. v. Red Box Recorders Ltd.*, No. 14-cv-5403 (KBF), 2016 WL 7177844, at *2 (S.D.N.Y. Dec. 7, 2016)*; Corephotonics Ltd. v. Apple, Inc.*, No. 17-CV-06457-LHK, 2018 WL 4772340, at *8 (N.D. Cal. Oct. 1, 2018). *Verint* is distinguishable for the additional reason that the only evidence plaintiffs offered of pre-suit knowledge of infringement was the patent applications. 2016 WL 7177844, at *2-3. The court was unconvinced that "any particular attention [was] paid to the patent applications that later issued." *Id*. In contrast, and as explained in more detail in the opposition to Samsung's summary judgment motion, Empire has identified significant additional evidence of Samsung's pre-suit knowledge of the '120 Patent from multiple sources in addition to Samsung's in-depth analysis of the '120 Patent's technology found in the published application that Samsung explained to the PTO during prosecution in at least two of Samsung's patents. *See generally* Dkt. 121, 155.[2]

Samsung's claim that the risk of prejudice is high because "it may lead the jury to mistakenly equate knowledge of a patent application—not relevant to willful infringement—with knowledge of the actual patent" is contrary to the caselaw and undisputed facts. *Cf*. Dkt. 170 at 3. Samsung also disregards the well-established principle that a defendant acts with the requisite intent for willfulness when it acts despite a "risk of infringement [that] was either known or so obvious that it should have been known." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.,* 876 F.3d 1350, 1371 (Fed. Cir. 2017). A reasonable juror could conclude, based on Samsung's

---

[2] Samsung also ignores that this Court has counseled against Samsung's reading of *State Industries*: "The Federal Circuit did not hold that willful blindness cannot be triggered by actual notice of a patent application or that willful blindness cannot support a finding of willful infringement." *Nonend*, 2016 WL 1253740, at *2; *see also Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), *R. & R. adopted*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4771291 (E.D. Tex. Sept. 13, 2016) ("*State Industries* does not hold that no matter the context, a party's exposure to a patent application cannot give rise to knowledge of the claims in a later-issued patent.").

analysis of the '120 Patent invention during prosecution of two of its patents in 2019 and 2021 (after the '120 Patent had issued), in combination with other evidence, that Samsung knew or should have known that its actions constituted an unjustifiably high risk of infringement. ***Importantly, at all times when Samsung interacted with the '120 Patent's application, Samsung had already been put on notice of the issued '120 Patent itself.*** *See* Ex. 6, Empire_0102306 at -311 (January 14, 2016 Notice of Allowability identifying the '120 Patent); Ex. 7, Empire_0102732 at -733 (May 17, 2016 issuance of the '175 Patent listing the '120 Patent as a reference cited); *see also* Ex. 8, Kim Tr. at 66:19-24. The Court will instruct the jury on the law of willful infringement and thus, there is no risk of confusing the jury or undue prejudice to Samsung.

Second, Samsung, under the guise of seeking to exclude argument or suggestion that claim charts for the patents-in-suit were provided or available to Samsung before the lawsuit, asks this court to effectively exclude from evidence two relevant emails [redacted]. But Samsung acknowledges that (i) [redacted]; (ii) [redacted] and (iii) [redacted]. Dkt. 170 at 4. The Court should reject this motion *in limine*.

The crux of Samsung's motion is that Empire *might* [redacted] Samsung concedes that this is based on nothing more than [redacted] on its exhibit list. *Id*. But Empire is more than entitled to introduce these *relevant* emails and the statements therein for purposes of supporting its willful infringement case. As Samsung fails to fully explain, [redacted]. Rather, [redacted]

[redacted] Ex. 5, Empire_0001110 at -112. [redacted] Ex. 8, Kim Tr. at 39:6-12, [redacted] *id*. at 48:6-49:21.

Empire is entitled to present this evidence and argument to the jury. If it chooses, Samsung may on cross-examination elicit testimony it believes necessary. Given the highly probative value of these emails, and Samsung's failure to identify any improper prejudice it will suffer if the emails are introduced at trial, their motion to exclude any argument or testimony that claim charts existed is premature and unwarranted under Rule 403.

## III. Samsung's MIL No. 3: Preclude evidence, testimony, or argument that any non-infringing alternative identified by Samsung was not acceptable or not non-infringing to the extent such was not produced prior to the last day of fact discovery.

Samsung's MIL No. 3 also seeks to relitigate a pending motion (Dkt. 102). *Cf.* Dkt. 170 at 5-6. The Court should deny this motion *in limine* for all the same reasons explained in Empire's opposition briefing to Samsung's *Daubert* motion on the same issue. *See generally* Dkt. 122, 157.

As it did in its *Daubert* motion (Dkt. 102), Samsung asserts that it was improper for Empire to supplement its interrogatory response *before* the close of fact discovery to incorporate Dr. Robert Akl's infringement opinions into Empire's response because Samsung did not have an opportunity to take discovery on this evidence. Dkt. 170 at 5.[3] Samsung now cites two inapplicable cases that do not change the analysis.

[3] Samsung argues that Empire provided "new, unauthenticated and unproduced evidence" during the briefing of Samsung's *Daubert* motion on this issue, but these documents are not on Empire's trial exhibit list. *Cf.* Dkt. 170 at 5. Regardless, Samsung appears to be suggesting that an expert cannot rely on information not disclosed during fact discovery. However, as Rule 26 makes clear, and as explained in Empire's opposition to Samsung's *Daubert* motion, that is not the case. *See* Dkt. 122 at 10.

First, Samsung's reliance on *Tyco Healthcare Grp. LP v. Applied Med. Resources Corp.* is misplaced. That case only stands for the proposition that a party shall not introduce evidence at trial that was produced *after* the close of fact discovery. *Tyco Healthcare Grp. LP v. Applied Med. Resources Corp.*, No. 9:06-CV-151, 2009 WL 10676782, at *2-5 (E.D. Tex. Mar. 31, 2009). But as Empire explained at length in opposition to Samsung's motion to strike Dr. Akl's opinions, Empire timely disclosed the evidence relied on by Dr. Akl to challenge Samsung's non-infringing alternatives, including a series of posts from *Samsung's own website* demonstrating that Samsung's chips are not viable non-infringing alternatives (the "Samsung Community Comments"). Dkt. 122, 157. In contrast, in *Tyco*, defendant produced "almost 5,000 pages of documents . . . well *after* the fact discovery period closed." *Tyco,* 2009 WL 10676782, at *2 (emphasis added). Thus, the court concluded that plaintiff was prejudiced to the extent it "was unable to take depositions or obtain other discovery relating to [the] documents." *Id.* at *3. That is markedly different than here, where Empire disclosed Samsung's own document – the *public* Samsung Community Comments – *before* the close of fact discovery by incorporating Dr. Akl's opening report into its interrogatory response within the fact discovery period.

Second, Samsung's reliance on *Headwater Rsch. LLC v. Samsung Elecs. Co.* is similarly unavailing. In *Headwater*, the Court granted a motion to strike certain expert opinions that relied on non-infringing alternative theories that Samsung disclosed on the last day of discovery, finding that plaintiff was prejudiced by Samsung's decision to supplement its interrogatory responses on the final day because it "does not excuse it from not supplementing its response earlier *or explaining why it could not do so*." *Headwater Rsch. LLC v. Samsung Elecs. Co.*, No. 2:23-CV-00103-JRG-RSP, 2025 WL 1071353, at *5 (E.D. Tex. Apr. 9, 2025) (emphasis added). But as previously explained, Samsung bears the burden of proof on non-infringing alternatives and failed

to identify any products that embodied non-infringing alternatives during fact discovery. Dkt. 122 at 9-10. If anything, Empire's disclosure was early, because Dr. Akl did not know whether [redacted], and therefore disclosed the Samsung Community Comments during fact discovery. *Id*. Moreover, Samsung acknowledges that it did not supplement its identification of non-infringing alternatives until January 31, 2025. Dkt. 170 at 5. Thus, by Samsung's *own design*, Empire only had ten days to supplement its contentions regarding the acceptability of these non-infringing alternatives before the close of fact discovery. Empire timely did so, and Samsung should not be permitted to now claim that disclosure was untimely when it was done within the fact discovery period and just days after Samsung's January 31 supplement.

In addition to citing inapplicable case law to try to preclude Empire's reliance on relevant and timely-produced evidence, Samsung has not attempted to identify any prejudice as a result of Empire's reliance on this timely-produced evidence. Indeed, Samsung is simply not prejudiced by Empire's reliance on a series of posts from *Samsung's own website* that was identified by Empire before the completion of fact discovery and fully responded to by Samsung's expert. Accordingly, the Court should deny Samsung's MIL No. 3. *See* Fed. R. Evid. 401, 403.

**IV. Samsung's MIL No. 4: Preclude evidence, testimony, or argument of total revenue or profits for accused products.**

Samsung seeks to exclude Empire and its damages expert, Ms. Dawn Hall, from offering any evidence, testimony, or argument regarding Samsung's total revenues and profits from sales of accused products and/or the entire market value of Samsung's accused sales. Dkt. 170 at 6. Samsung, however, relies on an inapplicable body of law and Samsung's MIL No. 4 should be denied.

Samsung relies on *Uniloc USA, Inc. v. Microsoft Corp* and its progeny to argue that damages may only be based on the entire market value of an accused product where the plaintiff demonstrates that the patented feature drives customer demand for the entire product. Dkt. 170 at 6 (citing *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1319-20 (Fed. Cir. 2011)). Samsung then claims that because Empire has made no showing that Samsung's use of the patents-in-suit resulted in increased sales of the accused product, Ms. Hall's purported reliance on the entire market value of the accused products is improper. *Id.* at 7. But Samsung's complaints about the entire market value rule do not apply to Empire's damages testimony.

Ms. Hall's damages analysis does *not* implicate the entire market value rule, but rather properly [redacted] Ex. 9, Hall Expert Report, ¶ 156(m). Thus, contrary to Samsung's claims, the fact that "Empire has made no showing (or even allegation) that Samsung's alleged use of the Patents-in-Suit resulted in increased sales of the accused products" is irrelevant. Dkt. 170 at 7. And while Ms. Hall [redacted] Ex. 9, Hall Expert Report ¶ 156(d), Schedules 1.1, 2.1, 2.2, the Federal Circuit is clear that its decision in *Uniloc* does not serve as a bar to an expert using this information or the sales revenue of the accused products as part of an apportionment analysis: "It is not that an appropriately apportioned royalty award could never be fashioned by starting with the entire market value of a multi-component product—by, for instance, dramatically reducing the royalty rate to be applied in those cases…" *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014); *see also* Mem. Order at 3, *Wireless Alliance, LLC v. AT&T Mobility LLC*, 2:23-cv-00095-RWS-RSP, (Oct. 24, 2024), ECF 245 (denying a motion to strike plaintiff's expert testimony, finding that the expert's approach "apportioned the revenue from the allegedly

infringing features and thus did not implicate the EMVR"); *GREE, Inc. v. Supercell Oy*, 2:19-CV-00200-JRG, 2021 WL 514757, at *6 (E.D. Tex. Feb. 11, 2021) ("[The expert] conducted an apportionment analysis. This alone makes the entire market value exception inapplicable as it is an alternative to apportionment."). Rather, the Court must evaluate the "balance between the probative value of admittedly relevant damages evidence and the prejudicial impact of such evidence caused by the potential to mislead the jury into awarding an unduly high royalty." *Ericsson*, 773 F.3d at 1227. Here, the probative value far outweighs any risk of prejudice.

This Court's decision in *GREE, Inc. v. Supercell Oy*, is instructive. The Court denied a motion to exclude plaintiff's damages expert and a motion to prevent plaintiff's reliance on defendant's gross revenue at trial where the expert "beg[an] with the gross revenues of [defendant's] products and apportion[ed] from there" because "the gross revenues data [was] the best available data." *GREE*, 2021 WL 514757, at *6-7. The Court paid particular attention to the fact that plaintiff had "no other revenue data from which a royalty base can be determined" because defendant did "not track revenue of the accused features, does not have any prior comparable licenses, and does not have any valid non-infringing alternatives." *Id*. at *6. As Ms. Hall explained in her report, the same is true here. Ex. 9, Hall Expert Report, ¶¶ 115-117, 127-130. Thus, Ms. Hall [redacted] as that was "the best available data." *GREE*, 2021 WL 514757, at *7. This Court explained that "there is 'nothing inherently wrong with using the market value of the entire product [as a royalty base], especially when there is no established market value for the infringing component or feature, so long as the multiplier accounts for the proportion of the base represented by the infringing component or feature." *Id.* at *7 (citing *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1348 (Fed. Cir. 2018) (modifications in original)). Ms. Hall's apportionment analysis [redacted]

[redacted]. Ex. 9, Hall Expert Report, ¶¶ 139-154, 156(m)-(n). As defendant did in *GREE*, Samsung "is asking the Court to prevent [plaintiff] from putting on a damages case" by asking the Court to exclude reference to overall revenue or sales units at trial. *GREE*, 2021 WL 514757, at *7. Ms. Hall's reference of [redacted] *See, e.g.*, Ex. 9, Hall Expert Report, ¶¶ 24-26, 52, 133, 137, 156(d), 158. As the Court did in *GREE*, Samsung's request should not be entertained.

Empire should be permitted to rely on [redacted] as Samsung has not demonstrated that the prejudicial impact of this data—which is minimal since [redacted]—would substantially outweigh the probative value of this "admittedly relevant damages evidence." *Ericsson*, 773 F.3d at 1227; Fed. R. Evid. 401, 403. Nor has Samsung challenged Ms. Hall's opinions in this respect as unreliable.

### V. Samsung's MIL No. 5: Preclude evidence, testimony, or argument that Samsung does not respect the intellectual property of others, as a clarification of the Court MIL No. 9.

Samsung seeks a clarification or extension of the Court's standing MIL No. 9 in order to prohibit assertions or suggestions by Empire that Samsung, in vague and ambiguous terms, does not generally respect intellectual property rights. Dkt. 170 at 8. Willful infringement is a well-recognized aspect of patent litigation and it is unclear what if any portion of Empire's willful infringement case would be curtailed if Samsung's MIL were to be granted.

Court MIL No. 9 and Samsung's motion *in limine* cannot be construed so far as to inhibit Empire's ability to prosecute its case. In *Mojo Mobility, Inc. v. Samsung Elec. Co., Ltd.*, the Court granted Samsung's motion *in limine* that "Court MIL No. 9 precludes any assertion or suggestion

that Samsung does not generally respect intellectual property[,]" the Court made clear it was only granted "as to Samsung's *general treatment* of intellectual property rights, but does not limit [plaintiff's] ability to contend that Samsung has violated [plaintiff's] rights in this case." Order on Motions *In Limine* at 3, No. 2:22-cv-00398-JRG-RSP (E.D. Tex. July 8, 2024), ECF 233 (emphasis added). Empire must be permitted to introduce evidence, testimony, and argument that Samsung has infringed the patents-in-suit, and to argue that it has done so willfully. Accordingly, Samsung's MIL No. 5 should be denied or at most, this Court should issue an order identical to the order issued in *Mojo* for this motion *in limine*.

## CONCLUSION

For the foregoing reasons, the Court should deny Samsung's Motions *in Limine*.

[redacted]

Dated: May 12, 2025

Respectfully submitted,

/s/ Nathaniel Browand
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Andrew Lichtenberg
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]