**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC,<br>*Plaintiff*,<br>v.<br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br>*Defendants*. | Civil Action No. 2:23-cv-00427-JRG-RSP<br>[redacted] |

## JOINT FINAL PRETRIAL ORDER[1]

Pursuant to the First Amended Docket Control Order (Dkt. No. 69) and Rule 16 of the Federal Rules of Civil Procedure Plaintiff Empire Technology Development, LLC ("Empire") and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. ("Samsung") (each individually a "Party" and collectively the "Parties") submit this Joint Pretrial Order governing trial of this action. This Joint Pretrial Order is being submitted in advance of the Pretrial Conference scheduled for May 22, 2025. Jury selection is scheduled for June 23, 2025 and trial is scheduled to begin the same day.

This order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice. The parties reserve the right to seek leave to supplement or amend this Joint Pretrial Order based on the Court's forthcoming rulings, other subsequent events, or by agreement.

[1] Submissions which are agreed to by both Empire and Samsung are not highlighted. Submissions proposed by Empire that are not agreed to by Samsung are highlighted in green. Submissions proposed by Samsung that are not agreed to by Empire are highlighted in yellow. The parties have entered their objections, explanations, citations, and commentary in footnotes only.

## I. COUNSEL FOR THE PARTIES

### i. Plaintiff – Empire Technology Development, LLC

| | |
|---|---|
| Nathaniel Broward (admitted pro hac vice)<br>New York Bar No. 4349981<br>nbrowand@milbank.com<br>Christopher Gaspar (admitted pro hac vice)<br>New York Bar No. 2932762<br>cgaspar@milbank.com<br>Andrew Lichtenberg (admitted pro hac vice)<br>New York Bar No. 4881090<br>alichtenberg@milbank.com<br>Rachel Wolf (admitted pro hac vice)<br>rwolf@milbank.com<br>New York Bar No. 5857438<br>Leslie Irwin (admitted pro hac vice)<br>New York Bar No. 6060545<br>lirwin@milbank.com<br>Nicholas Fallah (admitted pro hac vice)<br>New York Bar No. 6090542<br>nfallah@milbank.com<br>MILBANK LLP<br>55 Hudson Yards<br>New York, New York 10001<br>(212) 530-5000 | Marina Markarian (Pro Hac Vice)<br>California State Bar No. 340686<br>MILBANK LLP<br>2029 Century Park East, 33rd Floor<br>Los Angeles, California, 90067<br>(424) 386-4000<br>mmarkarian@milbank.com<br><br>Elizabeth L. DeRieux<br>Texas Bar No. 05770585<br>ederieux@capshawlaw.com<br>CAPSHAW DERIEUX, LLP<br>114 E Commerce Ave.<br>Gladewater, TX 75647<br>Telephone: (903) 845-5770 |

### ii. Defendants – Samsung Electronics Co., LTD., and Samsung Electronics America, Inc., (collectively, "Samsung")

| | |
|---|---|
| Ryan K. Yagura<br>Texas Bar No. 24075933<br>ryagura@omm.com<br>Nicholas J. Whilt (*Pro Hac Vice*)<br>California State Bar No. 247738<br>nwhilt@omm.com<br>Brian M. Cook<br>California State Bar No. 266181<br>bcook@omm.com<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street, 18th Floor<br>Los Angeles, CA 90071<br>Telephone: 213-430-6000<br><br>Marc J. Pensabene (*Pro Hac Vice*) | Darin W. Snyder<br>California State Bar No. 136003<br>dsnyder@omm.com<br>Sorin G. Zaharia (*Pro Hac Vice*)<br>California State Bar No. 312655<br>szaharia@omm.com<br>O'MELVENY & MYERS LLP<br>Two Embarcadero Ctr. 28th Floor<br>San Francisco, CA 94111<br>Telephone: 415-984-8700<br><br>Cameron Westin (*Pro Hac Vice*)<br>California State Bar No. 290999<br>cwestin@omm.com<br>O'MELVENY & MYERS LLP |

| | |
|---|---|
| New York State Bar No. 2656361<br>mpensabene@omm.com<br>Laura Gore (*Pro Hac Vice*)<br>New York State Bar No. 5172879<br>lgore@omm.com<br>O'MELVENY & MYERS LLP<br>7 Times Square<br>New York, NY 10036<br>Telephone: 212-326-2000<br><br>Patric Reinbold (*Pro Hac Vice*)<br>D.C. Bar No. 90007388<br>preinbold@omm.com<br>O'MELVENY & MYERS LLP<br>1625 Eye Street, NW<br>Washington, DC 20006<br>Telephone: 202-383-5165 | 610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Telephone: 949-823-6900<br><br>Melissa R. Smith<br>Texas Bar No. 24001351<br>melissa@gillamsmithlaw.com<br>GILLAM & SMITH, LLP<br>303 South Washington Ave.<br>Marshall, TX 75670<br>Telephone: (903) 934-8450 |


## II. STATEMENT OF JURISDICTION

This action arises under the patent laws of the United States, including 35 U.S.C. § 1 et seq. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). For the purposes of this action only, the parties do not contest that this Court has personal jurisdiction over all parties. Likewise, for purposes of this action only, the parties do not contest that venue is proper in the United States District Court for the Eastern District of Texas, Marshall Division.

## III. NATURE OF ACTION

### i. Empire's Statement

This is a patent infringement case arising under the patent laws of the United States. Empire alleges that Samsung infringes claims 25 and 29 of U.S. Patent No. 8,798,120 (the "**'120 Patent**") and claims 1 and 5 of U.S. Patent No. 8,565,331 (the "**'331 Patent,**" collectively, the "Asserted Patents"). Empire alleges that Samsung's infringement is willful and seeks money damages, as well as all equitable relief.

**ii. Samsung's Statement**

Samsung denies that Empire has standing to assert either of the Asserted Patents. Samsung also denies that it is infringing or has infringed the Asserted Patents. Samsung further denies that any alleged infringement was willful. Samsung denies that Empire is entitled to any money damages or other relief.

## IV. CONTENTIONS OF THE PARTIES

By providing the following below contentions, the parties do not concede that any of the following issues are appropriate for trial (at all or to a jury). The parties also do not waive any of their pending motions.

**i. Empire's Contentions**

1. Empire contends that Samsung has directly infringed, literally and/or under the doctrine of equivalents, claims 25 and 29 of U.S. Patent No. 8,798,120 (the "'120 Patent") by making, using, offering to sell, and importing into the United States the Accused Products, without authority or license.

2. "Accused Products" includes Samsung's Galaxy S20 series, S21 series, S22 series, S23 series, S24 series, and S25 series phones; Samsung's Galaxy S10 5G series phones; Samsung's Galaxy A 5G series phones; Samsung's Galaxy Z Flip series phones; Samsung's Galaxy Note series phones; Samsung's Galaxy Z Fold series phones; Samsung's Galaxy Xcover6 Pro phones; and Samsung's Galaxy Tab series tablets. Empire contends that Samsung has directly infringed, literally and/or under the doctrine of equivalents, claims 1 and 5 of U.S. Patent No. 8,565,331 (the "'331 Patent") by making, using, offering to sell, and importing into the United States the Accused Products, without authority or license.

3. Empire contends that Samsung indirectly infringes claims 25 and 29 of the '120 Patent, and claims 1 and 5 of the '331 Patent, under 35 U.S.C. § 271(b), including by knowingly

encouraging or aiding third parties to make, use, sell or offer to sell the Accused Products in the United States, or to import Accused Products into the United States, and/or by supplying or causing to be supplied Samsung accused products in or from the United States, without license or authority from Empire, with knowledge of or willful blindness to the fact that Samsung's actions induce others to directly infringe the '120 and '331 Patents.

4. Empire contends that Samsung is contributorily infringing claims 25 and 29 of the '120 Patent, and claims 1 and 5 of the '331 Patent, under 35 U.S.C. § 271(c), including by selling, offering to sell, and/or importing into the United States the Accused Products for use in infringing the '120 and '331 Patents, constituting a material part of the invention, knowing the Accused Products to be especially made or especially adapted for use in infringing the '120 and '331 Patents. None of the Accused Products is a staple article or commodity of commerce suitable for substantial non-infringing use.

5. Empire contends that it has been damaged by Samsung's conduct and is entitled to damages adequate to compensate for Samsung's infringement, but in no event less than a reasonable royalty. Empire also contends that it is entitled to pre-judgment interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

6. Empire contends that Samsung's infringement has been willful, entitling Empire to enhanced damages pursuant to 35 U.S.C. § 284.

7. Empire contends that this is an exceptional case under 35 U.S.C. § 285, entitling Empire to an award of reasonable attorneys' fees.

8. Empire contends that Samsung's affirmative defenses are without merit. Empire further contends that any affirmative defenses that have not been specifically pled by Samsung in

its Answer, or that have not been supported factually by Samsung in its discovery responses and/or expert reports, have been waived.

9. Empire contends that it is not barred in whole or in part from recovering damages under 35 U.S.C. § 287 due to an alleged failure to mark.

10. Empire contends that Empire's claims of patent infringement under the doctrine of equivalents are not barred by the doctrine of prosecution history estoppel.

11. Empire contends that Empire's claims of patent infringement under the doctrine of equivalents are not barred by the doctrine of ensnarement.

12. Empire contends that it is not barred or limited from recovery by the equitable doctrines of waiver, estoppel, acquiescence, patent misuse, laches, and/or unclean hands.

13. Empire contends that it is not barred or limited from recovery by license, exhaustion, or extraterritoriality.

14. Empire contends that it is not barred or limited from recovery by an alleged lack of standing to bring the litigation.

15. Empire contends that it is not barred or limited from recovery based on the Accused Products having alleged substantial non-infringing uses.

16. Empire contends that Samsung is not entitled to any relief sought by its counterclaims.

17. Empire contends that Samsung is not entitled to any fees or costs, including attorneys' fees, expert's fees, costs, or expenses incurred in this action. Empire also asserts that Samsung is not entitled to an exceptional case finding pursuant to 35 U.S.C. § 285.

18. To the extent not already addressed above, Empire disagrees with Samsung's contentions.

**ii. Samsung's Contentions**

1. Samsung denies each of Empire's contentions.

2. Samsung contends that Empire has no standing to assert either of the Asserted Patents.

3. Samsung denies that it infringes any of the asserted claims of the Asserted Patents, directly or indirectly.

4. Samsung contends that Empire has not sufficiently alleged that Samsung contributorily infringes any of the asserted claims of the Asserted Patents.

5. Samsung contends that Empire is not entitled to any damages, including any interest, sought under 35 U.S.C. § 284.

6. Samsung contends that even if infringement of any asserted claims of the Asserted Patents is found, Empire's proposed royalty is unreasonable, excessive, and unsupported.

7. Samsung contends that even if infringement of any asserted claims of the Asserted Patents is found, such infringement was not willful, and Empire is not entitled to enhanced damages under 35 U.S.C. § 284.

8. Samsung contends that Empire is not entitled to any attorneys' fees under 35 U.S.C. § 285.

9. Samsung contends that Empire is not entitled to any costs.

10. Samsung contends that this is an exceptional case warranting an award of Samsung's attorneys' fees and costs, and any other relief the Court deems appropriate.

## V. STIPULATIONS AND UNCONTESTED FACTS

**i. Stipulations**

1. The parties will continue to meet and confer to attempt to resolve their objections to deposition designations, witnesses, and exhibits, and to identify additional potential stipulations,

and will supplement these stipulations to the extent that additional stipulations are agreed by the parties.

2. The parties propose that the Court present a tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.

3. The parties agree that written answers to interrogatories and requests for admission or stipulations agreed to in this case shall be treated by the opposing party as having been given under oath, whether or not the answers were signed or verified by the party making them.

4. The parties agree not to introduce any evidence, testimony, or argument referring to any resolution, agreement, investigation, or lawsuit between a party's law firm and the Administration.

5. All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing. Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions. The parties reserve their right to seek reasonable extensions of these deadlines, subject to the Court's approval.

6. The parties agree to the following procedure that will govern the disclosure of witnesses, exhibits, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

7. Notification of Live Witnesses

a. A Party will provide a list of witnesses the party intends to call for direct examination, the order the party expects to call the witnesses, and the

method of testimony (i.e., live or deposition) by **7:00 p.m. CT** two (2) days **before** they are expected to testify. Any objections to a witness will be provided no later than **8:00 p.m. CT** the day before they are expected to testify. The parties are to meet and confer to resolve any objections by **9:00 p.m. CT** the day before the witness is expected to testify.

b. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections, the parties will provide a joint email to the Court on any remaining disputes by **10:00 p.m. CT** that same day and the objecting Party will raise the objections with the Court the following morning. The joint email will include the expected order of witnesses for the following day.

c. Fact witnesses will be sequestered so that they cannot hear other witnesses' testimony pursuant to Federal Rule of Evidence 615. This stipulation does not apply to a party's client representative.

8. Opening Statement

a. The Parties shall identify and exchange demonstrative exhibits to be used in opening statements by **3:00 p.m. CT** the day before opening statements. The producing Party shall provide electronic copies of opening demonstratives, and for tangible demonstrative objects, may choose to allow for physical inspection of the opening demonstrative in lieu of providing a duplicate object. The Parties shall exchange any objections to such demonstrative exhibits and trial exhibits to be used in opening

statements by **4:00 p.m. CT** on the day they are exchanged and shall promptly meet and confer on any such objections by **5:00 p.m. CT** on the day they are exchanged. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections, the parties will provide a joint email to the Court on any remaining disputes by **8:00 p.m. CT** on the day before openings so they can be addressed with the Court the morning of the opening statements.

b. This provision does not apply to demonstrative exhibits created during opening statements, which do not need to be provided to the other side in advance of their use.

c. No party can use any of the other party's disclosed demonstratives in its opening statement presentation before the disclosing party has used it in its own opening statement.

d. The parties agree that any exhibit listed on the joint exhibit list or either party's exhibit list as to which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial. The parties agree to meet and confer to the extent objections remain pending to attempt to resolve any such objections so that exhibits may be used during opening statements or objections can be resolved by the Court.

e. The parties agree that demonstratives the parties intend to use at trial do not need to be included on the joint or party exhibit lists, including the exhibit lists exchanged for pretrial disclosures and the final joint and party exhibit lists. The parties otherwise reserve all rights to object to any demonstrative.

9. Exhibits

a. A party will provide a list of exhibits to be used in connection with direct examination (whether live or by deposition), including indicating with which witness the exhibit will be used by **7:00 p.m. CT** the day before their intended use, and the objections will be provided no later than **8:00 p.m. CT** the day before their intended use. The parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the exhibits' intended use.

b. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections, the parties will provide a joint email to the Court on any remaining disputes by **10:00 p.m. CT** that same day and the objecting Party will raise the objections with the Court no later than the morning of the day the exhibit will be used, before trial begins or resumes.

c. Each party may use an exhibit that is preadmitted, whether it is listed on the joint exhibit list or on either party's exhibit list.

d. Each Party may use an exhibit that is listed on the other Party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted, may be used by either

party with any witness, including an expert witness, for any proper purpose in accordance with the Federal Rules of Evidence. The listing of an exhibit by a Party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence. In other words, a Party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

e. A Party's failure to introduce any exhibit appearing on its list shall not be commented on during trial. However, this does not preclude a party from commenting on an exhibit used by the other side in opening but not introduced at trial.

f. The Parties agree that exhibits to be used or offered into evidence solely for impeachment need not be included on the above-referenced exchanged lists of trial exhibits.

g. The Parties agree that they will not pre-exchange or identify exhibits to be used with any witness on cross examination. Documents, deposition transcripts, or portions thereof, or other items, not specifically identified on the parties' Exhibit Lists or offered into evidence, may still be used at trial for purposes of cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

h. A legible copy of an exhibit may be offered and received into evidence in lieu of the original, unless a genuine question is raised as to the authenticity

of the original, or in circumstances where it would be unfair to admit the copy in lieu of the original.

i. Legible copies of U.S. patents, and the contents of associated file histories, may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to admissibility of certified copies.

j. For exhibits that are Excel spreadsheets, PowerPoint presentations, images, video files, or other electronic files, the parties may use electronic versions of such exhibits in their native format.

k. The Parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

l. The Parties will use their best efforts to ensure that only one copy of a document is admitted into evidence. The parties agree that other versions of exhibits listed in the parties Exhibit Lists that have been produced, cited, considered, or marked during the course of this litigation may be substituted for versions of exhibits listed therein with otherwise substantively identical documents.

10. Demonstratives

a. Demonstrative exhibits are those that do not go back to the jury room. Empire's demonstrative exhibits will be identified by numbers prefixed with "PDX." Samsung's demonstrative exhibits will be identified by numbers prefixed with "DDX."

b. A Party will provide demonstrative exhibits to be used in connection with direct examination, including indicating with which witness the exhibit will be used by **7:00 p.m. CT** the day before their intended use, and the objections will be provided no later than **8:00 p.m. CT** the day before their intended use. The Parties are to meet and confer to resolve any objections at **9:00 p.m. CT** the day before the demonstratives' intended use.

c. To the extent good faith efforts to resolve objections fail and there are additional unresolved objections, the parties will provide a joint email to the Court on any remaining disputes by **10:00 p.m. CT** and the objecting Party will raise the objections with the Court no later than the morning of the day the demonstrative will be used, before trial begins or resumes.

d. Demonstratives exchanged will not be used by the receiving Party prior to being used by the disclosing Party. The Parties need not disclose any demonstratives to be used for cross examination or impeachment.

e. A Party seeking to use a demonstrative exhibit shall provide a color (if the original exhibit is in color) representation of the demonstrative in PDF format to the other side. For videos or animations, the Party seeking to use the demonstrative exhibit shall provide it to the other side in digital

interactive format, including, as applicable, flash format, PPT format, MPG, or other video format. For irregularly sized physical demonstrative exhibits, the Party seeking to use it shall provide a color representation in PDF format, indicating to the other Party its intended physical size at trial.

f. The Parties agree that notice of a Party's intended use of blowups (enlargements) of admitted exhibits and of highlighting or "real-time" marking up of such exhibits are not demonstratives and need not be given or exchanged, subject to the rules governing disclosure of the underlying exhibit as set forth above.

11. Deposition Testimony

a. For witnesses who will be presented by deposition, the Parties will provide a list of any deposition designations the Party intends to present from previously exchanged designations by **7:00 p.m. CT** three (3) days before the designation is to be read or played. To the extent not already admitted, such list shall also identify all exhibits the Party seeks to introduce through deposition designations. Counter-designations and objections to the designations are due by **7:00 p.m. CT** two (2) days before the deposition testimony is to be played, including an identification of all exhibits not already admitted and sought to be introduced through the counter-designations. Objections to counter-designations are due **at 8:00 p.m. CT** two (2) days before the deposition testimony it to be played, and the Parties will meet and confer by **9:00 p.m. CT** two (2) days before the deposition testimony is to be played to resolve objections. Any unresolved objections

must be emailed to the Court's law clerks, along with a copy of the relevant portions of deposition transcript, by **10:00 p.m. CT** two calendar days before the deposition will be played, to permit the Parties to address any such objections with the Court the next morning (i.e., the day before the testimony is to be played).

b. The Party introducing the deposition testimony will be responsible for editing the deposition video to include the testimony and any counter-designations, without any attorney objections or colloquy. The Party introducing the deposition testimony must also provide the opposing Party by **7:00 p.m. CT** the day before the deposition testimony is to be played, a final "clip report" of all deposition designations and counter-designations to be played that includes an estimate of the time required to play the clips, as well as a final version of the actual video recordings to be played (or testimony to be read), including all designations and counter designations included sequentially (i.e., in the order that they appeared at the deposition), regardless of who designated the testimony. Each party reserves the right to use deposition designations from the other party's designations, even if not separately listed on its own list. Additionally, the parties agree that for depositions that involved a translator, the following would be played in the video to the jury: question (in English), answer (in Korean), and translated answer (in English).

c. Deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony.

d. The Parties shall cooperate in good faith to prepare the designated portions of the depositions for presentation at trial. The time available for the designating Party's trial presentation shall be reduced by the length of its designations actually played or read at trial but shall not be reduced by the length of counter-designations identified by the opposing Party. Instead, counter-designations will count against the time available for the counter-designating Party.

e. If any designated portions of deposition testimony to be presented at trial have been amended or corrected via errata, the party offering the errata must present the corresponding portions of the errata immediately after such deposition testimony is presented.

f. In order to reduce the number of duplicative exhibits, where a deposition excerpt references a document by deposition exhibit number and that identical document was also marked as a different exhibit number for use at trial, a party may substitute the trial exhibit for the deposition exhibit.

g. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose. Deposition testimony used for impeachment purposes does not need to be disclosed prior to its use. When a party uses deposition testimony for impeachment, the party may elect to either play the deposition testimony by video or to read the deposition testimony live

(in either case the transcript may be displayed to the jury), unless the Court orders otherwise.

12. Closing Argument: The Parties will not exchange demonstratives to be used in closing.

13. Handling of Confidential Material and Source Code: The parties agree to request that the courtroom be sealed when a party's or non-party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information, is expected to be presented. The Protective Order (Dkt. 25) and Supplemental Protective Order (Dkt. 39) apply to sealed pre-trial and trial proceedings.

14. Shared Electronic Versions of Displays: The parties agree to provide electronic PDF versions of demonstratives displayed to the jury as soon as practicable.

15. Notice of Intent to Rest: A party will provide to the Court and the other party a good-faith notice that it expects to rest by **5:00 p.m. CT** or before leaving court, whichever is later, the day before that party expects to rest and a good-faith estimate of how much additional trial time the party expects to use before resting.

16. Witness Binders: The parties agree that there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide at the same time at least one copy to each of the opposing side, the Court, and the court reporter.

17. Juror Notebooks: The parties agree that jurors shall be permitted to take handwritten notes in the provided Juror Notebooks during the presentations of the parties and that jurors be permitted to bring these notes into the deliberation room. The parties propose that jurors be instructed not to exchange or share their notes with other jurors (though they may discuss the

contents of their notes during deliberations) and that the juror's notes be collected by the clerk each evening after the jury has been excused, and collected and destroyed without review after the jury is discharged. Twelve (12) copies of an agreed juror notebook which will contain lined witness sheets with names, titles, and color photos, a copy of any agreed-upon documents (including the asserted patents), a legal pad, a non-clicking pen, and a highlighter will be delivered to the Court by Empire before jury selection.

18. The parties request that during the pendency of the trial, counsel be permitted to move, and the Court admit, if appropriate, evidence, following use of the evidence, to the extent not admitted at the time of use. To clarify, this provision shall apply only to trial exhibits, properly admissible under the Federal Rules of Evidence, and about which a witness has referenced and specifically provided testimony, and which were disclosed to the other side prior to such testimony pursuant to the stipulations above.

19. The parties agree that a single attorney will handle each witness, regardless of the scope and number of issues on which that witness testifies. For example, if an expert witness is addressing infringement of both asserted patents, only one attorney will be allowed to cross examine that witness.

20. The parties will share any courtroom audio-visual equipment.

**ii. Uncontested Facts**

1. U.S. Patent No. 8,798,120 (the "'120 Patent"), titled "Methods and Communications Systems Having Adaptive Mode Selection," was issued on August 5, 2014.

2. The provisional application to which the '120 Patent claims priority, Application No. 61/161,166, was filed on March 18, 2009.

3. The application for the '120 Patent, Application No. 12/727,049, was filed on March 18, 2010.

4. U.S. Patent No. 8,565,331 (the "'331 Patent"), titled "Inserting and Decoding Replicated Data Symbols in Wireless Communications," was issued October 22, 2013.

5. The application for the '331 Patent, Application No. 12/999,029, was filed on August 20, 2010.

## VI. CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues of fact and law that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, it is expressly designated as such, and vice versa. The parties do not waive any of their pending or anticipated motions, and each party incorporates by reference the contested issues raised in its respective pending motions. The parties reserve the right to identify additional factual or legal issues that may arise, including issues raised in any motions *in limine*.

### i. Empire's Statement of Contested Issues of Fact and Law

1. Whether Samsung has infringed claims 25 and 29 of the '120 Patent.

2. Whether Samsung has infringed claims 1 and 5 of the '331 Patent.

3. Whether Samsung has willfully infringed any claim of the Asserted Patents.

4. Whether Empire is entitled to the damages it seeks, including for past infringement, prejudgment interest, post-judgment interest, supplemental damages, and costs.

5. Whether Empire is entitled to a post-trial award of ongoing royalties.

6. Whether Empire is entitled to enhanced damages under 35 U.S.C. § 284 and, if so, the amount of enhancement.

7. Whether this case is exceptional under 35 U.S.C. § 285 and, if so, whether Empire is entitled to attorneys' fees or costs.

**ii. Samsung's Statement of Contested Issues of Fact and Law**

1. Whether Empire has proved by a preponderance of the evidence that it has standing to assert the '120 Patent.[2]

2. Whether Empire has proved by a preponderance of the evidence that it has standing to assert the '331 Patent.

3. Whether Empire has proved by a preponderance of the evidence that Samsung has infringed the Asserted Claims of the '120 Patent.

4. Whether Empire has proved by a preponderance of the evidence that Samsung has infringed the Asserted Claims of the '331 Patent.

5. Whether Empire has proved by a preponderance of the evidence that Samsung has willfully infringed the Asserted Claims of the '120 Patent.

6. Whether Empire has proved by a preponderance of the evidence that Samsung has willfully infringed the Asserted Claims of the '331 Patent.

---

[2] Empire: "The issue of standing is one for the Court, not the jury." *Headwater Research LLC v. Samsung Elecs. Co. Ltd.*, No. 2:23-CV-00103-JRG-RSP, 2025 WL 1164725, at *1 (E.D. Tex. Mar. 31, 2025); *see also DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1291 (Fed. Cir. 2008) ("DDB has no right to a jury trial on the issue of standing[.]"); *PerDiemCo, LLC. v. IndusTrack LLC*, No. 2:15-CV-00727-JRG-RSP, 2016 WL 6534524, at *8 (Oct. 18, 2016) ("The Court is unaware of a decision in which a factual dispute raised by a pre-trial 12(b)(1) motion was resolved by the jury when the factual dispute was not intertwined with the merits of the case."). Empire submits that there is no genuine dispute on the issue of standing and thus no need for a bench trial on this issue for the reasons stated in its Opposition (Dkt. 124) and Sur-Reply (Dkt. 161).

Samsung: Authority: *See Force MOS v. ASUSTeK*, No. 2:22-cv-00460-JRG, Dkt. 358 (Feb. 13, 2025) (sending patent ownership-related standing issue to the jury); Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1350 (4th ed.) ("[T]he judge has discretion to impanel a jury or refer the question [of standing] to a master.").

7. If Empire has standing to sue on the Asserted Patents and the asserted claims are infringed, the dollar amount of damages to which Empire is entitled, if any, including whether it is entitled to any pre-judgment and post-judgment interest, and if so, what amount.

8. Whether this case is an exceptional case entitling Samsung to attorney's fees, costs and other appropriate relief, and, if so, the amount of attorney's fees, costs and other relief.

## VII. WITNESS LISTS

**i. Empire's Witness List – EXHIBIT 1**

**ii. Samsung's Witness List – EXHIBIT 2**

## VIII. EXHIBIT LISTS

The parties continue to meet and confer regarding the preparation of a joint exhibit list. Empire's Exhibit List with Samsung's objections is attached as **EXHIBIT 3**. Samsung's Exhibit List with Empire's objections is attached as **EXHIBIT 4**.

## IX. DEPOSITION DESIGNATIONS

**i. Empire's Deposition Designations, Samsung's Counter Deposition Designations, Empire's Counter-Counter Deposition Designations, and the Parties' respective objections – EXHIBIT 5**

**ii. Samsung's Deposition Designations, Empire's Counter Deposition Designations, Samsung's Counter-Counter Deposition Designations, and the Parties' respective objections – EXHIBIT 6**

## X. PROPOSED JURY INSTRUCTIONS

Proposed Jury Instructions are attached as **EXHIBIT 7**.

## XI. JOINT PROPOSED VERDICT FORM – EXHIBIT 8

## XII. LIST OF ANY PENDING MOTIONS

| No. | PENDING MOTIONS | ECF Nos. |
|---|---|---|
| | **Empire's Pending Motions** | |

| | | |
|---|---|---|
| 1 | Empire's Motion to Strike and *Daubert* the Opinions of Samsung's Expert Sundeep Rangan | 97 |
| 2 | Empire's Motion to Strike and *Daubert* the Opinions of Samsung's Damages Expert Ambreen Salters | 98 |
| 3 | Empire's Motions *in Limine* | 169 |
| | **Samsung's Pending Motions** | |
| 1 | Samsung's Motion to Strike Empire's Second Amended Infringement Contentions | 92 |
| 2 | Samsung's Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 8,798,120 | 99 |
| 3 | Samsung's Motion for Partial Summary Judgment of No Pre-Suit or Post-Suit Willful Infringement | 100 |
| 4 | Samsung's Motion to Dismiss Empire's Complaint for Lack of Standing | 101 |
| 5 | Samsung's Motion to Strike and Exclude Portions of Empire's Expert Reports of Dr. Robert Akl | 102 |
| 6 | Samsung's Motion to Strike and Exclude Opinions of Empire's Expert Dawn Rice Hall | 103 |
| 7 | Samsung's Motion for Leave to File a Supplemental Motion to Strike and Exclude Portions of the Expert Report of Dr. Robert Akl | 145 |
| 8 | Samsung's Supplemental Motion to Strike and Exclude Portions of the Expert Report of Dr. Robert Akl | 146 |
| 9 | Samsung's Motions *in Limine* | 170 |
| 10 | Samsung's Motion for Leave to File Reply in Support of Defendants' Motion for Leave to File a Supplemental Motion to Strike and Exclude Portions of the Expert Report of Dr. Robert Akl | 176 |

## XIII. ESTIMATED LENGTH OF TRIAL

The parties propose the jury trial be limited to 24 hours (exclusive of voir dire, opening and closing), with 12 hours for each side. The parties propose 30 minutes each for voir dire, 30

minutes each for opening statements, and 45 minutes each for closing statements, with Empire being allowed to reserve no more than [20] [15] minutes for rebuttal closing.

## XIV. ADDITIONAL MATTERS FOR CONSIDERATION AT THE PRETRIAL CONFERENCE

The Parties request that the pending motions listed above be heard at or before the Pretrial Conference, as they would directly impact the trial.

## XV. CERTIFICATIONS

The undersigned counsel for each side of the parties in this action do hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;

3. Each exhibit in the List of Exhibits herein:

   a. is in existence;

   b. is numbered; and

   c. has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff: *<u>/s/ Nathaniel Browand</u>*

Attorneys for Defendants: *<u>/s/ Marc J. Pensabene</u>*

Dated: May 12, 2025

Respectfully submitted,

*<u>/s/ Nathaniel Browand</u>*
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)

New York Bar No. 2932762
Andrew Lichtenberg
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Leslie Irwin (admitted pro hac vice)
New York Bar No. 6060545
Nicholas Fallah (admitted pro hac vice)
New York Bar No. 6090542
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
lirwin@milbank.com
nfallah@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

Dated: May 12, 2025

Respectfully submitted,

*<u>/s/ Marc J. Pensabene</u>*
Ryan K. Yagura

Texas Bar No. 24075933
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
Brian Cook (*Pro Hac Vice*)
California State Bar No. 266181
bcook@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900

Darin W. Snyder
California State Bar No. 136003
dsnyder@omm.com
Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700

Patric Reinbold (*Pro Hac Vice*)
D.C. Bar No. 90007388
preinbold@omm.com

**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: 202-383-5165

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450

Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

*/s/ Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]