[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00427-JRG-RSP<br><br>JURY TRIAL DEMANDED<br><br>[redacted]<br><br>**PUBLIC VERSION** |

**DEFENDANTS' OPPOSITION TO EMPIRE'S MOTIONS *IN LIMINE***

**TABLE OF CONTENTS**

1. Response to MIL No. 1: Exclude Evidence, Argument, or Mention of [redacted] or Any Alleged Lack of Standing to File Suit. .... 1

2. Response to MIL No. 2: Exclude Undue Emphasis on Evidence, Argument, or Suggestion that the Patents-in-Suit Are Not Valuable Based on Empire's Corporate Structure. ..................... 4

3. Response to MIL No. 3: Exclude Evidence, Testimony, or Argument Regarding the Term "Replicated Data" or Any Other Unconstrued Term Having a Special, Limited Meaning that Departs from the "Plain and Ordinary" Meaning. ............................................................. 6

4. Response to MIL No. 4: Exclude Evidence and Arguments Regarding an Expert's Testimony in Previous Cases. .......................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Allergan, Inc. v. Sandoz, Inc.*,
No. 2:12-cv-00207-JRG (E.D. Tex. Oct. 7, 2016) ........ 7

*Baker v. City of McKinney, Texas*,
608 F. Supp. 3d 457 (E.D. Tex. 2022) ........ 1

*Biopolymer Eng'g, Inc. v. Immudyne, Inc.*,
No. 05-2972, 2009 WL 2916847 (D. Minn. Sept. 4, 2009) ........ 3

*CXT Sys., Inc. v. Academy, Ltd.*,
No. 2-18-cv-00171-RWS-RSP (E.D. Tex. Jan. 27, 2020) ........ 7, 8

*Davis v. Alaska*,
415 U.S. 308 (1974) ........ 10

*Denbury Onshore, LLC v. Christensen*,
No. 14-CV-19-ABJ, 2015 WL 11023559 (D. Wyo. May 11, 2015) ........ 2

*Force MOS Tech. v. ASUSTek*,
No. 2:22-CV-00460-JRG (E.D. Tex. Feb. 4, 2025) ........ 3

*Fox v. Tyson Foods, Inc.*,
No. CV-99-1612-VEH, 2007 WL 9751563 (N.D. Ala. Oct. 17, 2007) ........ 1

*Fractus v. AT&T*,
No. 2:18-cv-00135-JRG (E.D. Tex. Sept. 30, 2019) ........ 7

*G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.*,
No. 2:22-cv-78-JRG (E.D. Tex. Dec. 5, 2023) ........ 5, 6

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
318 F. Supp. 1116 (S.D.N.Y. 1970) ........ 5

*Hanson v. Alpine Valley Ski Area, Inc.*,
718 F.2d 1075 (Fed. Cir. 1983) ........ 4

*Harty v. YDB Three Lakes, L.C.*,
No. 09-61386-CIV, 2010 WL 2634443 (S.D. Fla. June 30, 2010) ........ 1, 2

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
No. 2:16-cv-00052-JRG-RSP, 2017 WL 4070592 (E.D. Tex. Aug. 19, 2017) ........ 8, 9

*Huawei Techs. Co. Ltd. v. Verizon Comm'ns, Inc.*,
No. 2:20-CV-00030-JRG (E.D. Tex. July 2, 2021) ........ 7

*Kern v. Hershberger*,
No. 4:09-CV-264, 2010 WL 11531096 (E.D. Tex. Sept. 3, 2010) ........ 1, 7

*Louzon v. Ford Motor Co.*,
718 F.3d 556 (6th Cir. 2013) ........ 1

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009) ........ 4

## TABLE OF AUTHORITIES
## (continued)

*Natural Res. Def. Council v. Rodgers*,
No. CIV-S-88-1658 LKK, 2005 WL 1388671 (E.D. Cal. 2005) .............................................. 1

*Navarro v. Hamilton*,
No. 5:16-CV-1856 CAS (SPx), 2018 WL 4156603 (C.D. Cal. Aug. 27, 2018) ........................ 1

*Provident Life & Accident Ins. Co. v. Adie*,
176 F.R.D. 246 (E.D. Mich. 1997) .......................................................................................... 1

*Scottsdale Ins. Co. v. McGrath*,
No. 19-cv-7477 (LJL), 2024 WL 4434943 (S.D.N.Y. Oct. 7, 2024) ........................................ 4

*Sigma Tool & Mach. v. Nagayama Elec. Indus. Co., Ltd.*,
No. 00–2936(RWR), 2002 WL 34354482 (D.D.C. Dec.18, 2002) ........................................... 1

*Smartflash v. Apple*,
No. 6:13-CV-447-JRG-KNM, 2015 WL 11072177 (E.D. Tex. Feb. 3, 2015).......................... 3

*Torah Soft Ltd. v. Drosnin*,
No. 00 Civ. 0676(JCF), 2003 WL 22024074 (S.D.N.Y. Aug. 28, 2003) .................................. 1

*United States v. Abel*,
469 U.S. 45 (1984)................................................................................................................. 10

*United States v. Bao*,
189 F.3d 860 (9th Cir. 1999) ................................................................................................. 11

*United States v. Hale*,
422 U.S. 171 (1975)............................................................................................................... 11

*United States v. Sumlin*,
956 F.3d 879 (6th Cir. 2020) ................................................................................................. 10

**Other Authorities**

1 McCormick on Evid. § 39 (8th ed. Westlaw Jan. 2020 Update) .............................................. 10

3A Wigmore, Evidence § 940 (Chadbourn rev. 1970))............................................................. 10

4 Jack Weinstein & Margaret Berger, Weinstein's Federal Evidence § 607.04[1] (2d ed. 1997) 10

[redacted]

**1. Response to MIL No. 1: Exclude Evidence, Argument, or Mention of [redacted] or Any Alleged Lack of Standing to File Suit.**

Empire's MIL No. 1 is an untimely summary judgment motion in disguise and should be denied on that basis alone. The deadline to file dispositive motions expired nearly two months ago. Dkt. 69 (Docket Control Order) at 3. This Court, along with many others, disapproves of using motions *in limine* that untimely ask the court to resolve factual disputes, weigh evidence, or otherwise diverge from their intended purpose—"to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Baker v. City of McKinney, Texas*, 608 F. Supp. 3d 457, 461 (E.D. Tex. 2022). The court in *Kern v. Hershberger* rejected such a motion, stating that "*Daubert* motions, although disguised as motions in limine, are not timely." No. 4:09-CV-264, 2010 WL 11531096, at *2 (E.D. Tex. Sept. 3, 2010). Similarly, in *Harty v. YDB Three Lakes, L.C.*, the court summarily dismissed a party's "attempts to make summary judgment arguments in the guise of a motion in limine, [] [f]or example, [an] attack[] [on] standing." No. 09-61386-CIV, 2010 WL 2634443, at *5 (S.D. Fla. June 30, 2010). In denying the motion, the *Harty* court correctly stated that "[t]hese issues must be litigated." *Id.* Numerous courts nationwide have similarly denied such untimely, procedurally improper motions cloaked as motions *in limine*.[1]

[1] *E.g.*, *Navarro v. Hamilton*, No. 5:16-CV-1856 CAS (SPx), 2018 WL 4156603, at *4 (C.D. Cal. Aug. 27, 2018) ("A motion in limine that is 'no more than a rephrased summary-judgment motion . . . should not be considered.'") (quoting *Louzon v. Ford Motor Co.*, 718 F.3d 556, 563 (6th Cir. 2013)); *Torah Soft Ltd. v. Drosnin*, No. 00 Civ. 0676(JCF), 2003 WL 22024074, at *4 (S.D.N.Y. Aug. 28, 2003) ("inappropriate" for party to "seek what is effectively partial summary judgment in the guise of a motion in limine"); *Sigma Tool & Mach. v. Nagayama Elec. Indus. Co., Ltd.*, No. 00–2936(RWR), 2002 WL 34354482, at *2 (D.D.C. Dec.18, 2002) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence."); *Provident Life & Accident Ins. Co. v. Adie*, 176 F.R.D. 246, 250 (E.D. Mich. 1997) (motion in limine cannot be used as substitute for motion for summary judgment); *Natural Res. Def. Council v. Rodgers*, No. CIV-S-88-1658 LKK, 2005 WL 1388671, *1 n.2 (E.D. Cal. 2005) ("Motions in limine address evidentiary questions and are inappropriate devices for resolving substantive issues."); *Fox v. Tyson Foods, Inc.*, No. CV-99-1612-VEH, 2007 WL 9751563, at *1 (N.D. Ala. Oct. 17, 2007) ("However, an issue that is proper for a motion for summary judgment may not be raised in a motion in limine."); *Denbury*

[redacted]

Here too, Empire's Motion *in Limine* No. 1 improperly seeks to have the Court weigh the evidence and effectively dispense with the trial on the issue of standing. Mot. at 1-2. While Samsung filed a motion to dismiss for lack of standing, currently pending (Dkt. 101), Empire opted ***not*** to file a summary judgment motion on the issue (*i.e.*, seeking a finding that it did have standing) and should not be allowed to do so belatedly under the guise of a motion *in limine*. Empire's claim that "[o]nce this Court determines standing, [redacted] would be of no probative value" is fundamentally flawed. Mot. at 1. Even if the Court denies Samsung's motion to dismiss, that does not mean the Court found Empire had standing. Rather, the Court may deny Samsung's motion based on unresolved factual issues necessitating jury deliberation, in which case Samsung's standing defense should be heard by the jury.[2] *See* Dkt. 16 (Answer) ¶ 122. Empire's late "attack[] [on] standing" is inappropriate at the motions *in limine* stage and cannot shortcut the trial process. *Harty*, 2010 WL 2634443, at *5.

Empire's further statement that [redacted] "is irrelevant to the issues of infringement, validity, and damages" is a red herring, for the same reason. Mot. at 1. Even if Samsung's motion to dismiss is denied, standing may remain a live issue for jury adjudication. [redacted], along with other evidence regarding standing, is highly probative to that issue and should not be excluded. *See Harty*, 2010 WL 2634443, at *5. Moreover, even if standing was not an issue in the case, the fact that [redacted] is certainly probative of the value of that patent.

The case *Smartflash v. Apple*, cited by Empire, is distinguishable. No. 6:13-CV-447-JRG-

---

*Onshore, LLC v. Christensen*, No. 14-CV-19-ABJ, 2015 WL 11023559, at *3 (D. Wyo. May 11, 2015) ("The motion in limine . . . is not a vehicle to bring a dispositive motion.").

[2] To be clear, Samsung believes there are no issues of material fact on the issue of standing and the Court should grant its motion to dismiss, finding Empire lacks standing and Samsung is entitled to judgment as a matter of law. Dkt. 101.

[redacted]

KNM, 2015 WL 11072177 (E.D. Tex. Feb. 3, 2015); Mot. at 2. Contrary to Empire's contention, that case hardly involved "similar circumstances." *Id.* Instead, there the defendant raised the standing issue "for the first time" in opposing the motion. *Smartflash*, 2015 WL 11072177 at *1. Here, however, Samsung asserted a lack of standing defense in its Answer and Empire has not moved to dismiss or strike it, nor for summary judgment on the issue. *See* Dkt. 16 ¶ 122. Thus, if Samsung's motion to dismiss is denied, the issue should be adjudicated by the jury.

Other courts have consistently assigned juries the task of determining factual standing issues, and rejected motions in *limine* that attempted to bypass the trial process. For example, in *Biopolymer Eng'g, Inc. v. Immudyne, Inc.*, the plaintiff, similar to Empire here, moved in *limine* "to preclude [the defendant] from denying that [the plaintiff] is the owner or exclusive licensee of the patents in suit." No. 05-2972, 2009 WL 2916847, at *1 (D. Minn. Sept. 4, 2009). The court denied the motion, emphasizing that the plaintiff "bears the burden of demonstrating that it has standing to sue [defendant] for patent infringement," and deferred the matter to trial. *Id.* at *2.

This Court has also sent the standing issue to the jury in past cases, most recently in *Force MOS Tech. v. ASUSTek*, No. 2:22-CV-00460-JRG (E.D. Tex. Feb. 4, 2025). There, the Court only partly granted the plaintiff's motion for summary judgment on standing, leaving for the jury "an open question of material fact as to whether [the inventor] assigned the [asserted patent] Application" to an entity in the chain of title. *Id.*, Dkt. 345 at 1-2. The Court should apply the same approach here. If it denies Samsung's motion to dismiss, the Court should allow the jury to resolve any outstanding factual issues concerning [redacted] the '120 Patent invention, or [redacted] '331 Patent rights. *See generally* Dkt. 101 (Motion to Dismiss).

[redacted]

In sum, Empire should not be allowed to "use a motion in limine as a disguised attempt for a second bite at the apple for summary judgment." *Scottsdale Ins. Co. v. McGrath*, No. 19-cv-7477 (LJL), 2024 WL 4434943, at *1 (S.D.N.Y. Oct. 7, 2024). Empire's improper MIL No. 1 should be denied.

**2. <u>Response to MIL No. 2:</u> Exclude Undue Emphasis on Evidence, Argument, or Suggestion that the Patents-in-Suit Are Not Valuable Based on Empire's Corporate Structure.**

At the outset, Empire's Motion to "Exclude Undue Emphasis" is unworkably vague. Empire's Motion begins by contending that "[t]he Parties, counsel, and all witnesses should be precluded from offering ***evidence, argument, or testimony suggesting*** that that [sic] the patents-in-suit are not valuable based on Empire's corporate structure." Dkt. 169 at 2 (emphasis added). Then, in the next sentence, it discusses only "undue emphasis" of those facts. *Id*. But, it is unclear whether Empire is moving to exclude any and all presentations of these facts—which is contrary to the case law upon which it relies—or just the vague and subjective preclusion of "undue emphasis" of these facts. Regardless, the factual evidence related to Empire's corporate structure is at least relevant to damages.

Empire's Motion relies on the premise that "Empire's corporate structure is irrelevant to *Samsung's use of the patented technology* and therefore has no bearing on a determination of damages." Dkt. 169 at 3 (emphasis added). But these are two unrelated points. Empire's corporate structure may be irrelevant to infringement but still relevant to damages. Indeed, as Empire notes, a reasonable royalty is to be determined "on the basis of what the parties to the hypothetical license negotiations would have considered at the time of the negotiations." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1333 (Fed. Cir. 2009) (citing *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075 (Fed. Cir. 1983)). Empire's own damages expert, Ms. Hall, contends that the hypothetical negotiation presumes that "all relevant business facts are known by both parties."

[redacted]

Hall Report ¶¶ 101, 155. And, when discussing the *Georgia-Pacific* factors, Ms. Hall notes that the parties would consider at least "[t]he commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business . . . ." *Id.* ¶ 106; *see Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970). [redacted] Thus, Empire itself brought these facts into play for the damages issue when it relied on them to determine its reasonable royalty and should not now be permitted to preclude the jury from hearing such evidence.

Empire overstates the risk of this evidence by alleging that Samsung will somehow "suggest that the patents-in-suit lack value *as a result of* Empire's corporate structure." Not so. [redacted] Still, Empire's corporate structure relates to factors relevant to the hypothetical negotiation, as Ms. Hall conceded. Even Empire's reliance on *G+ Commc'ns, LLC v. Samsung Elecs. Co., Ltd.* supports the presentation of this evidence for that purpose. There, the Court held that "the fact that G+ is what it is, the number of employees it has, where it's based, whether it does or doesn't make a product that's offered in the marketplace, those are facts that can be produced and not violate this or the Court's standing MIL." No. 2:22-cv-78-JRG, Dkt. 518 at 165 (E.D. Tex. Dec. 5, 2023). Consistent with the Court's Standing *Limine* Order No. 11, the Court permitted the characterization of G+ as a "non-practicing entity," but stopped short of

[redacted]

allowing pejorative characterizations. *Id*. at 163, 165-66. That is already provided for in the Standing *Limine* Order and nothing further is required here.

Further, the Motion granted by the Court in *G+ Communications* is also readily distinguishable from the one presented by Empire. In *G+ Communications*, the asserted patents were standard essential and G+ was concerned that Samsung would make light of G+'s—and its sole employee's—inexperience with FRAND negotiations "to suggest to the jury these patents can't be valuable because this guy doesn't know what he's doing." *Id*. at 163. Ultimately, G+ requested that "the MIL would say that there can be no aspersions based on the absence or presence of employees or based on the absence or presence of Mr. Pitcock's experience with 5G licensing or 4G licensing." *Id*. at 164. [redacted] To preclude Samsung from entering contrary evidence relevant to the hypothetical negotiation would be improper.

Thus, Empire's MIL No. 2 should be denied, and Samsung should be permitted to offer to the jury evidence, argument, or testimony related to Empire's corporate structure, including for example, its non-practicing entity status, its number of employees, where it is based, and the fact that it does not make or sell any products.

**3. Response to MIL No. 3: Exclude Evidence, Testimony, or Argument Regarding the Term "Replicated Data" or Any Other Unconstrued Term Having a Special, Limited Meaning that Departs from the "Plain and Ordinary" Meaning.**

Plaintiff's MIL No. 3 should be denied for three independent reasons.

[redacted]

***First***, as also discussed at MIL No. 1, to the extent Empire's motion is a motion to strike Samsung's expert's opinions in disguise, it is untimely and improper at this stage, two months after the deadline for motions to strike. *See Kern*, 2010 WL 11531096, at *2 ("*Daubert* motions, although disguised as motions in limine, are not timely."); Dkt. 69 (Docket Control Order) at 3.

***Second***, Empire's motion is redundant of the prohibitions already established in the Court's Claim Construction Order, Dkt. 117. This Court has consistently denied motions *in limine* akin to Empire's current motion. In *Huawei v. Verizon*, the plaintiff sought to exclude "[a]ny argument, evidence, testimony or reference that undermines or collaterally attacks the Court's claim constructions." *Huawei Techs. Co. Ltd. v. Verizon Comm'ns, Inc.*, No. 2:20-CV-00030-JRG, Dkt. 462 at 14 (E.D. Tex. July 2, 2021). The Court denied the MIL, holding that "there is no need for a separate duplicative Order in limine forbidding that practice." *Id*. at 15. Similarly, in *Fractus v. AT&T* the Court denied a motion that aimed to "exclude any evidence, argument or suggestion regarding the Court's claim construction order other than the constructions themselves, including any reference to the parties' positions, the Court's rationale, and arguments inconsistent with the Court's claim construction." No. 2:18-cv-00135-JRG, Dkt. 692 at 12 (E.D. Tex. Sept. 30, 2019). The Court denied the motion "as duplicative of the Court's Claim Construction Order." *Id*. *See also Allergan, Inc. v. Sandoz, Inc.*, No. 2:12-cv-00207-JRG, Dkt. 319 at 2 (E.D. Tex. Oct. 7, 2016) (denying plaintiff's motion to preclude evidence inconsistent with the Court's Claim Construction Order because "said motion seeks to prevent what has already been addressed by a prior order of this Court."); *CXT Sys., Inc. v. Academy, Ltd.*, No. 2-18-cv-00171-RWS-RSP, Dkt. 424 at 9 (E.D. Tex. Jan. 27, 2020) (denying similar MIL "as unnecessary because it is essentially duplicative of the language provided at the end of the claim construction order").

Here as well, the Claim Construction Order already requires "the parties to refrain from

[redacted]

mentioning any part of this opinion, other than the actual positions adopted by the Court, in the presence of the jury." Dkt. 117 at 17. It further prohibits parties from "tak[ing] a position before the jury that contradicts the Court's reasoning in this opinion." *Id*. Empire's MIL No. 3 should therefore be denied because "it is it is essentially duplicative of the language provided at the end of the claim construction order." *CXT Sys.*, Dkt. 424 at 9.

***Third*****,** Empire's speculation that "Samsung intends to introduce evidence and testimony that, *e.g.*, the term 'replicated data' has a limited meaning" before the jury is baseless, further warranting denial of the motion. Mot. at 5. The Claim Construction Order includes a prohibition on any party from arguing or testifying that "replicated data" can be a "pilot symbol." Dkt. 117 at 16. Samsung noted that prohibition in its supplemental motion to strike Empire's expert opinions that violate that prohibition, and in the motion for leave to file the supplemental motion to strike. Dkts. 145, 146. But Samsung's seeking to exclude those improper opinions does not imply that Samsung or its witnesses intend to violate the Claim Construction Order or contradict the Court's reasoning. Empire offers no support for its speculation that Samsung plans to argue against the Order (Mot. at 5), and there is no reason why Samsung would do so since Samsung fully agrees with the Court's well-reasoned findings concerning the meaning of "replicated data" in that Order. *See* Dkts. 145, 146. The Court's Claim Construction Order already precludes any inconsistent testimony and a duplicative order is unnecessary. *See CXT Sys.*, Dkt. 424 at 9.

Empire's reliance on *Huawei v. T-Mobile* is misplaced. Mot. at 5 (citing *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-00052-JRG-RSP, 2017 WL 4070592, at *1 (E.D. Tex. Aug. 19, 2017)). In that case, on a motion for summary judgment, the plaintiff contended that the defendants narrowly interpreted the term "fault indication," which had *not* been construed during the *Markman* process. *Id.* at *2. Holding that the defendants waived arguments for a narrower

[redacted]

interpretation, the Court stated that it "will consider a limiting instruction" at trial should the defendants suggest a "unique meaning other than the plain and ordinary meaning." *Id*. Here, in contrast, the meaning of "replicated data" was raised by both parties in claim construction and the Court has already construed the term, issuing an Order explaining its reasoning and limits on the meaning. Dkt. 117. Samsung submits that the parties should be bound by that reasoning, as the Claim Construction Order expressly requires, and this is precisely the subject of Samsung's supplemental motion to strike Empire's expert opinions. Dkts. 145, 146. Empire's present motion appears to be nothing more than an improper and belated attempt to reargue or undo this Court's constructions and it should be rejected.

In conclusion, Empire's concern that Samsung or its experts might "adopt a special meaning" for "replicated data" (Mot. at 5) is unfounded and does not warrant a duplicative order. Empire's MIL No. 3 should be denied as untimely, procedurally improper, and redundant.

**4. Response to MIL No. 4: Exclude Evidence and Arguments Regarding an Expert's Testimony in Previous Cases.**

In attempt at misdirection, Empire tries to exclude evidence, argument, or testimony regarding an expert's testimony in previous cases. But the cases it cites relate to a different point, *i.e.*, whether ***the exclusion of*** expert testimony in unrelated cases may be introduced at trial. Dkt. 169 at 6. The Court's Standing *Limine* Order No. 15 already precludes evidence of the exclusion of an expert's testimony in unrelated cases, so no further order on that issue is required. To the extent Empire seeks to exclude the ***substance*** of an expert's prior testimony, the motion should also be denied because such prior testimony is relevant to issues in this case, such as bias, reliability, and credibility.

***First***, Empire contends that the number of times that one of its technical experts, Dr. Kowalski, has testified against Samsung is "not relevant to any issue in this case," but Empire

[redacted]

overlooks the fact that such evidence relates to potential bias and Dr. Kowalski's overall credibility. Dkt. 169 at 5. The Supreme Court has defined bias as "the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, [their] testimony in favor of or against a party." *United States v. Sumlin*, 956 F.3d 879, 890 (6th Cir. 2020) (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984)). But courts recognize that bias may be even broader, including "[*f*]*avor* or friendly feeling *toward* a party [as] evidenced by . . . the witness's conduct or expressions evincing such feeling." 1 McCormick on Evid. § 39 (8th ed. Westlaw Jan. 2020 Update) (collecting cases). And, importantly, "[t]he partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony.'" *Davis v. Alaska*, 415 U.S. 308, 316-17 (1974) (quoting 3A Wigmore, Evidence § 940 (Chadbourn rev. 1970)). Indeed, courts generally are "liberal" in admitting evidence of bias because a jury "must be sufficiently informed of the underlying relationships, circumstances, and influences operating on the witness to determine whether a modification of testimony reasonably could be expected as a probable human reaction." 4 Jack Weinstein & Margaret Berger, Weinstein's Federal Evidence § 607.04[1] (2d ed. 1997). Here, Dr. Kowalski's potential bias against Samsung could shade his expert testimony on behalf of Empire, making these complaints about his supposed bias relevant.

***Second***, Empire moves to preclude prior expert testimony by its damages expert, Ms. Hall, ignoring the fact that the substance of Ms. Hall's prior testimony may be contrary to her opinions in this case and, thus, relate directly to the reliability and creditability of her opinions. "A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness." *See, e.g.*, *United States v. Hale*, 422 U.S. 171, 176 (1975). Indeed, other courts have held that "[a] prior inconsistent statement is admissible to raise the suggestion that if a witness

[redacted]

makes inconsistent statements, then his entire testimony may not be credible; such an inference does not depend on whether either the prior statement or the subsequent in-court statement is true." *United States v. Bao*, 189 F.3d 860, 866 (9th Cir. 1999). Thus, Samsung should not be precluded from offering evidence, argument, or testimony regarding an expert's testimony in previous cases, especially where such testimony is inconsistent with statements presented in this case.

***Lastly***, Empire's cited legal authority for this Motion is completely inapposite. Empire cites just three cases for support and in each of them a similar Motion in *Limine* was *agreed to* by the parties before being submitted to the court. Samsung opposes this Motion and Empire has not shown that it is appropriate to exclude the experts' prior testimony wholesale, especially where it relates to their bias, reliability, and credibility. Thus, Empire's MIL No. 4 should be denied.

[redacted]

Dated: May 12, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
Brian Cook (*Pro Hac Vice*)
California State Bar No. 266181
bcook@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Darin W. Snyder
California State Bar No. 136003
dsnyder@omm.com
Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

[redacted]

Patric Reinbold (*Pro Hac Vice*)
D.C. Bar No. 90007388
preinbold@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: 202-383-5165

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

[redacted]

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record are being served with a copy of this document via email on May 12, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]