IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § | |

## **MEMORANDUM ORDER**

Before the Court is the Samsung Defendants' Motion to Strike Plaintiff's Second Amended Infringement Contentions ("SAIC"). **Dkt. No. 92.** Samsung argues that the SAIC are untimely and deficient. *Id.* at 1. For the reasons discussed below, the Court finds that the SAIC are not timely and Plaintiff has not shown good cause to supplement. The Motion is thus **GRANTED**.

A party may request the Court to grant leave to supplement a filing after the deadline in the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4). "In determining whether 'good cause' exists, the Court considers the following four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.' " *Fractus, S.A. v. AT&T Mobility LLC*, No. 2:18-CV-00135-JRG, 2019 WL 5373197, at *1 (E.D. Tex. Aug. 20, 2019) (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546-47 (5th Cir. 2003)).

The Parties dispute whether Empire complied with Section 3(a)(i) of the Discovery Order. Dkt. No. 26 at 3. However, the Court finds that that provision does not apply at all here. Under that section, "If a party claiming patent infringement asserts that a claim element is a software

1

limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced *by the opposing party.*" *Id.* (emphasis added). Here, there is no dispute that the source code was not produced by the opposing Party, Samsung, but by third-party Qualcomm. Therefore, Section 3(a)(i) is inapplicable here, and Plaintiff's SAIC are untimely.

Plaintiff alternatively seeks leave to serve its contentions out of time. Dkt. No. 104 at 9. Plaintiff attempts to attribute all the delay to Qualcomm. *See id.* However, the Court has previously found that Plaintiff was not diligent in pursuing the discovery from Qualcomm. Dkt. No. 89 at 1. Plaintiff next argues that it had a good faith, reasonable belief that its amendment was timely based on ¶ 3(a)(i) of the Discovery Order. Dkt. No. 104 at 9. Plaintiff cites no case law that supports its position that contradicts the plain language of the Discovery order. The Court finds that the first factor weighs against finding good cause.

Regarding, the "importance" of the amendment, Plaintiff argues that it is neutral because the amendments merely add additional detail. *Id.* For its part, Samsung argues that this factor weighs against finding good cause to supplement because Plaintiff downplays the importance. Dkt. No. 113 at 3. The Court finds the importance to be minimal.

Plaintiff argues that Defendants suffer no prejudice because the supplemental source code additions did not change Plaintiff's theory. Dkt. No. 109 at 10. As further support, Plaintiff claims that Samsung's non-infringement expert opined that the new contentions do not change his position. *Id.* at 11. Samsung argues that it is prejudiced because it could not consult with its invalidity expert about the impact of the Qualcomm source code for purposes of invalidity prior to him issuing his report because Plaintiff served these infringement contentions on the last day of expert discovery. Dkt. No. 92 at 11. Because the parties agree that the source code supplemented

and did not change Plaintiff's infringement theories, the Court finds any prejudice on Samsung to be minimal. However, Samsung was deprived of the opportunity to consult with its experts regarding its invalidity positions. The Court thus finds that this factor weighs against granting leave.

For the reasons discussed above, the Court finds that Empire's SAIC are untimely and Empire has failed to show good cause to supplement out of time. The Court thus **ORDERS** that Plaintiff's SAIC are **STRICKEN**. The Court does not here address what effect, if any, this Order has on Plaintiff's expert reports.

**SIGNED this 29th day of May, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE