IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, § § § *Plaintiff*, § § v. § § SAMSUNG ELECTRONICS CO. LTD., § and SAMSUNG ELECTRONICS § AMERICA, INC., § § *Defendants*. § | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |

## MEMORANDUM ORDER

Before the Court is Plaintiff Empire Technology Development LLC's Motion to Strike Farhad Meshkati and Jae Wan Yoo from Defendants' Amended Trial Witness List and Preclude them from Testifying at Trial. **Dkt. No. 205.** For the reasons discussed below, the Court **GRANTS** the Motion.

Samsung did not identify Farhad Meshtaki and Jae Won Yoo, two Qualcomm engineers, on its trial witness list until after 10 pm on May 21, 2025—the night before the pretrial conference. Dkt. No. 205 at 1; *see* Dkt. No. 196 (Samsung's Amended Trial Witness List). Empire represents that Samsung had not identified these individuals at any point during discovery and Samsung's original trial witness list merely identified "Representative of Qualcomm." Dkt. No. 205 at 1; Dkt. No. 194-2. Samsung does not dispute these facts but argues that all along in this case it has identified Qualcomm as having relevant and proprietary knowledge regarding the accused functionality. Dkt. No. 214 at 1. Samsung further represents that within one day of Qualcomm identifying these witnesses, Samsung filed its amended witness list. *Id.* at 3.

Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court is guided by four "good cause" factors: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

Samsung failed to comply with its disclosure requirement and its failure was not substantially justified nor harmless, thus the witnesses shall be excluded.

First, Samsung's disclosure of Messrs. Meshtaki and Yoo came egregiously late in this case and on the doorstep of trial, which is scheduled to begin in just over two weeks on June 23, 2025. Samsung's argument that it disclosed the witnesses as soon as Qualcomm provided their identities does not even begin to demonstrate the relevant diligence. Furthermore, Samsung's argument that Empire was on notice of Qualcomm's involvement in this case from the early stages does not help its position on these specific witnesses.

The Court accepts Samsung's representation that the testimony of these witnesses is important to its case because of the prominent role of Qualcomm products in this case and the witnesses unique, proprietary knowledge.

The prejudice to Empire is clear and significant. Empire explains that Samsung's late disclosure "deprived Empire of the opportunity to (1) take their depositions, (2) seek other discovery that may have been put at issue by their deposition testimony, and (3) respond to their testimony through its experts—which is particularly important here given that these individuals

appear to be engineers who would presumably testify regarding technical topics." Dkt. No. 205 at 6–7. At this late stage of the case, the Court does not believe that merely allowing for the deposition of the witnesses—who Samsung claims are critically important—would remedy the prejudice. Plaintiff would not have time to adequately adjust its strategy and expert reports on the eve of trial.

Neither party seeks a continuance, and the Court is not inclined to grant one with trial approximately two weeks away.

Samsung's untimely disclosure violated its obligations under Rule 26, and Samsung has failed to show that it was substantially justified or harmless. Thus, the Court **STRIKES** Farhad Meshtaki and Jae Won Yoo from Samsung's witness list and precludes them from testifying at trial.

**SIGNED this 4th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE