[redacted]

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

[redacted]

**PLAINTIFF'S MOTION TO STRIKE FARHAD MESHKATI AND JAE WON YOO FROM DEFENDANTS' AMENDED TRIAL WITNESS LIST AND PRECLUDE THEM FROM TESTIFYING AT TRIAL**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................ 1

II. BACKGROUND ........................................ 2

III. LEGAL STANDARD ........................................ 4

IV. ARGUMENT ........................................ 5

V. CONCLUSION ........................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-cv-00123-JRG-RSP, 2021 WL 5154220 (E.D. Tex. July 21, 2021) .................4, 5, 7

*Hitachi Consumer Elecs. Co., Ltd., et al. v. Top Victory Elecs. (Taiwan) Co., Ltd., et al.*,
No. 2:10-cv-00260-JRG (E.D. Tex. Apr. 24, 2013), Dkt. 286, 343 .....................................2, 6

*Rios v. Texas Christian Univ.*,
348 F.R.D. 606 (N.D. Tex. 2025) ..........................................................................................6

**Rules**

8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.) (2025) .....................................................................5

[redacted]

## I. INTRODUCTION

Plaintiff Empire Technology Development LLC ("Empire") moves to strike Farhad Meshkati and Jae Won Yoo from the Amended Trial Witness List filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") on May 21, 2025 (Dkt. 196). Samsung's amended witness list adds two putative witnesses that Samsung never identified as potential witnesses before Samsung ambushed Empire at 10:20 pm the night before the pretrial conference. *Id.* Samsung did not identify these individuals at any point during discovery—through its initial disclosures or otherwise—in violation of the affirmative duty of disclosure imposed by the Court's Discovery Order (Dkt. 26). Nor did Samsung identify them in its original trial witness list filed on April 7, 2025 (Dkt. 194-2) pursuant to the schedule set in the Court's Docket Control Order (Dkt. 25). Samsung should not be permitted to call these newly disclosed individuals as witnesses at the trial that is scheduled to begin in only a few weeks, on June 23, 2025.

By failing to identify these individuals during discovery, Samsung deprived Empire of the opportunity to take their depositions or follow up regarding their deposition testimony by seeking other documentary or testimonial discovery, as appropriate. Samsung also deprived Empire's experts of the ability to address their testimony. Samsung has never disclosed who these two individuals are; what relevant roles they have (or had); or what, if any, relevant knowledge they have. According to their LinkedIn profiles, Farhad Meshkati and Jae Won Yoo are engineers employed by Qualcomm Inc. ("Qualcomm"), which designs and manufactures components of the accused instrumentalities. Although Samsung has not disclosed the subjects on which it intends to adduce testimony from Messrs. Meshkati and Yoo, Empire can only infer that Samsung intends to introduce new facts that Samsung believes bolster its non-infringement defenses. If those facts had

been timely disclosed and were relevant, they would have been a focus in fact and expert discovery. Samsung should not be permitted to benefit from depriving Empire of this discovery. As this Court has ruled before, because these witnesses were not disclosed "in any shape, form or fashion" in discovery, they cannot be permitted to testify. Transcript of Pre-Trial Hearing at 68:17-19, *Hitachi Consumer Electronics Co., Ltd., et al. v. Top Victory Electronics (Taiwan) Co., Ltd., et al.*, No. 2:10-cv-00260-JRG (E.D. Tex. Mar. 22, 2013), Dkt. 286.

## II. BACKGROUND

The Court's Discovery Order required each party to disclose "the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person." Dkt. 26 ¶ 1(d). The parties have an ongoing obligation to update those witness disclosures immediately when doing so is necessary to make them accurate and complete:

> **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

*Id.* ¶ 8 (emphasis in original).

Samsung never identified Mr. Meshkati or Mr. Yoo as potential witnesses during fact discovery. Decl. ¶ 9. Samsung served its disclosures on February 8, 2024—at the beginning of discovery—and ***never updated them***.[1] Ex. 1; Decl. ¶ 10. Those disclosures do not reference Mr. Meshkati or Mr. Yoo. Ex. 1 at 5-7. Samsung identified the entity Qualcomm as [redacted] but it did not

[1] "Ex. _" refers to exhibits attached to the Declaration of Nathaniel Browand ("Decl.") filed herewith.

[redacted] as potential witnesses, in contrast to Samsung's [redacted]. *See* Dkt. 196 ([redacted]).[2]

During discovery, [redacted]. Decl. ¶ 11. [redacted]. Decl. ¶ 12.

In response to discovery requests directed to it, Samsung took the position that its ability to provide information about the accused instrumentalities was limited because [redacted] such that it was outside of Samsung's possession, custody, or control. Ex. 2 at 11. As a result, Samsung claimed it could only provide, for example, corporate [redacted] *Id.* at 13 (emphasis added). By contrast, now Samsung proposes to bring to trial two California-based Qualcomm engineers that are outside the subpoena power of the Court, reflecting that Samsung's vendor's employees were within Samsung's control all along. Exs. 3-4.

Pursuant to the Court's Docket Control Order (Dkt. 25), the parties filed witness lists on April 7, 2025. Like Samsung's initial disclosures, Samsung's witness list did not identify Mr. Meshkati or Mr. Yoo. Dkt. 194-2. Without prior notice, Samsung listed [redacted] but failed to [redacted]

[2] Nor did Samsung even vaguely reference calling [redacted] *See id.* at 7 ([redacted]). For Qualcomm, Samsung simply [redacted] *Id.*

[redacted] *Id.* After receiving Samsung's initial witness list, Empire objected to Samsung's identification of [redacted] (singular, not plural), [redacted] Ex. 5; Decl. ¶ 13.

On May 15, 2025, Samsung [redacted] Ex. 6. Still, Samsung did not identify Mr. Meshkati or Mr. Yoo as potential witnesses. Decl. ¶ 14.

At 10:20 pm the night before the pretrial conference, Samsung served its amended witness list, for the first time identifying Mr. Meshkati and Mr. Yoo as potential witnesses. Dkt. 196. To date, Samsung still has not provided [redacted] Mr. Meshkati and Mr. Yoo—which the Discovery Order required Samsung to provide long ago if it wished to call these individuals as trial witnesses. Decl. ¶ 16.

The same night, Empire objected to Samsung's amended witness list and untimely disclosure of Messrs. Meshkati and Yoo. Ex. 7. The parties met and conferred the next day during the pretrial conference. Decl. ¶ 15. Samsung's counsel provided no excuse for the untimely disclosure but refused to withdraw its amended witness list. *Id.*

## III. LEGAL STANDARD

"'If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Estech Sys., Inc. v. Target Corp.*, No. 2:20-cv-00123-JRG-RSP, 2021 WL 5154220 (E.D. Tex. July 21, 2021) at

*3 (quoting Fed. R. Civ P. 37(c)) (emphasis omitted). "Four factors guide the Court's exercise of discretion in evaluating whether to exclude evidence under Rule 37. . . . These factors are: "(1) [the untimely party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the objecting party] in allowing the evidence, and (4) the availability of a continuance." *Id.* (quoting *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009)).

## IV. ARGUMENT

Samsung should not be permitted to call Mr. Meshkati or Mr. Yoo as witnesses at trial. Samsung cannot show that its failure to disclose them was substantially justified or harmless under the Fifth Circuit's four-factor test.

"The Discovery Order in this case imposes an affirmative duty to update Rule 26(a) disclosures unlike permissive Rule 26(e)(1)(A)." *Estech Sys., Inc.*, 2021 WL 5154220, at *6. Samsung failed to comply with that affirmative duty, and it has offered no justification for its failure to disclose these two individuals as potential witnesses at any point during fact discovery. That alone is sufficient to support their exclusion. *See id.* at *3 ("Failure to provide any justification for [] untimely disclosure weighs heavily in favor of striking the disclosure and may even be sufficient standing alone to support exclusion.") (citing *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012)). Just as in *Estech*, the Court should not permit these witnesses to testify because Samsung can provide "little explanation for its failure to update its initial disclosures." *Id.* at *6. Samsung "has a duty to update its Rule 26(a) disclosures and it has failed to do so." *Id.*; *see also Rios v. Texas Christian Univ.*, 348 F.R.D. 606, 611 (N.D. Tex. 2025)

(striking belatedly disclosed witnesses where offering party's explanation was "woefully inadequate").[3]

As to the second factor—the importance of the evidence—Samsung's failure to disclose Messrs. Meshkati and Yoo as potential witnesses until months after the close of discovery demonstrates the unimportance of their testimony and undercuts any potential claim Samsung might make to the contrary. If Samsung believed the testimony of these individuals was a critical part of its trial strategy, it would have disclosed them far earlier. And even if Samsung could establish the importance of these individuals' testimony, that importance would only exacerbate the prejudice to Empire and render Samsung's discovery violations even more egregious. *See* 8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.) (2025) at 1 ("[C]ourts look with disfavor on claims that counsel did not recognize that important new items of information should be disclosed.") (citing *Rodowicz v. Massachusetts Mut. Life Ins. Co.*, 279 F.3d 36 (1st Cir. 2002)).

As to the third factor—prejudice—Empire will be substantially prejudiced if Messrs. Meshkati and Yoo are permitted to testify at trial. By failing to disclose these individuals until the night before the pretrial conference and a month before trial begins, Samsung deprived Empire of

[3] Samsung may argue that it disclosed that Qualcomm—the entity—was likely to have discoverable information, and it is proposing to call Mr. Meshkati and Mr. Yoo as [redacted] Dkt. 196. But Samsung's general references to "Qualcomm" cannot be enough. They do not satisfy the purpose of Rule 26 or the duty imposed by this Court to affirmatively identify trial witnesses during discovery. *See* Transcript of April 8 Jury Trial at 3:10-4:12, *Hitachi Consumer Elecs. Co., et al. v. Top Victory Elecs. (Taiwan) Co., et al.*, No. 2:10-cv-00260-JRG (E.D. Tex. Apr. 24, 2013), Dkt. 343 (striking Plaintiff Hitachi's *own* corporate representative from its witness list due to Plaintiff's failure to affirmatively disclose the individual's name until its third amended witness list). Samsung was required to disclose as early as possible in the litigation "the name, address, and telephone number of [each] person[] having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person." Dkt. 26 ¶ 1(d). It did not do that—and still has not done that—and has no good excuse.

the opportunity to (1) take their depositions, (2) seek other discovery that may have been put at issue by their deposition testimony, ***and*** (3) respond to their testimony through its experts—which is particularly important here given that these individuals appear to be engineers who would presumably testify regarding technical topics.

In *Estech*, the Court excluded an undisclosed witness, finding that the opposing party "would be significantly prejudiced by permitting [the witness] to testify live at trial." 2021 WL 5154220, at *7. The Court made that determination even though the witness had been deposed in the case, because the Court found that the witness did not "provide a good faith deposition." *Id.* Here, there were no depositions of these individuals because they were entirely undisclosed. As in *Estech*, these witnesses should not be permitted to testify.

Fourth, a continuance is not feasible in light of the fast-approaching trial date of June 23. And even if a continuance were feasible, taking the depositions of Messrs. Meshkati and Yoo would not cure the significant prejudice to Empire. If Samsung had disclosed these individuals as witnesses during the fact discovery period, Empire would have had the opportunity not only to take their depositions but also to take any further discovery that it deemed appropriate following their depositions—potentially including additional discovery from third-party Qualcomm—and address their testimony in its expert reports. Moreover, requiring Empire to reformulate its trial strategy months after the close of discovery with only a few weeks before trial, and to depose these individuals when Samsung still has not disclosed the general topics about which they will testify would only serve to unfairly burden Empire.

## V. CONCLUSION

For the foregoing reasons, Empire respectfully requests that the Court strike Mr. Meshkati and Mr. Yoo from Samsung's amended witness list (Dkt. 196) and preclude Samsung from calling Mr. Meshkati and Mr. Yoo as witnesses at trial.

[redacted]

Dated: May 29, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Andrew Lichtenberg
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

*/s/ Nathaniel Browand*
Nathaniel Browand

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel have complied with the meet and confer requirements of Local Rule CV-7(h). On May 22, 2025, Marc Pensabene, counsel for Samsung, and Nathaniel Browand and Christopher Gaspar, counsel for Empire, met and conferred regarding the relief sought by Empire's motion. Empire's motion is opposed by Samsung.

*/s/ Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]