IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

**REPORT & RECOMMENDATION**

Before the Court is the Samsung Defendants' Motion for Summary Judgment of No Pre-Suit or Post-Suit Willful Infringement. **Dkt. No. 100.** For the reasons discussed below, the Court recommends **GRANTING** the Motion as to pre-suit willfulness and **DENYING** it as to post-suit **WILLFULNESS**.

I.  LAW

A.  **Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine*

[dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323.

If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

### B. Willfulness

"Under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016)). To establish willfulness, a patentee must show that the accused infringer had a specific intent to infringe at the time of the challenged conduct." *Provisur Techs., Inc. v. Weber, Inc.*, 119 F.4th 948, 955 (Fed. Cir. 2024), *cert. denied,* 145 S. Ct. 1181 (2025) (quoting *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Rsch. Org.*, 28 F.4th 1247, 1274 (Fed. Cir. 2022)) (internal quotations omitted). "[K]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Id.* at 956 (quoting *Bayer Healthcare*

*LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021)) (internal quotations omitted). "[E]vidence of knowledge of the patents in suit and intent sufficient to establish deliberate or intentional conduct may be inferred from circumstantial evidence. *Arigna Tech. Ltd. v. Nissan Motor Co., Ltd.*, No. 2:22-CV-00126-JRG-RSP, 2022 WL 17978913, at *1 (E.D. Tex. Oct. 5, 2022).

## II.   ANALYSIS

### A. Pre-Suit Willfulness

First, Samsung argues that Empire lacks evidence to create a genuine dispute of material fact regarding pre-suit willfulness. Dkt. No. 100 at 6. Samsung asserts that Empire's only sources of evidence for its pre-suit willfulness claim are (1) citations of the asserted '120 patent (or its application) by the examiners in three patents assigned to Samsung, and (2) an unsolicited form letter, listing over 500 patents, emailed to Samsung before the lawsuit. *Id.*

Samsung argues that the first category is legally insufficient to defeat summary judgment. *Id.* Particularly, Samsung argues that knowledge of the application alone cannot support a finding of willful infringement. *Id.* Samsung further argues that even if it had knowledge there is no evidence of deliberate or intentional infringement from this evidence. *Id.* at 7.

Further, Samsung asserts that the second category fails to support knowledge of infringement because the email did not reference any Samsung product. *Id.* at 8.

Empire first generally responds that the Court needs to consider all the evidence collectively, and not individually like Samsung presents it. Dkt. No. 121 at 10. Regarding the specific categories, Empire disputes Samsung's characterization of the extent of Samsung's interaction with the '120 patent in the prosecution of Samsung's patents. *Id.* at 12. Empire asserts that Samsung deeply analyzed the teaching of the '120 patent application in overcoming a Section 103 rejection. *Id* (citing Dkt. No. 121-9 at 9, 10; Dkt. No. 121-2 at 14).

Regarding the second category, Empire argues that its email sufficiently put Samsung on notice of infringement. *Id.* Empire disputes Samsung's characterization of the email as referring to 500+ patents because the email included the Asserted Patents in a shorter list of 25 "key patents/ Dkt. No. 155 at 3; Dkt. No. 121-13. Empire additionally shows that the email offered "additional information available for review (***including evidence of use***)" subject to the entry of an NDA. Dkt. No. 121 at 12 (quoting Dkt. No. 121-3 at ECF page 2). According to Empire, Samsung's failure to investigate despite this evidence "is evidence of intent to infringe the Asserted Patents, or at least disregard of the obvious risk of infringement." *Id.* at 12–13.

The Court finds that Empire's evidence—individually or in combination—is legally insufficient to support a finding of pre-suit willful infringement. The email that identified the asserted patent by number may support a finding of knowledge of the asserted patent (despite it being identified among 500 patents), but "knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness." *Provisur*, 119 F.4th at 955. Empire's attempt to distinguish *Provisur* hurts, rather than supports its case. According to Empire, "[i]n *Provisur*, the court found that there was nothing to suggest Weber knew of its alleged infringement because there was no "specificity as to the relevance of the tracked patents for any of Weber's products." Dkt. No. 121 at 13 (quoting *id.* at 956). But here, Empire did not identify *any* Samsung product as allegedly infringing the Accused Patents meaning that Empire's position is even weaker. Without ever identifying an allegedly infringing product, or even class of product, Empire cannot establish that Samsung deliberately or intentionally infringed prior to the filing of this suit. *See Fractus, S.A. v. TCL Corp.,* No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021). Thus, the Court recommends **GRANTING** the Motion as to pre-suit willfulness.

### B. Post-Suit Willfulness

Samsung also argues that Empire has failed to raise a genuine issue of material fact regarding Samsung's post-suit conduct. Dkt. No. 100 at 9. First, Samsung argues that Empire's interrogatory response fails to provide any basis or evidence for post-suit willfulness. *Id*; Dkt. No. 100-2 at 49–51.

Empire responds that after receiving actual notice of infringement, Samsung continued to release allegedly infringing phones such as the Galaxy S24 and S25 phones. Dkt. No. 121 at 14. Empire further argues that Samsung failed to investigate. *Id.*

After considering the evidence of post-suit willfulness, and the evidence discussed in the pre-suit willfulness section, *supra*, the Court finds that Empire has adduced sufficient evidence to support a finding of post-suit willfulness. Specifically, the Court found that Empire failed to provide evidence that Samsung had knowledge of infringement pre-suit. After the filing of the complaint, the situation changed, such that Samsung had knowledge of allegedly infringing products. Thus, the Court finds that a genuine dispute of material fact exists that precludes summary judgment regarding post-suit willfulness.

### III.  CONCLUSION

For the reasons discussed above, the Court recommends **GRANTING** Samsung's Motion as to pre-suit willfulness and **DENYING** it as to post-suit willfulness.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report by **not later than June 18, 2025**, bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. FED. R. CIV. P. 72(b)(2); *see also Douglass*

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 10th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE