IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § | |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff Empire Technology Development LLC's *Daubert* Motion and Motion to Strike the Opinions of Sundeep Rangan About Alleged Non-Infringing Alternatives. **Dkt. No. 97.** For the reasons discussed below, the Court **GRANTS** the Motion only in part.

### I.     LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.  ANALYSIS

Empire moves to strike Dr. Rangan's opinions regarding non-infringing alternatives. Dkt. No. 97 at 1. Empire groups Dr. Rangan's NIAs into four categories:

> (i) Samsung products that are used only outside the U.S. and that would require modification for use here ("Category 1 Items"), (ii) unidentified (perhaps non-existent) items that "implement[] the prior art," without more ("Category 2 Items"), (iii) unspecified items that practice only an old cellular standard rather than the current 5G standard ("Category 3 Items"), and (iv) unspecified items that fail to practice one or more example elements of the asserted claims of the patents-in-suit ("Category 4 Items").

*Id.* at 8. The Court addresses the categories in turn.

### A.  Category 1

First, Empire argues that Dr. Rangan does not opine that Category 1 items would be acceptable in the U.S. *Id.* at 8–9. Second, Empire claims that Dr. Rangan "provides no technical analysis to draw a conclusion that Samsung devices with Exynos and MediaTek chips sold outside the U.S. would be non-infringing if sold within the U.S." *Id.* at 9. According to Empire, the extent of Dr. Rangan's analysis consists of the proposition that these products do not infringe because Empire no longer accuses them. *Id.*

Samsung responds that Dr. Rangan's analysis is sufficient. Dkt. No. 118 at 3. Samsung contends that "noninfringing alternatives include any products found to be noninfringing or products not accused of infringement." *Id.* at 2 (quoting *SRI Int'l Inc. v. Internet Sec. Sys., Inc.*, No. CIV. 04-1199-SLR, 2011 WL 5166436 (D. Del. Oct. 31, 2011)). First, Samsung argues that the evidence "shows that Samsung smartphones are interoperable between regions like the U.S. and U.K." and thus the other chipsets would be acceptable. *Id* (citing Dkt. No. 97-3 at ¶ 233 n.19.). Second, Samsung argues that Dr. Rangan's NIA opinions are acceptable because Empire's infringement theory relies on unique features of the Qualcomm chipsets that have not been

3

implemented in Exynos or MediaTek modems. *Id.* at 5. Samsung points to Paragraphs 122 and 232 of Dr. Rangan's rebuttal report as "clearly explain[ing] why the alternative Samsung products are not infringing." *Id*; Dkt. No. 97-3.

The Court **STRIKES** the portions of Dr. Rangan's reports that rely on the MediaTek and Exynos chipsets as NIAs. Dr. Rangan's opinion amounts to the position rejected by this Court as unreliable that a product is non-infringing when it is not accused. *Longhorn HD LLC. v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG-RSP, 2022 WL 991696, at *4 (E.D. Tex. Mar. 31, 2022) ("The fact that a product may be unaccused, by itself, is inadequate to provide sufficient evidence to draw a conclusion that a particular product is non-infringing."). Dr. Rangan opines that the Exynos and MediaTek modems do not possess proprietary Qualcomm features that are accused but fails to do any sort of analysis comparing those products to the claims of the asserted patents. The Court finds this unreliable and thus **STRIKES** Paragraph 567 of Dr. Rangan's Opening Report and Paragraphs 232–34 of his Rebuttal Report.

### B. Categories 2–4

Empire also moves to strike Dr. Rangan's opinions regarding Categories 2 through four because he does not identify any specific product that fits into those categories. Dkt. No. 97 at 9.

Samsung responds that Dr. Rangan is not obligated to identify any products. Dkt. No. 118 at 9. Here, Samsung explains that Dr. Rangan relies on the prior art and opines that devices have previously worked without practicing the patent and could so again.

The Court finds these opinions sufficiently reliable. Empire does not cite any authority for its proposition that an expert must identify specific products as NIAs. In the context of prior art based NIAs this omission does not render Dr. Rangan's opinion inherently unreliable. The Court

thus declines to strike these opinions. Any potential deficiencies may be explored through vigorous cross-examination.

### III.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** the Motion as to Category 1 and **DENIES** it for the other categories. Accordingly, the Court **STRIKES** Paragraph 567 of Dr. Rangan's Opening Report and Paragraphs 232–34 of his Rebuttal Report.

**SIGNED this 11th day of June, 2025.**

```
_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE
```