**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| *Defendants*. | § § | |

## <u>MEMORANDUM ORDER</u>

Before the Court is Plaintiff Empire Technology Development LLC's *Daubert* Motion and

Motion to Strike the Opinions of Ambreen Salters. **Dkt. No. 98.** For the reasons discussed below,

the Court **DENIES** the Motion except for Paragraph 78, which the Court **STRIKES**.

### I.    LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical,

or other specialized knowledge will help the trier of fact to understand the evidence or to determine

a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product

of reliable principles and methods; and (d) the expert has reliably applied the principles and

methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as

to whether the requirements of the rule are satisfied with regard to a particular expert's proposed

testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow

Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making

Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.    ANALYSIS

Empire moves to strike the damages opinions of Ms. Salters. Dkt. No. 98 at 7. First, Empire argues that her licensing opinions are unreliable because they fail to "reliably analyze and control for the commercial and technological differences" between the licenses she relies on and the hypothetical license for the patents in suit. *Id.* at 8. Empire argues that the licenses Ms. Salters relies on are not comparable and she does not account for the relevant differences. *Id.* at 8–9. Specifically, Empire faults Ms. Salters for not accounting for the fact that the three licenses she relied on are all settlement licenses, (*Id.* at 9), that the Samsung agreements were executed years before or after the hypothetical negotiations, (*Id.* at 11), and that she failed to account for the technological comparability of the patents covered by the licenses. *Id.* at 12. Empire asserts that in combination all these failures render her opinions inconsistent, unreliable, and excludable.

Empire also moves to strike Ms. Salters's opinions on NIAs. *Id.* at 14. Empire's arguments largely track its arguments put forth in it *Daubert* motion regarding Dr. Rangan. *See* Dkt. No. 97.

Samsung first responds that Ms. Salters relies on Dr. Rangan's technical assessment of the comparability of the licenses. Dkt. No. 120 at 7. Then Samsung argues that reliance on settlement licenses is permissible. *Id* at 8. Next, Samsung argues that Ms. Salters's adjustments based on the negotiation date go to the weight rather than admissibility of her opinions. *Id.* at 10.

After review of the briefing and the report, the Court finds that Ms. Salters's opinions are sufficiently reliable and thus do not warrant exclusion.[1] Empire's critiques go to the weight, not the admissibility of her testimony. First, there is no prohibition against reliance on settlement licenses. Any relevant differences can be brought out through cross-examination and counter testimony from Empire's experts. Additionally, Ms. Salters relies on Dr. Rangan's assessment of

---

[1] Except for one NIA opinion addressed *supra*.

the technical comparability of the licenses. That is also appropriate. The rest of Empire's concerns are similarly best addressed through vigorous cross-examination and counter testimony.

In a separate Order, the Court struck part of Dr. Rangan's report relating to NIAs. Paragraph 78 of Ms. Salters's report that relies on the stricken portion of Dr. Rangan's report is thus also **STRICKEN**.

### III.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion except as to Paragraph 78.

**SIGNED this 11th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE