**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT LLC,

*Plaintiff*,

v.

SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC.,

*Defendants*.

Civil Action No. 2:23-cv-00427-JRG-RSP

JURY TRIAL DEMANDED

[redacted]

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE FARHAD MESHKATI AND JAE WON YOO FROM DEFENDANTS' AMENDED TRIAL WITNESS LIST AND PRECLUDE THEM FROM TESTIFYING AT TRIAL (DKT. 205)**

## TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

- A. Samsung Acted Diligently and in Good Faith ..... 5
- B. The Testimony of Mr. Meshkati and Mr. Yoo Is Critically Important ..... 8
- C. There Is No Unfair Prejudice to Empire ..... 10
- D. Any Potential Prejudice Can Be Cured by Pre-Trial Depositions ..... 11

V. CONCLUSION ..... 12

# TABLE OF AUTHORITIES

**Cases**

*Alexam, Inc. v. McDonald's Corp.*,
No. 2:13-cv-6, 2013 WL 12647466 (E.D. Tex. June 20, 2013) .......... 6, 12

*CQ, Inc. v. TXU Mining Co., L.P.*,
565 F.3d 268 (5th Cir. 2009) .......... 4

*Domain Prot., LLC v. Sea Wasp, LLC*,
No. 4:18-CV-00792, 2020 WL 512662 (E.D. Tex. Jan. 31, 2020) .......... 4

*Eidos Display, LLC v. AU Optronics Corp.*,
No. 6:11-cv-201-JRG-JDL, 2017 WL 19917966 (E.D. Tex. Jan. 10, 2017).......... 12

*Estech Sys., Inc. v. Target Corp.*,
No. 2:20-cv-00123-JRG-RSP, 2021 WL 5154220 (E.D. Tex. July 21, 2021) .......... 6, 7, 9, 11

*Guidry v. Cont'l Oil Co.*,
640 F.2d 523 (5th Cir. 1981) .......... 4

*Hitachi Consumer Elecs. Co., Ltd. v. Top Victory Elecs. Co., Ltd.*,
No. 2:10-cv-260-JRG (E.D. Tex. 2013) .......... 7, 8, 11, 12

*PACT XPP Techs., AG v. Xilinx, Inc.*,
No. 2:07-CV-563-RSP, 2012 WL 1034009, (E.D. Tex. Mar. 27, 2012).......... 4, 8, 11

*Rios v. Texas Christian Univ.*,
348 F.R.D. 606 (N.D. Tex. 2025) .......... 7, 9

*Rodowicz v. Massachusetts Mut. Life Ins. Co.*,
279 F.3d 36 (1st Cir. 2002).......... 9

*Seymour v. Consol. Freightways*,
187 F.R.D. 541 (S.D. Miss. 1999) .......... 4, 12

*SynQor, Inc. v. Artesyn Techs., Inc.*,
No. 2:11-CV-444, 2013 WL 12138998 (E.D. Tex. July 17, 2013) .......... 9, 11

**Other Authorities**

8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.) (2025) .......... 5

**Rules**

Fed. R. Civ. P. 37 .......... 4

Fed. R. Civ. P. 37(c)(1).......... 4

## I. INTRODUCTION

Plaintiff Empire Technology Development LLC ("Empire") seeks the extraordinary remedy of striking two critical witnesses—Farhad Meshkati and Jae Won Yoo—from Samsung's amended trial witness list. Empire's motion is both factually and legally baseless. The witnesses, engineers at third-party Qualcomm Inc., possess knowledge of Qualcomm proprietary technology central to the operation of the products accused of infringement. Under the Fifth Circuit's four-factor good cause test, their exclusion is unwarranted.

Empire's claims that it was "ambushed" by Samsung's disclosure are unconvincing. From the very beginning of this case, Samsung made clear that Qualcomm, not Samsung, held key technical details about how the accused technology (proprietary to Qualcomm and embodied in Qualcomm modems) works, identifying Qualcomm in its initial disclosures and listing a Qualcomm representative as a potential witness. Samsung diligently worked to identify the relevant Qualcomm personnel and promptly disclosed their identities once Qualcomm provided them. These witnesses are crucial for explaining the technical operation of the accused products to the jury.

Any alleged prejudice to Empire is minimal and fully curable. As this Court has consistently recognized, depositions of these witnesses—who are available to be deposed—are sufficient to address Empire's concerns. Empire's assertion that "Samsung deprived Empire of the opportunity to take their depositions" is meritless; Empire affirmatively decided not to pursue Qualcomm depositions earlier in the case.

Striking these witnesses would be a draconian sanction, unwarranted under the applicable law and the circumstances of this case. Accordingly, Empire's motion should be denied.

## II. FACTUAL BACKGROUND

The technical functionalities accused of infringing both patents asserted by Empire is proprietary technology within Qualcomm chipsets installed in Samsung products. From the outset, Samsung consistently informed Empire that Qualcomm, not Samsung, possessed the detailed knowledge about how the accused technology operates. Beginning with its initial disclosures, served on February 8, 2024, Samsung explicitly identified Qualcomm as the entity knowledgeable about the "***[t]echnical aspects and operation of [the] accused functionality provided by Qualcomm components within the accused Samsung devices***." Mot. Ex. 1 at 7 (Samsung's Initial Disclosures) (emphasis added); Dkt. 87 at 3-4;[1] Dkt. 87-3. Over four months, from February to June 2024, Samsung then sent at least six letters directing Empire to Qualcomm for technical information. *See* Dkt. 87 at 3-4, Dkts. 87-5 – 87-10. Empire itself acknowledges that Samsung stated in its discovery responses that "the accused technology at issue is proprietary to, and developed by, third party, Qualcomm Inc." Dkt. 205 ("Mot.") at 3 (quoting Mot. Ex. 2 (Samsung's Response to Empire's Rule 30(b)(6) Deposition Notice) at 11).

Despite this clear and repeated guidance, Empire delayed issuing a subpoena to Qualcomm until June 24, 2024—more than four months into discovery and three months after Samsung had served its own document subpoena on Qualcomm. Pensabene Decl. ¶ 2. And although Empire later served a deposition subpoena on Qualcomm in October 2024, setting a

[1] The complete relevant factual history, including the extensive correspondence between the parties regarding the accused Qualcomm functionality, is laid out in Samsung's Opposition to Empire's Motion to Amend Docket Control Order (Dkt. 87) and Samsung's Motion to Strike Empire's Second Amended Infringement Contentions (Dkt. 92).

deposition for January 7, 2025, Empire ultimately chose not to pursue that deposition.[2] *Id.* ¶ 3, Ex. 1.[3]

Samsung's initial witness list, served on Empire on April 7, 2025, likewise explicitly included a "Representative of Qualcomm," consistent with Samsung's prior disclosures regarding Qualcomm's central role in the case. Dkts. 183-2, 194-2. These facts directly contradict Empire's claim that "Samsung [did not] indicate that it would seek Qualcomm witness testimony at trial." Mot. at 3.

Samsung diligently and repeatedly requested from Qualcomm the specific identity of the Qualcomm representatives most knowledgeable about the accused functionalities that could testify at trial. Pensabene Decl. ¶ 5. And on May 21, 2025—just one day after obtaining the names of the witnesses from Qualcomm—Samsung amended its witness list to specifically identify Farhad Meshkati and Jae Won Yoo, two Qualcomm engineers with direct, first-hand knowledge of the accused technology. *See* Dkt. 196; Pensabene Decl. ¶¶ 6, 7.

Empire objected to Samsung's disclosure, claiming surprise and prejudice. Mot. Ex. 7. But Empire has long been aware of Qualcomm's central role, which belies its claim that it was "ambushed" by the specific identification of these Qualcomm witnesses. *See id.* at 1. Moreover, Empire has not articulated any concrete prejudice that cannot be remedied without exclusion. *See generally id.* To the extent Empire should wish to depose Mr. Meshkati and Mr. Yoo, Samsung has already agreed to their depositions during a meet and confer at the May 22, 2025

---

[2] Empire's protestation that Samsung did not "make available any Qualcomm witness for deposition" is misplaced. Mot. at 3. Qualcomm, as a third party outside Samsung's control, was subject to Empire's subpoena; it was Empire's responsibility to pursue it if it sought Qualcomm's deposition.

[3] Numbered Ex.___ refers to exhibits to the Declaration of Marc J. Pensabene in Support of Samsung's Opposition to Empire's Motion to strike Samsung's Amended Witness List, filed concurrently herewith.

pretrial conference. Pensabene Decl. ¶ 9. Empire declined this compromise. *Id.* Nonetheless, the witnesses remain available for deposition the week of June 16. *Id.* ¶ 8.

## III. LEGAL STANDARD

Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fifth Circuit has made clear that exclusion is not automatic and that the Court's discretion is guided by four "good-cause" factors: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009).

"The Fifth Circuit describes the sanctions of Rule 37 as 'not exclusive or arbitrary,' but rather 'flexible, and within reason, [they] may be applied in as many or varied forms as the Court desires by exercising broad discretion in light of the facts of each case.'" *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-00792, 2020 WL 512662, at *2 (E.D. Tex. Jan. 31, 2020) (citing *Guidry v. Cont'l Oil Co.*, 640 F.2d 523, 533 (5th Cir. 1981)). The purpose of Rule 37(c) is not to impose "unduly harsh penalties," but to prevent unfair surprise and prejudice. Fed. R. Civ. P. 37, Notes of Advisory Committee on Rules—1993 Amendment. "District courts usually find that the exclusion of otherwise admissible testimony for failure to meet a timing requirement is an extreme measure to be avoided where possible." *Seymour v. Consol. Freightways*, 187 F.R.D. 541, 542 (S.D. Miss. 1999). Consistent with these principles, this Court has previously held that factors such as the importance of a witness's testimony "justif[y] modifying the general principle set forth in Rule 37(c)(1) that untimely witnesses should be excluded" and has permitted such

witnesses to testify. *PACT XPP Techs., AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2012 WL 1034009, at *4 (E.D. Tex. Mar. 27, 2012).

## IV. ARGUMENT

Empire's Motion to Strike should be denied based on the four-factor Fifth Circuit good cause test, and the two Qualcomm witnesses should be allowed to testify at trial.

### A. Samsung Acted Diligently and in Good Faith

Samsung has consistently identified Qualcomm as a key third party with relevant information, and Empire's claim that Samsung failed to justify the timing of its specific disclosure of Qualcomm representatives is meritless. *See* Mot. at 5. Samsung could not disclose what it did not possess; despite Samsung's diligent efforts, Qualcomm only provided the names of the witnesses on May 20, 2025. Pensabene Decl. ¶ 6. Samsung promptly amended its witness list the following day, demonstrating diligence rather than bad faith or gamesmanship. *Id.* ¶ 7; Mot. at 1.

Empire's contention that it was "ambushed" is unsupported. Mot. at 1. Samsung's actions reflect the practical realities of coordinating with a third-party supplier, and Samsung pursued the identification of Qualcomm witnesses in good faith. *See* Pensabene Decl. ¶ 5. Furthermore, Empire's argument that Samsung failed to formally supplement its disclosures under the Rule 26-equivalent requirements of the Discovery Order lacks merit. *See* Mot. at 4, 6 n.3, 7. Empire is already aware of the witnesses' identities from Samsung's amended witness list and has even investigated their backgrounds. *See id.* Exs. 3, 4. Empire also knows well that the witnesses will testify about the accused Qualcomm functionalities, as disclosed in Samsung's initial disclosures. *See id.* Ex. 1 at 7. Formal supplementation is unnecessary because the witnesses' identities and the scope of their testimony have already been made known to Empire. *See* 8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.) (2025) ("further disclosures are only necessary

when the omitted or after–acquired information 'has not otherwise been made known to the other parties during the discovery process or in writing.'").

Further, the fact that these Qualcomm witnesses have now agreed to voluntarily appear at trial does not establish that they were within Samsung's control during discovery, as Empire contends. *See* Mot. at 3. Samsung could not disclose individuals it did not and could not identify until Qualcomm provided their names. *See* Pensabene Decl. ¶¶ 5-7.

This Court has previously accepted similar explanations for late disclosures under comparable circumstances. For example, in *Alexam, Inc. v. McDonald's Corp.*, the defendant, like Samsung here, identified third-party companies in its initial disclosures, as sources "from which [the plaintiff] could obtain discovery." No. 2:13-cv-6, 2013 WL 12647466, at *1 (E.D. Tex. June 20, 2013). The defendant later included witnesses from those companies on its trial witness list. *Id.* at *2. Similar to Empire's argument here, the plaintiff argued that the defendant's "identification of only an unnamed representative of a large third party corporation is insufficient." *Id.* at *1; Mot. at 6 n.3 ("Samsung's general references to 'Qualcomm' cannot be enough."). Nonetheless, the Court held that it would "not preclude [the defendant] from offering evidence and testimony from the eleven witnesses at issue but will give [the plaintiff] the opportunity to depose each of those witnesses prior to the [] trial date." *Alexam*, 2013 WL 12647466, at *2. Samsung's actions align with the precedent set in *Alexam*, and any prejudice to Empire can be remedied through depositions rather than the extreme sanction of exclusion. Indeed, exclusion would be a particularly harsh remedy here because the accused technology is proprietary to Qualcomm and best known to those Qualcomm witnesses.

Empire's cited cases fail to support its position. Mot. at 5. In *Estech Sys., Inc. v. Target Corp.*, the witness at issue was the disclosing party's own CEO—clearly within its knowledge

and control—unlike the third-party Qualcomm witnesses here. No. 2:20-cv-00123-JRG-RSP, 2021 WL 5154220, at *6 (E.D. Tex. July 21, 2021). Moreover, the Court found there that "Estech has taken the position that it has no requirement to update its Rule 26(a) disclosures and provides little explanation for its failure to update its initial disclosures." *Id.* By contrast, Samsung acknowledges its obligation to update disclosures and has fully complied. Acting in good faith, Samsung promptly disclosed the specific identities of the Qualcomm witnesses as soon as Qualcomm provided that information.

*Rios v. Texas Christian University* also fails to support Empire's position. Mot. at 5-6 (citing 348 F.R.D. 606, 611 (N.D. Tex. 2025)). In *Rios*, the court found the late-disclosing party's explanation "woefully inadequate" because the information was "largely within [its] control" and it "could have uncovered them during the discovery period with only an additional ten hours of effort." 348 F.R.D. at 610-11. Unlike in *Rios*, Samsung acted with diligence, seeking the identities of the Qualcomm witnesses from a third party outside its control, and disclosing those witnesses promptly upon receiving their names.

The final case cited by Empire, *Hitachi*, is also distinguishable. Mot. at 2, 6 n.3 (citing *Hitachi Consumer Elecs. Co., Ltd. v. Top Victory Elecs. Co., Ltd.*, No. 2:10-cv-260-JRG, Dkts. 286, 343 (E.D. Tex. 2013)). In *Hitachi*, the Court struck two late-disclosed witnesses, but allowed two others to testify, provided they were made available for pre-trial depositions. *Id.*, Dkts. 286, 343.

The circumstances surrounding the excluded witnesses in *Hitachi* are fundamentally different from those here. One excluded witness, Heller, was already known to the defendants, as he was named in their invalidity contentions. Dkt. 286 at 57:22-58:4. Unlike in *Hitachi*, Samsung did not know the identity of the witnesses prior to disclosure. Pensabene Decl. ¶¶ 6, 7.

The second excluded witness in *Hitachi* was not disclosed ***until after jury selection***, and the Court found his testimony unnecessary because the information he would testify to was "readily provable by any other corporate representative," and also "readily available to use in Court without [the witness]," through pre-admitted trial exhibits. *Hitachi*, Dkt. 343 at 3:14-16, 3:21-4:3.

If anything, *Hitachi* supports Samsung's position. The Court there permitted two late-disclosed witnesses to testify despite their disclosure occurring approximately "two and a half months after the close of fact discovery," similar to the timing here. *Hitachi*, Dkt. 286 at 57:16-21. Accordingly, this factor also weighs against striking Mr. Meshkati and Mr. Yoo from Samsung's witness list.

**B. The Testimony of Mr. Meshkati and Mr. Yoo Is Critically Important**

The testimony of Mr. Meshkati and Mr. Yoo is essential for the jury to understand the accused Qualcomm proprietary technology. As engineers with unique, first-hand knowledge of the design and operation of the proprietary Qualcomm technology in the relevant Qualcomm components, their testimony cannot be replicated by any other witness. *See* Pensabene Decl. ¶¶ 5-6. Empire's claim that that their testimony is unimportant (Mot. at 6) is baseless and reflects an attempt to prevent the jury from fully understanding how the accused technology works.

The importance of the Qualcomm witnesses' testimony weighs heavily against exclusion, as this Court has held in prior cases. For example, in *PACT v. Xilinx*, this Court allowed a late-disclosed witness to testify, emphasizing his critical role and holding that his "importance . . . as one of only two named co-inventors [] justifies modifying the general principle set forth in Rule 37(c)(1) that untimely witnesses should be excluded." 2012 WL 1034009, at *4. In allowing the witness, the Court required that he be made available for deposition before trial. *Id.* Similarly, in *SynQor, Inc. v. Artesyn Techs., Inc.*, the Court permitted a late-disclosed witness from third-

party Juniper Networks to testify, ***despite the defendant's lack of diligence***, because the testimony would be "important in giving the Court [key] information for consideration at trial." No. 2:11-CV-444, 2013 WL 12138998 (E.D. Tex. July 17, 2013). The Court reasoned that "considering that "[the witness] . . . will be available for deposition prior to trial . . . the Court is convinced of the importance of allowing [the defendant] to amend its trial witness list even at this late date." *Id.* at *2. The Court further noted that allowing the witness "will potentially provide the Court 'the best evidence concerning how many accused converters were actually imported into the United States by Juniper.'" *Id.* Here, Mr. Meshkati and Mr. Yoo, who are available to be deposed, will provide crucial testimony about the accused functionality, aiding both the Court and the jury. Their exclusion is even less warranted given that Samsung, unlike the defendant in *SynQor*, has been diligent in seeking their identities. *See id.*

The cases cited by Empire fail to support its position on this factor as well. In *Estech*, the Court struck the witness because his testimony was "***of little importance***," and, "[d]espite being Estech's CEO, he appears to be generally unknowledgeable." *Estech*, 2021 WL 5154220, at *7 (emphasis added). This stands in marked contrast to the Qualcomm witnesses, who possess unique, first-hand knowledge of the accused proprietary Qualcomm functionality and are critical to the jury's understanding of the case.

Empire's reliance on *Rodowicz v. Massachusetts Mut. Life Ins. Co.* is equally misplaced. Mot. at 6 (citing 279 F.3d 36 (1st Cir. 2002)). Samsung did not fail to recognize that "important new items of information should be disclosed," but instead promptly disclosed the witnesses' identities as soon as Qualcomm provided them. *Id.*; Pensabene Decl. ¶¶ 5-7. Their significance to the case is indisputable. Finally, Empire's citation of *Rios* is similarly unpersuasive. Mot. at 5-6. There, the court found that "[the defendant] has wholly failed to provide any details about

the importance of the . . . testimony of the six new witnesses." 348 F.R.D. at 611. Here, by contrast, the importance of the witnesses is clear—they will provide critical testimony about the accused proprietary Qualcomm functionality, which no other witnesses can replicate.

The importance factor strongly weighs against striking Messrs. Meshkati and Yoo from Samsung's witness list.

### C. There Is No Unfair Prejudice to Empire

Empire claim of prejudice is overstated. Mot. at 6-7. Empire has long known that Qualcomm's technology is central to the accused products and that Qualcomm employees possess relevant technical knowledge. Samsung consistently identified Qualcomm as a key source of discoverable information, beginning with its initial disclosures through its discovery responses and continuing to its original witness list. *See* Mot. Ex. 1 at 7, Dkt. 87-3 (Samsung's Initial Disclosures); Mot. Ex. 2 at 11; Dkts. 183-2, 194-2.

Empire's assertion that Samsung "deprived" it of the opportunity to depose Qualcomm employees is baseless. Mot. at 7. Empire had more than ample opportunity to seek discovery from Qualcomm. Pensabene Decl. ¶ 3, Ex. 1. But, as this Court previously found, Empire "***was not diligent in pursuing the discovery from Qualcomm***." Dkt. 89 at 1, Dkt. 206 at 2 (emphasis added). Empire's failure to depose Qualcomm representatives is a continuation of that lack of diligence. Even worse, Empire had the specific opportunity to depose Qualcomm's representatives, having served a Rule 30(b)(6) deposition subpoena on Qualcomm. Pensabene Decl. ¶ 3, Ex. 1. However, Empire made the strategic decision to not pursue that deposition. Empire can hardly be heard to now complain about its own strategy call.

The fact that Mr. Meshkati and Mr. Yoo were not individually named until Samsung's amended witness list does not constitute unfair surprise. The subject matter of their testimony—the technical operation of the accused Qualcomm functionality—has been clear to Empire

throughout the case. In *Hitachi*, a case Empire relies on, this Court declined to strike two late-disclosed witnesses, finding no "huge amount of prejudice," and instead directed that their depositions "should be taken at least two weeks prior to trial." Dkt. 286 at 68:15-22. Similarly, Mr. Meshkati and Mr. Yoo are available and willing to be deposed before trial, addressing any potential prejudice. *See* Pensabene Decl. ¶ 8.

*Estech* does not support Empire's position on this factor either. Mot. at 7. As Empire acknowledges, in *Estech* "[t]he Court found that the witness did not 'provide a good faith deposition.'" *Id.* (citing 2021 WL 5154220, at *7). Far from helping Empire, the *Estech* Court held that the witness's prior testimony weighed ***against*** allowing him to testify, both under the importance and prejudice factors. *See id*. As the Court in *Estech* found, "[the witness's] testimony [w]as replete with what the Court finds to be sarcasm, insincere ignorance, and disrespect for the seriousness of these proceedings." *Id.*

Here, any potential burden on Empire is minimal, as Messrs. Meshkati and Yoo are available for deposition. This factor thus also weighs against striking them.

### D. Any Potential Prejudice Can Be Cured by Pre-Trial Depositions

Even if the Court finds some potential for prejudice, it can be fully remedied by permitting Empire to depose Mr. Meshkati and Mr. Yoo before trial, without the need for a continuance. Both witnesses are available for deposition before the scheduled trial date and, indeed, Samsung agreed to such depositions in an effort to resolve the present dispute. Taking these depositions would cure any alleged prejudice, as courts, including this Court, have routinely held that pre-trial depositions mitigate harm caused by late disclosures.

For example, in *PACT v. Xilinx*, the Court allowed a late-disclosed witness to testify, finding that any "prejudice to Plaintiff can be mitigated" by "produc[ing] [the witness] for deposition before trial." 2012 WL 1034009, at *4. Similarly, in *SynQor*, the Court permitted a

late-disclosed witness, noting that any prejudice was "minimized by [the witness's] availability for a pretrial deposition at [plaintiff]'s convenience." 2013 WL 12138998, at *2. In *Hitachi*, the Court denied a motion to strike two late-disclosed witnesses, but required their depositions be taken before trial. Dkt. 286 at 68:20-22. Numerous other cases affirm this approach, including *Eidos Display v. AU Optronics*, rejecting a motion to strike after defendants offered the witness for deposition, and *Alexam*, where the Court similarly permitted depositions of late-disclosed witnesses. *Eidos Display, LLC v. AU Optronics Corp.*, No. 6:11-cv-201-JRG-JDL, 2017 WL 19917966, at *1 (E.D. Tex. Jan. 10, 2017); *Alexam*, 2013 WL 12647466, at *2.

Because any prejudice can be fully addressed through pre-trial depositions, there is no need to take the "extreme measure" of exclusion. *Seymour*, 187 F.R.D. at 542. Accordingly, this factor also weighs in favor of allowing Messrs. Meshkati and Yoo to testify at trial.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Empire's motion to strike Mr. Meshkati and Mr. Yoo from Samsung's Amended Trial Witness List should be denied. Empire has the opportunity to depose these witnesses prior to trial and can do so if necessary to cure any alleged prejudice.

Dated: June 4, 2025

Respectfully submitted,

*/s/ Marc J. Pensabene*

Ryan K. Yagura (Tex. Bar No. 24075933)
ryagura@omm.com
Nicholas J. Whilt (*Pro Hac Vice*)
California State Bar No. 247738
nwhilt@omm.com
Brian Cook (Pro Hac Vice)
California State Bar No. 266181
bcook@omm.com
**O'MELVENY & MYERS LLP**
400 S. Hope Street
Los Angeles, CA 90071
Telephone: 213-430-6000
Facsimile: 213-430-6407

Marc J. Pensabene (*Pro Hac Vice*)
New York State Bar No. 2656361
mpensabene@omm.com
Laura Gore (*Pro Hac Vice*)
New York State Bar No. 5172879
lgore@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, Suite 1700
New York, New York 10019
Telephone: 212-326-2000
Facsimile: 212-326-2061

Cameron Westin (*Pro Hac Vice*)
California State Bar No. 290999
cwestin@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, CA 92660
Telephone: 949-823-6900
Facsimile: 949-823-6994

Darin W. Snyder
California State Bar No. 136003
dsnyder@omm.com
Sorin G. Zaharia (*Pro Hac Vice*)
California State Bar No. 312655
szaharia@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Ctr. 28th Floor
San Francisco, CA 94111
Telephone: 415-984-8700
Facsimile: 415-984-8701

Patric Reinbold (Pro Hac Vice)

D.C. Bar No. 90007388
preinbold@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: 202-383-5165

Melissa R. Smith (Tex. Bar No. 24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that counsel of record are being served with a copy of this document via email on June 4, 2025.

*/s/ Marc J. Pensabene*
Marc J. Pensabene

[redacted]

[redacted]

[redacted]