IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| *Defendants*. | § § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion to Strike and Exclude the Opinions of Plaintiff's Expert Dawn Rice Hall. **Dkt. No. 103.** For the reasons discussed below, the Court **DENIES** the Motion.

### I.   LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have

considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.     ANALYSIS

Samsung moves to strike the opinions of Plaintiff's damages expert Dawn Rice Hall. Dkt. No. 103. Samsung argues that Ms. Hall's 50/50 split of the incremental profit attributed to the Asserted Patents is legally impermissible. Samsung claims that she offers no evidence in support of this position. *Id.* at 5. According to Samsung, this split has been "unequivocally rejected by the Federal Circuit." *Id.* (citing *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014)).

Empire responds that Ms. Hall did methodologically appropriate analysis to reach the 50/50 split. Dkt. No. 119 at 8. Specifically Empire highlights that Ms. Hall analyzed the following factors: "the availability of 5G devices during the time of the hypothetical negotiation; (ii) the benefits attributed to the Patents-in-Suit; (iii) Samsung's use of the patented technology in the Accused Products; (iv) Empire and Samsung's relationship; (v) the existence (or lack thereof) of non-infringing alternatives; and (vi) and the incremental profits attributable to the Patents-in-Suit" *Id.* (citing Dkt. No. 119-2 at ¶ 156 (a)–(n)). Empire disputes Samsung's reading of *Virnetx* as *per se* prohibiting a 50/50 split and argues that instead the case prohibits starting at the 50/50 split and then adjusting based on the parties' bargaining positions. *Id.* (citing 767 F.3d at 1331).[1]

The Court declines to strike Ms. Hall's testimony. Samsung overreads *Virnetx*. Of course, a damages expert may not baselessly rely upon an economic theorem or make arbitrary and conclusory assumptions without tying the analysis to the specific and particular facts of the case at hand. *VirnetX,* 767 F.3d at 1331–34; *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1315–18 (Fed. Cir. 2011). But that is not what Ms. Hall does here. She analyzes the facts of the case and the *Georgia Pacific* factors to reach her conclusion rather than starting from the 50/50 split and

---

[1] Empire cites several district court cases that support its position. *See Realtime Data LLC v. EchoStar Corp.,* No. 6:17-CV-00084-JDL, 2018 WL 6266301, at *10–11 (E.D. Tex. Nov. 15, 2018); *Longhorn HD LLC v. Netscout Sys., Inc.*, No. 2:20-CV-00349JRG-RSP, 2022 WL 903934, at *3 (E.D. Tex. Mar. 27, 2022); *Salazar v. HTC Corp.*, No. 2:16-CV01096-JRG-RSP, 2018 WL 1783157, at * 2 (E.D. Tex. Apr. 13, 2018).

adjusting (or not). The Court does not find this impermissible. *See Summit 6, LLC v. Samsung Elecs. Co.*, 802 F.3d 1283, 1297–98 (Fed. Cir. 2015); *Realtime*; 2018 WL 6266301, at *10–11; *Longhorn*, 2022 WL 903934, at *3; *Salazar*, 2018 WL 1783157, at * 2.

### III.    CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion.

**SIGNED this 13th day of June, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE