IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| EMPIRE TECHNOLOGY DEVELOPMENT LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>*Defendants*. | CIVIL ACTION NO. 2:23-cv-00427-JRG-RSP |

### MEMORANDUM ORDER

Before the Court are Samsung's Motion to Strike and Exclude Portions of the Expert Reports of Plaintiff's Expert Dr. Robert Akl (**Dkt. No. 102**) and Samsung's Supplemental Motion to Strike Portions of the Expert Report of Plaintiff's Expert Dr. Robert Akl for Contradicting the Court's Claim Construction Order.[1] **Dkt. No. 146.** For the reasons discussed below, the Court **GRANTS IN PART** Dkt. No. 102 and **DENIES** Dkt. No. 146.

### I. LEGAL STANDARD

An expert witness may provide opinion testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702.

---

[1] On April 14, 2025, Samsung sought leave to file a supplemental motion to strike because "after the deadline for motions to strike had passed, this Court issued the Claim Construction Order ('CCO') that materially limited the construction of 'replicated data' in Claims 1 and 5 of the '331 Patent to clarify 'replicated data' is distinct from 'pilot symbols.'" Dkt. No. 145 at 1. On this understanding the Court granted leave to file a supplemental motion to strike. Dkt. No. 192.

Rule 702 requires a district court to make a preliminary determination, when requested, as to whether the requirements of the rule are satisfied with regard to a particular expert's proposed testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-93 (1993). District courts are accorded broad discretion in making Rule 702 determinations of admissibility. *Kumho Tire*, 526 U.S. at 152 ("the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable"). Although the Fifth Circuit and other courts have identified various factors that the district court may consider in determining whether an expert's testimony should be admitted, the nature of the factors that are appropriate for the court to consider is dictated by the ultimate inquiry—whether the expert's testimony is sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial. *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

Importantly, in a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gate-keeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note). As the Supreme

Court explained in *Daubert*, 509 U.S. at 596, "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002).

## II.  ANALYSIS

### A.  Dr. Akl's Opinions Regarding NIAs

Samsung moves to strike Dr. Akl's opinions on NIAs because they are based on unreliable and undisclosed hearsay that lacks any reliable methodology. Dkt. No. 102 at 8. First, Samsung argues that despite Samsung serving an interrogatory on the issue of NIAs, Empire did not disclose during discovery documents that its expert relies on to support his NIA opinion. *Id.* at 9. Samsung argues that evaluation of the four "good cause" factors for exclusion counsels in favor of exclusion. *Id.* at 9–11. Next, Samsung argues that Dr. Akl's NIA opinions should also be excluded under *Daubert* because his statements are conclusory and rely on a student blog post. *Id.* at 11–12.

Empire disputes the basis for most of Samsung's arguments. Dkt. No. 122 at 9. First, Empire avers that it disclosed the documents Dr. Akl relies upon by incorporating Dr. Akl's report into its interrogatory response within the fact discovery period. *Id.* Next, Empire argues that the burden for NIAs is on Samsung, and Samsung failed to identify any NIAs during fact discovery, so Empire could not have responded any earlier. *Id.* On the *Daubert* issue, Empire first argues that Dr. Akl relies on his extensive experience and not just the blog post; second, that an expert would rely on this evidence to ascertain consumer perceptions; and third, that the opinions are directly responsive to Samsung's expert's opinions. *Id.* at 11.

The Court finds Dr. Akl's opinions timely but not sufficiently reliable. The Court previously found that Empire disclosed its NIA opinions and bases in a timely fashion

based on the date of Samsung's disclosure of its NIA theories. *See* Dkt. No. 220 at 77: 17–18. The Court is not persuaded by Empire's argument that an expert would rely on a single anonymous blog post to form his opinion either on the technical NIA issue or on "customer perception." Empire' attempts to recast his opinion as being based on his expertise is similarly unavailing because it has not demonstrated that Dr. Akl has any expertise in "customer perception." Accordingly, the Court **STRIKES** Paragraph 452 of Dr. Akl's Opening Expert Report and Paragraph 260 of his Rebuttal Expert Report.

### B.  Dr. Akl's Opinions Regarding Qualcomm Source Code

Next, Samsung moves to strike Dr. Akl's opinions that rely on Qualcomm source code as not being disclosed in Empire's infringement contentions. Dkt. No. 102 at 13. Empire ties this portion of the motion to its Motion to Strike Empire' Second Amended Infringement Contentions. *Id*; *see* Dkt. No. 92. According to Samsung, "[o]nce those supplemental contentions are struck, Empire's remaining infringement contentions fail to provide any basis for infringement in the Qualcomm source code." Dkt. No. 102 at 13.

Empire responds that even if the Court strikes its amended infringement contentions it should not strike Dr. Akl's source code citations because they do not introduce a new infringement theory from its operative infringement contentions. Dkt. No. 122 at 12.

The Court declines to strike Dr. Akl's reliance on Qualcomm source code. The Court notes that it has granted Samsung's Motion to Strike Empire's Second Amended Infringement Contentions. Dkt. No. 206. In that order, however, the Court noted "the Parties agree that the source code supplemented and did not change Plaintiff's infringement theories." *Id.* at 2–3. The infringement contentions are designed to disclose Plaintiff's infringement theories not to provide all evidence. Thus, the Court **DENIES** this portion of the Motion.

### C. Dr. Akl's Opinions Regarding Phase Tracking Reference Symbols (PTRS)

Next, Samsung moves to strike portions of Dr. Akl's report that it argues contradict the Court's Claim Construction Order. Dkt. No. 146 at 1. Specifically, Samsung argues that Dr. Akl asserts that PTRS is the "replicated data" of Claim 1 yet admits that PTRS is a "pilot symbol" as construed by the Court. *Id.* at 4. The Court construed replicated data to have its plain and ordinary meaning. Dkt. No. 117 at 16. But noted that "the Court confirms the parties' agreement and its own understanding that a pilot symbol cannot be replicated data and vice versa."

Empire responds that Dr. Akl identifies two distinct features for the "pilot symbol" and the "replicated data" and thus does not violate the Claim Construction Order. Dkt. No. 201 at 5. Specifically, Empire argues that "because Dr. Akl does not identify the same thing as being both the pilot symbol and the replicated data, which is exactly what the parties agreed, and Samsung's counsel sought to protect against, at the *Markman* hearing," he does not violate the Court's claim construction. *Id.* at 6. Empire highlights that the Court decided that whether there is an overlap between a pilot symbol and replicated data was an infringement issue not decided in the Claim Construction Order. *Id*; Dkt. No. 117 at 16. Empire also disputes that Dr. Akl concedes that PTRS is a Pilot Symbol because he opines that PTRS does not meet the second limitation of the claim that further limits it. Dkt. No. 201 at 6.

The Court rejects Samsung's position that Dr. Akl's opinions violate the Claim Construction Order. As an initial matter, the Court notes that the language that Samsung relies on explicitly memorializes an agreement that the Parties reached during the Claim Construction hearing. Dkt. No. 117 at 16 ("[T]he Court confirms the parties' agreement and its own understanding that a pilot symbol cannot be replicated data and vice versa."). In Samsung's Motion for leave to file this supplemental motion to strike, it represented that the Claim Construction Order

"materially limited" the scope of replicated data. Dkt. No. 145 at 1. The Court does not agree with this characterization. In the Claim Construction Order, the Court merely memorialized the parties' agreement at the hearing. Thus, Samsung could have raised this issue previously and raising it at this stage takes the language out of context. The Claim Construction Order specifically highlights the dispute it was resolving. Namely, that "Samsung cited Empire's infringement contentions and alleged Empire 'identif[ies] the same thing, the DMRS signal, . . . as being both the pilot symbol and the replicated data.'" Dkt. No. 117 at 16 (quoting Dkt. No. 116 at 49:19–22). The Court's Order rejected the possibility of citing the "same thing" as both the accused pilot symbol and the accused replicated data, not that either of them happened to fit the definition of the other. Accordingly, the Motion is **DENIED.**

### III.   CONCLUSION

For the reasons discussed above, the Court **STRIKES** Paragraph 452 of Dr. Akl's Opening Expert Report and Paragraph 260 of his Rebuttal Expert Report, and **DENIES** all other requested relief.

**SIGNED this 13th day of June, 2025.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE