[redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

EMPIRE TECHNOLOGY DEVELOPMENT, LLC

Plaintiff,

v.

SAMSUNG ELECTRONICS CO., and SAMSUNG ELECTRONICS AMERICA, INC.,

Defendants.

C.A. No. 2:23-cv-00427-JRG-RSP

**JURY TRIAL DEMANDED**

**PLAINTIFF'S COMBINED RULE 50(B) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND RULE 59 MOTION FOR A NEW TRIAL**

[redacted]

## TABLE OF CONTENTS


I. INTRODUCTION .....1

II. LEGAL STANDARD .....2

III. ARGUMENT – EMPIRE IS ENTITLED TO JMOL OR, IN THE ALTERNATIVE, NEW TRIAL ON INFRINGEMENT OF CLAIM 1 OF THE ’331 PATENT AND CLAIM 29 OF THE ’120 PATENT .....3

A. Empire Is Entitled to JMOL or, in the Alternative, New Trial on Samsung’s Infringement of Claim 1 of the ’331 Patent .....3

1. Empire Presented Compelling Evidence that Samsung Literally Infringed Claim 1 of the ’331 Patent .....3

2. No Reasonable Juror Could Have Found Non-Infringement of Claim 1 Based on the Evidence Presented by Samsung, or at Least a New Trial Is Warranted .....5

B. Empire Is Entitled to JMOL or, in the Alternative, New Trial on Samsung’s Infringement of Claim 29 of the ’120 Patent .....9

1. Empire Presented Compelling Evidence that Samsung Literally Infringed Claim 29 of the ’120 Patent .....9

2. No Reasonable Juror Could Have Found Non-Infringement of Claim 29 Based on the Evidence Presented by Samsung, or at Least a New Trial Is Warranted .....10

IV. CONCLUSION .....11

[redacted]

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*,
509 U.S. 209 (1993)....7

*Broussard v. State Farm Fire & Cas. Co.*,
523 F.3d 2618 (5th Cir. 2008)....2

*Dawson v. Wal-Mart Stores, Inc.*,
978 F.2d 205 (5th Cir. 1992)....2

*Harris Corp. v. Ericsson Inc.*,
417 F.3d 1241 (Fed. Cir. 2005)....2

*Kara Tech. Inc. v. Stamps.com Inc.*,
582 F.3d 1341 (Fed. Cir. 2009)....6

*Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*,
688 F.3d 1342 (Fed. Cir. 2012)....2

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
694 F.3d 51 (Fed. Cir. 2012)....2

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)....2, 3

*MobileMedia Ideas LLC v. Apple Inc.*,
780 F.3d 1159 (Fed. Cir. 2015)....8

*Moleculon Research Corp. v. CBS, Inc.*,
793 F.2d 1261 (Fed. Cir. 1986)....3

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., Ltd*,
2011-1054, 2011 WL 5601460 (Fed. Cir. Nov. 18, 2011)....3

*Perez v. Texas Dep't of Crim. Just., Institutional Div.*,
395 F.3d 206 (5th Cir. 2004)....2

*Smith v. Transworld Drilling Co.*,
773 F.2d 610 (5th Cir. 1985)....3

*Thorner v. Sony Comput. Ent. Am. LLC*,
669 F.3d 1362 (Fed. Cir. 2012)....6

[redacted]

*Trudell Med. Int'l Inc. v. D R Burton Healthcare, LLC*,
127 F.4th 1340 (Fed. Cir. 2025) ....................6

**Other Authorities**

Fed. R. Civ. P. 50(b) ....................1

Fed. R. Civ. P. 59 ....................1, 2

[redacted]

# I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 50(b) and 59, Plaintiff Empire Technology Development, LLC ("Empire") respectfully moves for judgment as a matter of law ("JMOL") and, in the alternative, a new trial as to (i) Samsung's infringement of claim 1 of U.S. Patent No. 8,565,331 (the "'331 Patent") and (ii) Samsung's infringement of claim 29 of U.S. Patent No. 8,798,120 (the "'120 Patent"). Ex. 1; Ex. 2.

Empire introduced compelling evidence establishing by a preponderance of the evidence that Samsung infringed claim 1 of the '331 Patent and claim 29 of the '120 Patent (collectively, the "Additional Claims"), and no reasonable juror could have found non-infringement of the Additional Claims due to Samsung's failure at trial to offer a legally sufficient basis to find non-infringement of any Additional Claim.

Regarding claim 1, none of Dr. Rangan's three non-infringement theories can support the jury verdict. The first theory that PTRS is allegedly not "replicated data" contravenes the Court's claim construction order by unduly limiting the meaning of the claim term. The second theory that PTRS is allegedly not received over "multiple data streams" is contrary to the record evidence and Dr. Rangan's own expert report. The third theory that PTRS is allegedly not decoded, even though PTRS is received, and the phone determines the value of PTRS, is a conclusory expert statement that cannot sustain the jury verdict.

Regarding claim 29, given the overlap with infringed claim 25, the only possible basis for non-infringement is the final limitation of "wherein the control signal is based, at least in part, on a number of users of the communications system," but Samsung's expert Dr. Rangan failed to rebut Dr. Akl's testimony establishing infringement.

[redacted]

Thus, the Court should enter JMOL of infringement of the Additional Claims, or in the alternative, the Court should grant a new trial on infringement of these claims.

## II. LEGAL STANDARD

A plaintiff need only prove infringement by a preponderance of the evidence. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1318 (Fed. Cir. 2009).

JMOL is not a patent law-specific issue and, thus, regional-circuit law applies. *Harris Corp. v. Ericsson Inc.*, 417 F.3d 1241, 1248 (Fed. Cir. 2005). In the Fifth Circuit, JMOL may be granted if "'the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict.'" *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1356 (Fed. Cir. 2012) (quoting *Broussard v. State Farm Fire & Cas. Co.*, 523 F.3d 618, 624 (5th Cir. 2008)). While the court must review the record as a whole and draw all reasonable inferences in favor of the non-moving party, JMOL should be granted if "the facts and inferences point so strongly in favor of [the moving party] that a rational jury could not arrive at a contrary verdict." *Perez v. Texas Dep't of Crim. Just.*, 395 F.3d 206, 215 (5th Cir. 2004) (citation and internal quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 59, the Court may grant a new trial on all or part of the issues on which there has been a trial by jury. Fed. R. Civ. P. 59(a). As with JMOL, the Federal Circuit applies regional-circuit law to a court's decision to grant a new trial. *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 66 (Fed. Cir. 2012). In the Fifth Circuit, a new trial should be granted when "the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). Moreover, "[a] new trial may be granted, for example, if the district court finds the verdict is against the weight

[redacted]

of the evidence, . . . the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985).

## III. ARGUMENT – EMPIRE IS ENTITLED TO JMOL OR, IN THE ALTERNATIVE, NEW TRIAL ON INFRINGEMENT OF CLAIM 1 OF THE '331 PATENT AND CLAIM 29 OF THE '120 PATENT

Empire need only prove Samsung's infringement by a preponderance of the evidence. *Lucent Techs.,* 580 F.3d at 1318. To prevail, Empire must establish by a preponderance of the evidence that the Accused Products practice claim 29 of the '120 Patent and claim 1 of the '331 Patent. *See id*. In establishing infringement, it is well settled that a plaintiff may rely on direct or circumstantial evidence. *See O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 449 F. App'x 923, 928 (Fed. Cir. 2011) (citing *Lucent Techs.,* 580 F.3d at 1318). "'It is hornbook law that direct evidence of a fact is not necessary' to meet a party's burden of proof on an issue of fact." *Id.* (quoting *Moleculon Rsch. Corp. v. CBS*, 793 F.2d 1261, 1272 (Fed. Cir. 1986)). "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Moleculon*, 793 F.2d at 1271-72 (citation and internal quotation marks omitted).

### A. Empire Is Entitled to JMOL or, in the Alternative, New Trial on Samsung's Infringement of Claim 1 of the '331 Patent

#### 1. Empire Presented Compelling Evidence that Samsung Literally Infringed Claim 1 of the '331 Patent

Empire presented compelling evidence at trial establishing by a preponderance of the evidence that Samsung literally infringed claim 1 of the '331 Patent. *See, e.g.*, Ex. 3 at 346:10-356:3; Ex. 4 at RANGAN-0000202, RANGAN-0000204, RANGAN-0000214.

Dr. Akl plainly established that the Accused Products satisfy each of the elements of claim 1. First, he testified that a signal is transmitted over a communications channel and decoded by a Qualcomm chip in the Accused Products. *See* Ex. 3 at 346:15-347:4; Ex. 5 at SAMS376-0008084; Ex. 4 at RANGAN-0000204. He also provided evidence establishing that the Accused Products

[redacted]

receive pilot symbols in the form of a demodulation reference signal ("DMRS" or "DM-RS") and use the DMRS to estimate a channel matrix of the communications channel. *See* Ex. 3. at 347:5-348:8; Ex. 4 at RANGAN-0000204. Dr. Rangan did not dispute that the Accused Product perform each of these steps. Ex. 6 at 679:9-22.

Dr. Akl also conclusively established that the Accused Products practice the replicated data limitations of claim 1. He presented evidence showing that replicated data, in the form of phase-tracking reference signals ("PT-RS" or "PTRS"), is received from multiple data streams transmitted over the communications channel in the Accused Products. *See, e.g.*, Ex. 3 at 348:9-350:1; Ex. 4 at RANGAN-0000214. PT-RS are [redacted] Ex. 3 at 348:11-12, 348:19-22.

Dr. Akl testified that PTRS, the replicated data, is decoded using that channel estimation. *See, e.g.*, Ex. 3 at 350:2-351:8; Ex. 4 at RANGAN-0000214; *see* Ex.3 at 350:15-19 [redacted]

Dr. Akl's testimony further established that [redacted]. Finally, Dr. Akl testified that in the Accused Products, after the channel estimate is updated using PTRS, data received subsequent to this update is

[redacted]

decoded using the updated channel matrix. *See, e.g.*, Ex. 3 at 354:13-355:15; Ex. 4 at RANGAN-0000214. Dr. Rangan did not dispute that the Accused Products perform this final limitation of claim 1. *See* Ex. 6 at 622:3-7.

#### 2. No Reasonable Juror Could Have Found Non-Infringement of Claim 1 Based on the Evidence Presented by Samsung, or at Least a New Trial Is Warranted

Dr. Rangan presented three opinions why the Accused Products do not allegedly practice claim 1 but none of the proffered opinions can support the jury verdict. *First*, he claimed that PTRS could not be "replicated data" because [redacted] Ex. 6 at 624:25-625:8. But nothing in the Court's Claim Construction Order ("CCO") prevents data symbols from being replicated data simply because they also meet the Court's "pilot symbol" definition of being a "symbol that is known to the transmitter and receiver." Dkt. 117 at 17. As the Court expressly stated, the CCO "rejected the possibility of citing the 'same thing' as both the accused pilot symbol and the accused replicated data, not that either of them happened to fit the definition of the other." Dkt. 234 at 6. Thus, being known to the transmitter and receiver does not (and cannot) disqualify data from constituting replicated data. *See* Ex. 3 at 425:24-426:7 [redacted]. The specification states that the transmitter and receiver recognize replicated data as having "replicated data symbols," Ex. 1 at 10:19-22, and by being transmitted more than once replicated data will necessarily be known to the transmitter and receiver, Dkt. 116 at 44:18-22. Indeed, Dr. Rangan failed to explain why PTRS could not be "replicated data" while also being a "symbol that is known to the transmitter and receiver." Dkt. 117 at 17. In opining that "replicated data" could not overlap with "pilot symbol," Dr. Rangan's testimony departed from the CCO because the Court expressly stated that "whether there is an overlap between a pilot symbol and replicated data was an infringement issue not decided in the Claim Construction

[redacted]

Order." Dkt. 234 at 5 (citing Dkt. No. 117 at 16); *see also Trudell Med. Int'l Inc. v. D R Burton Healthcare, LLC*, 127 F.4th 1340, 1349-50 (Fed. Cir. 2025) (vacating jury's finding and remanding for a new trial on infringement where expert's non-infringement testimony "was untethered from the district court's claim constructions").

In addition, Samsung and Dr. Rangan contended that the [redacted] Ex. 6 at 627:3-11. But Dr. Rangan's view about the idea of the patent is irrelevant to the issue of infringement. There is no requirement in claim 1 that using replicated data means reducing the number of pilot symbols. Ex. 3 at 349:14-21. In short, Empire is entitled to the full scope of its claims, and Dr. Rangan's testimony limiting the scope of the term "replicated data" cannot support a finding against infringement. *See Kara Tech. Inc. v. Stamps.com Inc.*, 582 F.3d 1341, 1348 (Fed. Cir. 2009) ("The patentee is entitled to the full scope of his claims, and we will not limit him to his preferred embodiment or import a limitation from the specification into the claims."); *see also Thorner v. Sony Comput. Ent. Am. LLC*, 669 F.3d 1362, 1367 (Fed. Cir. 2012) ("The patentee is free to choose a broad term and expect to obtain the full scope of its plain and ordinary meaning unless the patentee explicitly redefines the term or disavows its full scope.").

*Second*, Dr. Rangan offered an opinion that PTRS is allegedly not received from "multiple data streams" because [redacted] Ex. 6 at 628:4-24. But Dr. Rangan's opinion at trial was inconsistent with his statement in his report where he [redacted]. *Id.* at 693:7-12; *see also id.* at 692:14-17 [redacted] (emphases added). Dr. Rangan failed to support his trial

[redacted]

opinion with [redacted], *Id.* at 686:1-6, and his inconsistent testimony on this point cannot be used to uphold the jury verdict. *See Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.").

Contrary to Dr. Rangan's inconsistent testimony, Dr. Akl explained that PTRS is received over multiple data streams. Specifically, Dr. Akl testified that the orange PTRS symbols are "replicated data" received over multiple data streams, as plainly shown in the below figure:




Ex. 4 at Rangan-0000214; *see* Ex. 3 at 348:9-17. He also explained that one example where PTRS is received over multiple data streams is [redacted] Ex. 3 at 348:18-22. Thus, no reasonable juror could find that the Accused Products do not receive PTRS from multiple data streams.

[redacted]

*Third*, Dr. Rangan opined that PTRS is allegedly not decoded because [redacted] Ex. 6 at 630:1-8. But the actual received value is not [redacted] and still must be decoded, even though the expected value is known. Dr. Rangan acknowledged that the [redacted] *Id.* at 694:21-695:20. Specifically, Dr. Rangan testified as follows:

> [redacted]

*Id*. at 695:10-20. No reasonable juror could have concluded, based on Dr. Rangan's conclusory statement, that the mobile phone figuring out the received PTRS value is not decoding PTRS. *See MobileMedia Ideas LLC v. Apple Inc.*, 780 F.3d 1159, 1172 (Fed. Cir. 2015) ("Conclusory statements by an expert . . . are insufficient to sustain a jury's verdict."). As Dr. Akl testified, [redacted] including the DMRS pilot symbols, the PTRS replicated data, and the user data. Ex. 3 at 350:13-19. And Samsung offered no other evidence on this point other than Dr. Rangan's own *ipse dixit*. *See* Ex. 6 at 630:5-8 [redacted]. Thus, no reasonable juror could find that the Accused Products do not decode PTRS.

[redacted]

### B. Empire Is Entitled to JMOL or, in the Alternative, New Trial on Samsung's Infringement of Claim 29 of the '120 Patent

#### 1. Empire Presented Compelling Evidence that Samsung Literally Infringed Claim 29 of the '120 Patent

Empire presented compelling evidence to show by a preponderance of the evidence that the Accused Products literally infringe claim 29 of the '120 Patent. *See, e.g.*, Ex. 3 at 325:19-25, 342:18-344:7; Ex. 8; Ex. 9; Ex. 10; Ex. 11; Ex. 12; Ex. 13; Ex. 14.

The jury found that the Accused Products infringe claim 25 of the '120 Patent, which is identical to claim 29, other than the final claim element. Ex. 2 at 19:1-20:24. Thus, the jury found that Empire adduced overwhelming evidence establishing that the Accused Products satisfy the preamble and first four elements of claim 29. As an initial matter, it is undisputed that the Accused Products satisfy the preamble and first three elements of claim 29. *See, e.g.*, Ex. 3 at 332:21-336:23, 342:18-343:3, 484:4-6; Ex. 10 at Empire_0022990-991; Ex. 5 at SAMS376-0008075, SAMS376-0008084. Samsung's expert agreed that the Accused Products met these claim elements. Ex. 6 at 658:11-13, 659:14-660:10.

In finding infringement of claim 25 of the '120 Patent, the jury necessarily concluded that the Accused Products met the claim element of "wherein the control signal is based, at least in part, on a power consumption of the first and second circuitry," which appears in both claims 25 and 29. Ex. 2 at 19:17-19, 20:19-21. Empire established through compelling evidence at trial that the Accused Products satisfy this claim element by, *e.g.*, the use of Smart Transmit and Envelope Tracking technology. *See, e.g.*, Ex. 3 at 336:24-339:21; Ex. 5 at SAMS376-0008084; Ex. 11 at Empire_0024092; Ex. 15 at SAMS376-0106917.

Empire adduced compelling evidence at trial that the Accused Products satisfy the final element of claim 29 by a preponderance of the evidence. Empire introduced evidence at trial through its expert, Dr. Akl, establishing that the Accused Products receive a "control signal based,

[redacted]

at least in part, on a number of users of the communication system." *See, e.g.*, Ex. 3 at 343:4-344:7; Ex. 12 at Empire_0088552. Relying in part on a document submitted by Samsung to the FCC, Dr. Akl explained that [redacted]. Ex. 3 at 343:11-16. [redacted] *Id.* at 343:18-21. [redacted] *Id.* at 390:24-391:4. Accordingly, [redacted] *Id.* at 343:22-25. Dr. Akl's analysis of Samsung's documents, service manuals for the Accused Products, and [redacted] confirmed his infringement conclusion for claim 29. *See, e.g.*, *id.* at 344:8-345:1.

### 2. No Reasonable Juror Could Have Found Non-Infringement of Claim 29 Based on the Evidence Presented by Samsung, or at Least a New Trial Is Warranted

Due to the jury's finding of infringement of claim 25, the only possible basis for non-infringement of claim 29 is the final limitation of "wherein the control signal is based, at least in part, on a number of users of the communications system." *See* Ex. 2 at Empire_0000507 20:22-24. But Samsung's expert Dr. Rangan failed to rebut Dr. Akl's testimony establishing infringement of the last elements of claim 29. Instead, Dr. Rangan focused on [redacted] asserting that [redacted] Ex. 6 at 611:4-19. But Dr. Akl did not rely on a [redacted] to show infringement of claim 29, and Dr. Rangan concedes that the number of users of the communication system is always known to the

[redacted]

base station, which sends the control signal with a SIMO/MIMO mode selection to the mobile device. *Id*. at 675:25-676:15.

Dr. Rangan attempted to rebut Dr. Akl's testimony by stating that [redacted] *Id.* at 612:1-3. [redacted] As Dr. Akl testified, [redacted]. Ex. 3 at 343:17-25.

Thus, no reasonable jury could find non-infringement of claim 29 of the '120 patent, and Empire is entitled to JMOL of infringement or, in the alternative, a new trial on this issue.

## IV. CONCLUSION

For the above reasons, the Court should enter judgment of infringement against Samsung on claim 1 of the '331 Patent and claim 29 of the '120 Patent. In the alternative, the Court should order a new trial on infringement of these Additional Claims.

[redacted]

Dated: August 12, 2025

Respectfully submitted,

*/s/ Nathaniel Browand*
Nathaniel Browand (admitted pro hac vice)
New York Bar No. 4349981
Christopher Gaspar (admitted pro hac vice)
New York Bar No. 2932762
Andrew Lichtenberg (admitted pro hac vice)
New York Bar No. 4881090
Rachel Wolf (admitted pro hac vice)
New York Bar No. 5857438
Alana Mattei (admitted pro hac vice)
New York Bar No. 6091292
Hannah Juge (admitted pro hac vice)
New York Bar No. 6171136
MILBANK LLP
55 Hudson Yards
New York, New York 10001
(212) 530-5000
nbrowand@milbank.com
cgaspar@milbank.com
alichtenberg@milbank.com
rwolf@milbank.com
amattei@milbank.com
hjuge@milbank.com

Marina Markarian (Pro Hac Vice)
California State Bar No. 340686
MILBANK LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
(424) 386-4000
mmarkarian@milbank.com

Elizabeth L. DeRieux
Texas Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas 75647
(903) 845-5770
ederieux@capshawlaw.com

Attorneys for Plaintiff
Empire Technology Development LLC

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2025, all counsel of record are being served with a copy of the foregoing document via electronic mail.

/s/ *Nathaniel Browand*
Nathaniel Browand

[redacted]

[redacted]